D&F

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: __4/25/23_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
KAROLINA MARIA MARCINIAK- :
DOMINGUES GONCALVES AGRA and :
PEDRO HENRIQUE MARCINIAK- :
DOMINGUES GONCALVES AGRA, :
  :
               Plaintiffs, :
  :
   -against- : Civil Action No. 1:22-cv-10959-ALC
  :
  :
MASSACHUSETTS INSTITUTE OF :
TECHNOLOGY, PRESIDENT AND :
FELLOWS OF HARVARD COLLEGE, :
BOSTON CHILDREN'S HOSPITAL, :
MARINE BIOLOGICAL LABORATORY, :
UNIVERSITY OF CHICAGO, :
ROCKEFELLER UNIVERSITY, and :
NATIONAL SCIENCE FOUNDATION :
(NSF)—CENTERS FOR BRAINS, MINDS :
& MACHINES COOPERATIVE :
AGREEMENT :
  :
               Defendants. :
----------------------------------------------------------- X

**PLAINTIFFS' RESPONSE
TO DEFENDANTS' JOINT STATUS REPORT**

     Plaintiffs in this action are frustrated about Defendants' response and their proposed briefing schedule in Defendants' 4/20/2023 Joint Status Report ('JSR') *to inform the Court as to whether there is any agreement among Defendants on the filing of consolidated motion(s) to dismiss,* as directed in Document 57.

     In the JSR, Defendants want to overwhelm the Court (and Plaintiffs) with not less but 7 individual motions to dismiss, in addition to a single join motion to dismiss, each of *which shall not exceed 25 pages*. In anticipation of Plaintiffs' opposing response, Defendants request to file subsequently *their respective memoranda of law in support of their motion*, a creative council's language strategy aiming to de facto extend a 10 page limit for reply briefs into the 25-page memoranda, abusing His Honor's Individual Practices, rule 2.B.

     Ordering 8 motions to dismiss on Defendants' own initiative from the JSR would not only make the Court's task of shuffling paperwork more complex but also permit any number of permutations of the page-limitation rule and open the door to potential sur-reply memoranda saga, all of which would

be sure to be exploited by Defendants more than desired by the court or warranted by the circumstances[1]. Defendants' tactics—which look like transparent attempts to skirt the rules—waste judicial resources, unnecessarily burden the litigants, and ultimately prove counterproductive because they create the morass of briefing, producing more documents than necessary and making cross referencing difficult.

Plaintiffs respectfully ask the Court to order Defendants to continue working together in a civil manner to file consolidated motion(s) to dismiss on the basis of the legal theory being argued or claims being addressed, to avoid redundant pleadings and burdening the Court with extra work of reading and analyzing overlapping and likely duplicative arguments.

In the JSR, Defendants also request that they *shall have 60 days from the date of the Court's order setting a briefing schedule to file their joint and individual motions to dismiss*, and propose other deadlines beyond Federal Rules of Civil Procedure. Defendants' briefing proposal introduces unreasonable delay and constitute abusive litigation tactics. Defendants overuse motion to dismiss not only as dilatory tacics, but in bad faith, since Defendants' proposed briefing schedule, if ordered, would cause Plaintiffs to lose right to sue in Massachusetts (MA) with respect to Title VII claims against MIT, Harvard and BCH if the Court would rule on improper venue in its judgment over Defendants' motion.

Putting Plaintiffs on disadvantageous footing through the abuse of rules of procedure has been Defendants' common tactics in this litigation. In early March, Defendant BCH harassed Plaintiffs such that Plaintiffs received coercive request to withdraw the Massachusetts Commission Against Discrimination complaint against BCH in a way which would cause them to lose the right to sue in a federal court[2]. In early April, Defendant RU attempted to impede the process of issuing an administrative convenience dismissal from New York State Division of Human Rights (the 'Division') to pursue the matter in this venue, by evading the Division's directives of timely communication, to then requesting the Division to vacate its probable cause finding issued on January 11, 2022, *because Respondents will not have an opportunity to present a defense*[3]. Defendant RU's request was devoided of legal entitlement and timed to Plaintiffs deadline of submitting the First Amended Complaint, with purpose of delaying the Division's decision, therefore attempted to abuse the jurisdictional process of seeking relief in this venue to Plaintiff's disadvantage[4].

