UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X

KAROLINA MARIA MARCINIAK-
DOMINGUES GONCALVES AGRA and
PEDRO HENRIQUE MARCINIAK-
DOMINGUES GONCALVES AGRA,

        Plaintiffs,

   -against-

MASSACHUSETTS INSTITUTE OF
TECHNOLOGY, PRESIDENT AND
FELLOWS OF HARVARD COLLEGE,
BOSTON CHILDREN'S HOSPITAL,
MARINE BIOLOGICAL LABORATORY,
UNIVERSITY OF CHICAGO,
ROCKEFELLER UNIVERSITY, and
NATIONAL SCIENCE FOUNDATION
(NSF)—CENTERS FOR BRAINS, MINDS
& MACHINES COOPERATIVE
AGREEMENT

        Defendants.

------------------------------------------------------- X

Civil Action No. 1:22-cv-10959-ALC

**ORAL ARGUMENT REQUESTED**

**DEFENDANT PRESIDENT AND FELLOWS OF HARVARD COLLEGE'S
MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO DISMISS THE AMENDED COMPLAINT**

Gregory A. Manousos (admitted *pro hac vice*)
Cassandra S. Fuller
Morgan Brown & Joy, LLP
200 State Street, Suite 11A
Boston, MA 02109
617-523-6666
gmanousos@morganbrown.com
cfuller@morganbrown.com
*Counsel for President and Fellows of
Harvard College*

Dated: December 15, 2023

## TABLE OF CONTENTS

Table of Authorities ........................................................................................................ ii

I.  Introduction................................................................................................. 1

II.  Background ................................................................................................. 2

III.  Argument .................................................................................................... 2

    A.  Standard of Review.................................................................................... 2

    B.  This Court Does Not Have Personal Jurisdiction Over the Claims Against Harvard.. 4

    C.  Plaintiffs Do Not Have Standing to Bring Claims Under Title IX Against Harvard... 5

    D.  Counts VI and VIII Are Time-Barred by the Three-Year Statute of Limitations...... 7

    E.  There Is No Private Right of Action for Disparate Treatment Discrimination
        Based on Sex (Count II)................................................................................ 8

    F.  Plaintiffs' Fail to State a Claim for Hostile Environment Under Title IX
        (Count IV)............................................................................................... 8

    G.  Plaintiffs Fail to State a Claim for Deliberate Indifference and/or Heightened
        Risk Against Harvard (Counts V and VIII).......................................................... 10

    H.  Plaintiffs Cannot State a Claim for Erroneous Outcome as Harvard Was Not
        Involved in the Investigation into Plaintiffs' Concerns (Count VI)..................... 12

    I.  Plaintiffs Cannot State a Claim for Negligent Hiring, Training, Supervision,
        and Retention (Count VII)............................................................................ 12

    J.  Plaintiffs Fail to State a Claim for Retaliation under Title VII and Title IX
        (Count IX)............................................................................................... 14

IV.  Conclusion ................................................................................................. 14

## **TABLE OF AUTHORITIES**

**Statutes**

18 U.S.C. § 1965(b) ................................................................................................. 5
20 U.S.C. § 1681(a) ................................................................................................. 5
Fed. R. Civ. P. 12(b)(2) ..................................................................................... 1, 2, 4
Fed. R. Civ. P. 12(b)(6) ..................................................................................... 1, 2, 3
Title IX of the Education Amendments of 1972 ............................ 1, 2, 5, 6, 7, 8, 10, 14
Title VII of the Civil Rights Act of 1964 ......................................................... 1, 14

