**PROSKAUER ROSE LLP**
Elise M. Bloom, Esq.
Noa M. Baddish, Eq.
Eleven Times Square
New York, New York 10036-8299
Tel. 212.969.3000
Fax 212.969.2900
ebloom@proskauer.com
nbaddish@proskauer.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KAROLINA MARIA MARCINIAK-DOMINGUES GONCALVES AGRA and PEDRO HENRIQUE MARCINIAK-DOMINGUES GONCALVES AGRA, <br><br>                              Plaintiffs, <br><br>                -against- <br><br> MASSACHUSETTS INSTITUTE OF TECHNOLOGY; PRESIDENT AND FELLOWS OF HARVARD COLLEGE; BOSTON CHILDREN'S HOSPITAL; MARINE BIOLOGICAL LABORATORY; UNIVERSITY OF CHICAGO; ROCKEFELLER UNIVERSITY; and NATIONAL SCIENCE FOUDATION CENTER FOR BRAINS MINDS AND MACHINES COOPERATIVE AGREEMENT, <br><br>                           Defendants. | No. 22-cv-10959 (ALC) |

**DEFENDANT THE ROCKEFELLER UNIVERSITY'S MEMORANDUM OF LAW**
**IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS PLAINTIFFS' AMENDED**
**COMPLAINT**

# **TABLE OF CONTENTS**

**Page(s)**

PRELIMINARY STATEMENT ............................................................................................ 1

RELEVANT ALLEGATIONS AND PROCEDURAL BACKGROUND ................................. 3

ARGUMENT ...................................................................................................................... 6

I.      Marciniak's Disparate Treatment Claims Against RU Under Title VII, Title IX and the NYSHRL Should Be Dismissed in Their Entirety as Should Her Untimely Allegations under the NYCHRL (Count 2). ....................................................................................... 7

II.     Marciniak Cannot State a Claim for Quid Pro Quo Sexual Harassment or Hostile Work Environment under Title VII (Count 3). ................................................................... 10

III.   Marciniak's Untimely Quid Pro Quo and Hostile Work Environment Claims Under the NYSHRL and the NYCHRL Should Be Dismissed (Count 3). ................................. 12

IV.   Marciniak Cannot State a Claim for Relief Against Rockefeller in Count 4. ............ 12

V.     Marciniak Cannot State a Claim against RUfor Deliberate Indifference Under Title IX (Counts 5). ................................................................................................................... 13

VI.   Marciniak Cannot State a Claim against RU for Breach of Duty of Reasonable Care Under Title VII (Count 5). ........................................................................................... 15

VII.  Marciniak's Claim against RU for Erroneous Outcome under Title IX Fails as a Matter of Law (Count 6). ........................................................................................................ 15

VIII. Marciniak's Claims for Negligent Hiring, Training, Supervision and Retention Against RU Fail as a Matter of Law (Count 7). ........................................................................ 16

IX.   Marciniak's Claim for Heightened Risk Fails as a Matter of Law (Count 8). ........... 17

X.     Marciniak's NYLL Retaliation Claim Should Be Dismissed in Its Entirety as Should Her Untimely Claims under Title VII (Count 9) .......................................................... 19

XI.   Marciniak's Claim IIED Claim Fails as a Matter of Law (Count 12) ........................ 19

CONCLUSION ................................................................................................................ 20

i

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ................................................................................................ 6

*Bentley v. AutoZoners, LLC*,
935 F.3d 76 (2d Cir. 2019) .................................................................................... 15

*Brown v. Montefiore Med. Ctr.*,
2021 WL 1163797 (S.D.N.Y. Mar. 25, 2021) (Carter, J.) .................................... 20

*Costello v. N. Y. State Nurses Ass'n*,
783 F. Supp. 2d 656 (S.D.N.Y. 2011) .................................................................... 8

*Davis v. Monroe Cnty. Bd. of Educ.*,
526 U.S. 629 (1999) ........................................................................................ 13, 14

*DeJohn v. Wal-Mart Stores East, LLP*,
2013 WL 1180863 (N.D.N.Y. Mar. 20, 2013) ...................................................... 10

*Deng v. N. Y. State Off. of Mental Health*,
2015 WL 221046 (S.D.N.Y. Jan. 15, 2015) (Carter, J.) ................................. 19, 20

*Doe v. Syracuse Univ.*,
2023 WL 7391653 (2d Cir. Nov. 8, 2023) ............................................................ 14

*Doe v. Trs. of Columbia Univ.*,
2023 WL 4211031 (S.D.N.Y. June 27, 2023) ...................................................... 14

*Doe v. Trs. of Columbia Univ.*,
2022 WL 3666997 (S.D.N.Y. Aug. 25, 2022) ...................................................... 16

*Figueroa v. N.Y. City Health & Hosps. Corp.*,
2007 WL 2274253 (S.D.N.Y. Aug. 7, 2007) .......................................................... 8

*Figueroa v. RSquared NY, Inc.*,
89 F. Supp. 3d 484 (E.D.N.Y. 2015) .................................................................... 11

*Forkin v. IBT*,
394 F. Supp. 3d 287 (E.D.N.Y. 2019) .................................................................... 8

*Frank v. Plaza Const. Corp.*,
186 F. Supp. 2d 420 (S.D.N.Y. 2002) .................................................................. 11

*Grant v. Bloomberg L.P.*,
2013 WL 1919584 (S.D.N.Y. May 2, 2013) ........................................................... 6

*Grant v. N.Y. State Office for People with Developmental Disabilities*,
  2013 WL 3973168 (E.D.N.Y. July 30, 2013) ........................................................................ 8

*Greene v. Trs. of Columbia Univ.*,
  234 F. Supp. 2d 368 (S.D.N.Y. 2002) .................................................................................. 17

*Kane v. Mount Pleasant Cent. Sch. Dist.*,
  80 F.4th 101 (2d Cir. 2023) ................................................................................................... 9

*Kraiem v. JonesTrading Institutional Servs. LLC.*,
  492 F. Supp. 3d 184 (S.D.N.Y. 2020) (Carter, J.) ................................................................ 7

