**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____
                                                          )
DR. KAROLINA MARCINIAK-DOMINGUES              )
GONCALVES AGRA and MR. PEDRO                      )
MARCINIAK-DOMINGUES GONCALVES AGRA,   )
                                                          )
        Plaintiffs,                                   ) Case No. 1:22-cv-10959 (ALC)
                                                          )
    v.                                                   )
                                                          ) **ORAL ARGUMENT REQUESTED**
CENTER FOR BRAINS, MINDS AND MACHINES  )
AT MASSACHUSETTS INSTITUTE OF               )
TECHNOLOGY, *et al*.,                                  )
                                                          )
        Defendants.                                )
_____)


**JOINT MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'**
**CONSOLIDATED MOTION TO DISMISS THE AMENDED COMPLAINT**

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1

RELEVANT BACKGROUND AND PROCEDURAL HISTORY ........................................ 3

ARGUMENT ........................................................................................................................... 5

   I.    MARCINIAK FAILS TO PLAUSIBLY PLEAD A CLAIM UNDER THE
        TRAFFICKING VICTIMS PROTECTION ACT (COUNT ONE). ........................... 5

     A.   Marciniak Fails To Plausibly Plead An Underlying TVPA Violation. ................... 5

     B.   Marciniak Fails To Plausibly Plead A Beneficiary Claim Under The TVPA. ....... 8

  II.   MARCINIAK CANNOT STATE A CLAIM FOR CONSPIRACY TO INTERFERE
        WITH CIVIL RIGHTS (COUNT TEN). ........................................................................ 10

 III.  MARCINIAK FAILS TO STATE A RICO CLAIM (COUNT ELEVEN). .............. 13

     A.   Marciniak Does Not Identify Any Actionable Injury. ............................................ 14

     B.   Marciniak Does Not Identify A Violation of 18 U.S.C. § 1962. ........................... 15

 IV.  AGRA'S LOSS OF CONSORTIUM CLAIMS (COUNT FOURTEEN) FAIL AS A
        MATTER OF LAW. ....................................................................................................... 20

     A.   Agra Cannot Assert a Loss of Consortium Claim in Connection with
         Marciniak's Claims Alleging Violations of Federal, State or Local Civil Rights
         Laws (Counts Two Through Six and Eight Through Ten). ................................... 21

     B.   Agra Cannot State a Claim for Loss of Consortium in Connection with
         Marciniak's Remaining Claims (Counts One, Seven, Eleven, and Twelve)
         Because Those Claims Fail as a Matter of Law. ..................................................... 22

CONCLUSION ...................................................................................................................... 23

**<u>TABLE OF AUTHORITIES</u>**

**Cases**                                                                                      **Page(s)**

*Adams v. New Rochelle Hosp. Med. Ctr.*,
    919 F. Supp. 711 (S.D.N.Y. 1996) .......................................................................23

*Anora v. Oasis Pro. Mgmt. Grp., Ltd.*,
    2023 WL 2307180 (S.D.N.Y. Mar. 1, 2023) ............................................................8

*Armutcuoglu v. Lev*,
    2018 WL 1474386 (S.D.N.Y. Mar. 23, 2018) ...............................................17, 18

*Atuahene v. City of Hartford*,
    10 F. App'x 33 (2d Cir. 2001) ...............................................................................5

*Brown v. City of Hartford*,
    2009 WL 10713716 (D. Conn. July 17, 2009) ......................................................21

*Corradino v. Liquidnet Holdings, Inc.*,
    2021 WL 2853362 (S.D.N.Y. July 8, 2021) ............................................................8

*Demaree v. Castro*,
    2023 WL 6465881 (S.D.N.Y. Oct. 4, 2023) ...........................................................14

*Doe # 1 v. Red Roof Inns, Inc.*,
    21 F.4th 714 (11th Cir. 2021) ..............................................................................8

*Doe v. Alsaud*,
    12 F. Supp. 3d 674 (S.D.N.Y. 2014) .....................................................................9

*Doe v. Patrick*,
    437 F. Supp 3d 160 (N.D.N.Y. 2020) ...................................................................21

*Estes-El v. Town of Indian Lake*,
    954 F. Supp. 527 (N.D.N.Y. 1997) .......................................................................11

*Geiss v. Weinstein Co. Holdings LLC*,
    383 F. Supp. 3d 156 (S.D.N.Y. 2019) ..........................................................8, 9, 14

*Gerzog v. London Fog Corp.*,
    907 F. Supp. 590 (E.D.N.Y. 1995) .......................................................................22

*Griffin v. Breckenridge*,
    403 U.S. 88 (1971) ...............................................................................................11

*Headley v. Church of Scientology Intern.*,
    687 F.3d 1173 (9th Cir. 2012) ...............................................................................6

*Holmes v. Parade Place, LLC,*
    2013 WL 5405541 (S.D.N.Y. Sept. 26, 2013) ................................................................ *passim*

*Joyner v. Alston & Bird LLP,*
    2022 WL 6244417 (2d Cir. May. 13, 2022) ......................................................................11

*Katzman v. Victoria's Secret Catalogue,*
    167 F.R.D. 649 (S.D.N.Y. 1996) ......................................................................................13

*Khan Funds Mgmt. Am., Inc. v. Nations Techs. Inc.,*
    2023 WL 6124801 (S.D.N.Y. Sept. 19, 2023).............................................................15, 17

*Kilkenny v. L. Off. of Cushner & Garvey, L.L.P.,*
    2012 WL 1638326 (S.D.N.Y. May 8, 2012) .....................................................................20

*Kim v. Kimm,*
    884 F.3d 98 (2d Cir. 2018)................................................................................................13

*King v. City of New York.,*
    581 F. Supp. 3d 559 (S.D.N.Y. 2022)...............................................................................12

*Knight v. City of New York,*
    303 F. Supp. 2d 485 (S.D.N.Y. 2004)...............................................................................11

*Koch v. Mirza,*
    869 F. Supp. 1031 (W.D.N.Y. 1994) ................................................................................10

*Kolbek v. Twenty First Century Holiness Tabernacle Church, Inc.,*
    2013 WL 6816174 (W.D. Ark. Dec. 24, 2013) ..................................................................9

*Lawson v. Rubin,*
    2018 WL 2012869 (E.D.N.Y. Apr. 29, 2018) ..................................................................10

*McGarry v. Pallito,*
    687 F.3d 505 (2d Cir. 2012).................................................................................................5

*Milam v. Herrlin,*
    819 F. Supp. 295 (S.D.N.Y. 1993) ...................................................................................21

*Moore v. Guesno,*
    301 F. App'x 17 (2d Cir. 2008) .........................................................................................15

*Morpurgo v. Incorporated Village of Sag Harbor,*
    697 F. Supp. 2d 309 (E.D.N.Y. 2010) ..............................................................................12

*Muchira v. Al-Rawaf,*
    850 F.3d 605 (4th Cir. 2017)...............................................................................................5

iv

*Murphy v. Cadillac Rubber Plastics*,
  946 F. Supp. 1108 (W.D.N.Y. 1996) ....................................................................21

*Ng v. Green Mach. Bio-Sys. of S.C., Inc.*,
  2013 WL 1832340 (S.D.N.Y. Apr. 30, 2013) ......................................................15

*Noble v. Weinstein*,
  335 F. Supp. 3d 504 (S.D.N.Y. 2018) ................................................................8, 9

