January 5, 2024

**Via ECF and ALCarterNYSDChambers@nysd.uscourts.gov**

Honorable Judge Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, New York 10007
Courtroom 1306

      Re: *Marciniak, et al v. MIT, et al.*
           **Civil Case No. 22 Civ. 10959-ALC-SN**

Dear Judge Carter, Jr.:

    This office represents Plaintiffs Dr. Karolina Maria Marciniak-Domingues Goncalves Agra and Pedro Henrique Marciniak-Domingues Goncalves Agra ("Plaintiffs") in the above-referenced matter. Pursuant to Your Honor's Individual Practices and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 42, Plaintiffs respectfully request permission to move to consolidate the instant case, 1:22-cv-10959-ALC-SN with Civil Case No. 1:23-cv-10305-JCP given the circumstances that both actions involve common questions of law, the same operative facts, substantially the same parties and witnesses and would promote convenience and judicial economy. Defendants oppose Plaintiffs' request to consolidate with Defendant National Science Foundation ("NSF") taking no position on the request. Further, Plaintiffs filed their Complaint and First Amended Complaint ("FAC") *pro so* with counsel only appearing on November 8, 2023. This is the first request for permission to move to consolidate, and the second request for an extension of the briefing schedule deadlines of Defendants' Motions to Dismiss the FAC.

**Procedural/Relevant Factual Background**

*Pro se* Plaintiffs filed the original Complaint on December 29, 2022 against the currently remaining Defendants in the case[1] and with leave of Court, filed the FAC on April 10, 2023 seeking civil remedy and monetary damages for civil claims under the following statutes: 18 U.S.C 1595, TVPA of 2000, Title IX, Civil Rights Act of 1871, RICO, Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York State Human Rights Law ("NYSHRL"), the New York City Human Rights Law ("NYCHRL") as well as an intentional infliction of

---

[1] Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), Plaintiffs voluntarily dismissed formerly named Defendants BCH, NSF, CBMM and UC.

1

emotional distress ("IIED") claim and her husband's loss of consortium claim. On November 6, 2023, Your Honor set a briefing schedule for the Defendants' motions to dismiss in this case. On December 5, Plaintiffs filed their Notice of Voluntarily Dismissal. On December 15, RU, MIT and Harvard filed their motions to dismiss the FAC. The FAC's facts are mirrored in Civil Case No. 1:223-cv-10305's Complaint as both actions involve the same exact events occurring between 2014 to 2021 with the same actors involved. As the New York Adult Survivors Act of 2018 ("ASA") statute of limitations was expiring on November 24, 2023[1], Plaintiffs filed an action bringing the ASA claims against both individual Defendants, Frederico Azevedo as the perpetrator and Dr. Winrich Freiwald as a facilitator per the statute's language as well as the Title VII, NYSHRL, NYCHRL and IIED claims.

As pled in both actions' pleadings, Marciniak was employed by RU as a postdoctoral researcher beginning in September 2016 to November 30, 2021. Marciniak alleged her direct supervisor, tenure-track academic of employer RU, Freiwald, persistently sexually harassed her between 2014[2] when she was interviewed in a restaurant, where most of their meetings took place, intruding into her personal life and using his position of power of the junior-level post-doctorate to secure her a visa through RU, which in November 2021, after Marciniak refused his advances and lodged complaints against him, he swiftly ensured a cease to her visa through RU.

In August 2017, Marciniak was raped by Azevedo[3], a postdoctoral scientist completing research for MIT while she observed a summer course held by CBMM at the UC's Marine Biological Laboratory ("MBL") in Massachusetts. In March 2019, Marciniak filed the Title IX complaint with MIT, where CBMM is based, regarding the 2017 rape perpetrated by Azevedo. On August 11, 2019, MBL improperly found a lack of probable cause in response to Marciniak's complaint. In May 2020, Marciniak attempted to set professional boundaries with Freiwald who continued to call meetings in restaurants outside of his laboratory. In response to Marciniak's refusal to engage in any of his romantic and sexual advances, Freiwald informed her to "wrap up things here" and ultimately terminated her employment resulting in deportation to Poland.

