**PROSKAUER ROSE LLP**
Elise M. Bloom, Esq.
Patrick J. Lamparello, Esq.
Noa M. Baddish, Esq.
Eleven Times Square
New York, New York 10036-8299
Tel. 212.969.3000
Fax 212.969.2900
ebloom@proskauer.com
plamparello@proskauer.com
nbaddish@proskauer.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KAROLINA MARIA MARCINIAK-DOMINGUES GONCALVES AGRA and PEDRO HENRIQUE MARCINIAK-DOMINGUES GONCALVES AGRA,<br><br>                              Plaintiffs,<br><br>            -against-<br><br>MASSACHUSETTS INSTITUTE OF TECHNOLOGY; PRESIDENT AND FELLOWS OF HARVARD COLLEGE; BOSTON CHILDREN'S HOSPITAL; MARINE BIOLOGICAL LABORATORY; UNIVERSITY OF CHICAGO; ROCKEFELLER UNIVERSITY; and NATIONAL SCIENCE FOUDATION CENTER FOR BRAINS MINDS AND MACHINES COOPERATIVE AGREEMENT,<br><br>                              Defendants. | No. 22-cv-10959 (ALC) |

**DEFENDANT THE ROCKEFELLER UNIVERSITY'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

# **TABLE OF CONTENTS**

**Page(s)**

PRELIMINARY STATEMENT ................................................................................................1

ARGUMENT ..........................................................................................................................2

I.    Marciniak's Disparate Treatment Claims Against RU Under Title VII, Title IX and the NYSHRL Should Be Dismissed in Their Entirety as Should Her Untimely Allegations under the NYCHRL (Count 2).............................................................................................2

    A.    Marciniak Cannot State a Claim for Disparate Treatment Under Title VII. ..................2

        1.    Marciniak Fails to Allege Any Adverse Action Under Count 2. ............................2

        2.    Marciniak Cannot Establish that the CVE Applies to Her Title VII Claim. .............3

    B.    Marciniak Fails to State Disparate Treatment Claims under Title IX or the NYSHRL. .5

    C.    Marciniak's Untimely NYCHRL Claims under Count 2 Should Be Dismissed. ............5

II.    Marciniak Cannot State a Claim for Quid Pro Quo Sexual Harassment or Hostile Work Environment under Title VII (Count 3). ..........................................................................6

    A.    Marciniak's Title VII Quid Pro Quo Claim Should Be Dismissed. ...............................6

    B.    Marciniak's Title VII Hostile Work Environment Claim Should Be Dismissed. ............7

III.    Marciniak's Untimely Quid Pro Quo and Hostile Work Environment Claims Under the NYSHRL and the NYCHRL Should Be Dismissed (Count 3). ...........................................7

IV.    Marciniak Cannot State a Claim for Title IX "Sex-Hostile Environment" (Count 4).........8

V.    Marciniak Cannot State a Claim for Title IX "Deliberate Indifference" (Count 5). ...........8

VI.    Marciniak Cannot State a Claim for Title VII Breach of Duty of Reasonable Care (Count 5). ...............................................................................................................................9

VII.    Marciniak's Claim for Title IX "Heightened Risk" Fails as a Matter of Law (Count 8). ...9

VIII.    Marciniak's NYLL Retaliation Claim Should Be Dismissed in Its Entirety as Should Her Untimely Claims under Title VII (Count 9). ..................................................................10

IX.    Marciniak's Claim IIED Claim Fails as a Matter of Law (Count 12). .............................10

CONCLUSION.......................................................................................................................10

i

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Anderson v. Davis Polk & Wardwell LLP*,
850 F. Supp. 2d 392 (S.D.N.Y. 2012)........................................................................7

*Azzolini v. Alitalia Airlines*,
1991 WL 243380 (S.D.N.Y. Nov. 13, 1991)..............................................................4

