**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KAROLINA MARIA MARCINIAK-DOMINGUES GONCALVES AGRA and PEDRO HENRIQUE MARCINIAK-DOMINGUES GONCALVES AGRA,<br><br>Plaintiffs,<br><br>-against-<br><br>MASSACHUSETTS INSTITUTE OF TECHNOLOGY; PRESIDENT AND FELLOWS OF HARVARD COLLEGE; BOSTON CHILDREN'S HOSPITAL; MARINE BIOLOGICAL LABORATORY; UNIVERSITY OF CHICAGO; ROCKEFELLER UNIVERSITY; and NATIONAL SCIENCE FOUDATION CENTER FOR BRAINS MINDS AND MACHINES COOPERATIVE AGREEMENT,<br><br>Defendants. | No. 22-cv-10959 (ALC) |

**JOINT REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'**
**CONSOLIDATED MOTION TO DISMISS THE AMENDED COMPLAINT**

**TABLE OF CONTENTS**

**Page(s)**

PRELIMINARY STATEMENT ...................................................................................................... 1

ARGUMENT ...................................................................................................................................1

    I.       Marciniak Still Fails To State a Claim Under the TVPA (Count 1). ................................1

        A.      Marciniak Fails to Allege an Underlying TVPA Violation.........................................2

           1.    Marciniak Does Not Allege that She Was Forced To Work for Defendants. ..............2

           2.    Marciniak Does Not Allege that She Engaged in a Commercial Sex Act...................3

           3.    Marciniak's Derivative Trafficking Claim Fails as a Matter of Law. .........................4

        B.      Marciniak Does Not Plausibly Allege that Defendants Benefited from Any Alleged Trafficking. ...............................................................................................4

    II.      Marciniak's Claim of Conspiracy to Interfere with Civil Rights Still Fails (Count 10). .5

    III.    Marciniak Still Fails To Plead a RICO Violation (Count 11).........................................7

        A.      Marciniak Still Does Not Allege Any Actionable Injury. ............................................7

        B.      Marciniak Still Fails to Allege Defendants' Commission of RICO Predicate Acts. ..........................................................................................................................8

        C.      Marciniak Still Fails to Plead a Pattern of Predicate Acts...........................................9

CONCLUSION..............................................................................................................................10

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Black v. Ganieva*,
619 F. Supp. 3d 309 (S.D.N.Y. 2022)......................................................................................6

*Canosa v. Ziff*,
2019 WL 498865 (S.D.N.Y. Jan. 28, 2019) ............................................................................3

*Corradino v. Liquidnet Holdings Inc.*,
2021 WL 2853362 (S.D.N.Y. July 8, 2021) ........................................................................4, 5

*Green v. Covidien LP*,
2019 WL 4142480 (S.D.N.Y. Aug. 30, 2019)........................................................................3

*Hirsch v. City of New York*,
300 F. Supp. 3d 501 (S.D.N.Y. 2018)......................................................................................9

*Holmes v. Parade Place, LLC*,
2013 WL 5405541 (S.D.N.Y. Sept. 26, 2013).......................................................................10

*Khan Funds Mgmt. Am., Inc. v. Nations Techs. Inc.*,
2023 WL 6124801 (S.D.N.Y. Sept. 19, 2023).........................................................................9

*Kilkenny v. L. Off. of Cushner & Garvey, L.L.P.*,
2012 WL 1638326 (S.D.N.Y. May 8, 2012) .........................................................................10

*Kim v. Kimm*,
884 F.3d 98 (2d Cir. 2018)................................................................................................7, 8

*Knight v. City of New York*,
303 F. Supp. 2d 485 (S.D.N.Y. 2004)..................................................................................5, 6

*LeGrand v. Walmart Stores E. LP*,
779 F. App'x 779 (2d Cir. 2019) ............................................................................................5

*Mackin v. Auberger*,
59 F. Supp. 3d 528 (W.D.N.Y. 2014).....................................................................................7

*Noble v. Weinstein*,
335 F. Supp. 3d 504 (S.D.N.Y. 2018).....................................................................................3

*Roitman v. N.Y.C. Transit Auth.*,
704 F. Supp. 346 (E.D.N.Y. 1989) .........................................................................................7

