UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DR. KAROLINA MARCINIAK-DOMINGUES GONCALVES AGRA and MR. PEDRO MARCINIAK-DOMINGUES GONCALVES AGRA, <br><br> Plaintiffs, <br><br> v. <br><br> MASSACHUSETTS INSTITUTE OF TECHNOLOGY, *et al*., <br><br> Defendants. | Case No. 1:22-cv-10959 (ALC) <br><br> **ORAL ARGUMENT REQUESTED** |

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MASSACHUSETTS INSTITUTE OF TECHNOLOGY'S <u>MOTION TO DISMISS THE AMENDED COMPLAINT</u>

Jennifer L. Chunias (*pro hac vice*)
Emily Unger (*pro hac vice*)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, Massachusetts 02210
Telephone: (617) 570-1000
Email: jchunias@goodwinlaw.com
Email: eunger@goodwinlaw.com

Marco Y. Wong
GOODWIN PROCTER LLP
620 Eighth Avenue
New York, New York 10018
Telephone: (212) 813-8800
Email: marcowong@goodwinlaw.com

*Counsel for Defendant Massachusetts Institute of Technology*

**TABLE OF CONTENTS**

ARGUMENT ........................................................................................................................... 1
I.     THIS COURT LACKS PERSONAL JURISDICTION OVER MIT. ............................... 1
       A.    This Court Does Not Have General Jurisdiction Over MIT. ................................ 1
       B.    This Court Does Not Have Specific Jurisdiction Over MIT................................. 2
II.    VENUE IS IMPROPER IN NEW YORK. ....................................................................... 4
III.   PLAINTIFFS DO NOT STATE A TITLE IX CLAIM AGAINST MIT. .......................... 4
IV.    PLAINTIFFS DO NOT STATE A TITLE VII CLAIM AGAINST MIT. ...................... 10
CONCLUSION ...................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Cases**                                                                                               Page(s)

*Astor Holdings, Inc. v. Roski*,
   2002 WL 72936 (S.D.N.Y. Jan. 17, 2002) ...............................................................................4

*Bustamante v. Atrium Med. Corp.*,
   2020 WL 583745 (S.D.N.Y. Feb. 6, 2020)................................................................................3

*Clegg v. Sotheby's*,
   2023 WL 8281487 (S.D.N.Y. Nov. 30, 2023)...........................................................................8

*Doe 1 v. Congregation of Sacred Hearts of Jesus & Mary*,
   2023 WL 185496 (S.D.N.Y. Jan. 13, 2023) ..............................................................................4

*Doe v. State Univ. of N.Y. Purchase Coll.*,
   617 F. Supp. 3d 195 (S.D.N.Y. 2022).......................................................................................5

*Doe v. Syracuse Univ.*,
   2023 WL 7391653 (2d Cir. Nov. 8, 2023)................................................................................8

*Dollinger v. N.Y. State Ins. Fund*,
   726 Fed. App'x. 828 (2d Cir. 2018)..........................................................................................7

*Gibson v. Suffolk Cnty. Police Dep't*,
   2021 WL 681094 (E.D.N.Y. Feb. 22, 2021).............................................................................2

*Gonzalez v. City of New York*,
   2015 WL 9450599 (E.D.N.Y. Dec. 22, 2015) ........................................................................10

*Irrera v. Humpherys*,
   695 Fed. App'x. 626 (2d Cir. 2017)..........................................................................................5

*Klinkowitz v. Jamaica Hosp. Med. Ctr.*,
   2022 WL 818943 (E.D.N.Y. Mar. 17, 2022)..........................................................................10

*Kneeland v. Bloom Township High Sch. Dist.*,
   484 F. Supp. 1280 (D.C.Ill., 1980) ...........................................................................................9

*Myers v. Doherty*,
   2022 WL 4477050 (2d Cir. Sept. 27, 2022) .............................................................................7

*Nungesser v. Columbia Univ.*,
   244 F. Supp. 3d 345 (S.D.N.Y. Mar. 24, 2017)........................................................................6

*Ochoa v. New York City Dep't of Educ.*,
   2021 WL 5450343 (S.D.N.Y. Nov. 22, 2021)..........................................................................9

*Patane v. Clark*,
    508 F.3d 106 (2d Cir. 2007)......................................................................................6, 7

