UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- X
KAROLINA MARIA MARCINIAK-  :
DOMINGUES GONCALVES AGRA and :
PEDRO HENRIQUE MARCINIAK- :
DOMINGUES GONCALVES AGRA, :
 :
          Plaintiffs, :
 : Civil Action No. 1:22-cv-10959-ALC
  -against- :
 :
MASSACHUSETTS INSTITUTE OF :
TECHNOLOGY, PRESIDENT AND :
FELLOWS OF HARVARD COLLEGE, :
BOSTON CHILDREN'S HOSPITAL, :
MARINE BIOLOGICAL LABORATORY, :
UNIVERSITY OF CHICAGO, :
ROCKEFELLER UNIVERSITY, and :
NATIONAL SCIENCE FOUNDATION :
(NSF)—CENTERS FOR BRAINS, MINDS :
& MACHINES COOPERATIVE :
AGREEMENT :
 :
          Defendants. :
 :
---------------------------------------------------------- X

**DEFENDANT PRESIDENT AND FELLOWS OF HARVARD COLLEGE'S
REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO DISMISS THE AMENDED COMPLAINT**

                                                    Gregory A. Manousos (admitted *pro hac vice*)
                                                    Cassandra S. Fuller
                                                    Morgan Brown & Joy, LLP
                                                    200 State Street, Suite 11A
                                                    Boston, MA 02109
                                                    617-523-6666
                                                     gmanousos@morganbrown.com
                                                     cfuller@morganbrown.com
                                                     *Counsel for President and Fellows of*
                                                     *Harvard College*

Dated: January 31, 2024

**TABLE OF CONTENTS**

Table of Authorities ................................................................................................................... ii
I.   Preliminary Statement ................................................................................................... 1
II.  Argument ...................................................................................................................... 2
     A.   Plaintiffs Provide No Basis for the Court to Assert Personal Jurisdiction Over
          the Claims Against Harvard ……………………………………………………….2
     B.   The Continuing Violation Doctrine Does Not Apply to Marciniak's Title IX
          Claims ……………………………………………………………………………5
     C.   Marciniak Does Not Put Forth Any Arguments as to the Viability of a
          Disparate Treatment Claim (Count II) …………………………………………….6
     D.   The Opposition Does Not Address the Deficiency in Marciniak's
          Sex-Hostile Environment Claim (Count IV) ……………………………………7
     E.   Marciniak Does Not Address the Fact that Her Complaint was Investigated, and
          Her Claims for Deliberate Indifference and Heighten Risk Still Fail (Counts V
          and VIII) …………………………………………………………………………7
     F.   Marcinak Does Not Allege Causation and Cannot Sustain a Retaliation Claim
          (Count IX) ………………………………………………………………………8
III. Conclusion .................................................................................................................... 9

# **TABLE OF AUTHORITIES**

**Cases**

*Agosto v. N.Y.C. Dep't of Educ.*, 982 F.3d 86 (2d Cir. 2020)......................................................... 9
*Bamba v. Fenton*, 758 Fed. Appx. 8 (2d Cir. 2018) ........................................................................ 9
*Bernstein v. MONY Grp.*, 228 F. Supp. 2d 415 (S.D.N.Y. 2002).................................................... 5
*DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81 (2d Cir. 2001) ...................................................... 4
*Fleming v. Verizon N.Y., Inc.*, 419 F. Supp. 2d 455 (S.D.N.Y. 2005) ............................................ 6
*Kwan v. Andalex Grp. LLC*, 737 F.3d 834 (2d Cir. 2013).............................................................. 8
*Mareno v. Rowe*, 910 F.2d 1043 (2d Cir. 1990) ............................................................................ 4
*Ochoa v. N.Y.C. Dep't of Educ.*, No. 20-cv-9014 (ALC), 2021 WL 5450343 (S.D.N.Y.
    Nov. 22, 2021) ........................................................................................................................ 8
*Ogunsalu v. Nair*, No. 03CV00320 IEG (BLM), 2006 WL 8447969 (S.D. Cal. May 3, 2006),
    *aff'd*, 264 Fed. Appx. 672 (9th Cir. 2008) ............................................................................... 3
*Thackurdeen v. Duke Univ.*, 130 F. Supp. 3d 792 (S.D.N.Y. 2015), *aff'd,* 600 Fed. Appx. 43
    (2d Cir. 2016).................................................................................................................. 2, 3, 4
*Walden v. Fiore*, 571 U.S. 277 (2014)............................................................................................ 3
*Weinreb v. Xerox Bus. Servs., LLC*, 323 F. Supp. 3d 501 (S.D.N.Y. 2018) ................................... 6
*Wolff v. State Univ. of N.Y. Coll. at Cortland*, No. 1:13-cv-1397 (BKS/CFH) 2016 WL
    9022503, (Feb. 5, 2016)........................................................................................................... 6

