

GREGORY A. MANOUSOS
Direct Dial (617) 788-5010
Email: gmanousos@morganbrown.com

P (617) 523-6666 F (617) 367-3125
200 State Street, Boston, MA 02109
morganbrown.com

December 4, 2024

**VIA ECF**
Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, New York 10007

**Re: Marciniak-Domingues Goncalves Agra, et al. v. Massachusetts Institute of Technology, et al.**
**Case No. 1:22-cv-10959-ALC**

Dear Judge Carter:

In accordance with Rule 2 of Your Honor's Individual Practices, we respectfully submit this letter on behalf of the President and Fellows of Harvard College ("Harvard")[1] to request a pre-motion conference in connection with Harvard's anticipated motion to dismiss the Second Amended Complaint ("SAC") in this matter.

Plaintiff commenced this lawsuit *pro se* on or about December 29, 2022, against Harvard and seven other defendants. Docket No. 1. This Court, after seeing pre-motion to dismiss letters by defendants, gave Plaintiff an opportunity to amend the complaint, and she filed the First Amended Complaint ("FAC") on or about April 10, 2023. Docket No. 65. Harvard moved to dismiss the FAC on or about December 15, 2023. Docket No. 78. This Court granted Harvard's Motion to Dismiss on or about September 30, 2024, but allowed Plaintiff another opportunity to amend the complaint. Docket No. 107.

Plaintiff filed the SAC on or about October 24, 2024. Docket No. 110. Among many other allegations, Plaintiff Dr. Karolina Maria Marciniak-Domingues Goncalves Agra ("Dr. Marciniak" or "Plaintiff") alleges she was a post-doctoral researcher at the co-defendant Rockefeller University ("Rockefeller"). Plaintiff further alleges that, in or around August 2017, while working as a teaching assistant at a summer school program through the Center for Brains, Minds, and Machines ("CBMM") in Woods Hole, Massachusetts, she was sexually assaulted by another teaching assistant. SAC ¶ 111. Plaintiff alleges eight "causes of action" against Harvard arising out of this incident and the ensuing events as follows:

[1] Harvard has also been incorrectly named as "Harvard University" in the Second Amended Complaint. The President and Fellows of Harvard College is the formal name for Harvard.






- First Cause of Action – Violation of the Trafficking Victims Protection Act ("TVPA") pursuant to 18 U.S.C. § 1591, *et seq.* for sex and human trafficking
- Second Cause of Action – Unlawful Sex Discrimination in Violation of Title IX
- Fourth Cause of Action – Discrimination Based on Sex-Hostile Environment in Violation of Title IX
- Fifth Cause of Action – Deliberate Indifference in Violation of Title IX
- Sixth Cause of Action – Heightened Risk in Violation of Title IX
- Seventh Cause of Action – Retaliation in Violation of Title IX
- Eighth Cause of Action – Conspiracy to Interfere with Civil Rights in Violation of the Civil Rights Act of 1871, 42 U.S.C. § 1985(2) and (3)
- Ninth Cause of Action – Violation of the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. §§ 1961-1968

Personal Jurisdiction

This is Plaintiff's third complaint filed in this case, which she filed after this Court dismissed the FAC against Harvard (and the other co-defendants). Docket No. 107. This Court specifically found that Plaintiff had not sufficiently established either general or specific jurisdiction over Harvard in New York. *Id.* Harvard again expects to move to dismiss the SAC for failure to establish personal jurisdiction because the SAC fails to cure the deficiencies identified by this Court when it dismissed the FAC.

With respect to general jurisdiction, the Court observed in its decision that Harvard was neither incorporated in nor had its principal place of business in New York, and that nothing in the FAC took this case outside "the well-established rule in this district that national universities are not subject to general jurisdiction outside of their state of incorporation or operation." Docket No. 107, Decision at 9. The Court also specifically rejected the argument that Harvard's mere participation in the National Science Foundation ("NSF")-CBMM agreement was sufficient. *Id.* at 10. The SAC alleges no new facts that would cure these fatal deficiencies. To the contrary, the SAC specifically alleges that Harvard is incorporated in Massachusetts (SAC ¶ 17), and again relies exclusively on the "cooperative agreement with the CBMM program" as a basis for jurisdiction over Harvard (SAC ¶ 8). But this Court already found those same facts insufficient. *See* Docket No. 107, Decision at 10 ("Harvard and MIT's participation in the NSF-CBMM agreement is precisely the kind of minimal and sporadic contact' with New York that does not establish general jurisdiction").






