

Jennifer L. Chunias
+1 617 570 8239
jchunias@goodwinlaw.com

Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210

goodwinlaw.com
+1 617 570 1000

December 4, 2024

**VIA ECF & EMAIL**

Hon. Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007
ALCarterNYSDChambers@nysd.uscourts.gov

> Re:  *Marciniak-Domingues Goncalves Agra et al. v. Massachusetts Institute of Technology et al.*, Civil Action No. 1:22-cv-10959 (ALC)

Dear Judge Carter:

Pursuant to Rule 2.A of Your Honor's Individual Rules and Practices, Defendant MIT[1] respectfully requests leave to move to dismiss Plaintiff Marciniak's ("Plaintiff")'s Second Amended Complaint (ECF 108 or "SAC").

## RELEVANT FACTUAL BACKGROUND

The SAC is based on the same facts and circumstances alleged in Plaintiff's two prior complaints, the latest of which was dismissed by this Court in its entirety on September 30, 2024. *See generally* Order. In short, Plaintiff claims that, while visiting a CBMM summer program at MBL's Massachusetts campus, she was sexually assaulted by Azevedo. SAC ¶¶ 109, 111. In March 2019, Plaintiff filed a Title IX complaint with MIT about the incident, and MIT promptly responded, and—after determining MBL was the most appropriate entity to investigate Plaintiff's complaint—referred her to MBL's Title IX officer. *Id.* ¶¶ 148-50, 152, 158-59. MBL's investigation into Plaintiff's complaint ultimately found a lack of probable cause. *Id.* ¶¶ 159-76, 179-81. Plaintiff also alleges that: (1) in 2018, Azevedo sexually assaulted her while staying at her New York apartment, *id.* ¶¶ 121-22; (2) in 2019, while visiting MIT's campus, Plaintiff felt harassed by Azevedo and "called the MIT Police," who quickly responded and "provide[d] security," *id.* ¶¶ 154-55; and (3) at various times, Plaintiff was sexually harassed by her direct supervisor at RU, Friewald, *id.* ¶¶ 108, 112, 120, 128, 131-32, 140-42.

The SAC includes additional factual detail, but all surround the aforementioned alleged conduct of Freiwald and Azevedo and the treatment of Plaintiff's Title IX complaint—events previously described in Plaintiff's first amended complaint ("FAC").

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Opinion and Order dismissing Plaintiff's first amended complaint (ECF 107 or "Order").

Hon. Andrew L. Carter
December 4, 2024
Page 2

## RELEVANT PROCEDURAL BACKGROUND

This is Plaintiff's fourth attempt to state a claim that survives a motion to dismiss based on the facts and circumstances described above, with a fifth attempt also pending:

- On December 29, 2022, Plaintiff filed her first complaint in this case ("*Marciniak I*"). ECF 1.
- Defendants filed pre-motion letters seeking to dismiss Plaintiff's claims on numerous grounds. ECF 15, 22, 24, 27, 32. On April 10, 2023, after this Court held a conference to address Defendants' anticipated motions and gave Plaintiff an opportunity to amend her complaint in light of the deficiencies identified in Defendants' letters, Plaintiff filed the FAC. ECF 65.
- On November 22, 2023, Plaintiff filed another complaint in a wholly new suit based on the same facts and circumstances alleged in *Marciniak I*. C.A. No. 1:23-CV-10305-JPC (S.D.N.Y.) (Cronan, J.) ("*Marciniak II*") Dkt. 1.
- On October 21, 2024, after this Court granted Defendants' motions to dismiss Plaintiff's FAC, Plaintiff filed the SAC. ECF 107-08.
- On October 30, 2024, after the *Marciniak II* court granted MIT's motion to dismiss that complaint, holding that "the rule against claim splitting applie[d]" to bar the suit, Plaintiff filed an amended complaint in that action. *Marciniak II* Dkt. 70 at 14; Dkt. 71.[2]

## ARGUMENT

Plaintiff has had ample opportunity to plead a claim that survives dismissal, and MIT respectfully submits that the Court can *sua sponte* dismiss the SAC in its entirety, with prejudice. Alternatively, at a minimum, MIT should be granted leave to move to dismiss the SAC.

In dismissing the FAC, the Court's well-reasoned order held that (1) it does not have personal jurisdiction over MIT, (2) venue in the Southern District of New York is improper, and (3) Plaintiff had failed to plead any of her claims. With respect to MIT, the SAC largely regurgitates the same facts and claims that the Court already determined failed to state a claim, with the exception of the withdrawal of a number of claims and the assertion of a new Title IX intentional discrimination claim. While Plaintiff includes a limited set of additional facts in an futile attempt to fix the deficiencies outlined in the Order, the additional words do not—and cannot—provide a cure.

