

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

December 4, 2024

**VIA ECF**

Hon. Andrew L. Carter, Jr.
Southern District of New York
40 Foley Square, Room 435
New York, New York 10007

Elise M. Bloom
Member of the Firm
d +1.212.969.3410
f 212.969.2900
ebloom@proskauer.com
www.proskauer.com

**Re:** *Marciniak v. Massachusetts Institute of Technology, et al.*, No. 22 Civ. 10959 (ALC)

Dear Judge Carter:

On behalf of Defendant The Rockefeller University ("RU"), we write to request a pre-motion conference regarding RU's anticipated motion to dismiss the Second Amended Complaint ("SAC", ECF No. 110), filed by plaintiff Dr. Karolina Marciniak-Domingues Goncalves Agra ("Plaintiff"). Plaintiff's SAC spans 483 paragraphs and 68 pages and contains ten causes of action under seven statutes and one common law claim. As explained below, although the SAC contains more than double the number of paragraphs as in her first amended complaint, Plaintiff's additional allegations do not remedy the fatal deficiencies the Court identified in granting RU's motion to dismiss, so that the SAC should be dismissed with prejudice in its entirety.

Procedural History: Plaintiff commenced this lawsuit *pro se* on December 29, 2022 against RU and seven other Defendants. (ECF No. 1.)[1] In response, Defendants filed pre-motion letters seeking to move to dismiss. The Court gave Plaintiff an opportunity to amend her Complaint to address the defects Defendants identified. (ECF No. 57.) On April 10, 2023, Plaintiff filed the Amended Complaint ("AC"), with 220 paragraphs in over 40 pages. (ECF No. 65.) On November 6, 2023, the Court entered an order setting a briefing schedule for Defendants' anticipated motions to dismiss the AC. (ECF No. 68.) Plaintiff retained counsel who filed a notice of appearance on November 8, 2023. (ECF No. 69.) On December 15, 2023, Defendants moved to dismiss the AC, which Plaintiff's counsel opposed.[2] On September 30, 2024, the Court granted Defendants' motions in their entirety and gave Plaintiff leave to file a second amended complaint. (ECF Nos. 78-87, 107.) On October 21, 2024, Plaintiff's counsel filed the SAC. (ECF Nos. 108, 110.)

Plaintiff's Allegations and Claims: Plaintiff's allegations and claims are substantially similar to those asserted in the AC. Plaintiff asserts claims under the same statutes and based on the same general nucleus of facts – (i) alleged rapes by Frederico Azevedo, who was allegedly employed by MIT, in August 2017 and 2018; (ii) her Title IX complaint filed with MIT (and ultimately investigated by University of Chicago) regarding Azevedo's conduct; and (iii) her employment with RU as a postdoctoral researcher, RU's efforts to provide her with mental health and legal services following her Title IX complaint, the alleged sexual

---

[1] Plaintiff has withdrawn her claims against all but three defendants – RU, MIT, and Harvard. Plaintiff's husband was originally a plaintiff in this lawsuit but is not a party to the SAC.

[2] After Defendants moved to dismiss her complaint, Plaintiff filed a duplicative lawsuit against RU and other defendants that was assigned to Judge Cronan. Judge Cronan dismissed that complaint and gave Plaintiff leave to amend to the extent she could allege claims that were not duplicative to those here. Disregarding Judge Cronan's order, Plaintiff effectively re-filed the same complaint, as to which Defendants have sent a Rule 11 letter.

**Proskauer»**

Hon. Andrew L. Carter, Jr.
December 4, 2024
Page 2

harassment by her supervisor, Dr. Winrich Freiwald ("Dr. Freiwald"), and alleged retaliation for her attempting to "set up professional boundaries" with him.

Plaintiff asserts causes of action against RU under: (i) the Victims of Trafficking and Violence Protection Act of 2000 ("TVPA"); (ii) Title IX of the Education Amendments of 1972 ("Title IX"); (iii) Title VII of the Civil Rights Act of 1964 ("Title VII"); (iv) the New York State Human Rights Law ("NYSHRL"); (v) the New York City Human Rights Law ("NYCHRL"); (vi) 42 U.S.C. § 1985 ("Conspiracy"); (vii) 18 U.S.C. § 1962(c) ("RICO"); and (viii) state common law, for intentional infliction of emotional distress ("IIED"). RU anticipates moving to dismiss all counts on the following bases:

The SAC Does Not Satisfy Rule 8(a): The SAC clearly does not satisfy Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff, represented by counsel, filed a SAC that is significantly longer and more convoluted than the complaint she filed when she was *pro se*. The SAC is filled with irrelevant allegations that have nothing to do with her claims and/or that are clearly time-barred, making it nearly impossible to ascertain which of the hundreds of paragraphs purport to give rise to which claims. With Plaintiff having had the benefit of the Court's thorough, well-reasoned decision dismissing the AC and whereas courts have dismissed complaints filed by *pro se* plaintiffs in similar circumstances, there is no question that the SAC, which was filed while Plaintiff was represented by counsel, should be dismissed with prejudice. *See, e.g.*, *Benzo v. New York State Div. of Hum. Rts.*, 1997 WL 37961, at *3 (S.D.N.Y. Jan. 31, 1997) (dismissing *pro se* complaint with prejudice for failure to comply with Rule 8(a) after plaintiff had already been provided leave to replead), *aff'd*, 141 F.3d 1151 (2d Cir. 1998).

