**Shegerian & Associates**

Phone: (310) 860-0770  |  Fax: (310) 860-0771  |  shegerianlaw.com

December 11, 2024

**VIA ECF**
The Hon. Andrew L. Carter
United States District Judge
Southern District of New York
40 Foley Square, Courtroom 435
New York, New York 10007
ALCarterNYSDChambers@nysd.uscourts.gov

      **Re:**    ***Goncalves Agra v. Massachusetts Institute of Technology, et al;***
              ***Case No. 1:22-cv-10959***

Dear Judge Carter:

      We represent Plaintiff Dr. Karolina Marciniak-Domingues Goncalves Agra ("Plaintiff") in the above-referenced matter. Plaintiff respectfully submits this letter in opposition to Defendant the President and Fellows of Harvard College's request to move seeking dismissal of the Second Amended Complaint ("SAC"). In her SAC, Plaintiff alleged additional facts in support of claims in violation of 18 U.S.C. § 1595 and Victims of Trafficking and Violence Protection Act of 2000 ("TVPA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), Title IX of the Education Amendments of 1972 20 U.S.C. § 1681, *et. seq.* ("Title IX"), Civil Rights Act of 1871, 42 U.S.C. 1985(2), Racketeer Influenced and Corrupt organization Act ("RICO"), state claims including the New York State Executive Law ("NYSHRL") § 296, *et seq.*, the New York City Admin. Code § 8-107, *et seq.* ("NYCHRL") and a common law claim for intentional infliction of emotional distress. Plaintiff puts forth her amendments to her complaint present in the SAC are sufficient to defeat a motion to dismiss if brought by Harvard. Therefore, Plaintiff respectfully requests Defendant Harvard's request to file a motion to dismiss be denied in its entirety.

In her SAC, Plaintiff asserts the Court has general jurisdiction over Harvard given the specific collaborative nature of Harvard, its staff, The Rockefeller University ("RU") and its staff supporting Harvard's connection to New York State.[1] The academic institutions of Harvard, Massachusetts Institute of Technology ("MIT") and RU share research and access federal funding provided through the cooperative agreement of the Center for Brains, Minds and Machines ("CBMM") program to collaborate with each other and share both research and talent.[2] As Plaintiff pled in ¶4 of the SAC, this Court has supplemental jurisdiction over Plaintiff's related claims arising under state and city law pursuant to 28 U.S.C. § 1367(a), which Plaintiff argues should not necessarily result in those claims being deemed time barred as the Court found federal claims to be. In *Oshinksy v. New York City Hous. Auth.*, 2000 U.S. Dist. LEXIS 1879, under the continuing violation doctrine, the mandatory filing period is tolled until the last discriminatory act furthering a continuous discriminatory practice or policy, provided that the existence of a continuing violation

---

[1] See Plaintiff's SAC, ¶7.
[2] Id., Plaintiff's SAC, ¶8.

is clearly asserted both in the EEOC filing and in the federal complaint. *Cohn v. New York City Dep't of Parks*, 1996 WL 449539, *3; *Azzolini v. Alitalia Airline*, 1991 U.S. Dist. LEXIS 16422, 90 Civ. 3392, 1991 WL 243380, *2 (S.D.N.Y. Nov. 13, 1991). "[A] continuing violation may be found where there is proof of specific ongoing discriminatory policies or practices, or where specific and related instances of discrimination are permitted by the employer to continue unremedied for so long as to amount to a discriminatory policy or practice." *Quinn v. Green Tree Credit Corp.*, 159 F.3d at 766. Plaintiff asserts the continuing violations doctrine should be applied, which is applicable to Marciniak's federal claims, despite her allegations arising before January, 2020, are not time-barred.[3]

Marciniak continues to argues along with innovating, Harvard, RU and MIT are allowing a severe and pervasive mistreatment of female postdocs by male educators fueled by discriminatory animus resulting in Plaintiff's rape and enduring of sexual harassment by her supervisor, Winrich Freiwald ("Freiwald"), which they collectively disregarded after she lodge complaints directly to MIT and Harvard detailing her allegations. Further, Harvard's contact with New York was not minimal or what should be considered typical conduct for such a revered institution (or any entity ever) due to the physical and emotional harm the disregard and blatant conspiring Harvard partook in to perpetuate an environment where this behavior occurred in the CBMM program, which is a major part of, as is MIT. Harvard's actions, influence and employees have reached into New York by violating Plaintiff's rights as a New York resident who traveled to Massachusetts on various occasions at the behest of RU, a New York based university and perpetrator of sexual harassment, Freiwald to attempt to complete meaningful work in her field only to suffer a sexual assault by Frederico Azevedo ("Azevedo"). Plaintiff also experienced a misogynist culture degrading of women permeating throughout the CBMM events.[4]

In sum, Plaintiff continues to put forth her amendments to her complaint present in the SAC are sufficient to defeat a motion to dismiss if brought by Harvard and respectfully requests the Court deny Defendant Harvard's request to move for dismissal of the Second Amended Complaint in the above-captioned matter.

Thank you for your consideration and courtesy in this matter.

Respectfully submitted,

SHEGERIAN & ASSOCIATES

*/s/ Olivia M. Clancy*


All counsel of record (*via ECF*)

---

[3] *See* SAC, ¶139.
[44] See SAC, ¶¶60, 151-152, 209, 211.