

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

December 17, 2024

**VIA ECF**

Hon. Andrew L. Carter, Jr.
Southern District of New York
40 Foley Square, Room 435
New York, New York 10007

Elise M. Bloom
Member of the Firm
d +1.212.969.3410
f 212.969.2900
ebloom@proskauer.com
www.proskauer.com

**Re:** *Marciniak v. Massachusetts Institute of Technology, et al.*, No. 22 Civ. 10959 (ALC)

Dear Judge Carter:

On behalf of Defendant The Rockefeller University ("RU"), we write in response to Plaintiff Dr. Karolina Marciniak-Domingues Goncalves Agra's ("Plaintiff") *pro se* pre-motion letter dated December 11, 2024—which has not been filed on the Court's docket—seeking to file a motion for leave to file a third amended complaint in this action that would, among other things, name RU faculty member Dr. Winrich Freiwald ("Dr. Freiwald") as a defendant and add two additional claims against RU.[1] As explained in further detail below, Plaintiff's request should be denied as her proposed amendments are futile.

Should the Court consider permitting Plaintiff to amend a third time, in order to conserve judicial resources and because of Plaintiff's stated intention to retain new counsel, RU respectfully requests that (i) the Court allow Plaintiff 30 days to retain new counsel, after which (ii) the Court either holds a conference before any motion practice or, allows Plaintiff 10 days to file a motion for leave to amend her complaint, and that (iii) RU's briefing on its proposed motion to dismiss be deferred until there is certainty as to the operative complaint, including any proposed amendment, if permitted. This request would obviate successive motion practice in the interest of judicial economy and conservation of the parties' resources and shorten any attendant delay, until there is certainty as to the operative complaint or proposed amendment.

### I. Relevant Procedural History

Plaintiff commenced this action *pro se* on December 29, 2022 and named eight defendants, including RU. Plaintiff did not name Dr. Freiwald as a defendant. After all defendants filed pre-motion letters seeking leave to move to dismiss Plaintiff's complaint, the Court allowed Plaintiff an opportunity to file an amended complaint to cure the defects the defendants identified. (ECF. No. 57.) Plaintiff filed her first amended complaint ("FAC") *pro se* on April 10, 2023. Again, Plaintiff did not name Dr. Freiwald as a defendant in her FAC. Plaintiff then retained counsel, Olivia Clancy, who filed a notice of appearance on November 8, 2023. (ECF No. 68.)[2] Defendants moved to dismiss the FAC on December 15, 2023, which Plaintiff's

---

[1] RU submits this response out of an abundance of caution although Plaintiff's letter has not been docketed by the Court. Plaintiff's counsel's motion to withdraw and Plaintiff's request to proceed *pro se* are pending. Although her counsel has not yet been relieved, Plaintiff emailed this letter directly to counsel for RU and represented that it was dropped off in the Court's night drop box. The letter has not been placed on the docket, and it is not clear if it has been accepted by the Court. Plaintiff also did not attach any proposed amended complaint to her letter.

[2] On November 22, 2023, Plaintiff's counsel filed a duplicative lawsuit - *Marciniak v. Massachusetts Institute of Technology et al.* 23 Civ. 10305 ("*Marciniak II*") - asserting various discrimination and harassment claims against RU and Dr. Freiwald. This court denied Plaintiff's request to consolidate *Marciniak I* with the instant action. (ECF No. 93.) RU and Dr. Freiwald then successfully moved to dismiss Plaintiff's original complaint in *Marciniak II* in its entirety, and Judge Cronan provided Plaintiff leave to file an amended complaint to the extent she could raise claims that were not duplicative of those in this action. In complete violation of Judge Cronan's order, Plaintiff, through her counsel, Ms. Clancy, filed an amended complaint in

**Proskauer»**

Hon. Andrew L. Carter, Jr.
December 17, 2024
Page 2

counsel opposed. The Court granted RU's motion to dismiss on September 30, 2024 and allowed Plaintiff leave to file a second amended complaint by October 21, 2024. (ECF No. 107.) Plaintiff, through her counsel, filed her SAC on that date, which again did not name Dr. Freiwald. (ECF No. 108.)

On December 4, 2024, RU filed a letter seeking leave to move to dismiss Plaintiff's SAC, with prejudice, on various grounds. Two days later, Plaintiff's counsel filed a motion seeking to be relieved as counsel for Plaintiff. That motion remains pending.

On December 11, 2024, Plaintiff's counsel filed an opposition to RU's pre-motion letter. (ECF No. 118.) The next day, Plaintiff e-mailed RU a courtesy copy of a pre-motion letter seeking leave to amend her SAC. In that letter, Plaintiff seeks leave to file a motion to amend her SAC, proposing to add Dr. Freiwald as a defendant so that she can assert claims against him under Title VII of the Civil Rights Act of 1964 ("Title VII"), New York State Human Rights Law ("NYSHRL"), New York City Human Rights Law ("NYCHRL"), Gender Motivated Violence Protection Law ("GMVPL"), and battery claims pursuant to the Adult Survivor's Act ("ASA"). Plaintiff also seeks leave to assert GMVPL and battery claims against RU. Plaintiff also states in her letter that she intends to engage counsel to replace Ms. Clancy.

