

|  | Jennifer L. Chunias | Goodwin Procter LLP |
|---|---|---|
|  | +1 617 570 8239 | 100 Northern Avenue |
|  | jchunias@goodwinlaw.com | Boston, MA 02210 |

goodwinlaw.com
+1 617 570 1000

December 17, 2024

**VIA ECF & EMAIL**

Hon. Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007
ALCarterNYSDChambers@nysd.uscourts.gov

Re:  *Marciniak-Domingues Goncalves Agra et al. v. Massachusetts Institute of Technology et al.*, Civil Action No. 1:22-cv-10959 (ALC)

Dear Judge Carter:

Pursuant to Rule 2.A of Your Honor's Individual Rules and Practices, Defendant MIT[1] respectfully opposes Plaintiff Marciniak's pre-motion letter seeking leave to file a third amended complaint (Ex. A[2]). Denying Plaintiff's request would promote judicial economy and avoid prejudicing MIT, who has already defended against Plaintiff's claims *five* times. *See* ECF 113.

As the sole basis for moving amend her pleading in this case for a third time, Plaintiff claims that her attorney acted "negligen[tly] and incompeten[tly]" on her behalf. *See* Ex. A at 1. Specifically, Plaintiff claims that her attorney "filed a separate lawsuit, *Marciniak II*, which [she] neither authorized nor had a chance of reviewing," and amended that complaint after it was dismissed, "again, without seeking [her] authorization or review." *See id.* Conspicuously absent from her pre-motion letter is any explanation as to why she waited **16 months** from her retention of Ms. Clancy to lodge this objection for the first time. Notably, she chose to stay silent until after: (1) this Court denied Plaintiff's motion to consolidate this case with *Marciniak II*; (2) Judge Cronan dismissed the *Marciniak II* complaint; and (3) Judge Cronan instructed Plaintiff to dismiss her amended *Marciniak II* complaint with prejudice. The more plausible inference is that Plaintiff authorized her attorney's actions or, at the very least, chose to take a "wait-and-see" approach, and now seeks a do-over of the past year and a half of litigation because she is dissatisfied with the outcome. The Court should not countenance Plaintiff's abusive tactics. Instead, it should deny Plaintiff's motion, and dismiss her complaint in its entirety and with prejudice.[3]

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Opinion and Order dismissing Plaintiff's first amended complaint (ECF 107 or "Order").

[2] MIT submits this response out of an abundance of caution although Plaintiff's letter has not been docketed by the Court.

[3] The New York Adult Survivors Act ("ASA") and NYC Gender-Motivated Violence Act ("GMVA") claims that Plaintiff intends to add against MIT also are futile. *Cf.* Ex. A at 2. The ASA

Hon. Andrew L. Carter
December 17, 2024
Page 2

Alternatively, the Court should grant Plaintiff thirty (30) days to find new counsel to represent her in this case, and stay any motion practice until after Plaintiff has obtained legal representation.

Respectfully submitted,

Jennifer L. Chunias

cc:  All Counsel of Record via ECF

---

does not independently create a new cause of action, and instead "creat[es] a one-year window for the *revival* of otherwise time-barred civil claims arising out of sexual offenses committed against people who were 18 or older at the time of conduct." *Carroll v. Trump*, 650 F. Supp. 3d 213, 220 (S.D.N.Y. 2023) (emphasis added). Plaintiff cannot plead any sexual offense by MIT as defined in the New York penal law, as required to state a claim. Plaintiff also cannot plead that MIT "direct[ed], enable[d], participate[d] in, or conspire[d] in" Azevedo or Freiwald's alleged misconduct, nor can she include facts to show that, *inter alia*, their alleged misconduct was "motivated by gender," *i.e.*, "animosity and malevolent ill will against women," as required to plead a GMVA claim. *See* N.Y.C., N.Y. Code § 10-1104; *Hughes v. Twenty-First Century Fox, Inc.*, 304 F. Supp. 3d 429, 454-55 (S.D.N.Y. 2018). For these and other reasons, as well as the reasons in MIT's pre-motion letter and in Defendant RU's letter filed earlier today, Plaintiff's claims against MIT cannot survive a motion to dismiss. *See* ECF 113; 120.