

GREGORY A. MANOUSOS
Direct Dial (617) 788-5010
Email: gmanousos@morganbrown.com

**P** (617) 523-6666   **F** (617) 367-3125
200 State Street, Boston, MA 02109
morganbrown.com

December 17, 2024

**VIA ECF**

Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, New York 10007

      Re:    <u>**Marciniak-Domingues Goncalves Agra, et al. v. Massachusetts Institute of Technology, et al.**</u>
            **Case No. 1:22-cv-10959-ALC**

Dear Judge Carter:

      In accordance with Rule 2 of Your Honor's Individual Practices, we respectfully submit this letter on behalf of the President and Fellows of Harvard College ("Harvard")[1] to respond to Plaintiff Karolina Marciniak-Domingues Goncalves Agra's ("Plaintiff") letter dated December 11, 2024, which does not yet appear on the Court's docket, seeking a conference to discuss filing a motion to amend the Second Amended Complaint ("SAC"). This would be the fourth complaint filed in this matter if allowed. Harvard objects to any such motion.

      Plaintiff commenced this lawsuit *pro se* on or about December 29, 2022 against Harvard and seven other defendants. Docket No. 1. This Court, after seeing pre-motion to dismiss letters by defendants, gave Plaintiff an opportunity to amend the complaint, and she filed the First Amended Complaint ("FAC") on or about April 10, 2023. Docket No. 65. Harvard moved to dismiss the FAC on or about December 15, 2023. Docket No. 78. This Court granted Harvard's Motion to Dismiss on or about September 30, 2024, but allowed Plaintiff another opportunity to amend the complaint. Docket No. 107.

      Plaintiff filed the SAC on or about October 24, 2024. Docket No. 110. Among many other allegations, Plaintiff alleges she was a post-doctoral researcher at the co-defendant Rockefeller University ("Rockefeller"). Plaintiff further alleges that, in or around August 2017, while working as a teaching assistant at a summer school program through the Center for Brains, Minds, and Machines ("CBMM") in Woods Hole, Massachusetts, she was sexually assaulted by another teaching assistant. SAC ¶ 111. Plaintiff alleges eight "causes of action" against Harvard arising out of this incident and the ensuing events as follows:

---

[1] Harvard has also been incorrectly named as "Harvard University" in the Second Amended Complaint. "President and Fellows of Harvard College" is the formal name for Harvard.



- First Cause of Action – Violation of the Trafficking Victims Protection Act ("TVPA") pursuant to 18 U.S.C. § 1591, *et seq.* for sex and human trafficking;
- Second Cause of Action – Unlawful Sex Discrimination in Violation of Title IX
- Fourth Cause of Action – Discrimination Based on Sex-Hostile Environment in Violation of Title IX
- Fifth Cause of Action – Deliberate Indifference in Violation of Title IX
- Sixth Cause of Action – Heightened Risk in Violation of Title IX
- Seventh Cause of Action – Retaliation in Violation of Title IX
- Eighth Cause of Action – Conspiracy to Interfere with Civil Rights in Violation of the Civil Rights Act of 1871, 42 U.S.C. § 1985(2) and (3)
- Ninth Cause of Action – Violation of the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. §§ 1961-1968.

According to Plaintiff's December 11 letter, she now seeks to add a claim for Civil Battery under the New York Adult Survivors Act and a claim under the New York City Gender-Motivated Violence Act ("GMVA") against Harvard in a Third Amended Complaint ("TAC"). These are claims she admits she has previously asserted, and which have been dismissed, in a second lawsuit currently pending in the Southern District of New York, Docket No. 1:23-CV-10305-JPC ("*Marciniak II*"). Harvard is not named in *Marciniak II*. *Marciniak II* involves similar, if not identical, claims that Plaintiff was harassed, subjected to a hostile work environment, and wrongfully terminated from her position.

This would be Plaintiff's *fourth* complaint filed in this case if the motion to amend is allowed. Docket No. 107. In dismissing Plaintiff's FAC, this Court specifically found that Plaintiff had not sufficiently established either general or specific jurisdiction over Harvard in New York. *Id.* Harvard opposes any motion to amend to add the two claims she sets forth here for failure to establish personal jurisdiction as set forth in its initial pre-motion letter. Any motion to amend at this juncture would be futile for the reasons set forth therein. *See Azurite Corp. v. Amster & Co.*, 844 F. Supp. 929, 939 (S.D.N.Y. 1994) (denying plaintiff leave to amend complaint where proposed amendment "would be futile because the factual foundations of [its] new allegations are insufficient, as a matter of law, to withstand defendants' motion for summary judgment"), *aff'd*, 52 F.3d 15 (2d Cir. 1995).

Harvard also reserves the right to raise additional jurisdictional and substantive objections to the motion to amend, including that venue is improper (which was also raised in Harvard's first Motion to Dismiss), that the New York Adult Survivors Act is a claim revival statute and does not in and of itself create any independent right, that the GMVA applied only to individuals during the relevant time period, and that the claims for gender discrimination, regardless of the statute under which she seeks to assert them, are insufficiently pled and time-barred.



**VIA ECF**
Honorable Andrew L. Carter, Jr.
December 17, 2024
Page 3

      Plaintiff further asserts in her letter that she should be able to add these two claims to *Marciniak I* because they "relate back" to the original claims. However, Plaintiff neglects to mention that, upon information and belief, the Court in *Marciniak II* informed Plaintiff these claims should be dismissed with prejudice as they were meritless and untimely, similar to the defenses Harvard has presented against the claims against it in *Marciniak I*. It would be a further abuse of process by Plaintiff and a gross miscarriage of justice for Harvard to have to continue to fight the same claims in *Marciniak I*.[2]

      Accordingly, Harvard respectfully requests that the Court schedule a pre-motion conference to discuss the issues raised in its pre-motion letter, as well as Plaintiff's letter. In the alternative, should the Court be inclined to allow Plaintiff to move to amend the Complaint once again, Harvard requests that the Court allow such a motion only after the passage of 30 days, during which time the Plaintiff should be directed to retain new counsel. Harvard notes that Plaintiff has indicated that she intends to do so, and in light of the history of this case—where Plaintiff filed claims against numerous defendants, then retained counsel who revised the claims, then (recently) dismissed her counsel and again seeks to revise her claims while *pro se*—it would be best for Plaintiff to have the benefit of new counsel to advise her before filing yet another motion to amend her Complaint. We thank the Court for its consideration of this submission.

                                                                      Very truly yours,

                                                                      Gregory A. Manousos

---

[2] Plaintiff cites case law for when a new party is being joined to a lawsuit such that the claims that were originally brought "relate back" to that defendant, which does not apply in this instance to Harvard.