Dr. Karolina Agra
500 E. 63rd Street, Apt. 13F
New York, New York 10065
(646) 770-2045
marciniak.kar@gmail.com

RECEIVED
SDNY PRO SE OFFICE

2024 DEC 23  PM 4:01

December 20, 2024

**Via Pro Se Intake Unit**
Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Courtroom 435
New York, New York 10007
ALCarterNYSDChambers@nysd.uscourts.gov

    Re:    Marciniak-Domingues Goncalves Agra, et al. v. Massachusetts Institute of Technology, et al.
              Case No. 1:22-cv-10959-ALC

Dear Judge Carter:

       Plaintiff, *pro se*, writes in accordance with Rule 2. A. of Your Honor's Individual Practices to request a conference with the Court before filing the Motion for the Court's leave to file amended complaint. In addition, this letter addresses Defendant President and Fellows of Harvard College ("Harvard")'s letter dated December 17, 2024, opposing Plaintiff's request for a Court's leave to file an amended complaint [ECF No. 122].

       In a Third Amended Complaint, ("TAC"), Plaintiff seeks to add a claim for Civil Battery under the New York Adult Survivors Act ("ASA") and a claim under the New York City Gender-Motivated Violence Act ("GMVA") against Harvard, the claims by a mistake of law asserted in Marciniak II, the action currently pending the Court's dismissal without the final adjudication on the claims' merit.

       Plaintiff will prevail on her Motion for Leave to Amend the complaint, because here justice so requires. TAC t will allow the Court to address the critical issue of individual perpetrators' actions and Harvard's liability in perpetrating the culture of sexual degradation of junior professionals in academic environment. Plaintiff prevails on the relation back doctrine in asserting new claims against Harvard in the TAC, because the new claims arose out of the same conduct, transaction or occurrence as the original claims asserted against Harvard in Plaintiff's initial pleadings. The new claims would have been named in this action but for Plaintiff's former counsel, Ms. Clancy's misrepresentation of the claim-splitting doctrine, the conduct constituting a mistake of law, which warrants the doctrine's application. See *Nemeth v. K-Tooling*, 40 N.Y.3d 405, 407-08, N.Y. Slip Op. 05349, 2023 WL 69764452023 (2023), citing *Buran v Coupal*, 87 NY2d 173, 178 [1995].

       In relation to the sexual offenses alleged against Harvard's employee, Frederico Azevedo ("Azevedo"), Harvard is liable under theories of vicarious liability, aiding and abetting, and negligent supervision and retention. See *Griffin v. Sirva Inc.*, 858 F.3d 69 (2d Cir. 2017) (aiding and abetting liability extends to local and out-of-state third parties even if they have no employment relationship

with plaintiff if they imposed discriminatory practices)).; See also *Singh v. Memorial Sloan Kettering Cancer Center et al*, 2019 WL 6977106 (S.D.N.Y. Dec. 20, 2019) (employer liable under negligence theories).

Because Azevedo's actions were foreseeable and motivated by his position as a faculty member at Harvard, the university is vicariously liable for the harm caused by those actions. This is particularly relevant in academic settings where faculty members, like Azevedo, are granted significant authority over students and junior researchers. TAC will put the issue of Harvard's liability in sexual offenses, the issue of particular occurrence in a current model of academia and male-dominated hierarchies, at trial. Harvard delegated authority to Azevedo to control important aspects of Plaintiff's life and livelihood, including her accommodation during conferences where the sexual assaults occurred (SAC, ¶ 109-111, 121-122). This delegation of authority, coupled with the foreseeable nature of the harm, makes Harvard liable for Azevedo's actions.

Harvard's vicarious liability is not limited by the motive test. Given Azevedo's position as a faculty member at Harvard program, the power dynamics inherent in the academic setting, the isolated, remote location of places where the program takes place, and the pressures Plaintiff, and other junior female scientists faced, Harvard should have reasonably foreseen the potential for such misconduct. Aiding and abetting liability also applies, as Harvard knew or should have known about Azevedo's propensity for such behavior and failed to take appropriate action. Harvard's staff had "red flags about Azevedo", who participated in the program before and was known from initializing a "locker-room" type conversations among male faculty and students which, according to witnesses, were of sexual nature and degraded women. [SAC ¶ 362, 400].

Harvard should have reasonably foreseen that Azevedo might engage in such behavior against female course participants, given his prior acts, his job duties and the work environment. This is especially relevant in light of Plaintiff's allegations of a pervasive culture of sexual harassment and misconduct at Harvard's program and lack of Harvard's compliance with the nondiscriminatory policy. See *Gaines v. Bellino*, 173 N.J. 301 (N.J. 2002) (a triable issue whether company's anti-harassment programs must be fully functional for the task of discouraging harassment within the organization; to avoid liability, the company must adopt formal policies and complaint procedures, train the employees, monitor the workplace and enforce policies and procedures fairly and consistently).

In TAC, Plaintiff will perfect her pleadings warranting this Court's personal jurisdiction over Harvard pursuant to CPLR § 302(a)(3), in light of this Circuit's recent extension of the New York long-arm statue. In a case involving academic collaborations between the resident and out-of-state entities, *State v. Vayu, Inc.*, 2023 WL 1973001 (N.Y. Feb. 14, 2023), the New York Court of Appeals reversed the Appellate Division's decision, founding that a contract between a Michigan-headquartered Delaware corporation and the State University of New York at Stony Brook ("SUNY Stony Brook"), to deliver medical supplies in Madagascar via drone, provided the contacts necessary to establish jurisdiction over the corporation in New York state court, finding "the fact that [Vayu's CEO] traveled to New York to meet with [a Stony Brook professor] in furtherance of the ongoing business relationship" to be significant. Relying on *Presidential Realty Corp. v Michael Sq. W., Ltd.*, 44 N.Y.2d 672, 673, 405 N.Y.S.2d 37, 376 N.E.2d 198 [1978], the Court held that "the nature and purpose of a solitary business meeting conducted for a single day in New York may supply the minimum contacts necessary to subject a nonresident participant to the jurisdiction of our courts." Vayu, 2023 WL 1973001, at *3. Here, Harvard delegated Azevedo to travel to New York "for a neuroscience conference held at NYU", during which he sexually assaulted Plaintiff ( SAC¶ 121-123). Azevedo's role as a researcher acting on behalf of Harvard at a conference in New York do provide a basis for

asserting jurisdiction over Harvard even if he acted without the express knowledge or consent of the university. The theory of apparent authority or agency by estoppel is applicable, particularly because Harvard had taken steps to create the appearance that Azevedo had authority to act on Harvard's behalf. Harvard delegated Azevedo to represent Harvard in New York at the conference to promote Harvard's research, and potentially building relationship with other institutions and researchers. In academic context, the attendance at the conference advanced the university's mission by sharing knowledge, collaborating with other scholars, and staying updated on the latest research and trends in their field, and the professional development ultimately benefits the university by enhancing their teaching and research capabilities. Based on above, Azevedo's travel to New York as Harvard's agent is alone sufficient to establish the requisite nexus between Harvard's conduct and Plaintiff's injury in New York.

In summary, Plaintiff's proposed TAC is fruitful and serves the justice, especially in light of public policy authorized by ASA and GMVA.

Respectfully submitted,

Dr. Karolina Agra
(Plaintiff *pro se*)

*Karolina Agra*

500 E 63rd St, Apt 13F
New York, NY 10065
(646) 770 2045
marciniak.kar@gmail.com