Dr. Karolina Agra
500 E. 63rd Street, Apt. 13F
New York, New York 10065
(646) 770-2045
marciniak.kar@gmail.com

RECEIVED
SDNY PRO SE OFFICE

2024 DEC 23  PM 4: 01

December 20, 2024

**Via Pro Se Intake Unit**
Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Courtroom 435
New York, New York 10007
ALCarterNYSDChambers@nysd.uscourts.gov

Re:  Marciniak-Domingues Goncalves Agra, et al. v. Massachusetts Institute of Technology, et al.
Case No. 1:22-cv-10959-ALC

Dear Judge Carter:

Plaintiff, *pro se*, writes in accordance with Rule 2. A. of Your Honor's Individual Practices to request a conference with the Court before filing the Motion for the Court's leave to file amended complaint. In addition, this letter addresses Defendant Rockefeller University ("RU")'s letter dated December 17, 2024, opposing Plaintiff's request for a Court's leave to file an amended complaint [ECF No. 120].

Plaintiff's initial amendment effectively addressed Defendants' argument regarding the exhaustion of administrative remedies by securing the necessary right-to-sue letters [First Amended Complaint, ECF No. 65]. The Second Amended Complaint ("SAC") [ECF No. 110] significantly mitigated the pleading deficiencies identified by the Court's Order dated September 30, 2024 [ECF No. 107]. Plaintiff's Third Amended Complaint ("TAC") will further solidify the case by enabling the Court to adjudicate the merits of individual perpetrators' actions and RU's liability in perpetrating the culture of sexual degradation of junior professionals in academic environment. The amendment provides the course of justice by ing the sexual perpetrators individually on the SAC's existing meritorious claims under the federal statues. In the Third Amended Complaint ("TAC"), Plaintiff seeks to add a claim for Civil Battery under the New York Adult Survivors Act ("ASA") and a claim under the New York City Gender-Motivated Violence Act ("GMVA") against RU under vicarious liability and aiding and abetting theories. The ASA and GMVA claims were timely asserted but by a mistake of law asserted in 1: 23-cv-10305 action ("Marciniak II"), currently pending the Court's dismissal without the final adjudication on the claims' merit. Because the new counts are from the identical facts, TAC will not confer prejudice onto RU. In contrary, it will cure the deficiency of the statue of limitation brought by RU in their pre-motion letter [ECF No. 114], allowing Plaintiff to seek justice even if the statue of limitation for Winrich Freiwald ("Freiwald")'s sexual offenses alleged in the Complaint expired [SAC, ¶ 112,132, 141].

## I. Procedural History

Prior to filing the lawsuit, Plaintiff had already named Freiwald as an individual respondent in the New York State Division of Human Rights Complaint [See Plaintiff's EXHIBIT in Plaintiff's letter-motion dated December 11, 2024][1]. Due to a misunderstanding of the legal doctrine of vicarious liability and the belief that solely the employer was liable for the actions of its employees, Plaintiff filed this action *pro se* on December 29, 2022, and the FAC in April 2023, omitting the individual perpetrators as named parties. In seeking to correct those mistakes and to perfect Plaintiff's claims, Plaintiff retained Shegerian and Associates by Ms. Clancy on August 10, 2023 to represent Plaintiff in this action. It was agreed at the outset that Ms. Clancy's first step would be to seek to amend Plaintiff's FAC to add the individual defendants and the ASA claim, given that the Court had not yet issued a scheduling order for the defendants' motions. However, Ms. Clancy did not appear in this action until November 6, 2023, over *three* months after entering in the attorney-client contract with Plaintiff. Faced with the approaching closing window to bring ASA claims for Adult Survivors Act claims, Plaintiff contacted Ms. Clancy on November 17, 2023, regarding "adding individual perpetrators to the lawsuit", at which point she informed Plaintiff she was drafting a new complaint, Marciniak II rather than seeking to further amend the complaint in this action, stating it was "the easiest way" due to the number of defendants and pending motions to dismiss, a decision that surprised Plaintiff as it deviated from the prior agreement. Following this Court's Order denying Ms. Clancy's motion to consolidate [ECF No. 93], which she filed only on January 5 [ECF No. 88], Ms. Clancy misrepresented the Court's Order by stating that the Court "reasoned the issues of law and fact weren't similar enough between the two actions". In addition, in September 2024, Ms. Clancy misrepresented the Court's Order in Marciniak II and the Court's directions to cure a claim-splitting issue, which emerged from Ms. Clancy's duplicate lawsuit.

