**Shegerian & Associates**  Phone: (310) 860-0770  |  Fax: (310) 860-0771  |  shegerianlaw.com

**MEMO ENDORSED**

December 6, 2024

**VIA ECF AND ELECTRONIC MAIL**
Hon. Andrew L. Carter
United States District Judge
Southern District of New York
40 Foley Square, Courtroom 435
New York, New York 10007
ALCarterNYSDChambers@nysd.uscourts.g.gov

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: January 21, 2025

Re:   *Goncalves Agra v. Massachusetts Institute of Technology, et al;*
      *Case No. 1:22-cv-10959*

Dear Judge Carter:

      We represent Plaintiff Dr. Karolina Marciniak-Domingues Goncalves Agra ("Plaintiff") in the above-referenced matter. Pursuant to Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, we write seeking to be relieved as counsel for Plaintiff. As of December 4, 2024, Plaintiff wishes to proceed *pro se* in this action as well as in her action before Judge John P. Cronan Case No. 1:23-cv-10305. This firm seeks no retaining or charging lien in this matter or Case No. 1:23-cv-10305.

      Rule 1.4 provides, in relevant part: "An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien."[1] Thus, when considering whether to grant a motion to withdraw under Rule 1.4, a court must analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding. See, e.g., *Winkfield v. Kirschenbaum & Phillips, P.C.*, No. 12-CV-7424 (JMF), 2013 WL 371673, at *1 (S.D.N.Y. Jan. 29, 2013). With respect to the latter factor, a court must consider "the posture of the case" and "whether the prosecution of the suit is likely to be disrupted by the withdrawal of counsel." *Whiting v. Lacara*, 187 F.3d 317, 320-21 (2d Cir. 1999) (per curiam) (alteration and internal quotation marks omitted). Plaintiff's counsel proffers Plaintiff's written notice to this firm dated December 4, 2024 she will be proceeding *pro se* in both her legal actions pending in this District and provides as **Exhibit A** to this letter motion her signed Notice of Pro Se Appearance dated December 5, 2024.

---

[1] *See* Local Civ. R. 1.4.

1

In sum, this firm respectfully requests based on Plaintiff's wish to proceed *pro se* that Plaintiff's counsel be relieved as attorneys of record in the above-captioned matter.

Thank you for your consideration and courtesy in this matter.

Respectfully submitted,

SHEGERIAN & ASSOCIATES

*/s/ Olivia M. Clancy*


All counsel of record (*via ECF and email*)

SO ORDERED:

/s/ Andrew L. Carter, Jr.
HON. ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE

January 21, 2025
New York, NY

2