It seems Defendants consistently seek to avoid liability for their wrong complained of. In the JSR, Defendants not only anticipate to challenge all claims in their motion to dismiss, but allege complexity of the claims as a ground for requesting special litigation privileges. Plaintiffs' unusual circumstances of litigating against the multi-state NSF-CBMM cooperative agreement enterprise arise not because of technical defects of their pleadings but because Defendants consistently wrong actions at the core of this lawsuit. In March, Defendants RU, MIT and NSF-CBMM cooperative agreement refused to cover the open-access publishing costs of Plaintiffs' scientific paper, which Defendants contracted with Plaintiff prior to her termination. The action was not only retaliatory towards Plaintiffs, but immoral and incoherent with the standards of federally funded research, which Defendants' incorporated in NSF-CBMM cooperative agreement As such, Defendants use double standards in shuffling federal funds designated for scientific purposes[5].

Litigating the matter fully in the most efficient way is of public interest. The Court must protect against unreasonable delays to discourage dilatory tactics, since *justice delayed is justice denied.* Under

---

1   As a matter of fact, Defendants had first sought efficiency from Plaintiffs in their pleadings, evaluating Plaintiffs' Complaint as *lenghty* and *convoluted* (Document 15, 22), *ambiguous* (Document 15), *rambling* (Document 24) and *disregarding pleading requirements* (Document 27)
2   Plaintiffs did not reply to the request and subsequently obtained the right to sue letter against MIT, Harvard and BCH through the correct administrative procedure
3   A probable cause determination was issued after the investigation, following Responsents' defensive position statement.
4   The Division issued an administrative dismissal on April 10, 2023, and did not vacate the probable cause determination.
5   Open access is favorable in science, and benefits the public.

current circumstances, a delay in litigation severely prejudice Plaintiff, particularly because the alleged injury is ongoing and will cease only with the continuance of litigation towards the trial.

  Plaintiffs respectfully ask the Court (i) to order Defendants to argue motion(s) to dismiss to clearly state defects, such that it can be consecutively corrected and that Plaintiffs would be granted a leave to attach Proposed Amended Complaint in their response to Defendants' motion; (ii) that the Court rejects Defendants highly inefficient and unfair briefing scheduling, and enter an order setting an expedited briefing schedule that would permit the Court to rule on the motion to dismiss, at least with respect to Defendants' anticipated personal jurisdiction and improper venue arguments until June 13th, i.e., 3 weeks in advance of the date of the EEOC deadline to file in MA, which falls on July 4th, 2023 [6]. This would enable coordinated and consolidated pretrial proceedings according to 28 U.S.C. § 1407, Section 1407 in case of potential multidistrict litigation with MA. At last, Plaintiffs affirm their argument that litigating in this venue is proper, since it will avoid duplicating judicial effort and piecemeal litigation resulting from of filling the additional lawsuit in MA.

Plaintiffs thank the Court for its consideration of this matter.

Dated: New York, New York April 24, 2023

           Respectfully submitted,

           /s/ Karolina Maria, Marciniak-Domingues Agra

           /s/ Pedro Henrique, Marciniak-Domingues Agra

           ------------------------------------------------------------------------
           Karolina and Pedro Marciniak-Domingues Goncalves Agra
           500 E 63rd Str, Apr 13F, New York, NY, 10065
           phone # 9732167330
           email: <marciniak.kar@gmail.com>
             (Plaintiffs *Pro Se*)

---

6 See Exhibit 1, First Amended Complaint (Document 65)