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................ 3, 4
*Bell Alt. Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................. 3, 4
*Berdeaux v. OneCoin Ltd.*, 561 F. Supp. 3d 379 (S.D.N.Y. 2021) ......................... 2, 5
*Best Van Lines, Inc. v. Walker*, 490 F.3d 239 (2d Cir. 2007) ..................................... 2
*Bonavito v. President and Fellows of Harvard Coll.*, No. 20-14657, 2021 WL 2722578
     (D.N.J. June 30, 2021) ...................................................................................... 4
*BWP Media USA Inc. v. Hollywood Fan Sites, LLC*, 69 F. Supp. 3d 342 (S.D.N.Y. 2014) ......... 5
*Charles Schwab Corp. v. Bank of Am. Corp.*, 888 F.3d 68 (2d Cir. 2018) ................... 3
*Cont. Indus. Group, Inc. v. Equate Petrochemical Co.*, 586 Fed. Appx. 768 (2d Cir. 2014) ........ 3
*Doe v. Alsaud*, 12 F. Supp. 3d 674 (S.D.N.Y 2014) .......................................... 12, 13
*Doe v. State Univ. of N. Y. Purchase Coll.*, 617 F. Supp. 3d 195 (S.D.N.Y. 2022) ............. 7
*Doe v. Syracuse Univ.*, No. 22-2674, 2023 WL 7391653 (2d Cir. Nov. 8, 2023) ......... 11
*Doe v. Yeshiva Univ.*, No. 22-cv-5405, 2023 WL 8236316 (S.D.N.Y. Nov. 28, 2023) ......... 10, 14
*Edrei v. City of N.Y.*, 254 F. Supp. 3d 565 (S.D.N.Y. 2017) .................................. 13
*Farber v. Metro. Life Ins. Co.*, 648 F.3d 98 (2d Cir. 2011) ...................................... 3
*Glaser v. Upright Citizens Brigade, LLC*, 377 F. Supp. 3d 387 (S.D.N.Y. 2019) ............. 6
*Hayut v. State Univ. of N.Y.*, 352 F.3d 733 (2d Cir. 2003) .................................... 10
*In re Aegean Mar. Petroleum Network, Inc. Sec. Litig.*, 529 F. Supp. 3d 111 (S.D.N.Y. 2021) .... 3
*Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181 (2d Cir. 1998) ................................... 3
*Metro. Life Ins. Co. v. Robertson-Ceco Corp.,* 84 F.3d 560 (2d Cir. 1996) ................... 2
*Miotto v. Yonkers Pub. Schs.*, 534 F. Supp. 2d 422 (S.D.N.Y. 2008) ......................... 6
*Novio v. N.Y. Acad. of Art*, 286 F. Supp. 3d 566 (S.D.N.Y. 2017) ............................ 8
*Nungesser v. Columbia Univ.*, 244 F. Supp. 3d 345 (S.D.N.Y. 2017) .................... 8, 10
*Papasan v. Allian*, 478 U.S. 265 (1986) .............................................................. 3
*Papelino v. Albany Coll. of Pharmacy of Union Univ.*, 633 F.3d 81 (2d Cir. 2011) ............. 8
*Pruthi v. Empire City Casino*, No. 18 Civ. 10290, 2022 WL 596370 (S.D.N.Y. Feb. 28, 2022) .. 3
*PT United Can Co. Ltd. v. Crown Cork & Seal Co., Inc.*, 138 F.3d 65 (2d Cir. 1998) ............. 5
*Roskin-Frazee v. Columbia Univ.*, 474 F. Supp. 3d 618 (S.D.N.Y. 2019) ............... 10, 11
*Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17 (2d Cir. 2004) .................................. 3
*Thackurdeen v. Duke Univ.*, 130 F. Supp. 3d 792 (S.D.N.Y. 2015), *aff'd*, 660 Fed. Appx. 43
     (2d Cir. 2016) .................................................................................................. 4
*Tubbs v. Stony Brook Univ.*, 343 F. Supp. 3d 292 (S.D.N.Y. 2018) ......................... 8, 9
*Tubbs v. Stony Brook Univ.*, No. 15 Civ. 0517, 2016 WL 8650463 (S.D.N.Y.

Mar. 4, 2016)........................................................................................... 10, 11

*Weinreb v. Xerox Bus. Servs., LLC*, 323 F. Supp. 3d 501 (S.D.N.Y. 2018)................................. 8

*Yu v. Vassar Coll.*, 97 F. Supp. 3d 448 (S.D.N.Y. 2015) ........................................................ 8, 12

## I.   INTRODUCTION

Pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendant President and Fellows of Harvard College ("Harvard") respectfully submits this Memorandum of Law in Support of its Motion to Dismiss Plaintiffs' Amended Complaint.  As set forth more fully below and in the Consolidated Motion to Dismiss on behalf of all Defendants, Plaintiffs' Amended Complaint as against Harvard should be dismissed in its entirety with prejudice.

Plaintiffs allege the following claims against Harvard: unlawful sexual discrimination–disparate treatment pursuant to Title IX of the Education Amendments of 1972 ("Title IX") (Count II); discrimination based on sex–hostile environment pursuant to Title IX (Count IV); deliberate indifference pursuant to Title IX (Count V); erroneous outcome pursuant to Title IX (Count VI); negligent hiring, training, supervision, and retention (Count VII); heightened risk pursuant to Title IX (Count VIII); and retaliation pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and Title IX (Count IX).[1]  As set forth more fully herein, each of these claims should be dismissed.