*Lunts v. Rochester City Sch. Dist.*,
  2011 WL 4074574 (W.D.N.Y. Sept. 13, 2011), *aff'd*, 515 F. App'x 11 (2d Cir. 2013) ....... 2

*Myers v. Doherty*,
  2022 WL 4477050 (2d Cir. Sept. 27, 2022) ........................................................................ 12

*Osborne v. Moody's Inv. Serv., Inc.*,
  2018 WL 1441392 (S.D.N.Y. Mar. 22, 2018) (Carter, J.) ............................................. 10, 12

*Patane v. Clark*,
  508 F.3d 106 (2d Cir. 2007) ................................................................................................... 7

*Poloceno v. Dall. Indep. Sch. Dist.*,
  826 F. App'x 359 (5th Cir. 2020) ........................................................................................ 17

*Posso v. Niagra Univ.*,
  518 F. Supp. 3d 688 (W.D.N.Y. 2021) ................................................................................ 17

*Purcell v. New York Inst. of Tech. - Coll. of Osteopathic Med.*,
  931 F.3d 59 (2d Cir. 2019) ................................................................................................... 16

*Roe v. Pa. State Univ.*,
  2019 WL 652527 (E.D. Pa. Feb. 15, 2019) ......................................................................... 16

*Roskin-Frazee v. Columbia Univ.*,
  2018 WL 1166634 (S.D.N.Y. Feb. 21, 2018) ...................................................................... 18

*Salvatore v. KLM Royal Dutch Airlines*,
  1999 WL 796172 (S.D.N.Y. Sept. 30, 1999) ...................................................................... 17

*Tsatskin v. Kordonsky*,
  189 A.D.3d 1296, 1299, (2d Dep't 2020) ............................................................................ 19

*Weerahandi v. Am. Statistical Ass'n*,
  2015 WL 5821634 (S.D.N.Y. Sept. 30, 2015) ...................................................................... 2

*Yog v. Texas S. Univ.*,
  2010 WL 4053766 (S.D. Tex. Aug. 30, 2010), *objections overruled*, 2010 WL
  4053706 (S.D. Tex. Oct. 14, 2010) ..................................................................................... 14

iii

*Yusuf v. Vassar Coll.*,
    35 F.3d 709 (2d Cir. 1994) .......................................................................................... 15

**STATUTES**

42 U.S.C. § 2000e–5(e)(1) ............................................................................................... 7

Civil Rights Act of 1964 ("Title VII") ....................................................................... passim

Education Amendments of 1972 ("Title IX") ............................................................. passim

N.Y. Executive Law § 279(9) ........................................................................................ 10

N.Y. Lab. Law § 215 ("NYLL") .................................................................................. passim

NYC Admin Code § 8-502(d) .................................................................................. 10, 12

New York City Human Rights Law ("NYCHRL") ..................................................... passim

New York State Human Rights Law ("NYSHRL") .................................................... passim

**OTHER AUTHORITIES**

CPLR 214(2) ................................................................................................................. 12

Fed. R. Civ. P. 8 ............................................................................................................. 6

Fed. R. Civ. P. 12(b)(6) .................................................................................................. 3

Defendant The Rockefeller University ("RU") respectfully submits this memorandum of law in support of its partial motion to dismiss Plaintiffs' Karolina Maria Marciniak-Domingues Goncalves Agra ("Marciniak") and Dr. Marciniak's husband, Pedro Henrique Marciniak-Domingues Goncalves Agra (individually "Agra" and together with Marciniak "Plaintiffs") claims asserted against RU in their amended complaint dated April 10, 2023.  (Dkt. 65, "AC" or the "Complaint.")

## PRELIMINARY STATEMENT

In the Complaint, Marciniak asserts ten causes of action against RU, her former employer, under various federal, state and local laws in addition to common law claims.[1] Specifically, Marciniak asserts claims against RU for (i) disparate treatment under Title VII of the Civil Rights Act of 1964 ("Title VII"), Title IX of the Education Amendments of 1972 ("Title IX"), the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL") (Count 2); (ii) quid pro quo sexual harassment and hostile work environment under Title VII, the NYSHRL and the NYCHRL (Count 3); (iii) sex-hostile environment regarding Frederico Azevedo ("Azevedo")[2] under Title IX (Count 4); (iv) deliberate indifference under Title IX and breach of duty of reasonable care under Title VII (Count 5); (v) erroneous outcome under Title IX (Count 6); (vi) negligent hiring, training, supervision and retention (Count 7); heightened risk under Title IX (Count 8); (vii) retaliation under Title VII and Section 215 of the New York Labor Law ("NYLL") (Count 9); and (viii) intentional infliction of emotional distress ("IIED") (Count 12).

---

[1] RU addresses these claims for purposes of this brief.  Marciniak also asserts claims against RU for labor exploitation and labor/sex trafficking, civil conspiracy, and RICO violations, and her husband asserts claims for loss of consortium.  Those claims are the subject of Defendants' consolidated motion to dismiss those claims in their entirety and with prejudice.

[2] Marciniak alleges that Azevedo was affiliated with Defendant Massachusetts Institute of Technology ("MIT").

Most of Marciniak's claims fail in their entirety as a matter of law.   With respect to her statutory claims:[3]

- Marciniak does not state a *prima facie* claim for disparate treatment under Title VII, Title IX and the NYSHRL because she does not allege that she suffered any adverse employment action.  Her allegations, *inter alia*, that she received less favorable assignments than men are insufficient as a matter of law to state a claim for disparate treatment under Title VII, Title IX and the NYSHRL. (Count 2)

- Marciniak's quid pro quo and hostile work environment claims under Title VII fail because her claim is devoid of any timely allegations of sexual misconduct RU personnel.  (Count 3)

- Marciniak, as an employee (as opposed to a student), has no standing to pursue her claims for deliberate indifference and heightened risk under Title IX because. These claims also fail because Marciniak does not (and cannot) allege that RU acted with deliberate indifference or that it was aware of any sexual harassment at all – let alone of any harassment that would rise to the requisite level for either of these claims.