*O'Gorman v. Holland*,
  2000 WL 134514 (S.D.N.Y. Feb. 3, 2000) ......................................................20, 21

*Rosenson v. Mordowitz*,
  2012 WL 3631308 (S.D.N.Y. Aug. 23, 2012) ............................................. *passim*

*Rozsa v. May Davis Grp., Inc.*,
  187 F. Supp. 2d 123 (S.D.N.Y. 2002) ..................................................................23

*Russell v. Cnty. of Nassau*,
  696 F. Supp. 2d 213 (E.D.N.Y. 2010) ..................................................................12

*Sanchez v. Hoosac Bank*,
  2014 WL 1326031 (S.D.N.Y. Mar. 31, 2014) (Carter, J.) ....................................14

*Saraswat v. Bus. Integra, Inc.*,
  2019 WL 1865193 (E.D.N.Y. Apr. 25, 2019) .........................................................7

*Spool v. World Child Int'l Adoption Agency*,
  520 F.3d 178 (2d Cir. 2008) ............................................................14, 16, 19, 20

*Stanley v. OptumInsight, Inc.*,
  2014 WL 906145 (N.D.N.Y. Mar. 7, 2014) ..........................................................20

*Targum v. Citrin Cooperman & Co., LLP*,
  2013 WL 6087400 (S.D.N.Y. Nov. 19, 2013) ................................................13, 14

*Taylor v. Children's Vill.*,
  2021 WL 1581568 (S.D.N.Y. Apr. 21, 2021) .........................................................6

*Tegete v. Maryknoll Sisters of Saint Dominic, Inc.*,
  2023 WL 2504744 (S.D.N.Y. Mar. 14, 2023) .....................................................6, 7

*United States v. Afyare*,
  632 F. App'x 272 (6th Cir. 2016) ..........................................................................9

*United States v. Shackney*,
  333 F.2d 475 (2d Cir. 1964) (Friendly, J.) ............................................................6

*Villoldo v. BNP Paribas S.A.*,
    648 Fed. App'x. 53 (2d Cir. 2016)........................................................................13, 14

*Webb v. Goord*,
    340 F.3d 105 (2d Cir. 2003)....................................................................................12

*Westchester Cnty. Indep. Party v. Astorino*,
    137 F. Supp. 3d 586 (S.D.N.Y. 2015)....................................................................15

*Winthal v. Mendez*,
    1978 WL 14035 (S.D.N.Y. Apr. 18, 1978)...............................................................6

*Zemsky v. City of New York*,
    821 F.2d 148 (2d Cir. 1987)....................................................................................11

Defendants Massachusetts Institute of Technology ("MIT"), President and Fellows of Harvard College ("Harvard") and The Rockefeller University ("RU") (collectively, "Defendants") respectfully submit this memorandum of law in support of their motion to dismiss Plaintiffs' Karolina Maria Marciniak-Domingues Goncalves Agra ("Marciniak") and Dr. Marciniak's husband, Pedro Henrique Marciniak-Domingues Goncalves Agra (individually "Agra" and, together with Marciniak, "Plaintiffs") claims in their amended complaint dated April 10, 2023 (the "Complaint" (Dkt. 65)).[1]

## PRELIMINARY STATEMENT

Marciniak asserts claims against Defendants for: (i) violations of the Trafficking Victims Protection Act (the "TVPA") (Count One); (ii) conspiracy to interfere with civil rights under 42 U.S.C. § 1985(2)–(3) (Count Ten); and (iii) violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act (Count Eleven). Agra asserts a claim against Defendants for loss of consortium (Count Fourteen). Plaintiffs do not and cannot state a plausible basis for relief against Defendants in connection with any of these claims, and they should be dismissed in their entirety with prejudice pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6).

In March 2019, Marciniak, a postdoctoral researcher employed by RU, filed a Title IX complaint with MIT about sexual assault and harassment that she allegedly suffered in 2017 while

---

[1] Pursuant to the Court's order dated November 6, 2023 (Dkt. 68), Defendants are filing a joint motion to dismiss Counts One, Ten, Eleven, and Fourteen of the Complaint, alleging claims for (1) labor exploitation and trafficking as well as sex trafficking; (2) conspiracy to interfere with civil rights; (3) RICO violations; and (4) loss of consortium, respectively. Marciniak also asserts claims under Title VII of the Civil Rights Act ("Title VII"), Title IX of the Education Amendments of 1972 ("Title IX"), the New York State Human Rights Law (the "NYSHRL") and the New York City Human Rights Law ("NYCHRL") (Counts Two through Six, and Eight through Nine) as well as claims for negligence (Count Seven), retaliation under the New York Labor Law (Count Nine), and intentional infliction of emotional distress (Count Twelve). Defendants each address dismissal of the other counts in their individual Memoranda in Support of their Motions to Dismiss, filed concurrently herewith.

1

attending a summer program held by the Center for Brains, Minds and Machines ("CBMM"), a program established from a National Science Foundation ("NSF") award to Defendants, as well as non-parties Boston Children's Hospital ("BCH"), the University of Chicago ("UChicago"), and UChicago's Marine Biological Laboratory ("MBL"), located at MBL's campus in Woods Hole, Massachusetts.  After consultation with other grantees of CBMM, it was determined that MBL was the most appropriate entity to investigate the matter.  Marciniak was thereafter referred to MBL's Title IX officer, and MBL conducted a thorough, months-long investigation, eventually issuing a "no-violation" outcome in August 2019.

Apparently disgruntled with that outcome, more than three years after the investigation concluded, Plaintiffs commenced the instant lawsuit.  The current version of Plaintiffs' Complaint spans 45 pages and 220 paragraphs and alleges claims ranging from sex trafficking and forced labor violations to conspiracy to RICO violations.  But not one of Plaintiffs' claims clear the 12(b)(6) hurdle.

*First*, Marciniak's forced labor and sex trafficking claims under the TVPA fail because the Complaint is devoid of any allegations of forced labor, servitude, or sex trafficking.  To establish a TVPA claim, Marciniak must plausibly plead (1) an underlying TVPA violation and (2) that Defendants "benefited" from this violation.  Marciniak does neither.

*Second*, Marciniak's civil conspiracy claims should be dismissed because there is not even a suggestion that Defendants have conspired to interfere with any federal proceeding or that Defendants were motivated by any discriminatory animus based on any protected characteristic and acted in concert to deprive Marciniak of her rights.

*Third*, Marciniak's RICO claim should be dismissed because she does not allege a violation of 18 U.S.C. § 1962 or any actionable injury—both of which are necessary to establish a RICO

violation.

*Finally*, Agra's loss of consortium claims fail because such claims are not recognized in connection with Marciniak's other claims under federal and state statutes, and loss of consortium claims are derivative claims that cannot exist apart from Marciniak's underlying claims. Because Marciniak's primary claims cannot survive a motion to dismiss, Agra's loss of consortium claim too is fatally flawed.

Plaintiffs' claims under Counts One, Ten, Eleven, and Fourteen should therefore be dismissed in their entirety. This dismissal should be with prejudice because amendment would be futile. The fact is that, no matter how disappointed they may be, Plaintiffs cannot cobble together legal claims simply because a carefully considered, months-long investigation did not result in the conclusion they wanted.