**Legal Arguments**

Rule 42(a) of the Federal Rules of Civil Procedure states:

"When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." See *De Figueiredo v. Trans World Airlines, Inc.*, 55 F.R.D. 44.

As expounded in *De Figueiredo*, "where both suits arise from the same operative facts, and substantially the same witnesses will testify in both cases, consolidation is particularly appropriate and will serve the purpose of 'trial convenience and economy in administration.'" *MacAlister v. Guterma*, 263 F.2d 65, 68 (2d Cir. 1958); see *Fields v. Wolfson, et al.*, 41 F.R.D. 329 ("consolidation . . . . would serve the purpose of avoiding needless duplication of time, effort and expense on the part of the parties and the court in the conduct of pretrial discovery proceedings and of the trial itself. It

---

[1] The ASA being signed by Governor Kathy Hochul on May 24, 2022 and going into effect on November 24, 2022.
[2] Marciniak was first interviewed by Defendant Freiwald in 2014.
[3] Frederico Azevedo is a Defendant in Civil Case No. 1:23-cv-10305-JCP.

would also enable the proceedings to be expedited and make for economy and convenience generally in the administration of the litigation").[1]

Pursuant to Fed. R. Civ. P. 42(a) and appliable precedent, consolidation would be proper given the circumstances because both actions involve common questions of law, the same operative facts, substantially the same parties and witnesses and would promote convenience and judicial economy. The consolidation would not prejudice Defendants in either case because as the claims in Plaintiffs' Complaint filed in 1:23-cv-10305-JCP mirror those pled in Plaintiffs' First Amended Complaint filed in this earlier action, likely resulting in Defendants' presentation of consistent (not inconsistent) defenses despite any inconsistent claims that may be in the pleadings. However, the claims are not inconsistent as 1:23-cv-10305-JCP involves the same two Plaintiffs, with the same sets of facts, alleging the same claims as detailed in Plaintiffs' FAC but include the two individual Defendants under the New York ASA.[2]

As Defendants have filed their respective Motions to Dismiss the FAC and Joint Consolidated Motion to Dismiss in compliance with the Court's current briefing schedule with Plaintiffs' oppositions due January 17, 2024 and Defendants' replies due January 31, 2024[3], Plaintiffs propose a stay of the current Motions to Dismiss briefing schedule until the Court decides the motion to consolidate assuming the Court grants Plaintiffs' request for leave and propose a briefing schedule pertaining to the proposed motion to consolidate:

1) Plaintiffs' Motion to Consolidate due January 26, 2024;
2) Defendants' Responses to the Motion to Consolidate due February 26, 2024; and
3) Plaintiffs' Replies to the Motion to Consolidate due March 11, 2024.

Therefore, Plaintiffs respectfully request this Court grant Plaintiffs' request to file a motion to consolidate both Civil cases 1:22-cv-10959-ALC-SN and 1:23-cv-10305-JPC given the circumstances that both actions involve common questions of law, the same operative facts, substantially the same parties and witnesses and would promote convenience and judicial economy.

We thank the Court for its courtesy and consideration in this matter.

Respectfully submitted,

SHEGERIAN & ASSOCIATES

By: _/s/ Olivia M. Clancy_
Olivia M. Clancy

90 Broad Street, Ste. 804
New York, New York 10004

---

[1] *Fields v. Wolfson, et al.*, 41 F.R.D. 329, at 330.
[2] The New York Adult Survivors Act of 2018 temporarily eliminates the civil statute of limitations for survivors of sexual assault who were over 18 when it occurred. This gives you the right to file a lawsuit against the perpetrator or others who facilitated the assault, regardless of how long ago it occurred.
[3] ECF Docket No. 71.

3

                                                                                    (212) 257-8883
                                                                                    oclancy@shegerianlaw.com
                                                                                    *Attorneys for Plaintiffs*

cc:    All Counsel of Record (*via ECF)*