*Bentley v. AutoZoners, LLC*,
935 F.3d 76 (2d Cir. 2019)........................................................................................9

*Bracci v. N.Y. State Dep't of Corr. Servs.*,
2005 WL 2437029 (N.D.N.Y. Sept. 30, 2005).........................................................6

*Cohn v. New York City Dep't of Parks*,
1996 WL 449539 (S.D.N.Y. Aug. 9, 1996)..............................................................4

*Davis v. Monroe Cnty. Bd. of Educ.*,
526 U.S. 629 (1999)...................................................................................................8

*DeJohn v. Wal-Mart Stores E., LP*,
2013 WL 1180863 (N.D.N.Y. Mar. 20, 2013) .........................................................5

*Doe v. Anonymous Inc.*,
2019 WL 2616904 (S.D.N.Y. June 25, 2019) ...................................................3, 5, 6

*Doe v. Regents of University of California*,
23 F.4th 930 (9th Cir. 2022) .....................................................................................8

*Dollinger v. New York State Insurance Fund*,
726 F. App'x 828 (2d Cir. 2018) ..............................................................................7

*Ford v. N.Y.C.Bd. of Educ.*,
2022 WL 1063036 (S.D.N.Y. Apr. 8, 2022).............................................................2

*Gorfinkel v. Ralf Vayntrub, Invar Consulting Ltd.*,
2014 WL 4175914 (E.D.N.Y. Aug. 20, 2014)..........................................................2

*Harris v. Off. Of N.Y. State Comptroller*,
2022 WL 814289 (S.D.N.Y. Mar. 17, 2022) ...........................................................4

*Henschke v. N.Y. Hospital-Cornell Medical Center*,
821 F. Supp. 166 (S.D.N.Y. 1993)...........................................................................8

*Kennedy v. Bernhardt*,
    2020 WL 7399050 (W.D.N.Y. Dec. 16, 2020)........................................................................4

*Kurian v. Forest Hills Hosp.*,
    962 F. Supp. 2d 460 (E.D.N.Y. 2013) ...................................................................................3

*Mikolaenko v. New York Univ.*,
    2017 WL 4174928 (S.D.N.Y. Sept. 7, 2017)...........................................................................3

*Morris v. Fordham University*,
    2004 U.S. Dist. LEXIS 7310 (S.D.N.Y. Apr. 27, 2004)..........................................................8

*Myers v. Doherty*,
    2022 WL 4477050 (2d Cir. Sept. 27, 2022) ...........................................................................7

*Oshinsky v. N.Y.C. Hous. Auth.*,
    2000 WL 218395 (S.D.N.Y. Feb. 23, 2000)........................................................................3, 4

*Patterson v. Cnty. of Oneida*,
    375 F.3d 206 (2d Cir. 2004)...................................................................................................4

*Prince v. Cablevision Sys. Corp.*,
    2005 WL 1060373 (S.D.N.Y. May 6, 2005) ...........................................................................7

*Quinn v. Green Tree Credit Corp.*,
    159 F.3d 759 (2d Cir. 1998)...................................................................................................4

*Rosenberg v. City of New York*,
    2011 WL 4592803 (E.D.N.Y. Sept. 30, 2011) .......................................................................8

*Roskin-Frazee v. Columbia Univ.*,
    2018 WL 6523721 (S.D.N.Y. Nov. 26, 2018)...................................................................9, 10

*Russo v. N.Y. Presbyterian Hosp.*,
    972 F. Supp. 2d 429 (E.D.N.Y. 2013) ...................................................................................7

*Snyder-Hill v. Ohio State University*,
    48 F. 4th 686 (6th Cir. 2022) ...............................................................................................10

*Taylor v. City of New York*,
    207 F. Supp. 3d 293 (S.D.N.Y. 2016)....................................................................................5

*Thomas v. City of New York*,
    953 F. Supp. 2d 444 (E.D.N.Y. 2013) ...................................................................................3