*Rosenson v. Mordowitz*,
2012 WL 3631308 (S.D.N.Y. Aug. 23, 2012)..................................................................9

*Spool v. World Child Int'l Adoption Agency*,
520 F.3d 178 (2d Cir. 2008)...........................................................................8, 10

*Tara v. Children's Vill.*,
2021 WL 1581568 (S.D.N.Y. Apr. 21, 2021)...............................................................2

*Tegete v. Maryknoll Sisters of Saint Dominic, Inc.*,
2023 WL 2504744 (S.D.N.Y. Mar. 14, 2023) ...........................................................2, 5

*Tsipouras v. W&M Props., Inc.*,
9 F. Supp. 2d 365 (S.D.N.Y. 1998)...........................................................................7

*Westchester Cnty. Indep. Party v. Astorino*,
137 F. Supp. 3d 586 (S.D.N.Y. 2015).........................................................................8

*Zick v. Waterfront Comm'n of N.Y. Harbor*,
2012 WL 4785703 (S.D.N.Y. Oct. 4, 2012) .................................................................7

*Zito v. Leasecomm Corp.*,
2003 WL 22251352 (S.D.N.Y. Sept. 30, 2003).........................................................8, 9

**STATUTES**

18 U.S.C. § 1584..............................................................................................2, 3

18 U.S.C. § 1589..............................................................................................2, 3

18 U.S.C. § 1590................................................................................................4

18 U.S.C. § 1591..............................................................................................2, 3

18 U.S.C. § 1591(e)(3)..........................................................................................3

18 U.S.C. § 1595................................................................................................5

18 U.S.C. § 1595(a) ............................................................................................4

18 U.S.C. § 1962.............................................................................................7, 8

42 U.S.C. § 1985(2)-(3) .......................................................................................1

iii

Defendants MIT,[1] Harvard, and RU respectfully submit this reply memorandum of law in further support of their motion to dismiss Counts 1, 10 and 11 of the Complaint.[2]

## PRELIMINARY STATEMENT

Plaintiffs' Opposition to Defendants' Motion (the "Opposition" or "Opp." (ECF No. 95.)) sets forth no factual or legal arguments sufficient to avoid dismissal of their Complaint.  Rather than rebut the arguments made by Defendants in their moving papers, which highlight the fatal deficiencies in Plaintiffs' claims, Plaintiffs instead continue to make broad, conclusory statements that plainly ignore the required elements of the three remaining causes of action relevant to this Motion: (i) violations of the TVPA (Count 1); (ii) conspiracy to interfere with civil rights under 42 U.S.C. § 1985(2)-(3) (Count 10); and (iii) violations of the RICO Act (Count 11).  As set forth in Defendants' joint moving brief, and as discussed in further detail herein, Plaintiffs cannot sustain these causes of action, and Counts 1, 10, and 11 of the Complaint must be dismissed, with prejudice, in their entirety.

## ARGUMENT[3]

### I.      Marciniak Still Fails To State a Claim Under the TVPA (Count 1).

Marciniak's disjointed arguments regarding her claims under the Trafficking Victims Protection Act ("TVPA") do not address the fundamental deficiencies requiring their dismissal.   Marciniak must allege both an underlying TVPA violation and that Defendants benefited from that violation

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Joint Memorandum of Law in Support of Defendants' Consolidated Motion to Dismiss the Amended Complaint (ECF No. 87, the "Motion," or "Mot."). All internal alterations, citations, and quotation marks are omitted, and all emphasis is added, unless otherwise noted.

[2] Counts 1, 10, and 11 that are the subject of the Motion consist of conduct relating to Marciniak only.   Defendants had also moved to dismiss Agra's claim for loss of consortium (Count 14) but Agra withdrew that claim in the Opposition. (ECF No. 86 at 1-2; Opp. at 20.)

[3] As explained in MIT's individual brief, MIT never "employed Marciniak," jointly or otherwise. *Compare*, Opp. at 5, *with* Mot. at 3.  MIT also was not an "employing institution[] of Marciniak's sexual assault perpetrator, Frederico Azevedo" during the relevant time period. *Cf.* Opp. at 5, 8.  MIT further never "over[saw]" "Freiwald's conduct," contrary to Marciniak's claims. *Cf. id.* at 14.

but she fails to allege either.  As a result, Count One should be dismissed, in its entirety, with prejudice.