*Perna v. Sacred Heart Univ., Inc.*,
    2023 WL 2330477 (S.D.N.Y. Mar. 1, 2023) ...................................................................2

*Petrosino v. Bell Atl.*,
    385 F.3d 210 (2d Cir. 2004)...........................................................................................6

*Romualdo v. Guru Krupa 104 Corp.*,
    2023 WL 6167614 (E.D.N.Y. Sept. 1, 2023) ................................................................10

*Roskin-Frazee v. Columbia Univ.*,
    2018 WL 6523721 (S.D.N.Y. Nov. 26, 2018) .................................................................9

*Soper v. Simmons Int'l, Ltd.*,
    582 F. Supp. 987 (N.D.N.Y. 1983).................................................................................4

*Sutton v. Quinnipiac Univ.*,
    2021 WL 5883789 (S.D.N.Y. Dec. 13, 2021) .................................................................3

*Thackurdeen v. Duke Univ.*,
    130 F. Supp. 3d 792 (S.D.N.Y. 2015).....................................................................1, 2, 3

*Toledo v. Unibud Restoration Corp.*,
    2022 WL 171198 (S.D.N.Y. Jan. 19, 2022) .................................................................10

*Tyson v. Town of Ramapo*,
    2023 WL 3949057 (S.D.N.Y. June 12, 2023) ................................................................6

*Ventillo v. Falco*,
    2020 WL 7496294 (S.D.N.Y. Dec. 18, 2020) ...............................................................10

*Weinreb v. Xerox Bus. Servs., LLC*,
    323 F. Supp. 3d 501 (S.D.N.Y. 2018).............................................................................6

*Wolff v. State Univ. of N.Y.*,
    678 F. App'x 4 (2d Cir. 2017) ........................................................................................7

*Zann Kwan v. Andalex Grp., LLC*,
    737 F.3d 834 (2d Cir. 2013).....................................................................................9, 10

MIT[1] demonstrated in its opening briefs[2] that the Complaint should be dismissed for three independently sufficient reasons: (1) the Court lacks personal jurisdiction over MIT; (2) venue is improper in New York; and (3) because of numerous fundamental pleading defects, the Complaint fails to state a claim for relief. In their opposition to MIT's Motion (Dkt. 98, the "Opposition," or "Opp."), Plaintiffs repeatedly mischaracterize governing law and fail to apply the law to the facts alleged in their Complaint, hoping that the Court will turn a blind eye to the myriad of deficiencies in their legal and factual arguments. The Complaint should be dismissed in full and with prejudice.

## ARGUMENT

**I.     THIS COURT LACKS PERSONAL JURISDICTION OVER MIT.**

**A.     This Court Does Not Have General Jurisdiction Over MIT.**

Plaintiffs do not dispute that MIT is incorporated and maintains its principal place of business in Massachusetts, Mot. 6, and they concede that courts routinely decline to exercise general jurisdiction over a university "merely because it engages in the sort of minimal and sporadic contact with the state that is common to all national universities." Opp. 7. Notwithstanding this, Plaintiffs claim that the Court has general jurisdiction because "MIT's actions, influence and employees have reached into New York by violating Marciniak's rights as a New York resident" and "a New Yorker was raped at one of its programs." *See id.* at 8-10. Plaintiffs' allegations fail to establish general jurisdiction over MIT.

Plaintiffs cannot plead general jurisdiction based on "MIT's actions, influence and employees [that] have reached into New York." *See id.* at 8. That is precisely the type of generic, unexceptional conduct of a university that courts routinely find inadequate. *E.g.*, *Thackurdeen v.*

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in MIT's Memorandum of Law in Support of MIT's Motion to Dismiss the Amended Complaint ("Dkt. 81, the "Motion," or "Mot.")

[2] These include the Motion, as well as the Joint Motion. Pursuant to the Court's order dated January 10, 2024 (Dkt. 89), Defendants are also filing a joint reply brief in further support of the Joint Motion, with respect to Counts One, Ten, and Eleven of the Complaint (Count Fourteen was withdrawn with prejudice by Plaintiffs).