**Statutes**

20 U.S.C. § 1681(a) ....................................................................................................................... 7
Title IX of the Education Amendments of 1972.......................................................... 1, 5, 6, 7, 8
Title VII of the Civil Rights Act of 1964.................................................................................. 1, 8

**Rules**

CPLR 302(a)(3) ............................................................................................................................. 4

## I. PRELIMINARY STATEMENT

Defendant President and Fellows of Harvard College ("Harvard") respectfully submits this Reply Memorandum of Law in Support of its Motion to Dismiss Plaintiffs' Amended Complaint in response to Plaintiffs' Opposition to Harvard's Motion to Dismiss (the "Opposition"). Harvard's initial Memorandum of Law in Support of its Motion to Dismiss Plaintiffs' Amended Complaint (the "Motion") elucidates the fatal shortcomings in Plaintiffs' claims, and the Opposition fails to identify any factual or legal remedies for those deficiencies. While Marciniak withdraws her claims against Harvard for erroneous outcome (Count VI) and negligent hiring, training, supervision, and retention (Count VII), she continues to make conclusory statements without any factual support as to her remaining claims,[1] often merely reciting the elements of a *prima facie* case without pleading facts sufficient to state a claim upon which relief can be granted.

In addition, Plaintiffs' argument in favor of the Court exercising personal jurisdiction over Harvard is unavailing and similarly fatally flawed. Plaintiffs fail to put forth any facts that establish general jurisdiction over Harvard where Harvard is simply a member institution of the Center for Brains, Minds, and Machines ("CBMM"), did not recruit Marciniak, and does not have sufficient contacts with New York. Similarly, Plaintiffs' reliance on Marciniak's New York residency to establish specific jurisdiction in New York also fails because any injury from the alleged assault in Massachusetts occurred, for jurisdictional purposes, in Massachusetts.

---

[1] The remaining claims against Harvard not addressed in the Consolidated Motion to Dismiss filed by all Defendants are: sexual discrimination-disparate treatment pursuant to Title IX of the Education Amendments of 1972 ("Title IX") (Count II); discrimination based on sex-hostile environment pursuant to Title IX (Count IV); deliberate indifference pursuant to Title IX (Count V); heighted risk pursuant to Title IX (Count VIII); and retaliation pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and Title IX (Count IX).

Therefore, for the reasons stated herein and those set forth in the Motion, the Court should dismiss Plaintiffs' claims against Harvard with prejudice.

## II. ARGUMENT

### A. Plaintiffs Provide No Basis for the Court to Assert Personal Jurisdiction Over the Claims Against Harvard

Like the Amended Complaint, the Opposition fails to point to any facts that would satisfy Plaintiffs' burden of establishing that Harvard has the type of "continuous and systematic" dealings with New York so as to render Harvard "at home" in this State for purposes of general jurisdiction. *Thackurdeen v. Duke Univ.*, 130 F. Supp. 3d 792, 799 (S.D.N.Y. 2015), *aff'd,* 600 Fed. Appx. 43 (2d Cir. 2016). Indeed, Plaintiffs "concede[]" (Opp. at 7-8) the "well established rule" that "national universities are not subject to general jurisdiction outside their state of incorporation or operation." *Id.* They argue, however, that this case is "unique" because Harvard is a party to a "multi-institution collaboration" with other universities through the CBMM, and that at least one of those other members (Rockefeller University) is in New York. Opp. at 8.[2]

As an initial matter, that Harvard collaborates on research with other national research universities, both within and outside Massachusetts, hardly renders Harvard "unique" in this regard. In *Thackurdeen*, for example, plaintiffs asserted general jurisdiction over Duke University and the Organization for Tropical Studies ("OTS"), which was an educational and research organization that "actively recruits students from across the country, including within New York." 130 F. Supp. 3d at 797. The Court held that the mere inclusion in OTS of two New York members and its solicitation