Nor does the SAC cure the Plaintiff's failure to establish specific jurisdiction. The Court's prior decision found that the FAC failed to establish at least two of the essential elements for pleading specific jurisdiction under CPLR § 302(a)(3). Specifically, the Court found that the FAC failed to allege that 1) the injury occurred in New York and 2) Harvard derives substantial revenue from interstate or international commerce. *Id.* at 11-12. With respect to the location of the injury, this Court applied well-settled law to find that the injury occurs, for jurisdictional purposes, at the place of the original event that caused that injury, not where the consequences are later experienced. *Id.* at 12. On this point, nothing in the SAC changes the fact that the alleged injury occurred entirely in Massachusetts. The Court also found that the alleged sexual assault in New York provided no basis to assert jurisdiction over Harvard because, under New York law, jurisdiction over an employer cannot be based on the acts of an alleged agent unless that agent was acting with the knowledge and consent of the non-resident employer. *Id.* at 12-13. Again, as with the FAC, the SAC fails to allege that Harvard knew about and consented to its agent sexually assaulting plaintiff in New York. Finally, while the SAC contains a single allegation that Harvard derives "substantial revenue from interstate commerce by transacting business within New York" (SAC ¶ 9), that one allegation is conclusory, and conclusory allegations are insufficient to establish specific jurisdiction. *See, e.g., Deitrick v. Gypsy Guitar Corp*., No. 16 CIV. 616 (ER), 2016 WL 7494881, at *7 (S.D.N.Y. Dec. 28, 2016) ("Plaintiff's mere conclusory statement [that defendant derived substantial revenue from interstate or international commerce] —tracking the language of the required showing—is insufficient to meet his burden.").

Harvard also reserves the right to raise additional jurisdictional objections to the Complaint, including moving to dismiss on the grounds of improper venue (which was also raised in Harvard's first Motion to Dismiss).

<u>Other Grounds</u>

As an initial matter, Plaintiff's SAC does not satisfy Fed. R. Civ. P. 8(a), which requires a "short and plain statement showing that the pleader is entitled to relief." Plaintiff's 483-paragraph complaint is hardly such a "short and plain statement," and is particularly egregious in light of the guidance provided to Plaintiff by the Court when it dismissed the FAC and provided its legal reasoning thereto. The large majority of the allegations do not relate to Harvard, or somehow attempt to equate Harvard with the other co-defendants without any basis. For this reason alone, Plaintiff's SAC should be subject to a motion to dismiss.





With respect to the First Cause of Action (Violation of the TVPA), Plaintiff's claim fails for the same reason this Court dismissed the FAC. Plaintiff does not allege that a commercial sex act took place through force, threat of fact, or fraud; that she was forced to perform labor under threat of coercion; or that Harvard "benefited" from an underlying TVPA violation. Docket No. 107, at 37-38 (quoting *Corradino v. Liquidnet Holdings, Inc.*, 2021 WL 2853362, at *3 (S.D.N.Y. July 8, 2021)).

With respect to the Second, Fourth, Fifth, Sixth, and Seventh Causes of Action, all related to alleged violations of Title IX, this Court has already found Plaintiff could not sufficiently plead her claims for hostile work environment against Harvard, instead addressing all of her allegations to the CBMM. The same is true of the allegations in the SAC. Further, a large portion, if not all, of Plaintiff's claims are time-barred. Plaintiff's claims for hostile work environment again fail for substantially the same reasons as addressed in Harvard's first Motion to Dismiss.

With respect to the Eighth Cause of Action (conspiracy), Plaintiff's claim fails for the same reason the FAC was dismissed—there are no allegations pertaining to Defendants' conspiring to interfere with any federal proceeding or any discriminatory intent/animus.

With respect to the Ninth Cause of Action (RICO), this Court should dismiss this claim because Plaintiff has again failed to allege any injury to her business or property or that Defendants engaged in a pattern of racketeering activity.

Said another way, the SAC merely reiterates and regurgitates the same claims from the FAC, which this Court already ruled should be dismissed as to all counts against Harvard.

<u>Conclusion</u>

Accordingly, Harvard respectfully requests that the Court schedule a pre-motion conference in coordination with the conference requested by any other defendant who expects to make such a motion. We thank the Court for its consideration of this submission.

Very truly yours,

Gregory A. Manousos