Instead, the SAC should be dismissed for the same reasons as the FAC. *First*, the SAC consists of 483 paragraphs and purports to assert 10 causes of action against three separate defendants in a lengthy and convoluted narrative that asserts non-actionable and speculative allegations, contrary to the pleading requirements of Federal Rule of Civil Procedure 8(a)(2) requiring "a short and plain statement . . . of a claim showing that the pleader is entitled to relief." *See Prezzi v. Schelter*,

---

[2] Earlier today, Judge Cronan held a conference to discuss (1) Plaintiff's proposed motion in *Marciniak II* to consolidate both cases, which was filed despite the fact that this Court already determined such consolidation is inappropriate, and (2) the ongoing claim splitting issues in Plaintiff's amended *Marciniak II* complaint. During that conference, Plaintiff proposed voluntarily dismissal of the *Marciniak II* claims, regarding which the parties are currently in discussion.

Hon. Andrew L. Carter
December 4, 2024
Page 3

469 F.2d 691, 692 (2d Cir. 1972).[3]

*Second*, this Court lacks personal jurisdiction over MIT, and nothing in the SAC changes that: MIT is not incorporated in New York, does not maintain its principal place of business in New York, is not "at home" in this forum, did not commit any acts under New York's long-arm statute, and lacks sufficient minimum contacts with New York. *See* Order at 7-14. *Third*, venue is still improper in New York: most of the Defendants reside in, and most of the events occurred in, Massachusetts. *See id.* at 10, 14-15.

*Finally*, the SAC still fails to state any claim against MIT. *See id.* at 19-24, 37-43. Many of Plaintiff's claims are procedurally untimely, and all are substantively meritless. Once again, Plaintiff's Trafficking Victims Protection Act ("TVPA") claim fails because the SAC does not plausibly plead an underlying TVPA violation from which Defendants knowingly benefitted. *See id.* at 37-39. Plaintiff's conspiracy to interfere with civil rights claim should likewise be dismissed—the SAC does not allege "Defendants entered into an agreement to conspire" or "acted with discriminatory intent," nor "how [Plaintiff] was deprived of equal access to her civil rights." *See id.* at 39-40. Nor does Plaintiff identify any actionable injury or pattern of racketeering activity—both of which are necessary to establish a RICO violation. *See id.* at 40-43.

Similarly, Plaintiff's Title IX claims mandate dismissal: absent from the SAC is (1) any basis for MIT's institutional liability on her hostile environment claim, (2) any allegation that salvages her deliberate indifference and heightened risk claims, such as a "suggest[ion] that MIT's response was clearly unreasonable in light of the known circumstances" or an "aware[ness] of Azevedo's sexual assaults prior to the alleged incidents," or (3) with respect to her retaliation claim, "facts that make a *prima facia* showing of a causal connection between Marciniak's complaint and [CBMM's] decision not to hire her as a TA." *See id.* at 19-24. Plaintiff's new Title IX intentional discrimination claim fares no better: MIT's own alleged conduct does not reflect any intentional discrimination, and MIT is not responsible for any of the alleged discrimination by Freiwald, RU, or CBMM. *See, e.g.*, *Manolov v. Borough of Manhattan Cmty. Coll.*, 952 F. Supp. 2d 522, 526-27, 531-34 (S.D.N.Y. 2013).[4]

\*\*\*

For the foregoing reasons, MIT respectfully requests permission from the Court to move to dismiss the SAC in its entirety and with prejudice.[5] MIT further respectfully requests the opportunity to

---

[3] MIT also concurs with RU and Harvard's requests for a pre-motion conference for the reasons stated in their respective December 4, 2024 letters, and respectfully refers the Court to the grounds for dismissal set forth therein—many, if not all, of which MIT likely would also advance in its motion, as tailored to the facts and claims alleged against MIT.

[4] MIT recognizes that, at this stage of the litigation, the Court will accept as true Plaintiff's allegation that Azevedo is employed by MIT. *See* Order at 13. MIT reserves the right to argue that, in fact, it did not employ Azevedo, and that it is not responsible for Azevedo's conduct.

[5] "[T]he Court may deny leave to amend where there is repeated failure to cure deficiencies by amendments or futility of amendment." *Lee v. Corneil*, 2017 WL 1498039, at \*2 (S.D.N.Y. Apr. 25, 2017) (Carter, J.). Such is the case here: Plaintiff has amended her complaint twice and now

Hon. Andrew L. Carter
December 4, 2024
Page 4

confer and propose a briefing schedule for such a motion.

Respectfully submitted,

Jennifer L. Chunias

cc:     All Counsel of Record via ECF

---

largely advances arguments and repleads claims previously dismissed by this Court. Her failure to cure the FAC's deficiencies should preclude the opportunity to further amend. *See id.* at 3.