Plaintiff's claims also should be dismissed because Plaintiff has not cured the fatal deficiencies the Court identified in its Order dismissing the AC. (ECF No. 107 (the "Order").)

TVPA (Count 1): This Court dismissed Plaintiff's TVPA sex trafficking claim as to RU because Plaintiff did not allege that a commercial sex act took place through force, threat of fact, or fraud; that she was forced to perform labor under threat of coercion; or that RU "benefited" from an underlying TVPA violation. (Order at 37-39 (quoting *Corradino v. Liquidnet Holdings Inc.*, 2021 WL 2853362, at *3 (S.D.N.Y. July 8, 2021).) The SAC still fails to contain such allegations.

Title IX (Counts 2, 4-6): Plaintiff's Title IX claims, to the extent they arose before December 29, 2019, are barred by the applicable three-year statute of limitations. Indeed, this Court already found that Plaintiff had not established that the continuing violation doctrine applies to any of her claims and nothing in the SAC changes that. (Order at 29-31.) Plaintiff's intentional discrimination claim (Count 2) fails because her allegations after December 29, 2019 do not contain sufficient allegations of discriminatory animus or any alleged adverse action that could give rise to such a claim. *See Forkin v. Loc. 804 Union (IBT)*, 394 F. Supp. 3d 287, 307-08 (E.D.N.Y. 2019).[3] Plaintiff does not allege that she experienced severe and pervasive harassment or that RU had actual knowledge of this harassment, so her hostile work environment claim (Count 4) also fails. *See Myers v. Doherty*, 2022 WL 4477050 (2d Cir. Sept. 27, 2022).

---

[3] Although *Forkin* involved Title VII claims, Title IX sex discrimination claims are subject to the same standard. *See Papelino v. Albany Coll. of Pharmacy of Union Univ.*, 633 F.3d 81, 89 (2d Cir. 2011).

**Proskauer»**

Hon. Andrew L. Carter, Jr.
December 4, 2024
Page 3

As this Court already held, Plaintiff's claims for "Deliberate Indifference" (Count 5) and "Heightened Risk" (Count 6) are not cognizable because she was not a student at RU and does not sufficiently allege that RU's actions (either pre- or post-assault by Azevedo) were "clearly unreasonable." *See Doe v. Trs. Of Columbia Univ.*, 2023 WL 4211031, at *8 (S.D.N.Y. June 27, 2023). (Order at 25-26.)

Title VII / Title IX Quid Pro Quo, Hostile Work Environment (Count 3) and Title VII Retaliation (Count 7): As this Court already held, Plaintiff's Title VII claims arising before July 22, 2020 – 300 days before she filed her complaint with the EEOC on May 18, 2021 – are untimely. 42 U.S.C. § 2000e–5(e)(1). Nor does the SAC allege conduct constituting a continuing violation that could overcome the time bar. Additionally, Plaintiff's quid pro quo and hostile work environment claims under Title IX and Title VII (Count 3) fail because she does not allege any timely conduct that could give rise to such claims under either statute. Plaintiff's retaliation claim under Title VII (Count 7) fails because she effectively concedes that the decision to terminate her employment was made on July 30, 2020, which was 10 months before she filed her administrative charge against RU. *See Mucciarone v. Initiative Inc.*, 2020 WL 1821116, at *14 (S.D.N.Y. Apr. 10, 2020). Furthermore, Plaintiff's allegation that her refusal to go to lunch with Dr. Freiwald in May 2020 was a protected activity does not give rise to a retaliation claim as a matter of law.

NYSHRL and NYCHRL Quid Pro Quo (Count 3): As this Court held, Plaintiff's NYSHRL and NYCHRL claims arising before December 29, 2019 – three years before she commenced this lawsuit – are untimely. CPLR 214(2); NYC Admin Code § 8-502(d). (Order at 36-37.) Plaintiff's allegations after this date fail because they do not allege that anyone at RU offered her anything of value in exchange for sexual favors. *See Lekettey v. City of New York*, 637 F. App'x 659, 661 (2d Cir. 2016).

Conspiracy (Count 8): This Court already found that Plaintiff's civil conspiracy claim under 42 U.S.C. § 1985(2)-(3) failed because, among other reasons, she did not allege that Defendants conspired to interfere with any federal proceeding or any discriminatory intent/animus. (Order at 39-40.) Plaintiff's conspiracy claim is still devoid of such allegations.

RICO (Count 9): This Court dismissed Plaintiff's RICO claim because she failed to allege any injury to her business or property or that Defendants engaged in a pattern of racketeering activity. (Order at 40-43.) The RICO claim in the SAC fails for those same reasons.

IIED (Count 10): This Court dismissed Plaintiff's IIED claim as time-barred because she sued more than one year after her employment ended. (Order at 35.) Plaintiff cannot and does not remedy this defect in the SAC.

We thank the Court for its consideration of this matter.[4]

---

[4] If the court grants RU leave to file a motion to dismiss, RU respectfully requests the opportunity to confer with the other parties to agree on a briefing schedule.

**Proskauer**

Hon. Andrew L. Carter, Jr.
December 4, 2024
Page 4

Respectfully submitted,

*/s/ Elise M. Bloom*

Elise M. Bloom

cc:     All Counsel of Record via ECF