## II. Plaintiff Should Not Be Provided Leave to File a Third Amended Complaint

### A. Plaintiff's Proposed Amendments Are Futile.

Plaintiff's requested amendments as to RU and Dr. Freiwald should be denied as futile. First, Plaintiff cannot add Dr. Freiwald as a defendant. She cannot assert a Title VII claim against Dr. Freiwald because the statute does not provide for individual liability. *Figueroa v. RSquared NY, Inc.*, 89 F. Supp. 484, 492-93 (E.D.N.Y. 2015). Plaintiff's proposed claims against Dr. Freiwald under the NYSHRL and NYCHRL are untimely under the applicable three-year statute of limitations. This is because Plaintiff's claims regarding Dr. Freiwald arise solely out of her employment with RU, which ended more than three years ago on November 30, 2021. Nor are Plaintiff's untimely claims salvaged by Fed. R. Civ. P. 15(c), which relates back claims against an omitted party to the date of the original pleading where that party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Plaintiff clearly knew Dr. Freiwald's identity when she commenced this lawsuit, and her failure to name Dr. Freiwald in any of the three complaints filed in this action is intentional. Indeed, Plaintiff argued in *Marciniak II* that she should be permitted to proceed with two separate lawsuits *because* Dr. Freiwald was named as a defendant in that case and not in this one. *See Marciniak II*, at ECF No. 54 at 10. Because both Plaintiff and her counsel chose not to name Dr. Freiwald as a defendant in this case for strategic reasons, Plaintiff cannot now rely on the relation back doctrine under either state or federal law. *See, e.g.*, *Esmilla v. Cosmopolitan Club,* 2011 WL 814007, at *4 (S.D.N.Y. Mar. 3, 2011) (denying plaintiff's motion to add individual officer defendants to complaint because plaintiff's "initial decision to proceed against the [employer] - and *none* of its officers - reasonably would have been viewed by the

---

*Marciniak II* that was almost identical to the original complaint and therefore is duplicative of this action. In response, RU and Dr. Freiwald sent Plaintiff's counsel a Rule 11 letter requesting her to dismiss her claims in *Marciniak II* with prejudice. Plaintiff has refused to do so even if the claims in this case are carved out as to existing parties. Judge Cronan has scheduled a conference on December 18.

**Proskauer»**

Hon. Andrew L. Carter, Jr.
December 17, 2024
Page 3

officers as a strategic decision, not a mistake by Plaintiff"); *Nemeth v. KTooling*, 40 N.Y.3d 405 (N.Y. 2023) (explaining that the New York relation back doctrine would not apply where it would reward the amending party's strategic failure to name an opposing party); *see also Genao v. Rivera*, 2024 U.S. Dist. LEXIS 123254, at *16 (July 12, 2024) (plaintiff's *pro se* status did not change the analysis under either the federal or state relation back doctrine). Notably, although Plaintiff blames her counsel for not naming Dr. Freiwald as a defendant in her SAC, Plaintiff herself filed the first two complaints in this case and did not name Dr. Freiwald.

Nor can Plaintiff bring battery claims against RU or Dr. Freiwald under the ASA because (i) such claim is untimely as the ASA window closed on November 24, 2023; and (ii) on the merits, she does not allege that Dr. Freiwald or anyone at RU engaged in any acts of battery or sexual assault against her that would constitute an offense under Section 130 of the New York Penal Law. C.P.L.R. 214-j; *see also Johnson v. NYU Langone Health*, 2023 WL 6393466, at *2 (S.D.N.Y. Sept. 30, 2023). Accordingly, Plaintiff's proposed amendments under the ASA against RU and Dr. Freiwald would be futile.

Plaintiff's proposed GMVPL claims against RU and Dr. Freiwald would similarly fail because she does not allege that Dr. Freiwald or anyone affiliated with RU engaged in any acts of sexual violence towards her, which is a pre-requisite for such a claim. NYC ADMIN. CODE § 10-1104. In addition, the GMVPL applied only to individuals and did not cover entities such as RU until it was amended in 2022, and the 2022 amendment does not apply retroactively. *See Doe v. Combs*, 2024 U.S. Dist. LEXIS 220347 (S.D.N.Y. Dec. 5, 2024). Because Plaintiff's employment with RU ended prior to 2022, she cannot assert a GMVPL claim against RU. Accordingly, Plaintiff's request to amend her complaint a third time should be denied.

### B. If This Court Is Inclined To Consider a Motion for Leave To Amend, Any Motion Practice Should Be Deferred.

Given the significant resources the Court and RU have already expended in this action and in Plaintiff's improperly filed duplicative action, *Marciniak II*, RU respectfully requests that, should the Court entertain the possibility of another complaint, any further motion practice be deferred until Plaintiff has had an a reasonable opportunity to engage counsel or confirms she will proceed *pro se*, and the Court determines whether she is permitted a further amendment. Because Plaintiff has represented that her current counsel filed the SAC without Plaintiff's authorization, RU seeks to avoid a situation where motion practice on the current operative complaint goes forward, and is then followed by a request by Plaintiff or her subsequent counsel to further amend. This Court and RU have expended substantial time over Plaintiff's various amended complaints, which have been the subject of two pre-motion letters in this case, a pre-motion letter and a Rule 11 letter in *Marciniak II*, and two fully-briefed motions to dismiss, one in this action and one in *Marciniak II*. Plaintiff should not be permitted to continue her baseless public allegations about Dr. Freiwald or to cause further delay by her improper conduct. Accordingly, RU respectfully proposes that the Court enter an order pursuant to RU's proposed procedure and timeline outlined above.

We thank the Court for its consideration of this matter.

**Proskauer»**

Hon. Andrew L. Carter, Jr.
December 17, 2024
Page 4

Respectfully submitted,

*/s/ Elise M. Bloom*

Elise M. Bloom

cc:     All Counsel of Record via ECF