## II. The proposed TAC is warranted under the relation-back doctrine.

A claim against a newly added defendant in an amended complaint filed after the statute of limitations has expired may relate back to the original filing date if: (1) the claims arise from the same conduct, transaction, or occurrence; (2) the new party is united in interest with an original defendant and had notice of the action; and (3) the new party knew or should have known that, but for a mistake, they would have been named in the original pleading. See *Nemeth v. K-Tooling*, 40 N.Y.3d 405, 407-08, N.Y. Slip Op. 05349, 2023 WL 69764452023 (2023), citing *Buran v Coupal*, 87 NY2d 173, 178 [1995]. All of these conditions are met in the present case, as The Court of Appeals for New York in *Nemeth v. K-Tooling* clarified that the relation back doctrine applies not only to mistakes regarding party identity, but also to mistakes of law. In *Nemeth v. Ktooling*, the addressed issue was the third prong, i.e., whether there was a distinction in the applicability of the relation back doctrine (1) where plaintiff was aware of the party's existence but nonetheless failed to include the party in the action, a mistake of law, which, as the lower appellate court postulated, should result in the doctrine being unavailable; or (2) where the omission resulted from doubts regarding the party's identity or status, a mistake of fact. In repudiating the limitations imposed by the lower appellate court, the Court of Appeals stated that the Appellate Division erred in determining that plaintiff's knowledge of the party's identity prevented application of the relation back doctrine. It held: that "the doctrine applies when the party knew or should have known that, but for the mistake—be it a simple oversight or a mistake of law [in that case, that the amending party failed to recognize the other party as a legally necessary party]—the non-amending party would have been named initially".

---

1  As per Plaintiff's call to the Pro Se Unit on December 19, 2024, Plaintiff's pro se letter-motion, which was stamped and placed in the Night Deposit Box at 40 Foley Square on December 11, 2024, has been confirmed to be received by the Chambers and was said to be registered in the Court system.

In this case, the omission of Freiwald falls squarely within this category. First, Plaintiff did not have any "strategic delay in naming the opposite party", as there is no record that Plaintiff initially omitted Freiwald "in order to obtain a tactical advantage in the litigation" (*Id.*), but rather that Plaintiff misunderstood the legal relationship between parties, which led to mistake of law. There is contrary evidence of Plaintiff's diligence in naming Freiwald in her NYSDHR complaint, and diligence pursuit of curing the mistake and retaining legal representation for that purpose. It was Ms. Clancy's mistakes of law in (i) misunderstanding or misrepresenting a court's ruling, (ii) misrepresenting the rules of Civil Procedure on how parties can be added to a lawsuit, which generally favor amending an existing complaint to add parties rather than filing a new, separate lawsuit (iii) misunderstanding judicial efficiency, as courts generally prefer to resolve all related claims in a single lawsuit to avoid wasting judicial resources and prevent inconsistent rulings. Plaintiff will prevail on the ASA and GMVA claim in TAC. These claims were timely brought within the ASA lookback window in Marciniak II, the action currently pending the Court's dismissal without the final adjudication on the claims' merit. These claims would have been included in the present action but for the mistakes of law made by Plaintiff while proceeding *pro se* and subsequent errors by Ms. Clancy.

Plaintiff will also prevail on the ASA and GMVA because the complaint pleads that Freiwald engaged in sexual offense under the New York Penal Law, forcible touching, by "touching her lower back inappropriately" on Sept 1, 2017, "slapping [Plaintiff's] buttocks" on May 14, 2019, and when he "squeezed and slapped [Plaintiff's] buttocks on February 14, 2020 [SAC, ¶ 112,132, 141]. In *People v. Guaman*, 22 N.Y.3d 678 (2014), the New York Court of Appeals held that "forcible touching," as distinct from "fleeting contact," is "any bodily contact involving the application of some level of pressure to the victim's sexual or intimate parts." *Id.* at 684. It explained that the examples set out in the statute—"squeezing, grabbing or pinching"—were "intended by the legislature to signal a low threshold for the forcible component of this crime's actus reus." Id. Therefore, Plaintiff's ASA and GMVA in TAC against both Freiwald and RU, will prevail on the claims' merits. Furthermore, RU's actions, such as tampering with evidence by deleting Plaintiff's account, withholding her H1B visa, and offering a one-way ticket to Poland despite a probable cause determination issued by the NYSDHR, constitute enabling or participating in the harm caused by Freiwald by RU, therefore GMVA claim against RU will also prevail.

Plaintiff's claims against Freiwald pursuant to Title VII, NYSHRL, and NYCHRL are timely. The statute of limitations for these claims begins to run from the date of filing this lawsuit. This is because the relation-back doctrine applies, as Plaintiff obtained a probable cause determination, a right-to-sue letter, and timely filed this lawsuit. The term "employer" under Title VII, as defined at 42 U.S.C. § 2000e(b), includes "a person engaged in an industry affecting commerce ... and any agent of such a person." Courts have consistently held that "agents," for purposes of Title VII liability, include supervisors and other individuals who participate in the discriminatory decision-making process. See, e.g., *Bridges v. Eastman Kodak Co.*, 800 F. Supp. 1172 (S.D.N.Y. 1992) (individuals may be personally liable as agents under Title VII); *Zaken v. Boerer*, 964 F.2d 1319, 1322-24 (2d Cir. 1992) (discussing admissibility of evidence against defendant in her individual capacity in a Title VII case); *Tuber v. Continental Grain Co.*, 36 Fair Empl.Prac.Cas. (BNA) 933, 1984 WL 1326 (S.D.N.Y. 1984) (individuals who "controlled some aspect of [plaintiff's] conditions of employment" are employers under Title VII)."

In summary, Plaintiff's proposed TAC is fruitful and serves the justice, especially in light of public policy authorized by ASA and GMVA.

Respectfully submitted,

Dr. Karolina Agra
(Plaintiff *pro se*)

*Karolina Agra*
-----------------------------------
500 E 63rd St, Apt 13F
New York, NY 10065
(646) 770 2045
marciniak.kar@gmail.com