As a threshold matter, Plaintiffs do not allege that this Court has personal jurisdiction over Harvard, nor could they, as Harvard is located in Massachusetts and the events giving rise to these claims relate to incidents that allegedly occurred in Massachusetts.  Moreover, Plaintiffs' Title IX claims (Counts II, IV, V, VI, VII, VIII, and IX) are subject to dismissal as a matter of law because Plaintiffs do not allege that they were participants in a Harvard education program or activity, nor

---

[1] The arguments in support of dismissal of the causes of action for labor exploitation, labor trafficking, sex trafficking (Count I), conspiracy to interfere with civil rights (Count X), Racketeer Influenced and Corrupt Organization Act violations (Count XI), and loss of consortium (Count XIV) are addressed in the Consolidated Motion to Dismiss filed by all Defendants.  The causes of action for quid pro quo sexual harassment (Count III) and intentional infliction of emotional distress (Count XII) are not alleged against Harvard.  In addition, the counts in the Amended Complaint are misnumbered, and there is no thirteenth cause of action alleged.

were they students enrolled at Harvard or employees of Harvard during the relevant periods, and, as such, they are not afforded the protections of that statute.  In addition to a lack of standing, Counts VI and VIII are also time-barred by the applicable three-year statute of limitations.  Furthermore, Count II must be dismissed because there is no private right of action for disparate treatment claims under Title IX.

Even if Plaintiffs' claims could survive these deficiencies—which they cannot—Plaintiffs' claims are each subject to dismissal pursuant to Rule 12(b)(6) for failure to meet basic pleading requirements and to state a claim upon which relief can be granted.

Accordingly, the Court should dismiss Plaintiffs' Amended Complaint in its entirety with prejudice as against Harvard.

## II.    BACKGROUND

Harvard respectfully refers the Court to the Relevant Background and Procedural History Section set forth in the Consolidated Motion to Dismiss submitted on behalf of all Defendants.

## III.    ARGUMENT

### A.  Standard of Review

To survive a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2), the plaintiff bears the burden of showing the Court has personal jurisdiction over the defendant and must make a *prima facie* showing that jurisdiction exits.  *See Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 242 (2d Cir. 2007); *Metro. Life Ins. Co. v. Robertson-Ceco Corp.,* 84 F.3d 560, 566 (2d Cir. 1996); *Berdeaux v. OneCoin Ltd.*, 561 F. Supp. 3d 379, 396 (S.D.N.Y. 2021).  "A plaintiff must carry his burden with respect to each defendant individually," *Berdeaux*, 561 F. Supp. 3d at 396, and "with respect to *each* claim asserted."  *Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 24 (2d Cir.

2004).  A plaintiff "must make allegations establishing jurisdiction with some 'factual specificity' and cannot establish jurisdiction through conclusory assertions alone." *Cont. Indus. Group, Inc. v. Equate Petrochemical Co.*, 586 Fed. Appx. 768, 769 (2d Cir. 2014); *see also Charles Schwab Corp. v. Bank of Am. Corp.*, 888 F.3d 68, 81 (2d Cir. 2018).  "Pleadings that assert only 'conclusory non-fact-specific jurisdictional allegations' or state a 'legal conclusion couched as a factual allegation'" do not suffice to establish personal jurisdiction.  *Pruthi v. Empire City Casino*, No. 18 Civ. 10290, 2022 WL 596370, at *2 (S.D.N.Y. Feb. 28, 2022) (citing *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 185 (2d Cir. 1998)).  "While a court is to assume the truth of all well-pleaded factual allegations that support a finding of personal jurisdiction, it should 'not draw "argumentative inference" in the plaintiff's favor.'"  *Pruthi*, 22 WL 596370 at * 2 (citations omitted).  Moreover, a plaintiff may not meet its burden with "group pleading."  *In re Aegean Mar. Petroleum Network, Inc. Sec. Litig.*, 529 F. Supp. 3d 111, 135 (S.D.N.Y. 2021) ("To allege personal jurisdiction over a defendant, group pleading is not permitted.").