- Marciniak's claim for erroneous outcome under Title IX fails because, as the complainant, as opposed to the subject of the investigation, she has no standing to bring such a claim.

- Marciniak's claim for hostile environment under Title IX fails as a matter of law against RU because that claim centers on conduct by Azevedo, who had no affiliation with RU.  Accordingly, there is no basis to hold RU responsible for the allegations giving rise to Marciniak's claim for hostile environment under Title IX.

- Marciniak's claim for breach of duty of reasonable care under Title VII fails for reasons similar to her hostile environment claim under Title IX – namely, that it is premised on allegations concerning Azevedo who had no affiliation with RU.

---

[3] Because Marciniak's statutory claims under Title VII, Title IX, the NYSHRL and the NYCHRL only contain allegations as to her, RU understands that her husband is not seeking relief under these statutes directly.  In any event, Agra was never employed by RU, and therefore has no standing to pursue such claims.  *See, e.g., Lunts v. Rochester City Sch. Dist.*, 2011 WL 4074574 (W.D.N.Y. Sept. 13, 2011), *aff'd*, 515 F. App'x 11 (2d Cir. 2013) (spouses of alleged discrimination are not entitled to sue for damages under Title VII); ); *Weerahandi v. Am. Statistical Ass'n*, 2015 WL 5821634, at *7 (S.D.N.Y. Sept. 30, 2015) ("[T]he NYSHRL and the NYCHRL prohibit discriminatory conduct directed at current or prospective employees, and thus does not include bias directed at third parties not in an employment relationship with the allegedly offending employer.")  Agra's loss of consortium claims in connection with Marciniak's statutory claims fail for the reasons set forth in Defendants' consolidated motion to dismiss.

- Marciniak cannot bring a claim for retaliation under the NYLL because she does not allege that she complained of any NYLL violation, which is an essential element of such a claim.

Marciniak's common law claims also fail as a matter of law.[4]

- Because Marciniak was an employee of RU, under well-established law, the exclusive remedy for her negligence claims is under the Workers' Compensation Act.

- Marciniak's claim for IIED is subject to a one-year statute of limitations, and Marciniak's employment ended more than one year before she commenced this lawsuit.  Accordingly, Marciniak cannot bring a claim for IIED based on any events occurring during her employment.  Marciniak's remaining allegations regarding inconveniences she has experienced since her employment ended are insufficient to support any claim for IIED.

Marciniak's remaining claims are replete with untimely allegations that should be dismissed.  Notably, her disparate treatment claims under the NYCHRL and her claims for quid pro quo and hostile work environment under the NYSHRL and the NYCHRL, contain allegations as far back as 2017, which are well outside the three-year statute of limitations.

RU therefore respectfully requests pursuant to Fed. R. Civ. P. 12(b)(6) that this Court dismiss with prejudice Marciniak's: (i) Title VII, Title IX and NYSHRL claims and untimely NYCHRL claims under Count 2; (ii) Title VII and Title IX claims under and untimely NYSHRL and NYCHRL claims under Count 3; (iii) NYLL claims and untimely Title VII claims under Count 9; and (iv) claims under Counts 4, 5, 6, 7, 8 and 12 in their entirety.

## RELEVANT ALLEGATIONS AND PROCEDURAL BACKGROUND[5]

### A.  Marciniak's Allegations Regarding Woods Hole

---

[4] Marciniak's claims for negligence and IIED only contain allegations as to Marciniak, and RU therefore understands that Agra does not directly assert these claims against RU.  Additionally, Agra's loss of consortium claims in connection with Marciniak's underlying negligence and IIED claims fail for the reasons set forth in the consolidated motion to dismiss.

[5] Consistent with applicable law, the truth of Plaintiffs' allegations is assumed for purposes of this motion. RU does not concede the accuracy or adequacy of any allegations in the Complaint.

Marciniak was employed by RU as a postdoctoral researcher from September 2016 until November 30, 2021.  (AC ¶¶ 7, 29.)  Marciniak alleges, *inter alia*, that in August 2017, she was raped by Azevedo, a postdoctoral scientist affiliated with the Massachusetts Institute of Technology ("MIT"), while Marciniak observed a summer course held by The Center for Brains Minds and Machine ("CBMM") at the University of Chicago's Marine Biological Laboratory ("MBL") in Woods Hole, Massachusetts.  (AC ¶ 70.)  Shortly after the alleged rape, Marciniak told her supervisor, Dr. Winrich Freiwald ("Dr. Freiwald") about her "experience" but did not say that she was allegedly raped.  (*Id*. ¶ 71.)

In March 2019, Marciniak filed a Title IX complaint with MIT, where CBMM is based, regarding the alleged 2017 incident and "subsequent [alleged] harassment."  (*Id*. ¶ 87.)  MIT referred the complaint to the University of Chicago / MBL, which conducted an investigation and issued a report on August 1, 2019, finding that the 2017 sexual encounter did not violate MBL's policies or code of conduct, and any alleged intercourse was consensual.  (*Id*. ¶¶ 111, 121.)  In May 2019, Marciniak informed RU of the alleged 2017 assault and her Title IX complaint.  (*Id*. ¶ 97.)   In response, RU assisted Marciniak in identifying and providing financial support for mental health and legal services. (*Id*. ¶¶ 97, 104, 210.)

### B.  Marciniak's Allegations Regarding Dr. Freiwald

Separately, Marciniak alleges that she was "sexually harassed" by Dr. Freiwald.  (*Id*. ¶ 13.)  She also alleges that women in Dr. Freiwald's laboratory were more often than men asked to do the tasks that "have to be done but nobody likes to do."  (*Id*. ¶ 41.)  Marciniak also alleges that Dr. Freiwald assigned a student in the lab to assist a male postdoc rather than Marciniak (*id*. ¶ 45) and gave a male postdoc a teaching opportunity instead of Marciniak. (*Id*. ¶ 44.)  Marciniak

admits, however, that Dr. Freiwald asked Marciniak to go to MIT for a scientific poster presentation, an opportunity not given to others in Dr. Freiwald's lab.  (*Id*. ¶ 41.)