## RELEVANT BACKGROUND AND PROCEDURAL HISTORY

Marciniak was employed by RU as a postdoctoral researcher in Dr. Winrich Freiwald's ("Dr. Freiwald") laboratory from September 2016 until November 30, 2021. Compl. ¶¶ 7, 29. Marciniak alleges, *inter alia*, that in August 2017, she was raped by Frederico Azevedo ("Dr. Azevedo"), a postdoctoral scientist allegedly affiliated with MIT, while Marciniak observed a summer course held by CBMM at MBL in Woods Hole, Massachusetts. *Id.* ¶ 70. CBMM was established from an NSF award, of which Defendants MIT, Harvard, and RU, along with non-parties BCH, MBL, and UChicago, are awardees. *Id.* ¶ 8. After the alleged rape, on December 18, 2018, Marciniak married Agra. *Id.* ¶ 7.

In March 2019, Marciniak filed a Title IX complaint with MIT's Title IX & Bias Response Office regarding the alleged 2017 incident and "subsequent [alleged] harassment." *Id.* ¶ 87. "[A]fter consulting with folks at Harvard and the MBL program, it was determined that MBL [wa]s the most appropriate entity to investigate the matter," *id.* ¶ 95, and MIT referred the

3

complaint to UChicago and MBL, which conducted an investigation and issued a report on August 1, 2019, finding that the 2017 sexual encounter did not violate MBL's policies or code of conduct, and any alleged intercourse was consensual. *Id*. ¶¶ 111, 121.

On December 22, 2022, Plaintiffs commenced this lawsuit against MIT, Harvard, RU, and four other defendants: BCH, MBL, UChicago, and NSF. Plaintiffs' original complaint spanned 105 pages and contained 839 paragraphs and 16 causes of action. Defendants filed pre-motion letters seeking to dismiss Plaintiffs' claims on numerous grounds including, but not limited to, failure to satisfy Federal Rule of Civil Procedure 8, lack of jurisdiction, and failure to state a claim for relief. Dkt. 15, 24, 27, 32, 42, 47, 50. On February 27, 2023, this Court held a conference to address Defendants' anticipated motions and provided Plaintiffs with an opportunity to amend their complaint in light of the various deficiencies identified in Defendants' letters.

On April 10, 2023, Plaintiffs filed the Amended Complaint. On April 20, 2023, Defendants filed a joint status report advising the Court that they would file a consolidated motion to dismiss Counts One, Ten, Eleven, and Fourteen and that each Defendant would file a separate motion to dismiss the remaining claims on various grounds. Dkt. 66. This Court set a briefing schedule for Defendants' motions on November 6, 2023. Dkt. 68. Plaintiffs' counsel entered an appearance in this matter on November 8, 2023. Dkt. 69. Almost a month later, on December 5, 2023, Plaintiffs dismissed Defendants BCH, UChicago, MBL and NSF from this case. Dkt. 75. Plaintiffs did not dismiss any of the remaining causes of action that were the subject of Defendants' pre-motion letters. *Id*.

## ARGUMENT

I.   **MARCINIAK FAILS TO PLAUSIBLY PLEAD A CLAIM UNDER THE TRAFFICKING VICTIMS PROTECTION ACT (COUNT ONE).[2]**

Marciniak's First Cause of Action asserts various claims against Defendants under the TVPA.  The TVPA was "intended to effectuate the constitutional prohibitions against slavery and involuntary servitude," not "to redress every bad employment relationship involving immigrants[.]" *Muchira v. Al-Rawaf*, 850 F.3d 605, 625 (4th Cir. 2017).[3]  Marciniak's allegations fall far short of forced labor, servitude, and sex trafficking; rather, they are—at best—routine workplace complaints or perceived slights.

Moreover, the TVPA's civil remedy provision allows "a victim of a violation of" 18 U.S.C. §§ 1581–1597 to bring a claim against either a "perpetrator" or against "whoever knowingly benefits . . . from participation in a venture which that person knew or should have known has engaged in" a qualifying offense. *Id.* at § 1595(a).  Thus, Marciniak must plausibly plead (1) an underlying TVPA violation *and* (2) that Defendants "benefited" from this violation.  They fail to plead both elements—as such, their TVPA claims should be dismissed for these two independent reasons.[4]

### A.    Marciniak Fails To Plausibly Plead An Underlying TVPA Violation.

1.    Marciniak's Forced Labor Claims Fail Because She Was Not Forced To Work For Defendants.

Claims asserted under 18 U.S.C. §§ 1584 and 1589 require an allegation that the defendant

---

[2] Based on the allegations in the Complaint, Defendants understand that Marciniak is asserting claims under Counts One, Ten, and Eleven and Agra is asserting claims under Count Fourteen.

[3] All internal alterations, citations, and quotation marks are omitted, and all emphasis is added, unless otherwise noted.

[4] The Complaint also impermissibly groups together Defendants, which alone warrants dismissal. *See Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (affirming dismissal for conclusory group pleading).

*forced* the plaintiff to perform labor. *See McGarry v. Pallito*, 687 F.3d 505, 511 (2d Cir. 2012) (§ 1584 requires showing "the victim is forced to work for the defendant"); *Headley v. Church of Scientology Intern.*, 687 F.3d 1173, 1180 (9th Cir. 2012) (§ 1589 "requires that serious harm befall an employee if she did not continue to work or a threat that compels her to *remain* with the employer."). There is thus a distinction between labor impermissibly compelled through threat of physical coercion, and labor seemingly compelled by a perceived threat of exceedingly negative consequences, such as deportation. *See United States v. Shackney*, 333 F.2d 475, 486–87 (2d Cir. 1964) (Friendly, J.). There are no such allegations here.

The thrust of Marciniak's claims is not about being *forced* to do anything; rather, Marciniak complains about not receiving the job security and support that she anticipated. Compl. ¶¶ 17, 20, 23, 24, 25. For this reason alone, Marciniak does not remotely state a forced labor claim. *See Taylor v. Children's Vill.*, 2021 WL 1581568, at *5 (S.D.N.Y. Apr. 21, 2021) (dismissing § 1589 claim where plaintiff failed to plausibly allege that she was forced to perform work). There is nothing in the Complaint suggesting that Marciniak's employment in Dr. Freiwald's laboratory was akin to slavery. *See Winthal v. Mendez*, 1978 WL 14035, at *2–3 (S.D.N.Y. Apr. 18, 1978) (dismissing claim under § 1584 where plaintiffs alleged that they were "repeatedly threatened" by their employer "with imprisonment, deprivation of future employment, and immediate deportation" if they tried to "run away" because "[s]o long as the servant knows he has a choice between continued service and freedom, he is not working involuntarily"); *accord Tegete v. Maryknoll Sisters of Saint Dominic, Inc.*, 2023 WL 2504744, at *14 (S.D.N.Y. Mar. 14, 2023) (dismissing § 1584 claim because "difficult working conditions" are not "akin to slavery or any modern analogue"). Marciniak concedes that she initially "refused to commit joining the lab." Compl. ¶ 17. Having a choice between accepting or rejecting employment is the antithesis of

6

forced labor.  Marciniak eventually **_agreed_** to work in Dr. Freiwald's laboratory because she wanted a visa.  *Id.* ¶ 20.  Her complaints of Dr. Freiwald providing insufficient guidance, overworking herself, and feeling pressured to "wrap up things" after her employment was extended by six months, *see id.* ¶¶ 23, 25, 26, 29, do not remotely approach modern-day slavery and "any such comparison is plainly frivolous."  *Tegete*, 2023 WL 2504744, at *14.