*Thomson v. Odyssey House*,
    2015 WL 5561209 (E.D.N.Y. Sept. 21, 2015) .......................................................................8

iii

*Vance v. Ball State University*,
  570 U.S. 421 (2013)..................................................................................................9

*Walter v. Hamburg Cent. Sch. Dist.*,
  2007 WL 1480965 (W.D.N.Y. May 18, 2007).........................................................5

**STATUTES**

N.Y. Executive Law § 297(9)...........................................................................................5

## **PRELIMINARY STATEMENT**

Plaintiffs do not meaningfully respond to the arguments set forth in RU's partial motion to dismiss.[1]  Indeed, Plaintiffs do not address the deficiencies identified by RU regarding most of Marciniak's discrimination, harassment and retaliation claims under Title VII, the NYSHRL and the NYCHRL.  Her conclusory assertions that the continuing violation exception to the statute of limitations ("CVE") somehow salvages her claims in the absence of any timely, actionable conduct is patently insufficient.  Courts in this Circuit heavily disfavor application of the CVE, and Marciniak fails to meet her burden to demonstrate that the CVE should apply to her claims, because she does not provide any legal or factual basis justifying its application.

As for Marciniak's claims for heightened risk and deliberate indifference under Title IX, she does not allege that RU had any actual knowledge of any severe or pervasive sexual harassment or that its response to her concerns about Azevedo — who was not affiliated with RU — was "clearly unreasonable."  To the contrary, she acknowledges that RU assisted her after she raised concerns about Azevedo's alleged sexual assault.  This assistance is antithetical to her claims of wrongdoing.

With respect to her remaining claims, Marciniak admits that Dr. Freiwald was her supervisor, not her co-worker, and that dooms her claim for breach of duty of reasonable care under Title VII.  Marciniak does not and cannot address the fatal deficiency of her NYLL retaliation claim that she never complained of any unlawful practices under the NYLL.  Finally, Marciniak's claim for IIED, which is subject to a one-year statute of limitations, should be dismissed because she waited more than one year after her employment ended to file this lawsuit, and as with her other claims, she does not present any basis for this Court to apply the CVE.

---

[1] Unless otherwise noted, capitalized terms have the same meaning as in The Rockefeller University's Memorandum of Law in Support of its Partial Motion to Dismiss Plaintiffs' Amended Complaint (ECF No. 85).

## ARGUMENT

**I.     Marciniak's Disparate Treatment Claims Against RU Under Title VII, Title IX and the NYSHRL Should Be Dismissed in Their Entirety as Should Her Untimely Allegations under the NYCHRL (Count 2).**

### A.     Marciniak Cannot State a Claim for Disparate Treatment Under Title VII.

Marciniak fails to state a claim for disparate treatment under Title VII under Count 2 because—despite her improper attempt to amend her pleading via her brief—the AC does not allege an adverse action and there is no basis to apply the CVE, which courts in this Circuit disfavor and construe narrowly.

#### 1.     Marciniak Fails to Allege Any Adverse Action Under Count 2.

Regarding her Title VII claims asserted against RU in Count 2, Marciniak fails to address, and therefore concedes, that the only timely allegations in that cause of action (*i.e.*, those arising after July 22, 2020) do not constitute adverse employment actions sufficient to state a Title VII claim. *Gorfinkel v. Ralf Vayntrub, Invar Consulting Ltd.*, 2014 WL 4175914, at *4 (E.D.N.Y. Aug. 20, 2014).  For that matter, Marciniak does not even identify any untimely adverse employment actions within Count 2.