### A.  Marciniak Fails to Allege an Underlying TVPA Violation.

   1.  <u>Marciniak Does Not Allege that She Was Forced To Work for Defendants.</u>

It is well-established that to state a claim for involuntary servitude under 18 U.S.C. § 1584 and forced labor under 18 U.S.C. § 1589 a plaintiff must allege that she engaged in "forced labor," which is defined by the statute as including, "coercion through abuse or threatened abuse of the law or legal process, or threats of serious financial or reputational harm, such that 'a reasonable person of the same background and in the same circumstances' as the victim would be coerced 'to perform or to continue performing labor or services in order to avoid incurring that harm.'" *Tara v. Children's Vill.*, 2021 WL 1581568, at *4 (S.D.N.Y. Apr. 21, 2021).

Marciniak does not allege forced labor within the meaning of 18 U.S.C. § 1589 because she does not allege that Defendants threatened abuse of legal process or of serious financial or reputational harm.  Instead, she alleges, *inter alia*, that Dr. Freiwald recruited her to work at RU, that she did not get the support she anticipated while working at RU, and that her visa to work in the United States was dependent on her continued employment.  That is insufficient as a matter of law to state a claim under both 18 U.S.C. § 1584 and 18 U.S.C. § 1589.  *See Tegete v. Maryknoll Sisters of Saint Dominic, Inc.*, 2023 WL 2504744, at *11 (S.D.N.Y. Mar. 14, 2023) (requiring plaintiff to "sign a document stating that she would be deported if she was dismissed" was not an actionable legal threat under the TVPA).

Marciniak does not cite any legal support that the facts she alleges state a claim for forced labor under 18 U.S.C. §§ 1584 or 1589.  Instead, her argument appears to be that because she was allegedly "enticed and/or recruited" as defined under 18 U.S.C. § 1591, which governs sex trafficking claims, she states a claim for forced labor.  Marciniak's argument is illogical, and neither

of the cases she relies on support her position because they do not involve claims under 18 U.S.C. §§ 1584 or 1589, but rather involve sex trafficking claims under 18 U.S.C. § 1591, which address different conduct. *See Noble v. Weinstein*, 335 F. Supp. 3d 504 (S.D.N.Y. 2018) (denying motion to dismiss sex trafficking claims where plaintiff alleged that defendant recruited her to engage in commercial sex acts); *Canosa v. Ziff*, 2019 WL 498865, at *27 (S.D.N.Y. Jan. 28, 2019).

Additionally, Marciniak herself undercuts her allegation of forced labor by acknowledging in the Complaint that she was paid for her work at RU, that she chose to continue her employment there (even after Dr. Freiwald allegedly fired her) and that she could come and go as she pleased. (*See generally* Compl. ¶¶ 171-184.)

Accordingly, Marciniak's forced labor claim should be dismissed with prejudice.

2.  <u>Marciniak Does Not Allege that She Engaged in a Commercial Sex Act.</u>

Marciniak does not state a claim for sex trafficking under 18 U.S.C. § 1591 because she does not allege in Count 1 of the Complaint that she was enticed by anyone to engage in any sex act.  Notably, Marciniak refers to paragraphs 17 and 18 of her Complaint, which do not make any mention of any sex act, and the remaining paragraphs do not allege, as required, that anything of value was exchanged.  18 U.S.C. § 1591(e)(3).  Furthermore, the paragraphs of the Complaint she references do not pertain to Count 1 at all.  (Opp. at 12.)  Marciniak should not be permitted to amend her Complaint for a third time through her opposition. *See Green v. Covidien LP*, 2019 WL 4142480, at *2 (S.D.N.Y. Aug. 30, 2019) ("Plaintiff cannot use her opposition brief to amend the Amended Complaint.").[4]

---

[4] Although Plaintiffs were pro se at the time they filed the Amended Complaint, their counsel was retained well before Defendants filed their motions to dismiss. Rather than seeking leave to further amend their Amended Complaint here, Plaintiffs, advised by counsel, opted instead to file a separate, duplicative, and improper action before Judge Cronan (Case No. 23-cv-10305 (JC)). Having made this choice, Plaintiffs now cannot benefit from a liberal pro se construction of the Amended Complaint or cure its defects through their brief, filed by counsel.