*Duke Univ.*, 130 F. Supp. 3d 792, 796-801 (S.D.N.Y. 2015) (no general jurisdiction although university recruits from, fundraises in, offers education and volunteer programs in, maintains active alumni association in, and employs personnel tasked specifically with recruiting and fundraising in New York); *Perna v. Sacred Heart Univ., Inc.*, 2023 WL 2330477, at *4 (S.D.N.Y. Mar. 1, 2023) (no general jurisdiction although university recruits 37.9% of its student body from New York).[3] Plaintiffs' attempt to plead general jurisdiction based on Marciniak's New York residency status also fails. *See* Opp. 8. In analyzing general jurisdiction, the Court must examine *MIT's in-forum contacts*—specifically, whether they are "so continuous and systematic as to render [MIT] essentially at home" in New York. *Thackurdeen*, 130 F. Supp. 3d at 799. Marciniak's residency status is irrelevant to that inquiry, and courts decline to exercise general jurisdiction even where the plaintiff is a resident of the forum. *E.g.*, *id.* at 796-801 (no general jurisdiction despite that plaintiffs were New York residents).

      **B.    This Court Does Not Have Specific Jurisdiction Over MIT.**

In the Opposition, Plaintiffs only argue jurisdiction based on Section 302(a)(1) and (3), waiving any claims based on Sections 302(a)(2) and (4). *E.g.*, *Gibson v. Suffolk Cnty. Police Dep't*, 2021 WL 681094, at *2 (E.D.N.Y. Feb. 22, 2021) (finding arguments waived where plaintiff failed to raise them in opposition to the motion to dismiss). Neither Section 302(a)(1) nor (3) apply here.

Although Plaintiffs do not cite Section 302(a)(1), they argue that "MIT transacts business within New York as it contracts with New York based institutions *i.e.* RU to access its research and postdocs." *See* Opp. 10. Even if that generic, conclusory allegation was sufficient to show that

---

[3] Plaintiffs allege that MIT had "atypical contact . . . with New York via the alleged conspiracy pled in the detailed Complaint in collaboration with the other involved institutions," Opp. 9, but fails to plead any conspiracy at all—much less one that occurred in New York. Instead, the vast majority of the allegations do not relate to MIT at all, and as Plaintiffs concede, all but one of the remaining allegations occurred in Massachusetts. *See* Mot. 7 & n.6-7; Opp. 11 (describing Marciniak's "single New York-related rape allegation and her resulting formal complaint").

MIT transacted business within New York, Plaintiffs have not alleged that their claims "arise out of the business activity that [MIT] allegedly conducts in New York State." *See Sutton v. Quinnipiac Univ.*, 2021 WL 5883789, at *12 (S.D.N.Y. Dec. 13, 2021). Plaintiffs have not pleaded facts to suggest that their claims in this case arise out of MIT's contracts with New York institutions, including RU, as is required to plead jurisdiction under Section 302(a)(1).

As for Section 302(a)(3), Plaintiffs assert that MIT "intentionally mishandled New York resident Marciniak's complaint of rape by Azevedo occurring at the CBMM program (constituting tortious behavior) in conspiring to conceal what occurred to savage Azevedo's reputation, keep his work untainted and come out unscathed itself." *See* Opp. 10. There are several problems with this argument. *First*, Marciniak's complaint of rape was made to MIT's Title IX Bias Response Office in Massachusetts. Compl. ¶¶ 87-95. Applying a situs-of-injury test, any alleged injury occurred in Massachusetts ("the location of the original event which caused the injury"), not New York ("the location where the resultant damages are subsequently felt by the plaintiff"). *See Thackurdeen*, 130 F. Supp. 3d at 806 ("An injury does not occur within the state simply because the plaintiff is a resident."). *Second*, MIT does not regularly conduct business in New York or derive substantial revenue from goods or services rendered in New York, as required under Section 302(a)(3), and Plaintiffs do not contest this. *See* Mot. 8. *Finally*, it is not reasonably expected that the myriad of alleged events—all but one of which Plaintiffs concede occurred outside New York—would generate consequences for MIT in New York. *See id.*; Opp. 11.

After two complaints and the Opposition, Plaintiffs still fail to plead minimum contacts to satisfy due process for extending jurisdiction over MIT. *See Bustamante v. Atrium Med. Corp.*, 2020 WL 583745, at *4 (S.D.N.Y. Feb. 6, 2020). The Court should dismiss all claims against MIT for lack of personal jurisdiction under Rule 12(b)(2).