---

[2] Contrary to Plaintiffs' mischaracterization, Harvard is not claiming that it did not participate in the CBMM. *See* Opp. at 7. Rather, Harvard contends that its mere participation with the CBMM, which is alleged to be based at the Massachusetts Institute of Technology ("MIT") in Massachusetts (*see* Am. Compl. ¶ 8; Opp. at 9), does not alone confer personal jurisdiction over Harvard in New York.

of New York students was not enough to confer general jurisdiction over either Duke or OTS. *See id.* at 800-01. Here too, that the CBMM's member institutions include New York-based institutions does not mean that every member of the CBMM is therefore present in New York for jurisdictional purposes. *See, e.g., Ogunsalu v. Nair*, No. 03CV00320 IEG (BLM), 2006 WL 8447969, at *4 (S.D. Cal. May 3, 2006), *aff'd*, 264 Fed. Appx. 672 (9th Cir. 2008) (rejecting claim of general jurisdiction in California over University of Memphis based on its partnership with research institute that included California universities: "while there are facts which suggest defendant University of Memphis does business *with* the State of California, there are no facts which show defendant University of Memphis does business *in* California") (emphasis in original).

Plaintiffs also argue that general jurisdiction should be found because Harvard, through the CBMM, allegedly "reached into New York" by violating the rights of Marciniak, a "New York resident" who had traveled to Massachusetts to participate in the CBMM summer program. Opp. at 10. But there is no allegation here that Harvard itself recruited Marciniak to participate in the CBMM summer program. In any event, it is commonplace for national universities to recruit students from out of state, and it is well settled that such recruitment is not enough to confer general jurisdiction. *See Thackurdeen*, 130 F. Supp. 3d at 799-800. Moreover, the jurisdictional question asks not whether the defendant had sufficient contacts with the *plaintiff*, but whether the defendant had minimum contacts with *the forum state*. *See Walden v. Fiore*, 571 U.S. 277, 285 (2014) ("[O]ur 'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there."). Accordingly, Marciniak's residency in New York cannot confer general jurisdiction in New York over claims against Harvard.

3

Nor does the Opposition establish any basis for specific jurisdiction. Citing CPLR 302(a)(3), which provides a basis for specific jurisdiction where the defendant "commits a tortious act without the state causing injury to person or property within the state," Plaintiffs argue that the alleged sexual assault "in Massachusetts" caused an injury to Marciniak in New York because Marciniak has lived in New York since 2016. Opp. at 12. But specific jurisdiction under Section 302(a)(3) requires the injury *itself* to have occurred in New York. *See DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84-85 (2d Cir. 2001). Under New York law, the injury occurs for purposes of Section 302(a)(3) where the original event happened, not where the resulting damages are felt by the plaintiff. *See Thackurdeen*, 130 F. Supp. 3d at 808. In other words, an injury "does not occur within the state simply because the plaintiff is a resident." *Id.* (citing *Mareno v. Rowe*, 910 F.2d 1043, 1046 (2d Cir. 1990)). Accordingly, Marciniak may not rely upon her New York residency to establish specific jurisdiction under Section 302(a)(3). *See Thackurdeen*, 130 F. Supp. 3d at 808 ("While plaintiffs undoubtedly continued to experience pain and suffering from Ravi's death upon their return to New York, a litigant may not carry an injury home for purposes of section 302(a)(3).").

Nor do Plaintiffs come close to establishing any of the other elements required to establish specific jurisdiction under Section 302(a)(3), including that "defendant expected or should have reasonably expected the act to have consequences in the State," and that "defendant derived substantial revenue from interstate or international commerce." *Id.* at 805. While Plaintiffs argue that it should have been "foreseeable" for Harvard that it would be forced to answer in a New York court "once a postdoc is raped at its CBMM program in Massachusetts" (Opp. at 12), in addition to confusing the CBMM program as a Harvard program, they cite no factual basis to suggest that such an assault was foreseeable to Harvard in the first place, let alone that Harvard would expect to

4

answer in New York for conduct that allegedly took place in Massachusetts at the CBMM's program.  Finally, Plaintiffs do not even attempt to establish that Harvard "derives substantial revenue from interstate or international commerce," thus failing to meet this necessary element as well.  Accordingly, Plaintiffs have not met their burden to establish specific jurisdiction in this Court over the claims against Harvard.