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although factual allegations in a complaint are treated as true, the Court is not "bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 554-55 (quoting *Papasan v. Allian*, 478 U.S. 265, 286 (1986)); *see also Farber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011).  Allegations must consist of more than mere labels, legal conclusions, or a "formulaic recitation of the elements of a cause of action," and bare legal conclusions are "not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).  The Court need not credit "[t]hreadbare recitals of the elements of a cause of action,

3

supported by merely conclusory statements." *Id.* at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint alleged—but it has not show[n]—that the pleader is entitled to relief." *Ashcroft*, 556 U.S. at 679 (internal citations omitted).

**B.** **This Court Does Not Have Personal Jurisdiction Over the Claims Against Harvard**

This Court should grant Harvard's Motion to Dismiss because it lacks personal jurisdiction over the claims against Harvard. *See* Fed. R. Civ. P. 12(b)(2). It is a "well-established rule" in this district that "national universities are not subject to general jurisdiction outside of their state of incorporation or operation." *Thackurdeen v. Duke Univ.*, 130 F. Supp. 3d 792, 800 (S.D.N.Y. 2015), *aff'd*, 660 Fed. Appx. 43 (2d Cir. 2016). While Plaintiffs allege that the Court "has personal jurisdiction over the employees of [Defendant Rockefeller University ("RU")]," they fail to put forth a single allegation concerning the Court's ability to exercise personal jurisdiction over Harvard. Am. Compl. ¶ 4. Among other things, Plaintiffs do not allege that Harvard is incorporated in New York or that it has its principal place of business in New York; nor could they. *See, e.g., Bonavito v. President and Fellows of Harvard Coll.*, No. 20-14657, 2021 WL 2722578, at *3 (D.N.J. June 30, 2021) ("Harvard is organized under the laws of Massachusetts, with its principal place of business in Massachusetts.").

Plaintiffs similarly fail to establish specific jurisdiction, and do not specify whether personal jurisdiction is asserted under federal or state law, or upon which facts Plaintiffs are relying to establish jurisdiction over Harvard, preventing a reasoned analysis of such claims.[2] In fact, Plaintiffs

---

[2] Harvard respectfully reserves the right to brief these issues more fully if and when Plaintiffs have made adequate allegations of personal jurisdiction that are specific to Harvard.

allege nothing at all about Harvard's contacts with New York, let alone how Harvard's alleged conduct—which took place exclusively in Massachusetts—arose from those contacts. Instead, most of the allegations that even reference Harvard impermissibly lump Harvard in with the co-Defendants, without distinguishing Harvard's actions from those of the other Defendants. *See, e.g.,* Am. Compl. ¶ 30 (making allegations collectively against "RU, MIT, HARVARD, U. of Chicago and MBL"). "This tactic is plainly impermissible to satisfy Plaintiffs' burden to establish a prima facie case of personal jurisdiction against each Defendant as to each claim asserted." *Berdeaux*, 561 F. Supp. 3d at 397 (holding the Court is "unable to exercise personal jurisdiction over a particular defendant based on allegations that fail to distinguish among the Scott Group Defendants, leaving the Court no basis to discern who did what"). Accordingly, the claims against Harvard should be dismissed for failure to establish personal jurisdiction.[3]

## C. Plaintiffs Do Not Have Standing to Bring Claims Under Title IX Against Harvard

Title IX provides, "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving federal financial assistance." 20 U.S.C. § 1681(a); *see also*

---

[3] The existence of Plaintiffs' civil RICO claim does not save personal jurisdiction here (and, in any case, Plaintiffs do not allege that it is the basis for asserting personal jurisdiction over Harvard). As set forth in the Consolidated Motion to Dismiss filed on behalf of all Defendants, Plaintiffs' civil RICO claim should be dismissed as a matter of law. Plaintiffs may not rely upon a non-viable federal claim to support the exercise of personal jurisdiction. *See, e.g., BWP Media USA Inc. v. Hollywood Fan Sites, LLC*, 69 F. Supp. 3d 342, 352 (S.D.N.Y. 2014) ("Plaintiffs cannot rely upon 18 U.S.C. § 1965(b) to establish personal jurisdiction over each of the defendants if the RICO claim is dismissed.") (internal quotations marks omitted). In any event, it is well settled in this Circuit that even civil RICO "does not provide for nationwide personal jurisdiction over every defendant in every civil RICO case, no matter where the defendant is found." *PT United Can Co. Ltd. v. Crown Cork & Seal Co., Inc.*, 138 F.3d 65, 71 (2d Cir. 1998). Rather, a plaintiff relying on § 1965(b) of the RICO statute would also be required to establish that the "ends of justice" require the assertion of personal jurisdiction over Harvard in New York. *Id.* No such showing has been made here.