Marciniak also alleges that men in Dr. Freiwald's laboratory made "sexual jokes" (*id*. ¶ 46), and that Dr. Freiwald occasionally held meetings with Marciniak outside of his office.  (*Id*. ¶¶ 57-59).  In addition to these meetings, Marciniak alleges that Dr. Freiwald "exposed through his clothes his visible erection" during a February 2020 meeting (*id*. ¶ 61), and Dr. Freiwald "made a sexually suggestive joke about a banana" in a follow-up office meeting later that month. (*Id*. ¶ 62.)

In May 2020, Marciniak allegedly emailed Dr. Freiwald to "set up boundaries about professional meetings," including "no professional meetings in a restaurant."  (*Id*. ¶¶ 28, 63, 172.)  She claims that Dr. Freiwald "fired her, asking to wrap things up here and look for another position" following this email.  (*Id*. ¶ 28.)  Although alleging that Dr. Freiwald told her to "wrap up things" after Marciniak's May 2020 email (*id*. ¶¶ 28, 64, 172, 175), Marciniak admits that Dr. Freiwald also told Marciniak that her timeline to "finish was the expiration of her ongoing one-year appointment at RU, effective 8/31/2017," which had already been extended multiple times. (*Id*. ¶ 175.)  Although Marciniak's research had not been progressing, Dr. Freiwald proceeded to reappoint Marciniak to her position two more times, (*id*. ¶¶ 178, 181), extending her employment through November 2021.

### C.  Marciniak's Legal Proceedings

In May 2021, Marciniak filed a sexual harassment and retaliation complaint with the New York State Division of Human Rights ("NYSDHR") and cross-filed the charge with the Equal Employment Opportunity Commission ("EEOC").  (*Id*. ¶ 13).  At Marciniak's request, in April 2023, the NYSDHR dismissed her complaint for administrative convenience.  (*Id*. ¶ 13.)

On June 7, 2022, Marciniak filed another sex discrimination and retaliation charge against RU with the EEOC.  (*Id.*)  The EEOC issued a notice of right to sue on March 21, 2023.  (*Id.*)

On December 29, 2022, Plaintiffs commenced this lawsuit against RU and seven other Defendants.[6]  The original 105-page complaint contained 839 paragraphs and 16 causes of action.  RU filed a pre-motion letter seeking to dismiss Plaintiffs' claims on numerous grounds, including failure to satisfy Fed. R. Civ. P. 8, failure to state a claim for relief and statute of limitations.  (Dkt. 15.)  The remaining Defendants filed similar letters.  (Dkt. 24, 27, 32, 42, 47, 50.)  On February 27, 2023, this Court held a conference to address Defendants' anticipated motions and gave Plaintiffs an opportunity to amend their complaint in light of the various deficiencies identified in Defendants' letters.

On April 10, 2023, Plaintiffs filed the Complaint, which spans over 40 pages and contains 220 paragraphs and 13 causes of action – many of which are the same as those in the original complaint.[7]

## **ARGUMENT**

To survive a motion to dismiss for failure to state a claim, a complaint must contain facts that are sufficient "to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A complaint must be dismissed if it is "devoid of any factual content that would allow the Court to draw the reasonable inference that the defendant is liable for unlawful discrimination."  *Grant v. Bloomberg L.P.*, 2013 WL 1919584, at *2 (S.D.N.Y. May 2, 2013), *adopted by* 2013 WL 3388509 (S.D.N.Y. July 8, 2013).

---

[6] On December 5, 2023, just ten days before Defendants motions were due, Plaintiffs voluntarily dismissed four of the seven Defendants from this lawsuit.
[7] Although the last cause of action is titled a 14th cause of action, there is no 13th cause of action.

I.    **<u>Marciniak's Disparate Treatment Claims Against RU Under Title VII, Title IX and the NYSHRL Should Be Dismissed in Their Entirety as Should Her Untimely Allegations under the NYCHRL (Count 2).</u>**

A.    **Marciniak Fails to State a Claim for Disparate Treatment Under Title VII.**

Marciniak fails to state a claim under Title VII because most of her allegations are time-barred, and she otherwise fails to allege that she suffered an adverse employment action or any circumstances giving rise to an inference of discrimination.

Marciniak's allegations arising before July 22, 2020 – 300 days before Marciniak filed her complaint with the EEOC on May 18, 2021– are time-barred.  (*See* AC ¶¶ 42-46, 48, 55.)  42 U.S.C. § 2000e–5(e)(1); *Kraiem v. JonesTrading Institutional Servs. LLC.*, 492 F. Supp. 3d 184, 196 (S.D.N.Y. 2020) (Carter, J.).   Accordingly, Marciniak's untimely allegations in paragraphs 42-46, 48 and 55 of the Complaint should be dismissed as to her Title VII claims.

Marciniak's non-time barred allegations against RU are, *inter alia*, that Dr. Freiwald: (1) provided women less favorable assignments and schedules than men; (2) asked Marciniak to perform more administrative tasks than men; and (3) assigned support staff to work with a man and not Marciniak.  (*See* AC ¶¶ 41, 45.)

To bring a discrimination under Title VII, Marciniak must allege that: (1) she is a member of a protected group; (2) she was qualified for the position at issue; (3) she suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of discrimination.  *See Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007).  Marciniak's non-time-barred allegations fail to state a claim for relief because she does not allege that she experienced an adverse employment action nor does she identify any circumstances giving rise to an inference of discrimination.