To the extent that Marciniak feared losing her visa, which RU sponsored, "the possibility of deportation was an adverse but legitimate consequence" of her employment ending, which does not amount to "'force or coercion' as contemplated by the TVPA."  *Saraswat v. Bus. Integra, Inc.*, 2019 WL 1865193, at *1 (E.D.N.Y. Apr. 25, 2019), *aff'd sub nom.* 799 F. App'x 85 (2d Cir. 2020).  There is no allegation that Defendants *retained* Marciniak against her will through a threat of deportation or otherwise.  Marciniak's forced labor claims, therefore, should be dismissed with prejudice.

        2.    <u>Marciniak's Sex-Trafficking Claim Fails Because The Complaint Does Not Plead A Commercial Sex Act Obtained By Force.</u>

At a minimum, Marciniak's sex-trafficking claim under the TVPA required her to plausibly allege (1) a "commercial sex act" (2) obtained through "force, threats of force, fraud . . . or any combination of such means."  *See* 18 U.S.C. § 1591(a).  She has failed to plausibly allege both necessary elements.

*First*, "commercial sex act" is defined as "any sex act, on account of which anything of value is given or received by any person."  18 U.S.C. § 1591(e)(3).  Marciniak does not allege that a commercial sex act took place.  Instead, she extrapolates invidious intent from facially innocuous interactions, such as Dr. Freiwald inquiring "how was [she] doing," inviting Marciniak and other female lab members to a social event, looking at her in a suggestive way during a walk, and inviting her to lunch or dinner.  Compl. ¶¶ 17, 18, 48, 57–59.  Marciniak does not allege (plausibly or

7

otherwise) that Dr. Freiwald propositioned her for a "sex act" in exchange for "anything of value." *See Corradino v. Liquidnet Holdings, Inc.*, 2021 WL 2853362, at *3 (S.D.N.Y. July 8, 2021) (holding that "[Company] executives proposition[ing] Plaintiff for sex on several occasions . . . [without] propos[ing] any sort of quid pro quo, like sex for career advancement" was insufficient to meet TVPA's definition of commercial sex act).

*Second*, the Complaint is devoid of any allegations that [Dr. Freiwald] used force against Marciniak or coerced her to engage in sex acts through the "threat of serious harm"—this is fatal to her claim. *Id.* at *4 (dismissing § 1591 claim on this ground).

### 3.   Marciniak Fails To Plead A Derivative Trafficking Claim.

Section 1590 renders it unlawful to "knowingly recruit[], harbor[], transport[], provide[], or obtain[] by any means, any person for labor or services in violation" of the TVPA.  18 U.S.C. § 1590(a).  Marciniak's claim under this subsection is thus derivative of the other TVPA claims. *See Anora v. Oasis Pro. Mgmt. Grp., Ltd.*, 2023 WL 2307180, at *14 (S.D.N.Y. Mar. 1, 2023) (noting that § 1590 claim was premised on viability of § 1589 claim).  Because Marciniak's other TVPA claims fail, their § 1590 claim necessarily must fail as well.

### B.   Marciniak Fails To Plausibly Plead A Beneficiary Claim Under The TVPA.

Even if Marciniak somehow plausibly pleaded an underlying TVPA violation (and she does not), their TVPA claims against Defendants still fail because Marciniak does not plausibly plead a beneficiary claim under § 1595(a), which requires alleging that the defendant (1) knowingly benefited (2) from participating in a venture that violated the TVPA as to plaintiff (3) with constructive or actual knowledge that the venture violated the TVPA as to the plaintiff. *See Geiss v. Weinstein Co. Holdings LLC*, 383 F. Supp. 3d 156, 167–69 (S.D.N.Y. 2019); *Noble v. Weinstein*, 335 F. Supp. 3d 504, 523–24 (S.D.N.Y. 2018); *accord Doe # 1 v. Red Roof Inns,*

*Inc.*, 21 F.4th 714, 726 (11th Cir. 2021). The Complaint fails to adequately plead even a single element.

*First*, the "benefits" element requires not only that a defendant knowingly receive benefits, but also that the defendant understand the connection between those benefits and the defendant's participation in the alleged trafficking venture. *See Geiss*, 383 F. Supp. 3d at 169 ("The controlling question, however, is whether [the perpetrator] provided any of those benefits to [the corporate defendants] *because* of [their] facilitation of [the perpetrator's] sexual misconduct."). Marciniak does not plead this causal connection. After making nonsensical allegations that Defendants promoted an "academic system" that "exploits postdoctoral work" through "brainwashing," Marciniak complains that Defendants benefited from Marciniak's research (without explaining how) while she did not receive the mentoring, prestige, and opportunity she anticipated. *See* Compl. ¶¶ 30, 31, 40. This is insufficient as a matter of law. *See Geiss*, 383 F. Supp. 3d at 170 ("[T]he FAC does not allege that any directors or officers to whom TWC paid a salary were compensated for their participation in [the perpetrator's conduct]."); *Kolbek v. Twenty First Century Holiness Tabernacle Church, Inc.*, 2013 WL 6816174, at *16 (W.D. Ark. Dec. 24, 2013) ("[T]hat members of the ministry had their expenses paid for through ministry funds is simply not sufficient to establish" a beneficiary claim).

*Second*, "participation in a venture" requires that "a defendant actually participate and commit some 'overt act' that furthers the [unlawful] trafficking aspect of the venture." *United States v. Afyare*, 632 F. App'x 272, 286 (6th Cir. 2016). Participation "cannot be established by association alone," and a plaintiff "must allege specific conduct that furthered the [] trafficking venture." *Noble*, 335 F. Supp. 3d at 524. Marciniak fails to allege that Defendants committed an "overt act" in furtherance of the alleged unlawful behavior. Instead, she alleges that Defendants

exploited her through their "brainwashing" scheme. Such generalized and fanciful allegations are insufficient to survive a motion to dismiss. *See Doe v. Alsaud*, 12 F. Supp. 3d 674, 678–79 (S.D.N.Y. 2014) (finding insufficient "conclusory allegations" that "employer's business involved facilitating rape").

*Finally*, Marciniak fails to make any non-conclusory allegations that Defendants had knowledge that Marciniak was subject to conduct prohibited by the TVPA. Other courts have rejected a "participation in a venture" claim because "[t]he amended complaint, like the original complaint, does not allege that [defendant] was present for any of the alleged assaults, was told about them before or after they occurred . . . nor does it allege anything similar, which might show knowledge or reckless disregard." *Lawson v. Rubin*, 2018 WL 2012869, at *12 (E.D.N.Y. Apr. 29, 2018). So too here. The Complaint does not contain any specific factual allegations that plausibly allege Defendants knew of, or participated in, Dr. Friewald's alleged violations as to Marciniak.[5]

Accordingly, Count One should be dismissed in its entirety with prejudice.