Having not pled any adverse action under Count 2, timely or untimely, Marciniak impermissibly attempts to amend her AC by articulating a new theory in her brief, which she claims merits application of the CVE.  Particularly, her brief argues that she "suffered [sic] adverse employment action by being terminated for opposing sexual assault and harassment after lodging complaints to RU resulting in her termination . . ." and/or that "she experienced the adverse employment action of unlawful termination in November 2021 after refusing Freiwald's numerous sexual advances. . . ."  (Opp. at 9.)[2]  The Court should reject Marciniak's attempt to manufacture through her brief a basis to apply the CVE.  *See Ford v. N.Y.C.Bd. of Educ.*, 2022 WL 1063036, at

---

[2] References to Plaintiffs' Opposition at ECF No. 97 are hereafter referred to as "Opp. at __."

*7 (S.D.N.Y. Apr. 8, 2022) (declining to apply the CVE where plaintiff attempted to amend her complaint via opposition brief).[3]  In any event, these new theories overlap with her retaliation and quid pro quo claims, and she does not allege that she was terminated as a result of her gender. Thus, Marciniak's Title VII disparate treatment claim under Count 2 should be dismissed.

2.    Marciniak Cannot Establish that the CVE Applies to Her Title VII Claim.

Marciniak cannot salvage her Title VII claim based on the CVE for several independent reasons.  Critically, "it is of course plaintiff's burden to show the applicability of the [CVE] once defendants show that the action is time-barred." *Thomas v. City of New York*, 953 F. Supp. 2d 444, at *452 (E.D.N.Y. 2013) (citation omitted).  To make this showing, a plaintiff must point to "specific ongoing discriminatory policies or practices, or where specific and related instances of discrimination are permitted by the employer to continue unremedied for so long as to amount to a discriminatory policy or practice." *Oshinsky v. N.Y.C. Hous. Auth.*, 2000 WL 218395, at *8 (S.D.N.Y. Feb. 23, 2000).   Notably, courts in the Second Circuit "heavily disfavor" the CVE and will only apply it in "compelling circumstances." *Doe v. Anonymous Inc.*, 2019 WL 2616904, at *4 (S.D.N.Y. June 25, 2019); *Oshinsky*, 2000 WL 218395, at *8.   Here, Marciniak does not come close to satisfying her burden of showing the CVE applies to her disparate treatment claim.

*First*, the CVE is inapplicable to the Title VII disparate treatment claim because, as discussed in Section I.A.1, *supra*, she fails to allege any timely adverse action.  *See Mikolaenko v. New York Univ.*, 2017 WL 4174928, at *6 (S.D.N.Y. Sept. 7, 2017) (CVE did not apply because no discriminatory actions took place within the limitations period).

---

[3] That Plaintiffs were originally *pro se* when they filed the Complaint does not alter this well-established principle given that this Court expressly advised Plaintiffs to seek assistance from the New York Legal Assistance Group's (NYLAG) before they doing so, which they did, and Plaintiffs retained counsel well before Defendants filed their motions to dismiss.  *See Kurian v. Forest Hills Hosp.*, 962 F. Supp. 2d 460 (E.D.N.Y. 2013) (declining to apply liberal standard to amended complaint and opposition to motion to dismiss because *pro se* plaintiff received assistance from attorneys in drafting both documents).

3

*Second*, even if the Court considers Marciniak's termination of employment, which is not mentioned under Count 2, it cannot provide a basis for invoking the CVE.  It "is well established that termination . . .  is a single act, discrete in nature to which the continuing violation doctrine does not apply."  *Harris v. Off. Of N.Y. State Comptroller*, 2022 WL 814289, at *10 (S.D.N.Y. Mar. 17, 2022) (citations omitted); *see Patterson v. Cnty. of Oneida*, 375 F.3d 206, 220 (2d Cir. 2004) ("[T]he mere fact that an employee was dismissed within the statutory period cannot be used to pull in a time-barred discriminatory act.") (citations omitted).