Regardless, Marciniak does not allege that Dr. Freiwald (or anyone else) used force against her or coerced her to engage in any sex acts through the "threat of serious harm."   Instead, Marciniak, at most, alleges that Dr. "Freiwald's advances and sexual harassment of Marciniak was a proposition – if she engaged in a 'sex act' with [Dr.] Freiwald it would benefit her and be in exchange for continuing to research at RU in collaboration with MIT, which is of obvious value" (Opp. at 12.)   This is insufficient to state a claim for sex trafficking.  *See Corradino v. Liquidnet Holdings Inc.*, 2021 WL 2853362, at *3-4 (S.D.N.Y. July 8, 2021) (dismissing sex trafficking claim where the plaintiff did not allege that "'force, threats of force, fraud or coercion' were used to cause Plaintiff to engage in such an act").

      3.   Marciniak's Derivative Trafficking Claim Fails as a Matter of Law.

Marciniak acknowledges that a derivative trafficking claim under 18 U.S.C. § 1590 "was premised on [the] viability of [her] [Section] 1589 claim." (Opp. at 12.)  Yet as discussed above, Marciniak does not state an underlying TVPA violation because she does not plausibly allege any forced labor or sex trafficking.  As a result, her derivative claim should be dismissed.

**B.  Marciniak Does Not Plausibly Allege that Defendants Benefited from Any Alleged Trafficking.**

Marciniak does not plausibly assert a beneficiary claim under 18 U.S.C. § 1595(a) because she does not assert an underlying TVPA violation.[5]  *See* Section I.A, *supra*; Mot. at 8-10.  Her claim should be dismissed on this basis alone.

Regardless, Marciniak does not allege that Defendants knowingly benefitted or that Defendants understood the connection between any purported benefits and any alleged trafficking scheme as required to state a claim under 18 U.S.C. § 1595.  Marciniak's contention that "Defendants promoted an academic system unphased by exploiting postdoctoral females' work

---

[5] Marciniak does not even assert a violation of 18 U.S.C. § 1595(a) in her Complaint.

through brainwashing and manipulative tactics is sufficient to make the requisite causal connection"

misses the point.  This is not an allegation that Defendants received a benefit knowingly, and her

claim is defective on this basis alone.  *See Corradino*, 2021 WL 2853362, at \*13 (dismissing TVPA

claim where the plaintiff did not allege that the company received any benefit from any

participation in any alleged sex trafficking).

Nor does Marciniak sufficiently allege that Defendants participated in any overt acts in

furtherance of any alleged trafficking scheme.  Marciniak's allegation that Dr. Freiwald assisted in

facilitating her visa application to work at RU is insufficient, particularly given that she does not

plausibly allege that Dr. Freiwald did so in furtherance of any alleged trafficking scheme.  *See*

*Tegete*, 2023 WL 2504744, at \*14 (deportation not a cognizable threat under the TVPA).

## II.      Marciniak's Claim of Conspiracy to Interfere with Civil Rights Still Fails (Count 10).

Marciniak does not provide any basis for this Court to find that she plausibly pleads a claim

for conspiracy to interfere with civil rights.  To sustain a claim, not only must Marciniak allege the

existence of a conspiracy, but she must also allege that she suffered a deprivation of rights and that

discriminatory animus was the motivating factor behind the conspirators' actions.  *See Knight v. City*

*of New York*, 303 F. Supp. 2d 485, 501 (S.D.N.Y. 2004).

As an initial matter, Marciniak's conspiracy claim must be dismissed because she has failed

to allege any non-conclusory facts supporting a "meeting of the minds" between all Defendants, as

required to sustain a claim.  *See LeGrand v. Walmart Stores E. LP*, 779 F. App'x 779, 783 (2d Cir.