3

## II. VENUE IS IMPROPER IN NEW YORK.

Plaintiffs allege that venue is proper in New York because "a substantial part of the events giving rise to her sexual assault, harassment, discrimination and retaliation claims pertaining to MIT's involvement occurred in this district and the actions taken by MIT continued to have an effect on Marciniak after her return to New York." *See* Opp. 12. Plaintiffs' claim that a substantial part of the events occurred in New York is belied by the fact that Plaintiffs only cited ten of 220 paragraphs in their Complaint in support of venue in New York, and only one paragraph clearly concerns an event that Plaintiffs associate with MIT that occurred in New York. *See id.* (citing Compl. ¶¶ 67-76); Compl. ¶ 74. Because "[t]he focus of the plaintiffs' claims [against MIT] is on events that transpired" in Woods Hole, Compl. ¶¶ 67-70, Cambridge, *id.* ¶¶ 75-79, 87-95, and Falmouth, *id.* ¶ 201, "all of which were in the District of Massachusetts," venue is inappropriate in New York. *See Doe 1 v. Congregation of Sacred Hearts of Jesus & Mary*, 2023 WL 185496, at *2 (S.D.N.Y. Jan. 13, 2023). The fact that MIT's alleged actions impacted Marciniak after she returned home to New York does not control. *E.g.*, *Soper v. Simmons Int'l, Ltd.*, 582 F. Supp. 987, 992 (N.D.N.Y. 1983) (transferring case from N.D.N.Y. to S.D.N.Y. despite allegations that "the impact of the conspiracy is felt in" N.D.N.Y.). Taken to its logical conclusion, Plaintiffs' argument would mean that "plaintiffs could always sue in their home forum," which is "*not* what Congress has provided." *Astor Holdings, Inc. v. Roski*, 2002 WL 72936, at *8 (S.D.N.Y. Jan. 17, 2002).

## III. PLAINTIFFS DO NOT STATE A TITLE IX CLAIM AGAINST MIT.

### A. Certain Of The Title IX Claims, Including All Of Count III, Are Not Actionable As To MIT And/Or Are Time-Barred.

Plaintiffs' claims regarding Freiwald and conduct that occurred prior to December 29, 2019, are not actionable as to MIT. *See* Mot. 10-11. In the Opposition, Plaintiffs argue that their claims against Freiwald "are actionable against MIT due to its participation in the cooperative

agreement with the other institutions facilitating extensive collaboration between faculty from all schools, specifically RU, which employed Freiwald." Opp. 12-13. Conspicuously absent is a single case that supports Plaintiffs' proposition that MIT can be held liable under Title IX for conduct of someone it neither employed nor controlled. The cases suggest the opposite: "Title IX affords a remedy to a student who is subjected to sexual harassment *by a teacher or professor at an educational institution* receiving federal funds." *Irrera v. Humpherys*, 695 Fed. App'x. 626, 628 (2d Cir. 2017). Freiwald was neither employed nor controlled by MIT, so the claims about Freiwald should be dismissed as to MIT.

Plaintiffs also try to save their untimely claims by citing the continuing violation doctrine, Opp. 13, a doctrine that "is heavily disfavored in the Second Circuit and [that] courts have been loath to apply . . . absent a showing compelling circumstances." *Doe v. State Univ. of N.Y. Purchase Coll.*, 617 F. Supp. 3d 195, 209 (S.D.N.Y. 2022). "Under the continuing violation doctrine, a plaintiff may bring claims for discriminatory acts that would have been barred by the statute of limitations as long as an act contributing to that discrimination took place within the statutory time period." *Id.* at 208. "Discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges," *Irrera*, 695 Fed. App'x. at 629, and "[a] continuing violation is not established merely because an employee continues to feel the effects of a discriminatory act on the part of the employer," *Doe*, 617 F. Supp. 3d at 209. Plaintiffs have not demonstrated compelling circumstances for applying the continuing violation doctrine. Their claim appears to be that because they filed a complaint with the EEOC on August 10, 2020, the Court should resuscitate all of Plaintiffs' claims based on conduct that allegedly occurred prior to December 29, 2019. *See* Opp. 13. But that is not how the continuing violation doctrine works. The August 10, 2020 event is not "an act contributing to" the discrimination that Plaintiffs

5

allegedly suffered, so it cannot be the basis for applying the continuing violation doctrine. Plaintiffs' reliance on *Petrosino v. Bell Atl.*, 385 F.3d 210 (2d Cir. 2004), and other cases is puzzling: *None* involve Title IX claims—they all involve Title VII claims, whose statute of limitations (unlike Title IX) is tied to the filing of an EEOC complaint; and *none* hold that a plaintiff's delayed filing of an EEOC complaint somehow resurrects otherwise untimely Title IX claims. *See id.* at 13-14. As Plaintiffs do not allege *any* timely act contributing to any alleged discrimination before December 29, 2019, their claims are untimely as to MIT. *See* Mot. 11.