### B. The Continuing Violation Doctrine Does Not Apply to Marciniak's Title IX Claims

Marciniak erroneously argues that her Title IX claims are not time-barred based on the continuing violation doctrine, despite the fact that the allegations supporting her claims occurred prior to July 2020, and she did not file her lawsuit until December 29, 2022.  In so arguing, Marciniak attempts to anchor her claims to the filing of her EEOC charge against Harvard in August 2020.  In the Amended Complaint, Marciniak alleges that she filed an EEOC charge of retaliation against Harvard regarding her rejection from the Teaching Assistant ("TA") position at the CBMM summer school in 2020.  *See* Am. Compl. ¶ 12.  Marciniak now alleges in her Opposition that her Title IX claims can survive despite being time-barred because her EEOC charge was timely and her claims "reasonably relate" to the EEOC charge.  Opp. at 13.  To be considered a continuing violation, the allegations must be sufficiently similar.  Here, Marciniak does not—and indeed cannot—allege similarity between her Title IX claims—*i.e.*, Defendants' alleged failure to investigate her Title IX complaint and the CBMM's alleged hostile environment—and a retaliation claim based on a failure to hire nearly three years later.

Furthermore, courts in the Second Circuit generally disfavor continuing violation arguments and have rejected such arguments in situations comparable to the present case.  *See Bernstein v. MONY Grp.*, 228 F. Supp. 2d 415, 418 (S.D.N.Y. 2002) (holding plaintiff failed to establish a

5

continuing violation as she alleged acts that were discrete and separately actionable); *see also Fleming v. Verizon N.Y., Inc.*, 419 F. Supp. 2d 455, 465 (S.D.N.Y. 2005) ("Continuing violation arguments are disfavored and entertained only upon a showing of compelling circumstances.") (internal quotations omitted). Marciniak fails to present any arguments as to how the continuing violation doctrine would apply here, or how the time-barred allegations are in any way related to her narrow and distinct retaliation claim. In the absence of any "compelling" reason why the Court should consider the continuing violation doctrine, it does not apply to Marciniak's separate and discrete Title IX allegations.

    C. **Marciniak Does Not Put Forth Any Arguments as to the Viability of a Disparate Treatment Claim (Count II)**

Marciniak argues that her disparate treatment claim should remain as it is not time-barred, yet she still fails to allege the required elements of the claim, including intent. *See Wolff v. State Univ. of N.Y. Coll. at Cortland*, No. 1:13-cv-1397 (BKS/CFH), 2016 WL 9022503, at *24 (Feb. 5, 2016). In fact, the Opposition explicitly states that she believes—although erroneously—that she suffered an adverse action for "opposing sexual assault"—conduct entirely different from disparate treatment on the basis of sex. Opp. at 15.

In addition, Marciniak's disparate treatment claim is, in fact, a disparate impact claim in disguise, for which there is no private right of action under Title IX, and the allegations she highlights in her Opposition do not cure this fatal defect. *See Weinreb v. Xerox Bus. Servs., LLC*, 323 F. Supp. 3d 501, 521 (S.D.N.Y. 2018). For example, Marciniak asserts that the CBMM teaching materials contained "sexist and misogynist remarks," male postdocs were selected for a Paolo Alto summit, and three out of 20 teaching assistances were women, but she fails to put forth any facts indicating that Harvard acted with the discriminatory intent required to uphold a disparate

treatment claim. Opp. at 15. Accordingly, Count II must be dismissed.

### D. The Opposition Does Not Address the Deficiency in Marciniak's Sex-Hostile Environment Claim (Count IV)

While the Opposition broadly states that Harvard was involved in "mishandling" Marciniak's complaint, Marciniak does not state any facts as to how, especially in light of her allegations in the Amended Complaint that only a few weeks after she contacted Harvard, the Marine Biological Institute ("MBL")—the proper entity—began investigating. *See* Am. Compl. ¶¶ 87-89, 95. Despite the Motion highlighting the deficiencies in Marciniak's allegations for a sex-hostile environment claim, the Opposition simply restates its conclusory allegations regarding Harvard's involvement, which are plainly insufficient to sustain a claim for sex-hostile environment pursuant to Title IX.