*Miotto v. Yonkers Pub. Schs.*, 534 F. Supp. 2d 422, 425-26 (S.D.N.Y. 2008) (stating Title IX prohibits discrimination against any student based on gender in educational programs receiving federal funding).

Plaintiffs do not have standing to bring Title IX claims against Harvard (Counts II, IV, V, VI, VIII, and IX) because they were not participants in any Harvard program or activity and were neither students nor employees of Harvard during the periods relevant to these claims. *See Glaser v. Upright Citizens Brigade, LLC*, 377 F. Supp. 3d 387, 398 (S.D.N.Y. 2019) (dismissing plaintiff's Title IX claims because he failed to establish that he was either a student or an employee of defendants during the relevant time). Instead, Plaintiff Marciniak alleges that she was a "listening student" of RU and Massachusetts Institute of Technology ("MIT") at the Center for Brains Minds and Machines ("CBMM") during the alleged sexual assault in 2017. Am. Compl. ¶ 11. While Plaintiff (incorrectly) claims that Harvard was her joint employer when she was a Teaching Assistant at the CBMM Summer School in August 2018, she frequently notes that RU was her "primary employer" during the relevant timeframe along with MIT. *Id.* ¶¶ 7, 9, 11.

The alleged incidents underlying the cause of action for a hostile environment (Count IV) purportedly occurred in summer 2017 and March-May 2018[4] when Plaintiffs do not allege that they were, and in fact were not, in any way connected to Harvard. *See id.* ¶¶ 70, 74, 76. The cause of action for deliberate indifference (Count V) is based on the alleged sexual assaults in 2017 and March 2018 and the complaint Plaintiff Marciniak subsequently filed in March 2019, when, again, Plaintiffs were neither students nor employees of Harvard and were not participating in any Harvard

---

[4] While Plaintiffs use both 2018 and 2019 when describing the second alleged sexual assault, it appears that, based on the rest of the allegations in the Amended Complaint, the correct year is 2018

program or activity.  *See id.* ¶ 87.  The erroneous outcome claim (Count VI) involves the same period, *i.e.*, the investigation of the 2017 and March 2018 alleged sexual assaults that began in or around May 2019, which was undertaken by Marine Biological Laboratory ("MBL") and the University of Chicago ("UC").  *See id.* ¶ 111.  The heightened risk cause of action (Count VIII) fails to specifically identify Harvard, but notwithstanding, the underlying allegations arose from the 2017 and March 2018 alleged sexual assaults.  *See id.* ¶¶ 152-54.[5]

Although Plaintiffs do not allege specifically that Harvard is the entity that retaliated against Plaintiff Marciniak, the retaliation claim (Count IX) is premised on the 2019 complaint to MIT that was investigated by MBL and UC and the denial of a CBMM position in summer 2020, when, again, Plaintiffs were neither students nor employees at Harvard and were not participating in any Harvard program or activity.  *See id.* ¶¶ 166, 168.

Accordingly, because Plaintiffs do not allege that they were Harvard students or employees, or otherwise participants in a Harvard program or activity, during the relevant timeframe, Counts II, IV, V, VI, VII, and IX must be dismissed as a matter of law.

**D.  Counts VI and VIII Are Time-Barred by the Three-Year Statute of Limitations**

Title IX claims are subject to a three-year statute of limitations period.  *See Doe v. State Univ. of N. Y. Purchase Coll.*, 617 F. Supp. 3d 195, 205 (S.D.N.Y. 2022).  As a result, actions commencing prior to December 29, 2019, or three years prior to Plaintiffs' initial filing of the present action on December 29, 2022, cannot form the basis of a claim under Title IX.  Plaintiffs'

---

and that Plaintiffs' reference to 2019 is in error.

[5] Count II does not allege any facts specific to Harvard but rather alleges that CBMM engaged in disparate treatment sexual discrimination, which, as outlined below, is not an actionable claim under Title IX.

allegations for Count VI are based on the August 2019 outcome of the investigation into her complaint, and, as such, that claim is untimely. *See* Am. Compl. ¶ 118. Moreover, Count VIII fails to put forth *any* allegations after December 2019. Therefore, Counts VI and VIII are untimely and must be dismissed as a matter of law.