To qualify as adverse, "[a]n action must cause a materially adverse change in the terms and conditions of employment, and not just mere inconvenience . . . ." *Id*.  Courts have granted motions to dismiss finding that "[a]llegations of unfair work assignments, without more, do not amount to adverse employment actions because they are not materially adverse changes in the terms or conditions of the plaintiff's employment." *Grant v. N.Y. State Office for People with Developmental Disabilities*, 2013 WL 3973168, at *7 (E.D.N.Y. July 30, 2013) (collecting cases).  Notably, "simply being assigned undesirable work duties and unfavorable work schedules are insufficient to establish adverse employment action, since they do not have a material impact on the terms and conditions of plaintiff's employment." *Figueroa v. N.Y. City Health & Hosps. Corp.*, 2007 WL 2274253, at *4 (S.D.N.Y. Aug. 7, 2007).  Furthermore, "giving preferential treatment with respect to work assignments to others outside of [a plaintiff's] protected class . . . [and] failing to provide [plaintiff] with necessary information and/or support" does not qualify as an adverse employment action where the plaintiff did not otherwise suffer a "demotion, material loss of benefits, or significantly diminished material responsibilities." *Costello v. N. Y. State Nurses Ass'n*, 783 F. Supp. 2d 656, 677-78 (S.D.N.Y. 2011). Accordingly, Marciniak's allegations that she received less favorable work assignments and/or schedules, she was asked to perform more administrative work, and she was not provided with support staff do not constitute adverse employment actions that give rise to a plausible claim for relief under Title VII as a matter of law.

Even if she did allege an adverse employment action (which she does not), Marciniak does not allege any circumstances giving rise to an inference of discrimination.  That failure is also fatal to her ability to state a claim for relief.  *See Forkin v. IBT*, 394 F. Supp. 3d 287, 308 (E.D.N.Y. 2019).

Marciniak's disparate treatment claim under Title VII should therefore be dismissed in its entirety.

**B.      Marciniak Fails to State a Claim for Disparate Treatment Under Title IX.**

Marciniak's Title IX claims should be dismissed for reasons similar to her Title VII claims – i.e., they are either time-barred or do not give rise to a claim for relief.  Marciniak's allegations arising prior to December 28, 2019 – three years before she commenced this lawsuit – are time-barred pursuant to Title IX's three-year statute of limitations. (*See* AC ¶¶ 42-46, 48.) *See Kane v. Mount Pleasant Cent. Sch. Dist.*, 80 F.4th 101 (2d Cir. 2023).  Marciniak's untimely allegations in paragraphs 42-46 and 48 of the Complaint should therefore be dismissed as to her Title IX claims.

Marciniak's remaining allegations fail to state a claim for relief under Title IX because, as explained in connection with her Title VII claims in Section I.A., *supra*, she does not allege that she experienced an adverse employment action under circumstances giving rise to discrimination.  The only additional timely allegation in connection with Marciniak's Title IX claim is that Dr. Freiwald "cut off [her] CBMM opportunities . . . ." (AC ¶ 55.)  This does not amount to an adverse employment action because Marciniak did not experience a demotion, material loss of benefits, or significantly diminished material responsibilities as a result.

Accordingly, Marciniak's disparate treatment claim under Title IX should be dismissed in its entirety.

**C.      Marciniak Fails to State a Claim for Disparate Treatment under the NYSHRL.**

Marciniak's NYSHRL claim fails for reasons similar to her Title VII and Title IX claims – i.e., her allegations are untimely and otherwise fail to state a claim for relief.

Marciniak's NYSHRL claims are subject to a three-year statute of limitations. Because Marciniak requested that the NYSDHR dismiss her complaint due to administrative convenience (AC ¶ 13), the statute of limitations for those claims was not tolled during the pendency of her complaint, and her claims are subject "to the statute of limitations in effect in such court at the time the complaint was initially filed with the division." N.Y. Executive Law § 279(9); *See DeJohn v. Wal-Mart Stores East, LLP*, 2013 WL 1180863 (N.D.N.Y. Mar. 20, 2013).  Therefore, any allegations arising prior to December 28, 2019 are untimely under the NYSHRL. (AC ¶¶ 42-46, 48.)  Accordingly, Marciniak's untimely allegations in paragraphs 42-46 and 48 of the Complaint should be dismissed as to her NYSHRL claims.

Marciniak cannot state a claim for disparate treatment under the NYSHRL based on the remaining allegations alleged under Count 2.  (AC ¶¶ 41, 45, 55.)  NYSHRL claims are analytically identical to claims under Title VII and Title IX.  *See Osborne v. Moody's Inv. Serv., Inc.*, 2018 WL 1441392, at *3 n.2 (S.D.N.Y. Mar. 22, 2018) (Carter, J.).  Accordingly, Marciniak's NYSHRL claim fails for the same reasons as her Title VII and Title IX claims – i.e., because she does not allege that she experienced any adverse employment action under circumstances giving rise to discrimination.  *Id.*, at *6-7.

### D. Marciniak's Untimely NYCHRL Claims Should Be Dismissed.

Marciniak's NYCHRL claims are subject to a three-year statute of limitations. NYC Admin Code § 8-502(d).  Accordingly, Marciniak's untimely allegations under Count 2 prior to December 28, 2019 should be dismissed.[8]  (*See* AC ¶¶ 42-46, 48.)

## II. Marciniak Cannot State a Claim for Quid Pro Quo Sexual Harassment or Hostile Work Environment under Title VII (Count 3).

---

[8] Many of Marciniak's allegations under Count 2 are undated and to the extent those allegations occurred prior to December 28, 2019, they are untimely.

### A.   Marciniak's Title VII Quid Pro Quo Claim Should Be Dismissed.

Marciniak fails to state a claim for quid pro quo harassment under Title VII because all of her claims prior to July 22, 2020 are time-barred, section I.A., *supra*, (AC ¶¶ 56-64) and the remaining allegations do not state a plausible claim for relief. (*Id*. ¶¶ 64-66.)

To state a claim of *quid pro quo* sexual harassment under Title VII, a plaintiff must allege that: (1) she was subject to unwelcome sexual conduct or an unwelcome sexual advance; and (2) her reaction to that conduct was used as the basis for an adverse employment action.[9] *Frank v. Plaza Const. Corp.*, 186 F. Supp. 2d 420, 426 (S.D.N.Y. 2002).  There are no timely allegations regarding any unwelcome sexual conduct or advances under Count 3 of the Complaint.  Indeed, the only allegations regarding Dr. Freiwald of a sexual nature predate July 22, 2020 and are therefore untimely.  Accordingly, Marciniak cannot state a claim for quid pro quo harassment under Title VII.