## II.   MARCINIAK CANNOT STATE A CLAIM FOR CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS (COUNT TEN).

Marciniak also fails to state a conspiracy to interfere with civil rights claim under 42 U.S.C. § 1985(2)–(3). As an initial matter, § 1985(2) prohibits two or more persons from conspiring to "obstruct justice by intimidating a party, witness, or juror in any court of the United States." *See Koch v. Mirza*, 869 F. Supp. 1031, 1038 n.2 (W.D.N.Y. 1994). There are no factual allegations in the Complaint that Defendants have conspired to interfere with any federal proceeding,[6] and, as

---

[5] This is especially true with respect to MIT and Harvard, as Dr. Freiwald is alleged to be an employee of RU, not the other Defendants.

[6] Marciniak's closest allegation in this regard is the Falmouth Police's investigation into her complaint. However, this allegation is insufficient for several reasons, including that Marciniak

such, § 1985(2) is improperly referenced and does not apply to the facts as alleged in the Complaint. *See Zemsky v. City of New York*, 821 F.2d 148, 150 (2d Cir. 1987).

To state a claim under 42 U.S.C. § 1985(3), Marciniak must establish: (1) the existence of a conspiracy; (2) for the purpose of depriving her, either directly or indirectly, of equal protection under the law; (3) an act in furtherance of the conspiracy; and (4) injury to her person or property or deprivation of any right. *See Knight v. City of New York*, 303 F. Supp. 2d 485, 501 (S.D.N.Y. 2004). Section 1985(3) creates a cause of action *only* when some other defined federal right has been violated, it creates no substantive rights on its own. *See id.* As a result, Marciniak must also allege that Defendants were motivated by "invidiously discriminatory animus" to state a claim for § 1985(3) civil conspiracy. *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *see also Joyner v. Alston & Bird LLP*, 2022 WL 6244417, at *5 (2d Cir. May. 13, 2022) (holding discriminatory intent a necessary element of a § 1985(3) claim); *Zemsky*, 821 F.2d at 151 ("A plaintiff states a viable cause of action under Section 1985 or 1986 only by alleging a deprivation of his rights on account of his membership in a particular class of individuals.").

Marciniak fails to state a cause of action under § 1985(3) as she fails to allege any racial, ethnic, or other class-based discriminatory animus behind the alleged actions of Defendants. Marciniak instead alleges that Defendants' motivation was to "avoid *bad publicity*," which is certainly not an allegation of discriminatory animus and is woefully insufficient to sustain a civil rights conspiracy claim under § 1985. *See* Compl. ¶ 189 (emphasis in original). Because Marciniak fails to allege the protected class(es) of which they are members that purportedly motivated Defendants' actions, as well as any facts suggesting that such protected class(es)

---

does not allege that Defendants prohibited or otherwise interfered with their ability to contact the Falmouth Police or participate in its investigation.

motivated any action by Defendants, her conspiracy claim must be dismissed.  *See Zemsky*, 821 F. 2d at 151; *Estes-El v. Town of Indian Lake*, 954 F. Supp. 527, 532 (N.D.N.Y. 1997) (holding plaintiff failed to state § 1985(3) claim where the complaint was "completely devoid of any allegations that he is a member of a protected class or that defendants acted with race or class-based discriminatory animus").

Moreover, the claim also fails because Marciniak has not alleged any non-conclusory facts supporting a meeting of the minds, such that Defendants entered into an agreement to achieve an unlawful end.  *See Webb v. Goord*, 340 F.3d 105, 110–11 (2d Cir. 2003).  Marciniak's cursory allegation that the report regarding the alleged rape was "informally processed and routed between Title IX coordinators of the institutions involved in the Summer School program" and that eventually "*it was decided* that MBL was the appropriate entity to conduct the investigation" is plainly insufficient to show that Defendants were acting in agreement to deprive Marciniak's rights—in addition to failing to allege any discriminatory intent against Marciniak as required.  *See* Compl. ¶¶ 188, 192 (emphasis in original); *see also King v. City of New York*, 581 F. Supp. 3d 559, 577 (S.D.N.Y. 2022) (dismissing conspiracy claim where plaintiff alleges individual defendants "acted in concert" but failed to allege any particularized allegations supporting that proposition); *Russell v. Cnty. of Nassau*, 696 F. Supp. 2d 213, 244 (E.D.N.Y. 2010) (dismissing conspiracy claim where plaintiff conclusively alleged defendants knew or had reason to know their actions would deprive plaintiff of equal protection because plaintiff failed to provide a factual basis to support a meeting of the minds); *Morpurgo v. Incorporated Village of Sag Harbor*, 697 F. Supp. 2d 309, 340 (E.D.N.Y. 2010) (recommending motion to dismiss be granted and finding fact that defendants shared an interest did not establish that they were acting in concert with one another to deprive plaintiff of constitutional rights).  Moreover, Marciniak lists two individuals who she

12

separately alleges impeded her with respect to her complaint—Rebecca Zipkin and Maria Solomon—even if this was true (which it is not), there are no allegations that those individuals conspired with one another or with another party. *See* Compl. ¶¶ 196, 198. Instead, the allegations are singular and unable to sustain a conspiracy claim.

Furthermore, while Marciniak conclusively alleges she was deprived "equal access to her civil rights: Title IX and Title VII," the Complaint fails to put forth any factual basis for that alleged injury in light of the fact that Marciniak also alleges that an investigation was, in fact, undertaken and that she was contacted for the investigation. *See* Compl. ¶¶ 192–93, 199. The simple fact that Marciniak does not agree with the result of the investigation (*i.e.*, that there was no probable cause) does not negate that the investigation was performed with her involvement, and that she was afforded her Title IX and/or Title VII rights.

For the foregoing reasons, Marciniak has failed to plead a conspiracy to interfere with civil rights claim under § 1985, and, accordingly, Count Ten should be dismissed with prejudice.

## III.   MARCINIAK FAILS TO STATE A RICO CLAIM (COUNT ELEVEN).

Similarly, Marciniak does not come anywhere close to pleading a civil RICO claim.  "To establish a RICO claim, Plaintiffs must show: (1) a violation of 18 U.S.C. § 1962; (2) an injury to business or property; and (3) that the injury was caused by the violation of Section 1962." *Kim v. Kimm*, 884 F.3d 98, 103 (2d Cir. 2018); *Villoldo v. BNP Paribas S.A.*, 648 Fed. App'x. 53, 55 (2d Cir. 2016).  To demonstrate a violation of 18 U.S.C. § 1962, Marciniak must show: "(1) conduct, (2) of an enterprise, (3) through a pattern of racketeering activity." *Targum v. Citrin Cooperman & Co.*, *LLP*, 2013 WL 6087400, at *5 (S.D.N.Y. Nov. 19, 2013); *Kim*, 884 F.3d at 103 (same).[7]

---

[7] Each subsection also contains unique and specific elements that must be proven in addition to establishing the overall pattern of racketeering activity. *Katzman v. Victoria's Secret Catalogue*, 167 F.R.D. 649, 656–57 (S.D.N.Y. 1996), *aff'd sub nom.*, 113 F.3d 1229 (2d Cir. 1997).  In addition to failing to establish the three general RICO elements, Marciniak also fails to prove the

As this Court observed, "[a] plaintiff's burden is high when pleading RICO allegations as courts look with particular scrutiny at claims for a civil RICO, given RICO's damaging effects on the reputations of individuals alleged to be engaged in RICO enterprises and conspiracies." *Sanchez v. Hoosac Bank*, 2014 WL 1326031, at *4 (S.D.N.Y. Mar. 31, 2014) (Carter, J.); *see also Targum*, 2013 WL 6087400, at *4–5. As such, "courts should strive to flush out frivolous RICO allegations at an early stage of the litigation." *Demaree v. Castro*, 2023 WL 6465881, at *5 (S.D.N.Y. Oct. 4, 2023). Against this backdrop, Marciniak's RICO claim is fundamentally deficient and should be dismissed.[8]