*Third*, even if the Court could apply the CVE to salvage her otherwise deficient claim, Marciniak provides no factual basis for the Court to do so here.  Marciniak fails to identify any continuing policy or practice of discrimination.  Instead, Marciniak merely alleges that a series of discrete discriminatory acts involving Dr. Freiwald's alleged distribution of resources and assignments occurred "[o]n a regular basis throughout her employment."  (Opp. at 9.)  It is well-established, however, that such discrete acts and generalized allegations do not justify the application of the CVE.  *See Kennedy v. Bernhardt*, 2020 WL 7399050, at *5-6 (W.D.N.Y. Dec. 16, 2020) (reversing magistrate's recommendation to apply the CVE in connection with plaintiff's disparate treatment claim).

Notably, in the cases on which Marciniak relies to argue applicability of the CVE, all of the courts *declined* to apply the exception.  *See Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 766 (2d Cir. 1998) (untimely acts were "not continuous in time with one another or with the timely acts"); *Oshinsky*, 2000 WL 218395, at *9  (declining to apply CVE where months passed between alleged acts  "discontinuity is fatal" to a CVE argument); *Cohn v. New York City Dep't of Parks*, 1996 WL 449539, at *5 (S.D.N.Y. Aug. 9, 1996) (declining to apply the CVE because plaintiff did "not set forth proof of specific ongoing discriminatory policies or practices") (citations omitted);

*Azzolini v. Alitalia Airlines*, 1991 WL 243380, at *3-4 (S.D.N.Y. Nov. 13, 1991) (declining to apply the CVE).

Accordingly, the CVE cannot apply to Marciniak's Title VII disparate treatment claim.

 **B.** **Marciniak Fails to State Disparate Treatment Claims under Title IX or the NYSHRL.**

Marciniak's Title IX and NYSHRL disparate treatment claims fail in their entirety for the same reasons as her Title VII claim. *See Taylor v. City of New York*, 207 F. Supp. 3d 293, 302 (S.D.N.Y. 2016) ("the continuing violations doctrine of the NYSHRL mirrors that of Title VII"); *Walter v. Hamburg Cent. Sch. Dist.*, 2007 WL 1480965, at *6-7 (W.D.N.Y. May 18, 2007) (applying the same standard to Title VII and Title IX claims).

Marciniak concedes that the sole allegation that occurred within the applicable three-year statute of limitations for Count 2's Title IX and NYSHRL disparate treatment claims — that Dr. Freiwald "cut off [her] CBMM opportunities . . . ." — is not an adverse employment action.[4] Accordingly, those claims should be dismissed for failure to allege a timely adverse employment action alone.

Additionally, as with her Title VII claim, the Title IX and NYSHRL disparate treatment claims should also be dismissed because she does not allege any discriminatory policy or practice.

 **C.** **Marciniak's Untimely NYCHRL Claims under Count 2 Should Be Dismissed.**

Marciniak's opposition brief does not and cannot identify any basis to revive her NYCHRL claims arising prior to December 22, 2019 because the AC does not allege a "consistent pattern" or

---

[4] Nor does Marciniak's filing a charge with the New York State Division of Human Rights ("NYSDHR") provide any basis for this Court to toll the statute of limitations for her NYSHRL claim because she asked the NYSDHR to dismiss the charge due to administrative convenience. (AC ¶ 13.) Plaintiff's attempt to distinguish *DeJohn v. Wal-Mart Stores E., LP*, 2013 WL 1180863 (N.D.N.Y. Mar. 20, 2013) is unavailing because, regardless of the procedural posture, the Court held that "where . . . a plaintiff requests and receives an administrative convenience dismissal, N.Y. Executive Law § 297(9) makes clear that 'any judicial proceedings are subject to New York's general three-year statute of limitations, measured from the occurrence of the discrimination, with no tolling for the period in which the claim was pending in the administrative process." *Id.* at *4.