2019) (holding conspiracy to deprive plaintiff of her civil rights claim properly dismissed because the

allegations were "entirely conclusory and include no specific factual allegations of an agreement or a

meeting of the minds").  In the Opposition, Marciniak continues to put forth singular individuals who

she claims wronged her but advances exactly zero allegations that join all Defendants together.  For

example, in her Opposition, Marciniak alleges conduct by an off-site psychotherapist paid for by RU,

Maria Solomon, whom Marciniak does not connect to anyone from MIT or Harvard.  Rather than meeting her burden to plead her claim with specificity, Marciniak continues to rely on her vague and conclusory assertion that "Defendants conspired to conceal and quiet Marciniak," which is insufficient as a matter of law.  (Opp. at 15-16).  Notwithstanding, even the *individual* conduct allegedly undertaken (*i.e.*, Solomon's alleged advice not to move forward with a complaint (Compl. ¶ 198)) falls far short of conduct sufficient to deprive Marciniak of her civil rights.[6]

Marciniak also fails to allege that Defendants were motivated by "invidious discriminatory animus" and that she was deprived equal access to her civil rights as required for this claim.  *See Knight*, 303 F. Supp. 2d at 501.  The Opposition wholly fails to address the fatal flaw that Marciniak does not allege how she was deprived of a civil right.  In addition, the Opposition asserts, for the first time, that Defendants' motivation for the conspiracy was that Marciniak "was subordinate to men because she was a Polish woman completing research for her German superiors."  (Opp. at 15.)  The Complaint, however, does not mention Marciniak's sex or national origin—or that of her superiors—as factors in the conspiracy claim, and instead claims that Defendants covered up the sexual assault to avoid "bad publicity."  (Compl. ¶¶ 189, 198.)  As discussed above with respect to the TVPA claim, it is well established that Marciniak cannot use her Opposition to amend her Complaint.  *See Black v. Ganieva*, 619 F. Supp. 3d 309, 334 n.15 (S.D.N.Y. 2022).  As such, these new allegations cannot be considered by the Court; however, even if they were alleged in the Complaint, Marciniak does not put forth any allegations that the alleged cover-up was motivated by that discriminatory animus, and, without that connection, her claim must fail.

Accordingly, in the absence of any allegations of a meeting of the minds between the Defendants, discriminatory animus motivating the alleged conspiracy, or a deprivation of civil rights,

---

[6] Marciniak's allegations regarding Azevedo's adding her to a Whatsapp group and using racist terms (*id.* ¶ 75), similarly fail allege a meeting of the minds between Defendants and conduct depriving Marciniak of her civil rights.

the conspiracy to interfere with civil rights claim should be dismissed.

### III.    Marciniak Still Fails To Plead a RICO Violation (Count 11).

Marciniak fails to counter Defendants' argument that she does not allege essential elements of her RICO claim.[7]  As a result, her RICO claim fails as a matter of law.

#### A.  Marciniak Still Does Not Allege Any Actionable Injury.

Marciniak admits that she must plead she suffered injury in her business or property by a RICO violation. (Opp. at 17.) But instead, Marciniak tacitly concedes that she did not suffer one of the narrow types of injuries redressable under RICO. "[M]ere injury to character, business reputation, and/or the intentional infliction of emotional distress are not actionable under civil RICO." *Tsipouras v. W&M Props., Inc.*, 9 F. Supp. 2d 365, 368 (S.D.N.Y. 1998). Yet Marciniak ignores this rule, arguing that her "research," "hours of work," and "professional reputation" somehow constitutes her business, and that her emotional distress, causing "adverse[] [e]ffect[] [to] bodily health," somehow constitutes an injury to property.  (Opp. at 17–18.)  These allegations did not appear in the Complaint and therefore should not be considered.  *See Zick v. Waterfront Comm'n of N.Y. Harbor*, 2012 WL 4785703, at *3 (S.D.N.Y. Oct. 4, 2012) (new facts alleged in opposition cannot be considered on motion to dismiss).  However, even if they were in the Complaint, Marciniak still fails to state a claim. Indeed, Marciniak does not cite any authority to support this argument—nor can she, because courts have made clear that these injuries are not compensable under RICO.  *See, e.g.*, *Roitman v. N.Y.C. Transit Auth.*, 704 F. Supp. 346, 349 (E.D.N.Y. 1989) (dismissing RICO claim because expectation of employment is not a cognizable property right); *Mackin v. Auberger,* 59 F. Supp. 3d 528, 558 (W.D.N.Y. 2014) ("[T]he loss of Plaintiff's reputation and resulting inability to gain future employment . . . are not compensable under RICO.").