### B. No Disparate-Treatment Discrimination Claim Against MIT (Count II).

"*Title IX*, unlike Title VII, *does not provide for disparate impact theories.*" *Weinreb v. Xerox Bus. Servs., LLC*, 323 F. Supp. 3d 501, 521 (S.D.N.Y. 2018). That forecloses Plaintiffs' disparate-treatment discrimination argument. The only case Plaintiffs cite in opposition, *Patane v. Clark*, does not hold otherwise—that court specifically remarked that it was *not* "consider[ing] the plausibility of" "a disparate impact-based claim for discriminatory action" since that was not pleaded in either Plaintiffs' complaint or brief. 508 F.3d 106, 112 & n.5 (2d Cir. 2007).

Plaintiffs also still fail to allege any facts demonstrating that *MIT* treated male and female postdocs differently. *See Nungesser v. Columbia Univ.*, 244 F. Supp. 3d 345, 362 (S.D.N.Y. 2017) (plaintiff must show that "*the defendant* discriminated against him or her because of sex"). Plaintiffs fail to plead facts to show that MIT participated in preparing "the CBMM Summer School teaching material [that] contained sexist and misogynist remarks," "unequally" distributing "CBMM opportunities," limiting a networking opportunity to Google to "chosen male postdocs," staffing "only three out of 20 Teaching Assistants [with] women," and causing "CBMM Supervisor [to] discuss[] the topic of sex with students." *See* Opp. 14-15. Even if Plaintiffs alleged MIT's participation, they still have not alleged any facts to show that any discrimination was *because of* sex. *See Tyson v. Town of Ramapo*, 2023 WL 3949057, at *7 (S.D.N.Y. June 12, 2023).

6

### C.     No Sex-Hostile Environment Claim Against MIT (Count IV).

"To establish harassment sufficient to create a hostile educational environment that would violate Title IX, a plaintiff must show . . . *that the institutional defendants had actual knowledge of the harassment and failed to respond.*" *Wolff v. State Univ. of N.Y.*, 678 F. App'x 4, 6-7 (2d Cir. 2017). Plaintiffs' cases do not suggest otherwise—none are Title IX cases, and only one of the three cases (*Patane*) involves allegations regarding a hostile *educational* environment.[4] It is entirely unsurprising that the *Patane* court did not discuss this requirement. There, plaintiff, a secretary, alleged that her supervisor at Fordham University, among other things, watched pornographic videotapes in his office daily. *Patane*, 508 F.3d at 110. Plaintiff pleaded that she "showed one of the videotapes [to] the Director of the Equity and Equal Opportunity Department at Fordham's Bronx campus," who "took no remedial action beyond reporting Plaintiff's complaint [to] the Associate Vice-President of Academic Affairs at Fordham's Bronx campus." *Id.* Plaintiff further alleged that she "continued to report [her supervisor's] behavior" to those individuals over a three-year period, "including showing them the collection of thirty-six pornographic videotapes that [her supervisor] kept in his office." *Id.* Such specific allegations regarding knowledge and failure to respond are missing in this case. Plaintiffs' only allegation of MIT's knowledge is Marciniak's Title IX complaint, to which MIT swiftly responded, culminating in an investigation by MBL that lasted several months. *See* Mot. 12-14.

### D.     No Deliberate Indifference Claim Against MIT (Count V).[5]

Plaintiffs abandon any deliberate indifference claim against MIT based on the conduct of MBL's investigation of Marciniak's complaint or RU's interactions with Marciniak after its filing.

---

[4] *See* Opp. 15-16 (*citing Patane*, 508 F.3d 106; *Myers v. Doherty*, 2022 WL 4477050, (2d Cir. Sept. 27, 2022) (former New York Police Department employee suing employer); *Dollinger v. N.Y. State Ins. Fund*, 726 Fed. App'x. 828 (2d Cir. 2018) (former New York State Insurance Fund employee suing employer)).