### E. Marciniak Does Not Address the Fact that Her Complaint was Investigated, and Her Claims for Deliberate Indifference and Heighten Risk Still Fail (Counts V and VIII)

The Opposition fails to address the fact that Marciniak's complaint of sexual assault was, in fact, fully investigated. She alleges, for the first time in the Opposition, that Harvard's Title IX Coordinator Jose Martinez "scoffed" at her request for a no contact order (Opp. at 17); however, in the Amended Complaint, Marciniak concedes that Mr. Martinez was attempting to determine which entity had jurisdiction over her complaint. *See* Am. Compl. ¶¶ 89-91. Marciniak still fails to state how Harvard's actions were unreasonable in light of the fact that her complaint was investigated by the relevant institution less than one month after her phone call with Mr. Martinez. *See id.* ¶ 89.

Furthermore, as outlined in the Motion, Title IX applies to individuals who are "excluded from participation in, [] denied the benefits of, or [] subjected to discrimination" by an educational program or activity that receives federal financial assistance. 20 U.S.C. § 1681(a). Marciniak has not alleged that she was a participant in a Harvard program or activity or that she was an employee

7

or student of Harvard at any time relevant to her deliberate indifference and heightened risk claim. The fact that Harvard is simply a member of the CBMM, without any factual allegations as to how Harvard, specifically, deprived her of any benefits or activities, is insufficient to succeed on a Title IX claim against Harvard.

### F. Marcinak Does Not Allege Causation and Cannot Sustain a Retaliation Claim (Count IX)

The Opposition similarly fails to cure the fatal defects on Marciniak's retaliation claims under Title VII and Title IX, as Marciniak does not put forth any facts or arguments as to how Harvard had any knowledge or played any role in allegedly denying Marciniak a position in the CBMM's 2020 summer program. Moreover, Marciniak's timeline for the alleged protected activity—the latest possible event being her April 2019 complaint to Mr. Martinez—is too attenuated to support a claim of retaliation nearly a year later in February 2020 when she alleges she was "refused" the summer program role. Am. Compl. ¶¶ 85, 89. Courts in this Circuit have routinely held periods shorter than the time period in this case are too attenuated to establish causation, and Marciniak has not put forth any case law to suggest otherwise. The cases cited in her Opposition refer to a far shorter period—three weeks—between the protected activity and adverse action (*Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 845 (2d Cir. 2013)), but the time period here is more than nine months longer than that. Plaintiff also cites a case involving a one-year time period (*Ochoa v. N.Y.C. Dep't of Educ.*, No. 20-cv-9014 (ALC), 2021 WL 5450343, at *4 (S.D.N.Y. Nov. 22, 2021))[3] that was held to be too attenuated. In fact, the Second Circuit has held that even a period as short as three and a half months is too attenuated to establish causation. *See Agosto v. N.Y.C.*

---

[3] While the Opposition conclusively states that Marciniak's situation is distinguishable from *Ochoa*, it does not actually explain how the case is distinguishable.

*Dep't of Educ.*, 982 F.3d 86, 104-105 (2d Cir. 2020). It has also expressly held that ten months is too long between the protected activity and the adverse action. *See Bamba v. Fenton*, 758 Fed. Appx. 8, 12 (2d Cir. 2018). Therefore, Marciniak's retaliation claim fails as a matter of law, and Count IX must be dismissed.

### III. CONCLUSION

For the reasons set forth above, in the Motion, and in the Consolidated Motion to Dismiss on behalf of all Defendants, Harvard respectfully requests that the Court grant its Motion and dismiss Plaintiffs' Amended Complaint as against Harvard in its entirety and with prejudice.

Respectfully submitted,

PRESIDENT AND FELLOWS OF HARVARD COLLEGE

By its attorneys

*/s/ Cassandra S. Fuller*
Gregory A. Manousos (admitted *pro hac vice*)
Cassandra S. Fuller
MORGAN, BROWN & JOY LLP
200 State Street, Suite 11A
Boston, MA 02109
(617) 523-6666
gmanousos@morganbrown.com
cfuller@morganbrown.com

Dated: January 31, 2024
       Boston, Massachusetts

9