### E. There Is No Private Right of Action for Disparate Treatment Discrimination Based on Sex (Count II)

Notwithstanding the foregoing, even if Plaintiffs had standing to bring claims under Title IX, which they do not, Plaintiffs' Title IX claim for unlawful sex discrimination under a theory of disparate treatment (Count II) should still be dismissed. Title IX does not create a private right of action under disparate impact theories, and, as such, Plaintiffs cannot bring this claim against Harvard, and it must be dismissed. *See Weinreb v. Xerox Bus. Servs., LLC*, 323 F. Supp. 3d 501, 521 (S.D.N.Y. 2018); *see also Nungesser v. Columbia Univ.*, 244 F. Supp. 3d 345, 361-62 (S.D.N.Y. 2017) ("While a private plaintiff may bring a claim under Title IX for intentional discrimination, courts have held that a private right of action based on the alleged disparate impact of a policy is not cognizable under Title IX."); *Yu v. Vassar Coll.*, 97 F. Supp. 3d 448, 461 (S.D.N.Y. 2015) (stating private right of action for disparate impact is not cognizable under Title IX).

### F. Plaintiffs' Fail to State a Claim for Hostile Environment Under Title IX (Count IV)

To establish a claim for hostile environment under Title IX, Plaintiffs must allege that a Harvard school official with "authority to address the alleged discrimination and to institute corrective measures had actual knowledge of the discrimination . . . and fail[ed] to adequately respond." *Tubbs v. Stony Brook Univ.*, 343 F. Supp. 3d 292, 310 (S.D.N.Y. 2018); *Novio v. N.Y. Acad. of Art*, 286 F. Supp. 3d 566, 576 (S.D.N.Y. 2017) (quoting *Papelino v. Albany Coll. of Pharmacy of Union Univ.*, 633 F.3d 81, 89 (2d Cir. 2011)). An educational institution's response is

deliberately indifferent only when its response to known harassment "is clearly unreasonable in light of the known circumstances." *Tubbs*, 343 F. Supp. 3d at 309.

Even taking Plaintiffs' allegations to be true for the purposes of this Motion only, Plaintiffs have not pled sufficient facts demonstrating that Harvard, and specifically Title IX Coordinator Jose Martinez—the only individual at Harvard who is explicitly referenced in the Amended Complaint— failed to respond adequately to Plaintiff Marciniak's concerns. Plaintiffs allege that Plaintiff Marciniak spoke with Mr. Martinez in April 2019 after she filed her complaint with MIT the prior month, and that Mr. Martinez informed her that there was a question as to which university would have jurisdiction over her complaint, but that he would "work on figuring it out." *See* Am. Compl. ¶¶ 87-89. Plaintiffs further allege that on May 15, 2019—only a few weeks after raising her concerns with Mr. Martinez—MIT informed Plaintiff Marciniak that it was determined, in consultation with Harvard, that MBL would investigate her concerns. *See id*. ¶ 95. Though Plaintiffs may disagree with this decision, their allegations do not demonstrate that Harvard failed to adequately respond to alleged discrimination. To the contrary, the Amended Complaint concedes that Harvard worked with the other relevant universities to determine the most appropriate avenue to investigate the complaint without an unreasonable delay. Accordingly, Plaintiffs fail to state a claim for hostile environment pursuant to Title IX, and Count IV must be dismissed.

**G. Plaintiffs Fail to State a Claim for Deliberate Indifference and/or Heightened Risk[6] Against Harvard (Counts V and VIII)**

An educational facility acts with deliberate indifference in violation of Title IX when its response to known harassment is clearly unreasonable in light of the known circumstances and when remedial action only occurs following a lengthy and unjustified delay. *See Hayut v. State Univ. of N.Y.*, 352 F.3d 733, 751 (2d Cir. 2003) (holding the response can be deliberately indifferent either with regard to reasonableness or timeliness); *see also Roskin-Frazee v. Columbia Univ.*, 474 F. Supp. 3d 618, 623-24 (S.D.N.Y. 2019) (explaining to comply with Title IX, a university must respond to known harassment in a manner that is "not clearly unreasonable"). Universities are not required to remedy all peer harassment; rather, they need to respond to known peer harassment in a manner that is not clearly unreasonable. *See Nungesser*, 244 F. Supp. 3d at 362. Moreover, the deliberate indifference must at a minimum cause the plaintiff to be subjected to harassment or feel vulnerable to harassment. *See Doe v. Yeshiva Univ.*, No. 22-cv-5405, 2023 WL 8236316, at *6 (S.D.N.Y. Nov. 28, 2023).