### B.   Marciniak's Title VII Hostile Work Environment Claim Should Be Dismissed.

Marciniak does not state a claim for a hostile work environment against RU under Title VII because, as explained in Section I.A., *supra*, her allegations prior to July 22, 2020 are time-barred and the remaining allegations do not state a plausible claim for relief.

To state a claim for hostile work environment, a plaintiff must allege that "the complained of conduct: (1) is objectively severe or pervasive—that is, … creates an environment that a reasonable person would find hostile or abusive; (2) creates an environment that the plaintiff subjectively perceives as hostile or abusive; and (3) creates such an environment

---

[9] As explained in Section I.A., *supra*, an adverse employment action "usually constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits."  *Figueroa v. RSquared NY, Inc.*, 89 F. Supp. 3d 484, 490 (E.D.N.Y. 2015).

because of the plaintiff's sex." *Osborne*, 2018 WL 1441392, at *15.  As explained above in

Section II.A., *supra*, none of the timely allegations under Count 3 (¶¶ 64-66) are of a sexual

nature and therefore cannot give rise to a claim for hostile work environment.  The only

potentially timely allegations concern (i) a lab survey conducted prior to August 2020 that

purportedly "revealed that [the] majority of lab members were not happy in the lab, declared to

experience a hostile environment, and did not feel comfortable to talk to [Dr.] Freiwald about

their problems" and was discussed with Dr. Freiwald in August 2020; (ii) Dr. Freiwald refusing

to redo the survey; and (iii) Marciniak allegedly learning that Dr. Freiwald threatened to

terminate another post doc's employment after she complained to him about his lack of support

because of her sex.  (AC ¶¶ 65.)  None of these allegations give rise to a hostile work

environment claim because they do not demonstrate that Marciniak experienced a severe or

pervasive hostile work environment because of her sex.  *See, e.g.*, *Myers v. Doherty*, 2022 WL

4477050 (2d Cir. Sept. 27, 2022) (affirming dismissal of hostile work environment claim where

defendant's conduct was unpleasant).  Accordingly, Marciniak's Title VII hostile work

environment claim should be dismissed in its entirety.

**III.**    **Marciniak's Untimely Quid Pro Quo and Hostile Work Environment Claims Under the NYSHRL and the NYCHRL Should Be Dismissed (Count 3).**

Marciniak's NYSHRL and NYCHRL claims are subject to a three-year statute of

limitations.  CPLR 214(2); NYC Admin Code § 8-502(d).  As a result, all of the allegations under

Count 3 prior to December 28, 2019 should be dismissed as untimely.  (AC ¶¶ 56-60.)

**IV.**    **Marciniak Cannot State a Claim for Relief Against RU in Count 4.**

In Count 4, Marciniak attempts to assert a Title IX claim for "sex-hostile environment"

against RU based on allegations regarding Azevedo, who had no affiliation with RU.  (AC ¶¶ 67-

86.)  Marciniak does not (and cannot) allege that RU employed or had control over Azevedo or

that RU engaged in any wrongdoing.  Under these circumstances, Marciniak cannot bring a Title

IX claim against RU.  *See Davis v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 640, 645 (1999)

(liability can attach to an academic institution under Title IX "only for its own misconduct" and

"wherein the recipient exercises substantial control over both the harasser and the context in

which the known harassment occurs").  Because Marciniak does not (and cannot) allege that RU

exercised any control over Azevedo, Count 4 should be dismissed against RU in its entirety.

The only allegation concerning RU's conduct is that RU would not assist in issuing a new

no contact order "subsequent[]" to a September 2019 incident with Dr. Marciniak's alleged

assaulter during which he appeared on a video meeting for a research seminar.  (AC ¶ 82.)

Because Marciniak's Title IX claim is subject to a three-year statute of limitations and this

allegation occurred before December 28, 2019, any claim arising out of it is untimely.[10]

## V.      **Marciniak Cannot State a Claim against RU for Deliberate Indifference Under Title IX (Counts 5).**

Marciniak's Title IX claim for deliberate indifference against RU fails as a matter of law

for two distinct reasons.   To state a claim for deliberate indifference, a plaintiff must

demonstrate that a defendant was "deliberately indifferent to sexual harassment, of which they

have actual knowledge, that is so severe, pervasive, and objectively offensive that it can be said

to deprive the victims of access to the educational opportunities or benefits provided by the

school."  *Doe v. Syracuse Univ.*, 2023 WL 7391653, at *12 (2d Cir. Nov. 8, 2023).  Marciniak

cannot state such a claim against RU for two distinct reasons.

---

[10] Nor does it amount to severe or pervasive conduct that alters the terms or conditions of employment, particularly given RU's assistance in putting Marciniak in contact with, and covering certain costs of, attorneys and mental health providers.  (AC ¶¶ 97, 98.)

First, such claims have been recognized in instances of sexual harassment of a student, not an employee.  *See Davis*, 526 U.S. at 629*; Cf. Yog v. Texas S. Univ.*, 2010 WL 4053766, at *4 (S.D. Tex. Aug. 30, 2010), *objections overruled*, 2010 WL 4053706 (S.D. Tex. Oct. 14, 2010) (deliberate indifference claim under Title IX could be maintained by a research assistant against the professor she worked for only because she was also a student).  Because Marciniak was an employee, not a student of RU, her deliberate indifference claim fails as a matter of law.

Second, Marciniak has not plausibly pled (and cannot plausibly plead) that RU had "actual knowledge" of "severe, pervasive, and objectively offensive" harassment and that its response was "clearly unreasonable" under the circumstances.  Instead, Marciniak alleges that, in May 2019, when she eventually made RU aware of Azevedo's alleged actions, and that she had filed a Title IX complaint with MIT, RU took steps so that she was referred to an attorney and had access to on-site and off-site therapists.  (AC ¶ 97.)  Although Marciniak complains about the quality of services from her lawyer and therapist, RU's actions cannot be said to be "clearly unreasonable," a requisite element to a claim of deliberate indifference.  *See Doe v. Trs. of Columbia Univ.*, 2023 WL 4211031, at *8 (S.D.N.Y. June 27, 2023) (dismissing deliberate indifference claim where plaintiff failed to allege that defendant's response to complaint was clearly unreasonable).