### A.   Marciniak Does Not Identify Any Actionable Injury.

As an initial matter, Marciniak's RICO claim should be dismissed because she does not plead any actionable injury. "RICO provides a civil remedy to any person injured in her *business or property* by a RICO violation." *Geiss*, 383 F. Supp. 3d at 170 (quoting 18 U.S.C. § 1964(c)); *see also Villoldo*, 648 Fed. App'x. at 55 (affirming dismissal of RICO claims for failing to plead injury to business or property). But Marciniak does not allege any injury to her business or property. Marciniak alleges only that, as a result of an alleged RICO violation, she "felt

---

necessary elements of subsections (a), (b), and (d). Specifically, Marciniak "completely fail[s] to allege any injury *caused by* the use or investment of alleged racketeering income," which must be "distinct from the injury allegedly caused by the predicate acts," as required by subsection (a). *Id.* at 657. Marciniak similarly fails to "allege that the[ir] injury was *caused by* the acquisition or maintenance of control and not by the predicate acts." *Id.* And since Marciniak cannot prove a violation of subsections (a), (b), or (c), the derivative claim under subsection (d) must also fail. *Id.* at 658.

[8] To the extent that Marciniak, in alleging that "[t]he racketeering activity [was conducted] through the use of the interstate mails and wires," Compl. ¶ 206, suggests that Defendants committed mail fraud or wire fraud, her claim should be dismissed for the additional reason that she has not attempted to plead those facts with particularity as is required under Federal Rule of Civil Procedure 9(b). *See, e.g.*, *Spool v. World Child Int'l Adoption Agency,* 520 F.3d 178, 184 (2d Cir. 2008) ("Allegations of predicate mail and wire fraud acts should state the contents of the communications, who was involved, and where and when they took place, and should explain why they were fraudulent.").

intimidated and helpless about contacting the external agencies further with her complaint." *See* Compl. ¶ 209.  Whatever intimidation and helplessness Marciniak may or may not have felt, that is not the type of injury that confers standing to sue under the RICO statute, so Count Eleven should be dismissed for this reason alone.  *E.g.*, *Westchester Cnty. Indep. Party v. Astorino*, 137 F. Supp. 3d 586, 612 (S.D.N.Y. 2015) (observing that "assertions that the plaintiffs had to waste time and effort, were subject to annoyance, embarrassment, emotional distress, and mental anguish were insufficient" to form the basis for a viable RICO claim).

### B.   Marciniak Does Not Identify A Violation of 18 U.S.C. § 1962.

Even if Marciniak alleged an actionable injury, she has not pleaded a violation of 18 U.S.C. § 1962.  As discussed above, Marciniak must allege the existence of (1) two or more predicate acts (the racketeering activity) committed by each defendant (as opposed to by the enterprise as a whole) and (2) a pattern of such acts.  *Moore v. Guesno*, 301 F. App'x 17, 18 (2d Cir. 2008); *Khan Funds Mgmt. Am., Inc. v. Nations Techs. Inc.*, 2023 WL 6124801, at *11 (S.D.N.Y. Sept. 19, 2023).  Predicate acts, which in the RICO context are synonymous with "acts of racketeering activity," are defined as one of the statutory violations listed in 18 U.S.C. § 1961(1).  *Rosenson v. Mordowitz*, 2012 WL 3631308, at *4 (S.D.N.Y. Aug. 23, 2012).  Once a plaintiff has demonstrated the existence of two or more predicate acts by each defendant, he must then demonstrate that these acts form a "pattern," meaning they are (1) related to each other and (2) amount to, or pose a threat of, continuing criminal activity.  *See Holmes v. Parade Place, LLC*, 2013 WL 5405541, at *4 (S.D.N.Y. Sept. 26, 2013).  These elements are strictly enforced to promote Congress's interest "to protect the general public and the common good from felonious conduct," while weeding out ordinary cases "clothed in the Emperor's trendy garb" that opportunistic plaintiffs may bring to "transform [them] into a vehicle for treble damages."  *Rosenson*, 2012 WL 3631308, at *4;

*Holmes*, 2013 WL 5405541, at \*4.  Marciniak's RICO claim fails for exactly this reason.  *See Ng v. Green Mach. Bio-Sys. of S.C., Inc.*, 2013 WL 1832340, at \*3 (S.D.N.Y. Apr. 30, 2013).

1.   <u>Marciniak Fails To Allege Any Requisite Predicate Act.</u>

Marciniak fails to sufficiently plead the existence of *any* predicate act enumerated under the civil RICO statute.  "Racketeering activity," as defined by the statute, requires a violation of one of the statutes listed in the seven subsections of 18 U.S.C. § 1961(1).  *See Spool*, 520 F.3d at 183 ("The acts of racketeering activity that constitute the pattern *must* be among the various criminal offenses listed in § 1961(1).").  The Complaint merely alleges that Defendants "engaged in pattern of racketeering activity by covering up Marciniak's sexual harassment complaints in the CBMM program."  Compl. ¶ 205.  The Complaint does not, however, identify a violation of any statutory provision listed in § 1961(1), nor does it explain how the course of conduct alleged by the Complaint might constitute a violation of one or more of the statutes listed under the definition of "racketeering activity."  Marciniak thus does not identify which predicate act these allegations fall under.  Her claims here are precisely the type of "garden variety" allegations that Congress specifically wished to exclude from the RICO statute.  *See Rosenson*, 2012 WL 3631308, at \*4; *Holmes*, 2013 WL 5405541, at \*4.  The failure to plead a single underlying predicate act requires the dismissal of Marciniak's RICO claim.

Additionally, even if Marciniak's claims could be shoehorned into meeting the definition of a predicate act, Marciniak has not even tried to identify a second predicate act.  Despite Marciniak's labyrinthine recitation of the alleged facts at-hand, the Complaint boils down to one single, discrete theory of wrongdoing: Defendants attempted to "cover[] up" Marciniak's complaints by "moving [her] complaint to be processed under the least structured policy"; "rigg[ing] the investigative steps to give disproportional advantage to the side of the perpetrator"; conducting an investigation that "was not thorough" and involving an investigator who "was

16

continuously rude and invalidating towards Marciniak"; and failing to provide her an opportunity to appeal or reopen her case after a decision issued.  Compl. ¶¶ 206–08.  Even if the alleged "cover up" could be considered a first predicate act (it cannot), Marciniak has not identified a second act. *See Armutcuoglu v. Lev*, 2018 WL 1474386, at *2 (S.D.N.Y. Mar. 23, 2018) (dismissing RICO claim under Federal Rule of Civil Procedure 12(b)(6) and noting that "[w]hen considering whether a plaintiff has alleged at least two acts of racketeering activity, courts must take care to ensure that the plaintiff is not artificially fragmenting a singular act into multiple acts simply to invoke RICO.").[9]  This is also fatal to Marciniak's RICO claim.