"continuing policy" of discrete discriminatory acts, as is required to invoke the CVE. *See* AC, ¶¶

42-46, 48. In order to invoke the CVE, a plaintiff must demonstrate, in a non-conclusory manner,

how untimely allegations specifically relate to timely allegations. *See Doe*, 2019 WL 2616904, at

*4-5 (plaintiff's conclusory assertion that her employer "failed to pay or promote her" over time

was insufficient to invoke the CVE for NYCHRL claim). Here, Marciniak alleges only that certain

discrete untimely acts occurred "throughout her employment." Because she does not demonstrate

how those untimely allegations specifically relate to any timely allegations, she cannot invoke the

CVE. *Id.* Accordingly, Marciniak's untimely allegations in Count 2 under the NYCHRL should be

dismissed.

## II.   Marciniak Cannot State a Claim for Quid Pro Quo Sexual Harassment or Hostile Work Environment under Title VII (Count 3).

### A.   Marciniak's Title VII Quid Pro Quo Claim Should Be Dismissed.

Marciniak fails to state a claim for quid pro quo harassment under Title VII because her sole

allegation of unwelcome conduct regarding Dr. Freiwald (September 24, 2018) and alleged adverse

employment action nearly two years later (June 3, 2020) predate July 22, 2020 and are therefore

untimely.[5] (AC ¶¶ 56-66).

Marciniak cannot invoke the CVE for the same reason. For the CVE to apply to a quid pro

quo claim, either the unwanted sexual conduct or the adverse employment action must be timely.

*See Bracci v. N.Y. State Dep't of Corr. Servs.*, 2005 WL 2437029, at *9 (N.D.N.Y. Sept. 30, 2005)

(dismissing claim of quid pro quo sexual harassment as untimely because there was no "conduct

bringing this claim into the limitations period").

---

[5] The only alleged incident of unwelcome conduct discussed in the Opposition is Marciniak's claim that Dr. Freiwald "ask[ed] about her romantic relationships and if she likes older men while caressing her hand . . .," which allegedly occurred on September 24, 2018. (Opp. at 12.) The AC alleges that in response to her refusing his advances, Dr. Freiwald "fired" Plaintiff nearly two years later, on June 3, 2020. (AC ¶¶ 64, 173; Opp. at 19.)

6

Accordingly, Marciniak's Title VII quid pro quo claim should be dismissed.

**B.      Marciniak's Title VII Hostile Work Environment Claim Should Be Dismissed.**

Marciniak's Title VII hostile work environment claim under Count 3 should be dismissed because her allegations prior to July 22, 2020 are time-barred and the allegations after that date do not state a plausible claim for relief.  Marciniak cannot apply the CVE to salvage her hostile work environment claim in the absence of any timely conduct of a sexual nature or related to her sex.[6] *See Russo v. N.Y. Presbyterian Hosp.*, 972 F. Supp. 2d 429, 442 (E.D.N.Y. 2013) (finding the CVE inapplicable where no sexually offensive conduct occurred within the limitations period).

Even if all the allegations in Count 3 are timely, which they are not, Marciniak does not plead that she experienced a severe and pervasive hostile work environment because of her sex.[7] Accordingly, Marciniak's Title VII hostile work environment claim should be dismissed even if the Court considers the untimely allegations.

**III.   Marciniak's Untimely Quid Pro Quo and Hostile Work Environment Claims Under the NYSHRL and the NYCHRL Should Be Dismissed (Count 3).**

Marciniak fails to meet her burden to show that the portions of her NYSHRL and NYCHRL claims (Count 3) arising from allegations prior to December 28, 2019 are timely.  Marciniak's sole argument that the CVE saves these untimely claims is premised on four paragraphs of the AC making untimely allegations and her nebulous argument that she "relies upon the aforementioned continuing violations [sic] doctrine" that she invoked regarding her Title VII claims.  (Opp. at 13.)