---

[7] To state a RICO claim, Marciniak must establish: (i) a violation of 18 U.S.C. § 1962; (ii) an injury to business or property; and (iii) that the violation of § 1962 caused the injury. *Kim v. Kimm*, 884 F.3d 98, 103 (2d Cir. 2018).

Similarly, Marciniak cannot resuscitate her claim with generalized allegations that she sustained "negative financial impart." (Opp. at 17–18.)   Rather, Marciniak "must allege *actual, quantifiable* injury" and "show concrete financial loss in order to show injury under RICO." *Westchester Cnty. Indep. Party v. Astorino*, 137 F. Supp. 3d 586, 613 (S.D.N.Y. 2015) (emphasis in original).   Marciniak's vague statement is exactly the type of speculative loss that courts routinely find not recoverable. *See, e.g.*, *id.* at 615–17.

**B.   Marciniak Still Fails to Allege Defendants' Commission of RICO Predicate Acts.**

Despite acknowledging that she "must allege the existence of . . . two or more predicate acts . . . committed by each defendant (as opposed to by the enterprise as a whole)," (Opp. at 18), Marciniak's RICO claim also fails for the independent reason that she still does not allege even one of the predicate acts required.[8]   These predicate acts "must be among the various criminal offenses listed in § 1961(1)."  *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 183–84 (2d Cir. 2008).   But Marciniak still does not identify which of these statutory provisions Defendants have purportedly violated.  (Mot. at 16.)   Nor does she explain how the "covering up [of] Marciniak's sexual harassment complaints in the CBMM program" and "burying the rape and sexual harassment of Marciniak"—which she alleges was done by "Defendants"[9]—could possibly constitute any such violation.  (Opp. at 18.)   Marciniak seemingly confuses allegations of generic wrongdoing—which Defendants dispute—with allegations of predicate criminal acts.   Marciniak's RICO claim should be dismissed because "the complaint fails coherently to identify the predicate crimes the [D]efendants

---

[8] Even though Marciniak elsewhere acknowledges that an injury and § 1962 violation are two distinct elements of a RICO claim (Opp. at 17), simultaneously, Marciniak confusingly suggests that because "Marciniak alleged an actionable injury, she has pled a violation of 18 U.S.C. § 1962," (Opp. at 18.)   But the law is clear: in addition to the other elements, *both* an actionable injury and a § 1962 violation must be separately pled for this claim to survive.  (Mot. at 13.); *see also Kim*, 884 F.3d at 103.

[9] Marciniak still does not try to "specify[] [each] individual defendant's own conduct," as required to plead an actionable RICO claim against each defendant.  *See Khan Funds Mgmt. Am., Inc. v. Nations Techs. Inc.*, 2023 WL 6124801, at *11 (S.D.N.Y. Sept. 19, 2023).

are alleged to have committed." *See Zito v. Leasecomm Corp.*, 2003 WL 22251352, at *11 (S.D.N.Y. Sept. 30, 2003).

Even if the Court finds that the alleged cover-up is a predicate act (it should not), Marciniak still has not identified the requisite second predicate act. (Opp. at 18–20; Mot. at 16–17.) Marciniak's threadbare statement that "[t]he numerous factual paragraphs of the Complaint include many more than two predicate acts required" (notably advanced without a citation to even one such factual allegation) cannot salvage her RICO claim. (Opp. at 18.) Instead, it is precisely the type of generalized, conclusory statement that crumbles under the scrutiny of Federal Rules of Civil Procedure 8 and 12. *See Hirsch v. City of New York*, 300 F. Supp. 3d 501, 516 (S.D.N.Y. 2018).

### C. Marciniak Still Fails to Plead a Pattern of Predicate Acts.

Finally, Marciniak agrees that, for her RICO claim to survive, she must allege a pattern of racketeering activity by demonstrating both relatedness and continuity. (Opp. at 19–20.) Marciniak states the applicable legal standards but then completely misapplies them.