[5] Plaintiffs have withdrawn their Title IX erroneous outcome and state law negligent hiring, training, supervision, and retention claim (Counts VI and VII). *See* Opp. 16, 18. The Court accordingly should dismiss those claims.

7

*Compare* Mot. 14, *with* Opp. 16. As for the NSF's investigation of that complaint, Plaintiffs plead no facts to show that MIT was involved therewith, much less any conspiracy "to bury" her allegations. *Compare* Compl. ¶¶ 94, 105, 110, *with* Opp. 16. Plaintiffs' theory based on MIT's handling and referral of the complaint to MBL also fails. Plaintiffs' only case suggests that MIT did *not* act with deliberate indifference. In *Doe v. Syracuse University*, the court *affirmed dismissal* of a deliberate indifference claim because, "[u]pon receipt of [plaintiff's] report, [defendant's] Title IX Office promptly provided [plaintiff] with information about its policies, resources . . . , and the complaint process; set up virtual meetings to discuss her situation; and sent follow-up emails to check in with [plaintiff]." 2023 WL 7391653, at *2 (2d Cir. Nov. 8, 2023). Similarly, the Complaint confirms MIT's prompt response and extensive correspondence with Marciniak about her complaint. *See* Compl. ¶¶ 87-95; Mot. 12-14. The *Doe* court also found that "[d]isagreement with disciplinary decisions of the school does not lead to a right to specific remedial measures." 2023 WL 7391653, at *2. Here, too, Plaintiffs cannot base their claim on their disagreement with whether a no-contact order needed to issue and who should investigate the complaint.[6] As *Doe* held, Plaintiffs must show that MIT's "response to known discrimination is clearly unreasonable in light of the known circumstances," and they have not done so. *See id.* at *1; *cf.* Opp. 16.

### E.     No Heightened Risk Claim Against MIT (Count VIII).

Plaintiffs do not contest that, to plead heightened risk, they must show that MIT had "actual knowledge of a heightened risk of sexual assault in a specific context," and that MIT's knowledge was specific enough to allow it to remedy such a policy. *See Roskin-Frazee v. Columbia Univ.*,

---

[6] Plaintiffs claim that "Rankin of MIT *scoffed at and denied*" Marciniak's request for a no-contact order. Opp. 16. That claim is not in the Complaint, which simply alleges that Rankin offered that Marciniak could "talk to Harvard [or] apply for a restraining order through the courts." Compl. ¶¶ 87-88. Thus, the Court should disregard that allegation. *See Clegg v. Sotheby's*, 2023 WL 8281487, at *1 n.1 (S.D.N.Y. Nov. 30, 2023) ("Facts not set forth in the complaint will not be considered by the Court. A party is not entitled to amend her pleading through statements in her [motion to dismiss opposition] brief.").

8

2018 WL 6523721, at *5 (S.D.N.Y. Nov. 26, 2018). Plaintiffs do not try to plead knowledge of a specific, heightened risk. Instead, Plaintiffs declare—citing no cases—that they are "not required to allege MIT had prior knowledge of Azevedo's sexual assaults," and "MIT did not uphold written policies to prevent the sexual harassment." *See* Opp. 17. These statements do not help Plaintiffs plead the elements of their heightened risk claim, and do not save their claim from dismissal.[7]

### F.     No Retaliation Claim Against MIT (Count IX).

Plaintiffs concede that they must demonstrate "a causal connection between the protected activity and the adverse employment action." *See* Opp. 17. However, Plaintiffs still do not plead causation between Marciniak's complaint in March 2019, and the decision by administrators of the CBMM summer program not to offer her a TA position *one year later*. *See* Mot. 16. *Ochoa v. New York City Dep't of Education* is on point: in that case, plaintiff brought a retaliation claim and alleged causation between her September 2019 complaint with the New York State Division of Human Rights, and a negative job reference given by defendant to plaintiff's prospective employer *one year later* in September 2020. 2021 WL 5450343, at *4 (S.D.N.Y. Nov. 22, 2021). The court dismissed plaintiff's claim, as "the temporal proximity between the negative reference and the complaint is too attenuated to infer a causal connection on timing alone," and plaintiff "offers no other facts to support a causal inference for purposes of her retaliation claim." *Id.* So too here, especially in the face of Plaintiffs' allegations that *refute* any inference of causation. *See* Mot. 16-17. Plaintiffs' only case *supports* dismissing Count IX: in *Zann Kwan v. Andalex Grp. LLC*, the court found the "three-week period" between plaintiff's complaint and her termination