The alleged sexual assaults against Plaintiff Marciniak occurred in 2017 at CBMM and March 2018 in RU campus housing in New York. *See* Am. Compl. ¶¶ 70, 74. Plaintiff Marciniak did not inform Harvard of those incidents until April 2019. *See id.* ¶ 89. Plaintiffs do not (and cannot) allege that prior to this notice, Harvard had reason to know of a heightened risk of sexual assault by Frederico Azevedo ("Azevedo"). *See Roskin-Frazee*, 474 F. Supp. 3d at 624 (dismissing claim where plaintiff failed to sufficiently allege the defendant had "specific knowledge of a

---

[6] Heightened risk is not a separate cause of action, but rather, that standard is interwoven with a claim for deliberate indifference. *See Tubbs v. Stony Brook Univ.*, No. 15 Civ. 0517, 2016 WL 8650463, at *8 (S.D.N.Y. Mar. 4, 2016) ("[I]n order for a university to violate Title IX through a policy of deliberate indifference, it must have actual knowledge of a heightened risk that is specific

heightened risk of sexual assault within a particular context").

Subsequently, because the alleged incidents did not occur at Harvard and Plaintiff Marciniak was not affiliated with Harvard, and in consultation with the other universities, it was decided that MBL was the proper entity to investigate the alleged assaults. *See* Am. Compl. ¶ 95. Plaintiffs fail to allege how Harvard, specifically, acted in a way that was completely unreasonable based on the circumstances that it knew at the time, *i.e.*, that Plaintiff Marciniak was not a Harvard student or employee, was not participating in a Harvard program or activity, and the alleged incidents did not occur at Harvard. *See, e.g., Doe v. Syracuse Univ.*, No. 22-2674, 2023 WL 7391653 (2d Cir. Nov. 8, 2023) (affirming dismissal of deliberate indifference claim when university's response to the alleged assault was not clearly unreasonable in light of the known circumstances); *Roskin-Frazee*, 474 F. Supp. 3d at 624 (holding university did not act with deliberate indifference and its response was not clearly unreasonable once it had actual knowledge); *cf. Tubbs*, 2016 WL 8650463 at *7 (holding plaintiff stated a claim for deliberate indifference where she alleged a number of instances of misconduct during an institution's investigation, including that campus police did not take photographs of bruising from the incident). Furthermore, the Amended Complaint is devoid of any allegation that Harvard's response in handling the complaint (*i.e*., in agreeing that MBL should investigate) caused Plaintiffs to endure sexual harassment, as is required to state a claim.

Therefore, Plaintiffs do not sufficiently allege that Harvard acted with deliberate indifference or had specific knowledge of a heightened risk of sexual assault, and Counts V and VIII must be dismissed.

---

enough to allow it to remedy such a policy."). Accordingly, the two claims are discussed jointly.

**H. Plaintiffs Cannot State a Claim for Erroneous Outcome as Harvard Was Not Involved in the Investigation into Plaintiffs' Concerns (Count VI)**

An erroneous outcome claim pursuant to Title IX requires a plaintiff to allege that he or she was "innocent and wrongly found to have committed the offense" and must show that gender bias was a motivating factor for the erroneous outcome. *Yu*, 97 F. Supp. at 462. Here, regardless of whether Plaintiffs can show the investigation was flawed, the claim must be dismissed against Harvard, as Plaintiffs fail to allege that Harvard was involved in the allegedly erroneous investigation. Instead, Plaintiffs allege the investigation was conducted by MBL and/or UC under the supervisor of RU. *See* Am. Compl. ¶¶ 111, 114. With no allegations in the Amended Complaint that Harvard undertook the investigation nor had any involvement in the decision rendered thereto, Plaintiffs' erroneous outcome claim should be dismissed as a matter of law.

**I. Plaintiffs Cannot State a Claim for Negligent Hiring, Training, Supervision, and Retention (Count VII)**

To establish a negligent hiring, training, supervision, and retention claim, Plaintiffs must allege: (1) there is an employee-employer relationship; (2) the employer knew or should have known of the employee's propensity for the conduct that caused the injury prior to its occurrence; and (3) the tort occurred on the employer's premises or with the employer's chattels. *See Doe v. Alsaud*, 12 F. Supp. 3d 674, 680 (S.D.N.Y 2014). As an initial matter, although Plaintiffs allege that Harvard "hired" Azevedo, Plaintiffs concede that Azevedo was a Teaching Assistant for CBMM, which is a separate entity from Harvard, and there are no factual allegations that Azevedo was a Harvard employee (which he was not). Am. Compl. ¶ 126. Furthermore, the claim must also be dismissed because the alleged sexual assaults occurred in a CBMM campus building and in RU campus housing, not on Harvard premises. *See Alsaud*, 12 F. Supp. 2d at 681-82.