Accordingly, Marciniak's claim for deliberate indifference against RU should be dismissed in its entirety.[11]

---

[11] Marciniak's claim for deliberate indifference based on allegations before December 28, 2018 also are time-barred pursuant to Title IX's three-year statute of limitations.

**VI.**     **Marciniak Cannot State a Claim against RU for Breach of Duty of Reasonable Care Under Title VII (Count 5).**

Marciniak's claim against RU for breach of duty of reasonable care under Title VII fails as a matter of law.

Title VII recognizes a claim for "breach of duty of reasonable care" as a theory for a hostile work environment claim when a plaintiff plausibly alleges that "a co-worker who is not a supervisor has created the hostile environment, and the employer, upon becoming aware of the misconduct, fails to remedy it." *Bentley v. AutoZoners, LLC*, 935 F.3d 76, 91 (2d Cir. 2019). Here, Marciniak's claim against RU fails because: (1) Azevedo, who was not employed by or affiliated with RU, was not Marciniak's co-worker at RU; and (2) RU was not involved in the investigation of Marciniak's complaint concerning Azevedo and therefore was not in a position to remedy his conduct.[12]   There is no cognizable claim against RU under these circumstances.

Additionally, all of Marciniak's allegations under Count 5 pertaining to RU occurred before July 22, 2020 and therefore are untimely under Title VII.

Accordingly, Marciniak's claim for breach of duty of reasonable care under Title VII should be dismissed in its entirety against RU.

**VII.**     **Marciniak's Claim against RU for Erroneous Outcome under Title IX Fails as a Matter of Law (Count 6).**

Marciniak purports to bring a claim for "erroneous outcome" against RU based on the outcome of University of Chicago's investigation into her May 2019 Title IX complaint with MIT.  This claim fails as a matter of law against RU for three distinct reasons.

First, a plaintiff asserting a claim for erroneous outcome must allege that he or she was innocent and wrongly found to have committed an offense.  *Yusuf v. Vassar Coll.*, 35 F.3d 709,

---

[12] As explained in Section V, *supra*, RU took actions to try to assist Marciniak after it learned of the alleged conduct by Azevedo several years after the fact.  This conduct belies any claim of breach of duty of care.

715 (2d Cir. 1994).  Erroneous outcome claims are therefore "brought by individuals who have been accused and found responsible for committing misconduct."  *Roe v. Pa. State Univ.*, 2019 WL 652527, at *11 (E.D. Pa. Feb. 15, 2019) (collecting cases).  Indeed, courts have held that where, as here, it is "the alleged victim of sexual assault, not the target of the Title IX disciplinary hearing," bringing the erroneous outcome claim, the "claim fails as a matter of law."  *Id.*; *see also Doe v. Trs. of Columbia Univ.*, 2022 WL 3666997 (S.D.N.Y. Aug. 25, 2022). Accordingly, because Marciniak was the complainant, her erroneous outcome claim fails as a matter of law.

Second, Marciniak's erroneous outcome claim against RU fails because RU did not receive or investigate her complaint, which was filed with MIT and investigated by MBL and the University of Chicago, which Marciniak claims, without factual support, was "under RU's supervision."  (AC ¶¶ 87, 111, 121.) Thus, there is no factual basis to claim that RU is responsible for handling her complaint or the outcome of the investigation.

Third, the report of the Title IX investigation was issued by the University of Chicago in August 2019, more than three years before Marciniak filed this lawsuit.  Thus, her claim that the investigation and report were somehow erroneous is barred by Title IX's three-year statute of limitations.  *See Purcell v. New York Inst. of Tech. - Coll. of Osteopathic Med.*, 931 F.3d 59, 65 (2d Cir. 2019).

Accordingly, Marciniak's erroneous outcome claim against RU should be dismissed in its entirety.

## VIII.   Marciniak's Claims for Negligent Hiring, Training, Supervision and Retention Against RU Fail as a Matter of Law (Count 7).

Marciniak's claims for negligent hiring, training, supervision, and retention against RU fail as a matter of law because Marciniak was an employee of RU and therefore her negligence

16

claims are barred by workers' compensation law. *See Salvatore v. KLM Royal Dutch Airlines*, 1999 WL 796172, at *6 (S.D.N.Y. Sept. 30, 1999) (workers' compensation law bars claims for negligent hiring, training, supervision and retention); *see also Greene v. Trs. of Columbia Univ.*, 234 F. Supp. 2d 368, 382 (S.D.N.Y. 2002) (proper remedy for negligent hiring and retention claim is through workers' compensation law).

Accordingly, Marciniak's claims against RU under Count 7 should be dismissed in their entirety with prejudice.[13]

## IX.    Marciniak's Claim for Heightened Risk Fails as a Matter of Law (Count 8).

Marciniak's claim against RU for heightened risk under Title IX fails as a matter of law. As a threshold matter, heightened risk claims have only been recognized if brought by students. *See Poloceno v. Dall. Indep. Sch. Dist.*, 826 F. App'x 359 (5th Cir. 2020); *See, e.g.*, *Posso v. Niagra Univ.*, 518 F. Supp. 3d 688 (W.D.N.Y. 2021). Because Marciniak was not a student at RU, her heightened risk claim against RU fails for this independent reason alone.

An alternative independent reason for dismissal is that Marciniak fails to plausibly allege a claim for heightened risk. Heightened risk claims seek to hold defendants liable for pre-assault indifference, and a plaintiff seeking to bring such a claim must allege that "(1) a federally-funded educational institution (2) was deliberately indifferent to and (3) had actual knowledge of (4) sexual harassment that was so severe, pervasive and objectively offensive that it could be said to have deprived the plaintiff of access to the educational opportunities or benefits." *Id.* at 696. "A defendant acts with deliberate indifference for Title IX purposes when the defendant's response

---

[13] In her Marciniak's about Azevedo, Marciniak does not allege that RU hired, trained, supervised or retained Azevedo and therefore cannot state a claim against RU based on these allegations. (AC ¶¶ 126-133.) Also, because negligence claims are subject to a three-year statute of limitations, all allegations under Count 7 arising before December 28, 2019 are time-barred. For these additional reasons, these allegations should be dismissed.

to known discrimination is clearly unreasonable in light of the circumstances." *Roskin-Frazee v. Columbia Univ.*, 2018 WL 1166634, at *4 (S.D.N.Y. Feb. 21, 2018).   Marciniak's allegations against RU do not meet this standard.