2. <u>Even If Marciniak Had Sufficiently Alleged A Predicate Act, She Fails to Allege a Pattern of Such Acts.</u>

Even if Marciniak had sufficiently pleaded two predicate acts, she likewise fails to allege that Defendants' conduct formed a pattern, as required by the statute.  "In order to create a pattern, the predicate acts must exhibit both relatedness and continuity." *Id.*  First, to plausibly allege a pattern of racketeering activity, a plaintiff must plead that the acts are (1) related to each other (horizontal relatedness); and (2) related to the enterprise (vertical relatedness).  *Rosenson*, 2012 WL 3631308, at *5.

Under the first prong, predicate acts are "related to each other" when they "have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events."  *Holmes*, 2013 WL 5405541, at *4.  As noted above, there is no second (or even first) predicate act to form the basis for a pattern.  To the extent Marciniak claims that there was a second predicate act when she was "deceived . . . into believing her complaint was dismissed by EEOC New York" because the

---

[9] Even if Marciniak did plead two predicate acts (she does not), the claim still should be dismissed because Marciniak "merely attributed conduct to defendants collectively without specifying [each] individual defendant's own conduct."  *See Khan Funds*, 2023 WL 6128401, at *11.

person with whom she spoke was purportedly not actually from the EEOC, Marciniak has not pleaded any facts to show that *Defendants* were involved in this alleged deception. *Cf.* Compl. ¶ 208.[10]   Moreover, Marciniak fails to explain how that alleged deception, which relates to her *September 2020* complaint against Dr. Freiwald and RU for Dr. Freiwald's alleged retaliation against her in June 2020, relates to Defendants' purported scheme to cover up her *March 2019* complaint "in relation to 2017 sexual assault and subsequent sexual harassment" by Dr. Azevedo. *Cf. id.* ¶¶ 206–09.  The complaints were filed *more than a year apart*, relate to events *three years apart*, and allege *different perpetrators* committing *different conduct*.  Without any interrelation in fundamental characteristics, the events that Marciniak complained of—at best—amount to isolated events unrelated to one another.  *See Armutcuoglu*, 2018 WL 1474386, at *2–3 (no horizontal relatedness where the purposes and participants of the two events are different). Therefore, the Complaint does not adequately plead relatedness.

Next, the Complaint does not support a claim that there is any "vertical relatedness" to Defendants' purported wrongdoing.  To show predicate acts are "related to the enterprise," a plaintiff must demonstrate that "the defendant was enabled to commit the predicate offenses solely by virtue of his position in the enterprise or involvement in or control over the affairs of the enterprise, or that the predicate offenses are related to the activities of that enterprise."  *Rosenson*, 2012 WL 3631308, at *11.  "[T]he requisite vertical nexus exists if either the racketeering activity is carried out in furtherance of the enterprise or the defendant has relied on his or her position in the enterprise to commit the acts."  *Id.* at *5.  The Complaint contains no such allegations. Marciniak's bald speculation that CBMM, "[t]o maximize this incentive-based compensation, and

_____

[10] Marciniak also does not plead any facts to show that that person truly was not from the EEOC. *Cf. id.*

18

prevent loss of interest resulting from finding non-compliance with Title IX regulations," was incentivized to "protect the sexual perpetrators accused of sexual misconduct in the program, and to downplay any reports of sexual misconduct which might jeopardize the ability to positively pass the annual NSF evaluation," is precisely the type of allegation that courts routinely find insufficient to state a RICO claim.  *Cf.* Compl. ¶ 205; *see also Rosenson*, 2012 WL 3631308, at *6 (no vertical relatedness based on vague and conclusory allegations that defendant "was able to commit the predicate acts solely by virtue of his control over [his law firm] and the mail and wire fraud are related to [the firm's] activities").

Further, the Complaint does not meet the "continuity" requirement.  To show predicate acts threaten continued criminal activity, or "continuity," a plaintiff must demonstrate either closed-ended continuity, *i.e.*, "a series of related predicate acts which occurred over a substantial period of time," or open-ended continuity, *i.e.*, "the existence of a threat of continuing criminal activity beyond the period during which the predicate acts were performed."  *Holmes*, 2013 WL 5405541, at *4.  Marciniak cannot establish a "closed-ended" pattern because she fails to even plead that Defendants committed multiple predicate acts or when those acts occurred, much less establish that repeated acts took place over the "substantial period of time" necessary to show continuity. While the Complaint alleges that racketeering activity occurred "[b]etween 2019 and 2022," the only conduct attributed to Defendants through CBMM—the alleged RICO enterprise—is alleged to have occurred between March 2019 and August 2019.  *See* Compl. ¶¶ 205–06.  A five-month period falls far short of what is required to establish closed-ended continuity.  *E.g.*, *Spool*, 520 F.3d at 185 (finding 16 month period insufficient to show closed-ended continuity and noting that the Second Circuit has "never held a period of less than two years to constitute a substantial period of

time" sufficient to establish closed-ended continuity); *Holmes*, 2013 WL 5405541, at *4 (finding 12 month period insufficient to show closed-ended continuity).[11]

Similarly, Marciniak cannot establish an "open-ended" pattern because any purported predicate acts occurred in the past and she does not allege that they threatened to continue. *Holmes*, 2013 WL 5405541, at *4; *Spool*, 520 F.3d at 185–86 (no open-ended continuity where "the enterprise cannot be said to pose a threat of continuing conduct"). Taking the factual allegations in the Complaint as true, Defendants, at most, only sought to cover up Marciniak's complaints and prevent her from obtaining relief. Compl. ¶¶ 202–09. Defendants' alleged scheme thus had a clear and definite end-point, which has now allegedly been completed as Marciniak is no longer employed with any of Defendants. *See Kilkenny v. L. Off. of Cushner & Garvey, L.L.P.*, 2012 WL 1638326, at *7 (S.D.N.Y. May 8, 2012) (no open-ended continuity where "there is no threat of ongoing criminal activity that could harm Plaintiff, whose employment was terminated"); *Stanley v. OptumInsight, Inc.*, 2014 WL 906145, at *8 (N.D.N.Y. Mar. 7, 2014) (no open-ended continuity where, among other things, "Plaintiff has ended his employment with Defendants"). There are no allegations even hinting at a threat of future harassment, discrimination, or retaliation. Accordingly, there is no open-ended continuity.

In sum, Marciniak has not come close to pleading a valid RICO claim, and Count Eleven should be dismissed with prejudice.

## IV.   AGRA'S LOSS OF CONSORTIUM CLAIMS (COUNT FOURTEEN) FAIL AS A MATTER OF LAW.

Agra's loss of consortium claims (Count Fourteen) should be dismissed in their entirety and with prejudice. "A loss of consortium claim is not an independent cause of action, but is

---

[11] Marciniak may argue that she has pleaded conduct from 2020 forward, but that conduct is only attributed to NSF ODI officer, Robert Cosgrove—*not* Defendants. *Cf.* Compl. ¶¶ 207–08.

derivative" of other causes of action.  *O'Gorman v. Holland*, 2000 WL 134514, at *3 (S.D.N.Y. Feb. 3, 2000).  Although the Complaint does not so specify, Defendants assume that Agra asserts loss of consortium derivative to each cause of action in the Complaint.  Yet, Agra cannot state a claim arising from the federal, state, and local civil rights causes of action (Counts Two through Six and Eight through Ten) because courts do not recognize loss of consortium claims derivative of civil rights actions.  Nor do the remaining claims (Counts One, Seven, Eleven, and Twelve) give rise to a consortium claim because, as discussed above in this memorandum, those underlying causes of action are themselves defective and should be dismissed.[12]  Thus, Count Fourteen of the Complaint should be dismissed in its entirety.