---

[6] Neither of the cases Plaintiff cites support her proposed application of the CVE to her Title VII hostile work environment claim.  In *Myers v. Doherty*, 2022 WL 4477050, at *1 (2d Cir. Sept. 27, 2022) the court affirmed the lower court's dismissal of the plaintiff's claims to the extent they were based on those untimely allegations.  In *Dollinger v. New York State Insurance Fund*, 726 F. App'x 828 (2d Cir. 2018), the Court does not even discuss the CVE.

[7] Courts have dismissed such claims alleging far more egregious conduct than Marciniak alleges here.  *See, e.g. Anderson v. Davis Polk & Wardwell LLP*, 850 F. Supp. 2d 392, 404 (S.D.N.Y. 2012) (dismissing claim where plaintiff alleged that supervisor would "come around my cube on occasions and place her vagina literally on my left shoulder or inches from my face"); *Prince v. Cablevision Sys. Corp.*, 2005 WL 1060373, at *6 (S.D.N.Y. May 6, 2005) (dismissing claim where plaintiff alleged senior employee made unwanted sexual advances, tried to kiss her, and made lewd comments, and that other managers routinely engaged in "inappropriate sex talk").

7

Marciniak fails to detail any allegations supporting her NYSHRL and NYCHRL claims, nor does she draw the required connection between timely and untimely claims.  Such conclusory assertions are insufficient to invoke the CVE under the NYSHRL and the NYCHRL.  *See, e.g.*, *Thomson v. Odyssey House*, 2015 WL 5561209, at *10 (E.D.N.Y. Sept. 21, 2015) (dismissing hostile work environment claims where "[t]here [was] no indication here that" the timely acts were related to the untimely acts).

## IV.    <u>Marciniak Cannot State a Claim for Title IX "Sex-Hostile Environment" (Count 4).</u>

Marciniak concedes that her Title IX claim against RU for "sex-hostile environment" relies on her allegations concerning Azevedo, who had no affiliation with RU.  (Opp. at 13.)  She ignores that liability can only attach to an academic institution under Title IX based on the institution's own misconduct *and* where the institution exercises substantial control over the alleged harasser.  *See Davis v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 640, 645 (1999).  The AC does not allege that RU had control over Azevedo, nor does Marciniak provide any legal support for her position that RU can be liable for "contribut[ing] to and compound[ing]" the conduct of an individual outside its control.  (Opp. at 13.)[8]

Marciniak's conclusory allegation that the CVE applies to salvage her untimely Title IX claims is insufficient for the reasons stated in Section I, *supra.*

## V.    <u>Marciniak Cannot State a Claim for Title IX "Deliberate Indifference" (Count 5).</u>

Marciniak's Title IX claim for deliberate indifference fails as a matter of law.  First, Marciniak fails to provide any support for her position that an employee has standing to bring such a claim because none of the cases she cites allow an employee to do so.[9]  Second, Marciniak does

---

[8] Marciniak's reliance on *Doe v. Regents of University of California*, 23 F.4th 930 (9th Cir. 2022) is completely inapposite as the Court found that the plaintiff plausibly stated a Title IX sex discrimination claim against UCLA based on conduct by UCLA (not another institution).

[9] In *Rosenberg v. City of New York*, 2011 WL 4592803 (E.D.N.Y. Sept. 30, 2011), the plaintiff was a student in addition to an employee and her claim related to conduct against other students.  In *Morris v. Fordham University,* 2004 U.S.

not plausibly allege that RU had "actual knowledge," of "severe, pervasive, and objectively offensive" harassment and that its response was "clearly unreasonable" under the circumstances. Marciniak's allegations that RU assisted her after learning of the incident with Azevedo are antithetical to a claim of deliberate indifference and cannot form the basis for such a claim.