Marciniak maintains that "Marciniak's complaints"—her March 2019 complaint relating to an alleged 2017 sexual assault and subsequent harassment by BCH employee Dr. Azevedo at MBL's campus in Woods Hole, Massachusetts, and her September 2020 complaint against Dr. Freiwald and RU for alleged retaliation against her by RU employee Dr. Freiwald in New York in 2020—are horizontally and vertically related. (Opp. at 19.) Marciniak grounds her argument for relatedness in a common "incentive" that Defendants had "to maintain a reputable public image to receive funding and protect their top performers achieved by strongarming an individual postdoc researcher gaining entry into the country on a visa fostered by RU" and "to improperly address the inappropriate sexual conduct and unchecked discriminatory animus of its male educators." *Id.* Tellingly, this theory is not accompanied by a single citation—because the law is clear that establishing relatedness between predicate acts requires more. *See, e.g., Rosenson v. Mordowitz*, 2012 WL 3631308, at *6-8 (S.D.N.Y.

Aug. 23, 2012) (no vertical relatedness where there was no allegation that business was involved in predicate acts, that predicate acts furthered business's affairs in any way, nor that any other member of the business participated in predicate acts).

Marciniak also fails to allege the necessary close-ended or open-ended continuity. Close-ended continuity calls for more than Marciniak's declaration that "*the institutions involved were aware of* the complained of misconduct for multiple years from 2019 to 2022." (Opp. at 20.) (emphasis added.) The law requires Marciniak to show that *Defendants committed* multiple predicate acts over a lengthy span of time. *See Spool*, 520 F.3d at 184; *Holmes v. Parade Place, LLC*, 2013 WL 5405541, at *4 (S.D.N.Y. Sept. 26, 2013) ( "[t]he Second Circuit has admonished district courts to take care to ensure that the plaintiff is not artificially fragmenting a singular act into multiple acts simply to invoke RICO" and dismissing RICO claim because the complained-of predicate acts "were [instead] subparts of a singular act"). Marciniak does not—and cannot—do so. (Mot. at 19.) Open-ended continuity requires that there be a continuing threat *with respect to the plaintiff. See Kilkenny v. L. Off. of Cushner & Garvey, L.L.P.*, 2012 WL 1638326, at *7 (S.D.N.Y. May 8, 2012). There is no such threat as Marciniak is no longer employed by any of the Defendants. (Mot. at 20.)[10] Marciniak's Opposition therefore confirms that her RICO claim fails as a matter of law.

## CONCLUSION

For the foregoing reasons and those set forth in Defendants' moving brief, Defendants respectfully request that this Court grant their consolidated motion to dismiss in its entirety and award any other relief that the Court deems just and proper.

Dated: January 31, 2024
    New York, New York

---

[10] To the extent Marciniak bases her RICO claim on "[Azevedo's] insidious illegal behavior toward women" generally, (Opp. at 20), she has no standing to do so for injuries that others suffered or will suffer. *See, e.g., Kilkenny*, 2012 WL 1638326, at *7 n.7.

Respectfully submitted,

/s/ Jennifer L. Chunias
*Consented to the use of electronic signature*
Jennifer L. Chunias (admitted *pro hac vice*)
Emily Unger (admitted *pro hac vice*)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
Telephone:  617-570-8239
jchunias@goodwinlaw.com
eunger@goodwinlaw.com

Marco Y. Wong
GOODWIN PROCTER LLP
620 Eighth Avenue
New York, NY 10018
Telephone:  (212) 813-8800
marcowong@goodwinlaw.com

*Attorneys for Massachusetts Institute of Technology*

/s/ Gregory A. Manousos
*Consented to the use of electronic signature*
Gregory A. Manousos (admitted *pro hac vice*)
Cassandra S. Fuller
MORGAN, BROWN & JOY LLP
200 State Street, Suite 11A
Boston, MA 02109
Telephone:  617-788-5010
gmanousos@morganbrown.com
cfuller@morganbrown.com

*Attorneys for President and Fellows of Harvard College*

/s/ Elise M. Bloom
Elise M. Bloom
Patrick J. Lamparello
Noa Michelle Baddish
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY  10036
Telephone: 212-969-3630
ebloom@proskauer.com
plamparello@proskauer.com
nbaddish@proskauer.com

*Attorneys for The Rockefeller University*