---

[7] Plaintiffs' citation to *Kneeland v. Bloom Township High Sch. Dist.*, 484 F. Supp. 1280 (N.D. Ill. 1980), is perplexing: (1) MIT has not argued that Marciniak cannot avail herself of Title IX protections because she was not a student, *cf.* Opp. 16; (2) *Kneeland* is an out-of-circuit, district court case that is "[d]isapproved of by" the U.S. Supreme Court; (3) it is not a "heightened risk" case; and (4) it does not contain the language Plaintiffs purportedly quote from it on page 17. *See* Opp. 16-17.

9

"sufficiently short to make a prima facie showing of causation." 737 F.3d 834, 845 (2d Cir. 2013).

## IV. PLAINTIFFS DO NOT STATE A TITLE VII CLAIM AGAINST MIT. [8]

Plaintiffs concede they must plead an employer-employee relationship between Marciniak and MIT. *See* Opp. 18. Unable to argue that MIT was Marciniak's sole employer, Plaintiffs claim MIT was "a joint employer sharing significant control over her employment with RU and Freiwald via the cooperative agreement." *Id.* Plaintiffs plead no facts to demonstrate that MIT actually had such control, such as that MIT "(1) did the hiring and firing; (2) directly administered any disciplinary procedures; (3) maintained records of hours, handled the payroll, or provided insurance; (4) directly supervised the employees; or (5) participated in the collective bargaining process." *See Toledo v. Unibud Restoration Corp.*, 2022 WL 171198, at *1 (S.D.N.Y. Jan. 19, 2022). Courts routinely find "conclusory allegations of control," such as an allegation that "all Defendants, in the collective, share control over the employees," insufficient to plead a joint employer relationship. *Romualdo v. Guru Krupa 104 Corp.*, 2023 WL 6167614, at 7 n.5 (E.D.N.Y. Sept. 1, 2023); *see* Mot. 18-19 (collecting cases). Plaintiffs' cases do not help them. Each *declines* to find a joint employer relationship based on conclusory allegations of control. *See Toledo*, 2022 WL 171198, at *2; *Klinkowitz v. Jamaica Hosp. Med. Ctr.*, 2022 WL 818943, at *7 (E.D.N.Y. Mar. 17, 2022); *Gonzalez v. City of New York*, 2015 WL 9450599, at *3 (E.D.N.Y. Dec. 22, 2015).

## CONCLUSION

Plaintiffs have had two bites at the apple and identify no facts that would change this result. The Complaint should be dismissed with prejudice. *See* Mot. 25.

---

[8] Plaintiffs also fail to plead Title VII liability because Count V is untimely, and fail to plead an adverse action and sex-based discrimination. Mot. 19-21. In addition, Count IX does not plead an adverse action attributable to MIT and a causal connection between the filing of Marciniak's complaint and CBMM's decision not to hire her for a TA position a year later. *Id.* at 21-22. Plaintiffs do not address any of these arguments in the Opposition and therefore have waived such claims. *See Ventillo v. Falco*, 2020 WL 7496294, at *12 (S.D.N.Y. Dec. 18, 2020) (arguments or claims waived or forfeited where plaintiff failed to address them in response to a motion to dismiss).

Dated: January 31, 2024

Respectfully submitted,
MASSACHUSETTS INSTITUTE OF TECHNOLOGY

By their attorneys,

*/s/ Jennifer L. Chunias*

Jennifer L. Chunias (*pro hac vice*)
Emily Unger (*pro hac vice*)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, Massachusetts 02210
Telephone: (617) 570-1000
Email: jchunias@goodwinlaw.com
Email: eunger@goodwinlaw.com

Marco Y. Wong
GOODWIN PROCTER LLP
620 Eighth Avenue
New York, New York 10018
Telephone: (212) 813-8800
Email: marcowong@goodwinlaw.com

**CERTIFICATE OF SERVICE**

I, Jennifer L. Chunias, hereby certify that a copy of the foregoing Memorandum of Law in Support of Massachusetts Institute of Technology's Motion to Dismiss the Amended Complaint, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on January 31, 2024.

Dated: January 31, 2024                                                                 */s/ Jennifer L. Chunias*