The Amended Complaint alleges that Azevedo had two police records in relation to illegal drug use—which are irrelevant to the conduct allegedly engaged in and are decidedly not evidence of a propensity to commit sexual assault—and that he committed a rape in 2013. *See* Am. Compl. ¶ 126. However, other than by a background check, which Plaintiffs allege that Harvard did not perform, Plaintiffs do not allege how Harvard knew or should have known about the alleged rape. Significantly, Harvard is not obligated nor under any duty to conduct a background check on its employees, which again, Azevedo was not. *See Alsaud*, 12 F. Supp. 3d at 681.

Moreover, Plaintiffs also allege there were "foreseeable signs that Azevedo was unfit for the position" and allege there were complaints made to CBMM and MIT. Am. Compl. ¶ 126. Glaringly absent, however, are any allegations that *Harvard* had any knowledge of any such complaints. Plaintiffs further allege that Azevedo was a "serial sex offender" without alleging any facts to suggest that Harvard knew or reasonably should have known. *Id.* ¶ 130. In fact, Plaintiffs do not allege a single fact that Harvard knew or should have known of any prior conduct by Azevedo similar to the alleged sexual assault. *See Edrei v. City of N.Y.*, 254 F. Supp. 3d 565, 583 (S.D.N.Y. 2017) (granting motion to dismiss where plaintiffs failed to allege facts sufficient to infer defendant knew or should have known of the officer's propensity to act in the manner alleged); *Alsaud,* 12 F. Supp. 3d at 680 (holding employer only liable for negligent supervision or retention if it is aware of specific prior acts against the employee). Accordingly, in the absence of any allegations that Harvard knew or should have known of Azevedo's propensity to engage in sexual assault prior to the alleged 2017 sexual assault, Count VII must be dismissed.

13

**J.   Plaintiffs Fail to State a Claim for Retaliation under Title VII and Title IX (Count IX)**

Retaliation claims under Title VII and Title IX are analyzed under the same framework.  *See Yeshiva Univ.*, 2023 WL 8236316 at *10.  To state a *prima facie* case of retaliation, Plaintiffs must establish: (1) engagement in protected activity; (2) knowledge by Harvard of the protected activity; (3) adverse employment (Title VII) or school-related (Title IX) action; and (4) a causal connection between the protected activity and the adverse action.  *See id.*

Plaintiffs' retaliation claim fails because, as stated above, Plaintiffs do not allege they were students at Harvard at any time—nor that they applied to be—and, therefore, Plaintiffs could not experience any adverse school-related actions.  Furthermore, Plaintiff Marciniak alleges that Harvard was her joint employer in August 2018 when she was a Teaching Assistant for the CBMM; however, that is the only alleged period of employment with Harvard as put forth in the Amended Complaint. Plaintiff Marciniak does not allege that she was an employee at Harvard during or following her engagement in protected activity, *i.e.*, her complaint of the alleged sexual assaults, and, as such, she similarly does not allege that she experienced an adverse employment action by Harvard.

In the absence of any allegations of an adverse educational or employment action by Harvard, Plaintiffs fail to state a claim for retaliation.

**IV.   CONCLUSION**

For the reasons set forth above and in the Consolidated Motion to Dismiss on behalf of all Defendants, Harvard respectfully requests that the Court grant its Motion to Dismiss and dismiss Plaintiffs' Amended Complaint as against Harvard in its entirety and with prejudice.

Respectfully submitted,

PRESIDENT AND FELLOWS OF HARVARD
COLLEGE

By its attorneys

*/s/ Cassandra S. Fuller*
Gregory A. Manousos (admitted *pro hac vice*)
Cassandra S. Fuller
MORGAN, BROWN & JOY LLP
200 State Street, Suite 11A
Boston, MA 02109
(617) 523-6666
gmanousos@morganbrown.com
cfuller@morganbrown.com

Dated: December 15, 2023
Boston, Massachusetts

15