Marciniak does not allege that RU had any prior knowledge of any sexual assaults committed at the CBMM summer course in Woods Hole, Massachusetts, or her alleged rape by Azevedo.  This is fatal to her claim against RU for heightened risk.  *See id.*, at *5.

Nor is Marciniak's heightened risk claim supported by her allegations in connection with sexual harassment by Dr. Freiwald.  Marciniak's theory appears to be that, because Dr. Freiwald learned that Azevedo would not be disciplined in response to Marciniak's complaint against him, Dr. "Freiwald remained secure that he could stay under the radar of law with his quid pro quo sexual harassment towards Marciniak, assured he would never face any repercussions for his behavior."  (AC ¶ 148.)  This is insufficient to state a claim for heightened risk as Marciniak does not allege that RU acted with any deliberate indifference or that it was aware of any sexual harassment that was so severe, pervasive and objectively offensive that it could be said to have deprived the plaintiff of access to the educational opportunities or benefits.[14]   Marciniak's allegations regarding a professor staring at her are equally unavailing (*id.* at ¶ 147) because she does not allege that she was sexually assaulted or harassed or that RU had any prior knowledge of the professor's alleged staring that could give rise to a claim for heightened risk.

Accordingly, Marciniak's claim for heightened risk against RU should be dismissed in its entirety.[15]

---

[14] Marciniak's remaining allegations regarding RU's policies and practices, such as having a bar on its campus and that RU's sexual harassment prevention training material did not "exemplif[y] any daily life situations of postdoctoral work" do not provide a basis for a claim of heightened risk.  (*See* AC ¶¶ 143, 149.)

[15] Marciniak's allegations before December 28, 2018 are time-barred pursuant to Title IX's three-year statute of limitations.

**X.   Marciniak's NYLL Retaliation Claim Should Be Dismissed in Its Entirety as Should Her Untimely Claims under Title VII (Count 9).**

Marciniak does not state a claim for retaliation under NYLL § 215.  NYLL § 215 prohibits an employer from retaliating against an employee "because such employee has made a complaint to his or her employer . . . that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter.  N.Y. Lab. Law §215.  Marciniak does not allege that she made any complaints under the NYLL and therefore her NYLL retaliation claim should be dismissed in its entirety.  *See Tsatskin v. Kordonsky*, 189 A.D.3d 1296, 1299 (2d Dep't 2020) (dismissing NYLL retaliation claim where plaintiffs failed to identify any provision of the labor law that they reasonably believed was violated).

Marciniak's retaliation claims under Title VII arising prior to July 22, 2020 should be dismissed as untimely.  (*See* AC ¶¶ 161-177.)

Accordingly, Marciniak's retaliation claims under the NYLL should be dismissed in their entirety as should her untimely Title VII retaliation claims.

**XI.   Marciniak's Claim IIED Claim Fails as a Matter of Law (Count 12).**

Marciniak's IIED claim should be dismissed because most of her allegations are untimely and the remaining allegations do not plausibly allege a claim for relief.

The statute of limitations for an IIED claim under New York law is one year.  *See Deng v. N. Y. State Off. of Mental Health*, 2015 WL 221046, at *18 (S.D.N.Y. Jan. 15, 2015) (Carter, J.). Marciniak's allegations arising before December 29, 2021 are therefore time-barred. (AC ¶¶ 210-212.)  Marciniak's employment with RU ended on November 30, 2021 – more than one year before she commenced this lawsuit.  Therefore, Marciniak cannot state a claim for IIED in connection with her employment or termination from employment.

19

Marciniak's remaining allegations since her employment ended do not plausibly allege a claim for IIED.  Her allegations that she and her husband have been denied access to RU's tennis courts and have experienced other minor inconveniences do not come close to meeting the "high bar" for IIED claims.  *See Brown v. Montefiore Med. Ctr.*, 2021 WL 1163797 (S.D.N.Y. Mar. 25, 2021) (Carter, J.) (disrespectful treatment, humiliating criticism, intimidation or insults insufficient to state claim for IIED); *see also Deng*, 2015 WL 221046, at *18.  Additionally, her allegation that RU withdrew her visa petition after her employment was terminated cannot form the basis for an IIED claim.  *See id.* (dismissing IIED claim where employer withheld plaintiff's salary and benefits when plaintiff was suspended).

Accordingly, Marciniak's IIED claim against RU should be dismissed in its entirety.

## **CONCLUSION**

For the foregoing reasons, RU respectfully requests that this Court enter an Order: (i) dismissing Plaintiffs' claims against RU, with prejudice, as follows:

| Count 2 | Title VII, Title IX, and NYSHRL claims in their entirety | Untimely NYCHRL claims | *See* Section I |
|---|---|---|---|
| Count 3 | Title VII and Title IX claims in their entirety | Untimely NYCHRL and NYSHRL claims | *See* Sections II and III |
| Count 4 | In its entirety | | *See* Section IV |
| Count 5 | In its entirety | | *See* Section V |
| Count 6 | In its entirety | | *See* Sections VI and VII |
| Count 7 | In its entirety | | *See* Section VIII |
| Count 8 | In its entirety | | *See* Section IX |
| Count 9 | NYLL claim in its entirety | Untimely Title VII claims | *See* Section X |
| Count 12 | In its entirety | | *See* Section XI |

and (ii) granting such other and further relief as the Court deems just and proper.

Dated:  December 15, 2023
        New York, New York

Respectfully submitted,

/s/ Elise M. Bloom
Elise M. Bloom
Noa M. Baddish
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036-8299
Tel. 212.969.3000
Fax 212.969.2900
ebloom@proskauer.com
nbaddish@proskauer.com

Attorneys for Defendant
The Rockefeller University