A.  **Agra Cannot Assert a Loss of Consortium Claim in Connection with Marciniak's Claims Alleging Violations of Federal, State or Local Civil Rights Laws (Counts Two Through Six and Eight Through Ten).**

Agra cannot assert a loss of consortium claim in connection with Marciniak's claims under Title VII, Title IX, 42 U.S.C. § 1985, the NYSHRL or the NYCHRL (Counts Two through Six and Eight through Ten).  A loss of consortium claim is a derivative claim that "does not exist independent of the injured spouse's right to maintain an action for injuries sustained."  *Milam v. Herrlin*, 819 F. Supp. 295, 306 (S.D.N.Y. 1993).  "It is clear that federal courts do not recognize . . . derivative claims based on civil rights violations."  *Murphy v. Cadillac Rubber Plastics*, 946 F. Supp. 1108, 1124 (W.D.N.Y. 1996).  Therefore, Agra cannot bring a loss of consortium claim in connection with Marciniak's claims under Title VII, Title IX, 42 U.S.C. § 1985, the NYSHRL or the NYCHRL.  *See, e.g.*, *id.* (loss of consortium claims not recognized under Title VII or the NYSHRL); *O'Gorman*, 2000 WL 134514, at *7 ("[A] loss of consortium claim cannot be derived from the NYHRL or the NYCHRL."); *Brown v. City of Hartford*, 2009

---

[12] While loss of consortium is listed as Count Fourteen in the Amended Complaint, there is no Count Thirteen.

WL 10713716, at *1–3 (D. Conn. July 17, 2009) (dismissing loss of consortium claim in connection with 42 U.S.C. § 1985); *Doe v. Patrick*, 437 F. Supp 3d 160, 185 (N.D.N.Y. 2020) ("No authority exists for the proposition that Plaintiff . . . may bring a loss of consortium claim based on an underlying violation of Title IX."). As a result, Agra's loss of consortium claims in connection with Counts Two through Six and Eight through Ten asserting federal, state, and local civil rights violations should be dismissed with prejudice.

### B. Agra Cannot State a Claim for Loss of Consortium in Connection with Marciniak's Remaining Claims (Counts One, Seven, Eleven, and Twelve) Because Those Claims Fail as a Matter of Law.

As noted, a claim for loss of consortium is a derivative claim that does not exist separate and apart from the allegedly injured spouse's claims. *Gerzog v. London Fog Corp.*, 907 F. Supp. 590, 605 (E.D.N.Y. 1995). As a result, to the extent that Marciniak's claims are dismissed, Agra's loss of consortium claims must also be dismissed. Agra's loss of consortium claims in connection with Marciniak's causes of action for (i) labor/sex trafficking (Count One); (ii) negligent hiring, training, supervision and retention (Count Seven); (iii) RICO violations (Count Eleven); and (iv) intentional infliction of emotional distress (Count Twelve) fail as a matter of law because Marciniak cannot state a claim for relief for those claims. *See supra* Sections I, III.[13] Marciniak's claims for negligent hiring, training, supervision, and retention and intentional infliction of emotional distress similarly fail. *See* RU MTD at Sections VIII, XI; MIT MTD at Section V;

---

[13] In addition to the reasons set forth in Section IV.A, *supra*, Agra's claims for loss of consortium under Counts Two through Six and Eight through Ten must be dismissed to the extent that Marciniak fails to state a claim for relief under those causes of action. As explained in Defendants' separate moving briefs, Marciniak's claims under Counts Four, Five, Six, and Eight should be dismissed in their entirety and the portions of Counts Two, Three, and Nine asserting Title VII, Title IX and NYSHRL claims should also be dismissed. *See* RU's Individual Memorandum of Law in Support of Its Partial Motion to Dismiss (the "RU MTD") at Sections I-VII, IX, and X; MIT's Individual Memorandum of Law in Support of Its Motion to Dismiss (the "MIT MTD") at Sections III and IV; Harvard's Individual Memorandum of Law in Support of Its Motion to Dismiss (the "Harvard MTD") at Sections III.C-III.H, and III.J.

Harvard MTD at Section III.I.  Agra therefore cannot state a claim for loss of consortium as to Counts One, Seven, Eleven, and Twelve because Marciniak's claims under those counts fail as a matter of law.

Accordingly, because Agra cannot state a claim for loss of consortium in connection with any of Marciniak's underlying claims, Count Fourteen of the Complaint should be dismissed in its entirety with prejudice.[14]

## **CONCLUSION**

For the foregoing reasons, Counts One, Ten, Eleven, and Fourteen of the Complaint should be dismissed in their entirety with prejudice.[15]

---

[14] And in any event, Agra cannot assert a loss of consortium claim based on any alleged conduct occurring before his marriage with Marciniak on December 18, 2018 (including the alleged events at Woods Hole in the summer 2017).  *See Adams v. New Rochelle Hosp. Med. Ctr.*, 919 F. Supp. 711, 716–17 (S.D.N.Y. 1996).  Accordingly, Agra's loss of consortium claims based on alleged conduct prior to December 18, 2018 fail as a matter of law.

[15] *See, e.g.*, *Byron*, 2023 WL 2585824, at *4 (dismissing with prejudice and denying leave to amend where plaintiff "has already amended her complaint once"); *Rozsa v. May Davis Grp., Inc.*, 187 F. Supp. 2d 123, 132 (S.D.N.Y. 2002) (same).

Dated:  December 15, 2023                    Respectfully submitted,


/s/ Jennifer L. Chunias                          /s/ Gregory A. Manousos
Jennifer L. Chunias (admitted *pro hac vice*)    *Consented to the use of electronic signature*
Emily Unger (admitted *pro hac vice*)            Gregory A. Manousos (admitted *pro hac*
GOODWIN PROCTER LLP                              *vice*)
100 Northern Avenue                              Cassandra S. Fuller
Boston, MA 02210                                MORGAN, BROWN & JOY, LLP
Telephone:  617-570-8239                        200 State Street, Suite 11A
Email: jchunias@goodwinlaw.com                  Boston, MA 02109
Email: eunger@goodwinlaw.com                    Telephone:  617-788-5010
                                                Email:  gmanousos@morganbrown.com
Marco Y. Wong                                   Email:  cfuller@morganbrown.com
GOODWIN PROCTER LLP
620 Eighth Avenue                               Attorneys for President and Fellows of
New York, NY 10018                              Harvard College
Telephone:  (212) 813-8800
Email:  marcowong@goodwinlaw.com


Attorneys for Massachusetts Institute of
Technology



/s/ Elisa M. Bloom
*Consented to the use of electronic signature*
Elisa M. Bloom
Noa Michelle Baddish
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY  10036
Telephone:  212-969-3630
Email:  ebloom@proskauer.com


Attorneys for The Rockefeller University



24

## <u>CERTIFICATE OF SERVICE</u>

I, Jennifer L. Chunias, hereby certify that a copy of the foregoing Joint Memorandum of Law in Support of Defendants' Consolidated Motion to Dismiss the Amended Complaint, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on December 15, 2023.

Dated: December 15, 2023                                          */s/ Jennifer L. Chunias*