**VI.**   **Marciniak Cannot State a Claim for Title VII Breach of Duty of Reasonable Care (Count 5).**

Marciniak's breach of duty of reasonable care claim fails because Title VII only recognizes such a claim when a plaintiff alleges that a co-worker created a hostile work environment. (ECF No. 85 at 15.) The case Marciniak cites to suggest that a supervisor may be liable, *Vance v. Ball State University*, 570 U.S. 421 (2013), stands only for the proposition that an employer may be held strictly liable for a supervisor's conduct creating a hostile workplace, not that (as Marciniak suggests) the employer may be held liable for that conduct under a negligence theory. *See Bentley v. AutoZoners, LLC*, 935 F.3d 76, 92 (2d Cir. 2019) (contrasting strict liability for supervisors' conduct with negligence standard for co-workers). Count 5 of the AC cannot give rise to a reasonable care claim against RU because Marciniak acknowledges that Dr. Freiwald was her supervisor, not a co-worker, and Azevedo, who is the focus of the allegations, was neither Marciniak's co-worker nor supervisor (and had no affiliation with RU).[10]

**VII.**   **Marciniak's Claim for Title IX "Heightened Risk" Fails as a Matter of Law (Count 8).**

Marciniak's Title IX claim against RU for heightened risk fails for the same reasons as her deliberate indifference claims. *See* Section V, *supra*. Additionally, the AC fails to allege, as required, that RU had "specific knowledge of a heightened risk of sexual assault within a particular

---

Dist. LEXIS 7310 (S.D.N.Y. Apr. 27, 2004) and *Henschke v. N.Y. Hospital-Cornell Medical Center,* 821 F. Supp. 166 (S.D.N.Y. 1993), the plaintiffs do not assert claims for deliberate indifference.

[10] Marciniak does not dispute that her claims prior to July 22, 2020 are untimely.

context." *Roskin-Frazee v. Columbia Univ.*, 2018 WL 6523721, at *6 (S.D.N.Y. Nov. 26, 2018).

She **concedes** that RU did not have prior knowledge of the alleged sexual misconduct.[11] (Opp. at

18.)  Her suggestion that "RU's policies and practices, such as having a bar on its campus and that

its sexual harassment prevention training material did not exemplify any daily life situations of

postdoctoral work" (Opp. at 18) are insufficient to allege deliberate indifference.  *See Roskin-

Frazee*, 2018 WL 6523721, at *1 (dismissing heightened risk claim).

## VIII.  <u>Marciniak's NYLL Retaliation Claim Should Be Dismissed in Its Entirety as Should Her Untimely Claims under Title VII (Count 9).</u>

Marciniak does not state a claim for retaliation under the NYLL because she does not allege

that she made any complaints of protected activity under the NYLL.  Marciniak's conclusory

assertion that the CVE applies to her Title VII retaliation claim is without merit for the reasons set

forth in Section I, *supra*.

## IX.  <u>Marciniak's Claim IIED Claim Fails as a Matter of Law (Count 12).</u>

Marciniak's IIED claim is barred by the one-year statute of limitations because she waited

more than a year to file suit after her employment ended.  Marciniak cannot invoke the CVE

because she does not and cannot identify any timely conduct that could give rise to any claim given

that her employment ended outside of the statute of limitations.

## <u>CONCLUSION</u>

For the foregoing reasons and those set forth in RU's moving brief, RU respectfully requests

that this Court grant RU's partial motion to dismiss in its entirety and award any other relief that the

Court deems just and proper.

Dated: January 31, 2024
New York, New York

---

[11] Marciniak's reliance on *Snyder-Hill v. Ohio State University*, 48 F. 4th 686 (6th Cir. 2022), is misplaced because plaintiffs in *Snyder-Hill*, unlike here, alleged that that university knew about the alleged abuse and ignored students' complaints.

Respectfully submitted,


_/s/ Elise M. Bloom_
Elise M. Bloom
Patrick J. Lamparello
Noa M. Baddish
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036-8299
Tel. 212.969.3000
Fax 212.969.2900
ebloom@proskauer.com
plamparello@proskauer.com
nbaddish@proskauer.com

*Attorneys for Defendant*
*The Rockefeller University*

11