**PROSKAUER ROSE LLP**
Elise M. Bloom
Patrick J. Lamparello
Noa M. Baddish
Eleven Times Square
New York, New York 10036-8299
Tel. 212.969.3000
Fax 212.969.2900
ebloom@proskauer.com
plamparello@proskauer.com
nbaddish@proskauer.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KAROLINA MARIA MARCINIAK-DOMINGUES GONCALVES AGRA, <br><br> Plaintiffs, <br><br> -against- <br><br> ROCKEFELLER UNIVERSITY; FREDERICO AZEVEDO and WINRICH FREIWALD, <br><br> Defendants. | No. 22-cv-10959 (ALC) |

**DEFENDANTS THE ROCKEFELLER UNIVERSITY AND DR. WINRICH**
**FREIWALD'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO**
**DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

# TABLE OF CONTENTS

**Page(s)**

PRELIMINARY STATEMENT ..................................................................................................1

PLAINTIFF'S FACTUAL ALLEGATIONS IN THE TAC ......................................................3

    A.    Marciniak's Allegations Regarding MIT's Azevedo...............................................3

    B.    Plaintiff's Allegations Regarding Dr. Freiwald .......................................................4

PLAINTIFF'S ABUSE OF THE LITIGATION PROCESS.......................................................5

    A.    Plaintiff's Administrative Complaints ......................................................................5

    B.    Plaintiff Commences Her First Lawsuit ...................................................................5

    C.    Plaintiff Improperly Commences a Second Lawsuit and Unsuccessfully
            Seeks To Consolidate That Action with *Marciniak I* ..............................................6

    D.    This Court Dismisses Plaintiff's FAC and Plaintiff Filed Two Subsequent
            Pleadings ...................................................................................................................7

    E.    Judge Cronan Dismisses *Marciniak II* With Prejudice............................................8

ARGUMENT ..............................................................................................................................9

    I.    The TAC Should be Dismissed in Its Entirety.........................................................9

        A.    The TAC Is Barred by The Law of the Case Doctrine. ..........................................9

        B.    The TAC Does Not Satisfy Rule 8(a). ...................................................................11

    II.    Plaintiff's Untimely Claims Should Be Dismissed.................................................12

    III.    Plaintiff Fails to State a Claim Against RU For *Quid Pro Quo* Harassment...............13

        A.    Plaintiff Does Not State a Claim for *Quid Pro Quo* Harassment Under Title
            VII. ........................................................................................................................13

        B.    Plaintiff Does Not State A *Quid Pro Quo* Claim Under the NYSHRL.................14

        C.    Plaintiff Does Not State a *Quid Pro Quo* Claim under the NYCHRL .................15

    IV.    Plaintiff Fails to State A Claim Against RU For Hostile Work Environment Under
        Title VII. ................................................................................................................15

    V.    Plaintiff Fails to State a Claim for Hostile Work Environment Against RU under the
        NSYRHL and the NYCHRL. ..................................................................................16

    VI.    Plaintiff's Retaliation Claims Against RU Largely Fail As a Matter of Law.............17

        A.    Title VII Retaliation Claims Arising Prior to July 22, 2020 and NYCHRL
            and NYSHRL Claims Arising Prior to December 28, 2019 Are Time-
            Barred......................................................................................................................17

        B.    Plaintiff's Timely Allegations of Retaliation Under Title VII, NYSHRL and
            NYCHRL Largely Fail to State a Claim.................................................................17

VII.    Plaintiff's Claims Against Dr. Freiwald Should Be Dismissed With Prejudice...........19

    A.    Plaintiff's Title VII Claims Against Dr. Freiwald Fail As A Matter of Law.........19

    B.    Plaintiff's NYSHRL and NYCHRL Claims Against Dr. Freiwald Are Time-Barred and Do Not Relate Back to The Original Complaint. ................................19

    C.    Plaintiff Does Not State A GMVL Claim Against Dr. Freiwald. .........................23

CONCLUSION...............................................................................................................................25

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*Adams v. Jenkins*,
   2005 WL 6584554 (Sup. Ct. N.Y. Cnty. Apr. 22, 2005) ........................................................24

*Alfano v. Costello*,
   294 F.3d 365 (2d Cir. 2002) ..............................................................................................16

*Barsella v. U.S.*,
   135 F.R.D. 64 (S.D.N.Y.1991) ...........................................................................................11

*Bellino v. Tallarico*,
   2024 WL 1344075 (S.D.N.Y. Feb. 21, 2024) .....................................................................24

*Benzo v. New York State Div. of Hum. Rts.*,
   1997 WL 37961 (S.D.N.Y. Jan. 31, 1997) .....................................................................11, 12

*Breest v. Haggis*,
   180 A.D.3d 83 (1st Dep't 2019) ..........................................................................................24

*Buran v. Coupal*,
   87 N.Y.2d 173 (1995) .........................................................................................................20

*Chamberlain v. Splashlight, LLC*,
   2024 WL 5170266 (S.D.N.Y. Oct. 10, 2024) .....................................................................15

*Chodos v. F.B.I.*,
   559 F. Supp. 69 (S.D.N.Y. 1982 ........................................................................................11

*DeJohn v. Wal-Mart Stores E., LLP*,
   2013 WL 1180863 (N.D.N.Y. Mar. 20, 2013) ...................................................................13

*Esmilla v. Cosmopolitan Club*,
   2011 WL 814007 (S.D.N.Y. Mar. 3, 2011) ........................................................................21

*Figueroa v. RSquared NY, Inc.*,
   89 F. Supp. 3d 484 (E.D.N.Y. 2015) .................................................................................19

*Frank v. Plaza Constr. Corp.*,
   186 F. Supp. 2d 420 (S.D.N.Y. 2002) ...............................................................................13

*Garcia v. Comprehensive Ctr., LLC*,
   2018 WL 3918180 (S.D.N.Y. Aug. 16, 2018) ....................................................................24

*Genao v. Rivera*,
   2024 U.S. Dist. LEXIS 123254 (S.D.N.Y. July 12, 2024) ....................................................22

*Haight v. NYU Langone Med. Ctr., Inc.*,
   2014 WL 2933190 (S.D.N.Y. June 27, 2014) ...........................................................................14

*Harvin v. Manhattan & Bronx Surface Transit Operating Auth.*,
   2016 WL 11318241 (E.D.N.Y. Mar. 3, 2016) ...........................................................................16

*Hernandez v. Premium Merch. Funding One, LLC*,
   2020 WL 3962108 (S.D.N.Y. July 13, 2020) ...........................................................................14

*Hughes v. Twenty-First Century Fox, Inc.*,
   304 F. Supp. 3d 429 (S.D.N.Y. 2018)................................................................................23, 24

*In re Nemeth v. K-Tooling*,
   40 N.Y.3d 405 (2023) ...............................................................................................................21

*Jones v. Nat'l Commc'ns & Surveillance Networks*,
   266 F. App'x 31 (2d Cir. 2008) ................................................................................................12

*Kahn v. Objective Sols., Int'l*,
   86 F. Supp. 2d 377 (S.D.N.Y. 2000)........................................................................................15

*Karibian v. Columbia Univ.*,
   14 F.3d 773 (2d Cir. 1994)........................................................................................................13

*Kumaran v. Nat'l Futures Ass'n*,
   604 F. Supp. 3d 82 (S.D.N.Y. 2022)..................................................................................10, 11

*Mandavia v. Columbia Univ.*,
   912 F. Supp. 2d 119 (S.D.N.Y. 2012).......................................................................................18

*McCormick v. Donovan*,
   365 F. App'x 247 (2d Cir. 2010) ...............................................................................................18

*Mira v. Kingston*,
   218 F. Supp. 3d 229 (S.D.N.Y. 2016).......................................................................................19

*Morgens Waterfall Holdings, L.L.C. v. Donaldson, Lufkin & Jenrette Sec. Corp.*,
   198 F.R.D. 608 (S.D.N.Y. 2001) ..............................................................................................12

*Myers v. Doherty*,
   2022 WL 4477050 (2d Cir. 2022).............................................................................................16

*Nemaizer v. Baker*,
   793 F.2d 58 (2d Cir. 1986).........................................................................................................22

*Osborne v. Moody's Invs. Serv., Inc.*,
  2018 WL 1441392 (S.D.N.Y. Mar. 22, 2018) (Carter, J.) .......................................16

*Pianoforte v. Little Red Sch. House*,
  2022 WL 2713659 (S.D.N.Y. July 13, 2022) ..........................................................19

*Qorrolli v. Metro. Dental Assocs.*,
  124 F.4th 115 (2d Cir. 2024) ..................................................................................18

*Ronen v. RedRoute, Inc.*,
  2025 U.S. Dist. LEXIS 13082 (E.D.N.Y. Jan. 24, 2025) .......................................18

*Rossbach v. Montefiore Med. Ctr.*,
  2021 WL 930710 (S.D.N.Y. Mar. 11, 2021) ...........................................................24

*Singh v. Home Depot U.S.A., Inc.*,
  580 F. App'x 24 (2d Cir. 2014) ..............................................................................22

*Turner v. Suffolk Cnty.*,
  2022 WL 3357944 (E.D.N.Y. Aug. 15, 2022) .........................................................22

*Wanamaker v. Columbian Rope Co.*,
  108 F.3d 462 (2d Cir. 1997) ...................................................................................18

**STATUTES**

N.Y. Executive Law § 279(9) ........................................................................................13

**OTHER AUTHORITIES**

8 CFR § 214.2(h)(11)(i)(A) ............................................................................................18

C.P.L.R. § 214(2) ......................................................................................................13, 20

Fed. R. Civ. P. 8(a) .........................................................................................1, 11, 12, 19

Fed. R. Civ. P. 15(c) .......................................................................................................20

N.Y.C. Admin. Code § 8-502(d) ..............................................................................13, 20

Defendants The Rockefeller University ("RU") and Dr. Winrich Freiwald ("Dr. Freiwald") (collectively, "RU Defendants") respectfully submit this memorandum of law in support of their motion to dismiss Plaintiff Karolina Maria Marciniak-Domingues Goncalves Agra's ("Marciniak" or "Plaintiff") third amended complaint dated February 28, 2025. (Dkt. 136, "TAC".)

## PRELIMINARY STATEMENT

Plaintiff has been litigating against RU for nearly four years, yet this action remains at the motion to dismiss stage due to Plaintiff's meritless, repetitive pleadings, shifting legal theories and claims, and abuse of the judicial process.

Plaintiff's TAC should be dismissed in its entirety, with prejudice, as an improper attempt to circumvent this Court's prior order denying consolidation of this action ("*Marciniak I*") with Plaintiff's **second**, **duplicative** action ("*Marciniak II*") that was dismissed with prejudice by Judge Cronan. In essence, the operative complaint in *Marciniak II* is rebranded as the TAC here. Plaintiff should not be rewarded for abusing the judicial process by (i) filing two successive pleadings in this action *pro se*, then (ii) retaining counsel to file a third complaint that failed to cure the defects in the first two, then (iii) impermissibly filing (by the same counsel) the *Marciniak II* complaint before Judge Cronan in order to evade the requirement to move for leave to amend *Marciniak I* to add new parties, then (iv) filing an amended complaint in *Marciniak II* that violated Judge Cronan's admonition that any such complaint not duplicate the claims alleged in *Marciniak I*, then (v) trying twice to consolidate *Marciniak II* with *Marciniak I* in order to shoehorn additional parties (including Dr. Freiwald) into this action, and then (vi) firing her counsel so that Plaintiff could file *pro se* this *sixth* pleading, which attempts to relitigate strategic choices made by her former counsel. The relaxed pleading standards afforded to *pro se* litigants do not stretch this far. With Plaintiff having failed in all of her prior attempts to meet the pleading standards of Rule

1

8(a) and having wasted significant judicial and party resources in the process, the RU Defendants respectfully request that Plaintiff's TAC be dismissed in full, with prejudice.

Beyond the global defects in the TAC, this Court has *already held* that several of Plaintiff's causes of action against RU are insufficient as a matter of law, and Plaintiff has not cured those defects. As against both RU Defendants, the TAC alleges *quid pro quo* sexual harassment (Count I), hostile work environment (Count II), and retaliation (Count III) under Title VII, the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). This Court held in its September 30, 2024 Order ("September 30 Order," Dkt. 107), dismissing Plaintiff's First Amended Complaint as against RU ("FAC"), that:

- Plaintiff's Title VII, NYSHRL, and NYCHRL *quid pro quo* claim (Count I) is time-barred since the allegations of unwelcome conduct and adverse employment action occurred prior to July 22, 2020 (Title VII) and December 28, 2019 (NYSHRL, NYCHRL) and the remaining allegations fail to state a claim (Dkt. 107 at 31, 37);

- Plaintiff's Title VII, NYSHRL, and NYCHRL hostile work environment claim (Count II) is time-barred since the allegations are untimely and the remaining allegations do not allege a severe or pervasive hostile work environment (Dkt. 107 at 32, 37);

- Plaintiff's Title VII retaliation claim (Count III) is time-barred because it arose prior to July 22, 2020 (Dkt. 107 at 34).

The TAC fails to allege new facts that would disturb these holdings.

Plaintiff's belated attempt to add her former supervisor Dr. Freiwald as a defendant also fails and the claims against him (those noted above plus a claim under the New York City Gender Motivated Violence Protection Law ("GMVL") (Count IV)) should be dismissed with prejudice

because, among other reasons, Title VII does not recognize individual liability; the NYSHRL and NYCHRL claims pleaded against Dr. Freiwald are time-barred and do not relate back to prior complaints in this action that did not name him; and the GMVL claim fails to allege required facts.

In the end, like Plaintiff's five prior complaints in the two actions, the TAC is fundamentally flawed because the core of her grievances—sexual assaults she alleges were committed by a person unaffiliated with RU and Plaintiff's termination for poor performance—does not support GMVL claims and employment discrimination by the RU Defendants.

## PLAINTIFF'S FACTUAL ALLEGATIONS IN THE TAC [1]

### A.    Marciniak's Allegations Regarding MIT's Azevedo

Plaintiff was employed by RU as a postdoctoral researcher in Dr. Freiwald's laboratory from September 2016 until November 30, 2021.  (TAC ¶¶ 32, 136.)  Plaintiff alleges, *inter alia*, that in 2017 and 2018, she was raped by defendant Azevedo, a postdoctoral scientist affiliated with the Massachusetts Institute of Technology ("MIT") (and not RU).  (*Id*. ¶¶ 57-59.)  She asserts that she told her RU supervisor, Dr. Freiwald, about her "experience[]" after the 2017 incident but admits that she did not say that she was sexually assaulted or raped.  (*Id*. ¶ 49.)

In March 2019, Plaintiff filed a Title IX complaint against Azevedo with MIT, regarding the alleged 2017 incident alone.  (*Id*. ¶ 70.)  MIT referred the complaint to the University of Chicago / Marine Biological Laboratory (the responsible institution based on the location of the alleged assault), which investigated and issued findings on August 11, 2019 of "insufficient evidence to establish probable cause that Azevedo had violated MBL policies."  (*Id*. ¶ 84.)  In May

---

[1] Consistent with applicable law, the truth of Plaintiff's allegations is assumed for purposes of this motion to the extent the allegations in her TAC do not contradict the allegations set forth in her prior pleadings. The RU Defendants do not concede the accuracy or adequacy of any allegations in the TAC.

2019, Plaintiff informed RU of the alleged 2017 assault and her Title IX complaint; she does not allege that she informed RU of the alleged 2018 assault.  (*Id*. ¶ 82.)

### B.    Plaintiff's Allegations Regarding Dr. Freiwald

Separately, Plaintiff alleges that she was "sexually harassed" by Dr. Freiwald.  (*Id*.)  She alleges that in May 2019, Dr. Freiwald "slapped her buttocks under the guise of letting her pass first," as the two exited a subway, an allegation that was absent from her initial Complaint and First Amended Complaint, despite the fact that the latter described the alleged subway incident in detail.  (*Id*. ¶ 75; *see* FAC ¶ 59.)  Plaintiff alleges that things "shifted dramatically" in February 2020, when Marciniak "observed a visible erection through [Dr. Freiwald's] clothing," which Plaintiff "interpreted . . . as a clear implication that the continuation and success of her project were contingent upon her willingness to engage in sexual relations with him."  (*Id*.  ¶¶ 108-09.)  She alleges that on the same day, Dr. Freiwald "squeez[ed] and slap[ped] her buttocks"—again, an allegation absent from her first two complaints. (*Id.* ¶ 110.)  Dr. Freiwald allegedly made a "suggestive" hand gesture while discussing a video featuring bananas during a February 27, 2020 meeting.  (*Id*. ¶¶ 110-11.)  A few months later, in May 2020, Plaintiff alleges that she "asserted her need to establish clear boundaries" with Dr. Freiwald.  (*Id*. ¶ 115.)

Plaintiff alleges that, on June 4, 2020, Dr. Freiwald told her to "wrap up things here" (*Id*. ¶ 116), but admits that he agreed to extend her appointment for another six months and "instruct[ed] her to focus . . . on completing . . .  her research," which allegedly "diminished her responsibilities and opportunities."  (*Id*. ¶ 119.)  Plaintiff alleges that Dr. Freiwald assigned a guest lecture opportunity to a male postdoc instead of her (*Id*. ¶123), reassigned a collaboration opportunity from her to a male postdoc (*Id*. ¶ 124), and diverted resources to a male postdoc beginning in "late 2020."  (*Id*. ¶ 125.)  Despite these allegations, Plaintiff admits that in February 2021, Dr. Freiwald

gave Plaintiff an opportunity to write a review paper and with RU, sponsored an H-1B visa petition for Plaintiff and her husband.  (*Id*. ¶ 128.)

Plaintiff alleges that in August 2020, Dr. Freiwald addressed the results of a "Lab Climate Survey," which indicated that respondents "did not feel supported by Freiwald and were uncomfortable bringing issues or concerns to his attention."  (*Id*. ¶ 121.)

Finally, after Dr. Freiwald "inquired about the progress of Plaintiff's work" and extended her appointment multiple times, in August 2021, Dr. Freiwald informed Plaintiff that RU had decided to terminate her employment, effective November 30, 2021.  (*Id*. ¶¶ 135-36.)  RU terminated her access to her RU email account "five days after her departure," (*id*. ¶ 141).  RU filed a petition to withdraw Plaintiff's H-1B visa after her employment ended in accordance with federal law (*id*. ¶ 148), although Plaintiff and her husband continue to reside in the United States and in RU housing, for which she admits RU filed paperwork to allow her to benefit from the New York State Rental Assistance Program (*id*. ¶ 140).

## PLAINTIFF'S ABUSE OF THE LITIGATION PROCESS

### A.    Plaintiff's Administrative Complaints

In May 2021, Plaintiff filed an administrative complaint against RU and Dr. Freiwald with the New York State Division of Human Rights ("NYSDHR") and cross-filed the charge with the Equal Employment Opportunity Commission ("EEOC").  (TAC ¶ 6.)  Plaintiff withdrew her NYSDHR complaint for administrative convenience to pursue those claims in Court.  (*Id*.)  The EEOC then dismissed her charge and issued a notice of right to sue on June 7, 2022.  (*Id*.)

### B.    Plaintiff Commences Her First Lawsuit

Plaintiff commenced this action *pro se* on December 29, 2022, against RU and six other institutional defendants who are no longer named in the TAC. (Dkt. 1.)  Plaintiff did not name Dr. Freiwald as a defendant.  Plaintiff's complaint spanned 117 pages, 839 paragraphs, and asserted 15

causes of action.  After Defendants sought leave to move to dismiss, this Court permitted Plaintiff

instead to file her first amended complaint ("FAC").  (Dkt. 57.)

On April 10, 2023, Plaintiff filed the FAC *pro se*, which was 54 pages and 220 paragraphs

and asserted substantially the same claims as her original complaint.  (Dkt. 65.)  Plaintiff did not

name Dr. Freiwald as a defendant.  On November 6, 2023, this Court set a briefing schedule for

the defendants' motions to dismiss the FAC.  (Dkt. 68.)  On November 8, 2023, Plaintiff's

counsel, Olivia Clancy, entered an appearance on Plaintiff's behalf.  (Dkt. 69.)  On December 4,

2023, Plaintiff voluntarily dismissed three defendants from the lawsuit.  (Dkt. 74.)  On December

15, 2023, RU moved to dismiss the FAC on various grounds, including that many of Plaintiff's

claims were untimely and otherwise failed to state a claim for relief.  (Dkts. 84, 85, 87.)

### C.    Plaintiff Improperly Commences a Second Lawsuit and Unsuccessfully Seeks To Consolidate That Action with *Marciniak I*

On November 22, 2023, after Ms. Clancy entered an appearance on behalf of Plaintiff in

this case and this Court set a briefing schedule for the defendants' motions to dismiss, Plaintiff,

represented by Ms. Clancy, commenced – *Marciniak II* – against RU, Dr. Freiwald, MIT and

Azevedo (No. 23-cv-10305). *Marciniak II* asserted claims under Title VII, the NYSHRL, and the

NYCHRL, and purported to invoke the New York Adult Survivor's Act ("ASA") to revive certain

untimely claims.  (Bloom Decl. Ex. A.)[2]  Plaintiff's claims against RU and Dr. Freiwald in

*Marciniak II* were based on the same conduct alleged in *Marciniak I*.  *Marciniak II* was assigned to

Judge Cronan.

On December 26, 2023, RU and Dr. Freiwald sought leave before Judge Cronan to move to

dismiss *Marciniak II* in its entirety as duplicative of *Marciniak I*.  Plaintiff responded by asking this

---

[2] The accompanying declaration of Elise M. Bloom, Esq. will be referenced as "Bloom Decl. Ex. __."

Court to consolidate the two actions. (Dkt. 88.) This Court denied Plaintiff's request to consolidate on January 11, 2024. (Dkt. 93.) Judge Cronan allowed the RU Defendants to move to dismiss *Marciniak II*, and the RU Defendants did so on February 6, 2024.

### D. This Court Dismisses Plaintiff's FAC and Plaintiff Filed Two Subsequent Pleadings

On September 30, 2024, this Court granted RU's motion to dismiss the FAC, holding that her Title VII, NYSHRL and NYCHRL claims were time-barred and inadequately pleaded. (Dkt. 107 at 30-37.) Notably, the Court found that the continuing violation doctrine did not salvage any of her untimely claims. (*Id*. at 30-31, 35-37.) The Court granted Plaintiff leave to file an amended complaint on or before October 21, 2024.

On October 21, 2024, Plaintiff filed the Second Amended Complaint ("SAC") in this action asserting effectively the same claims as in the FAC. (Dkt. 108.) Plaintiff did not name Dr. Freiwald as a defendant. On December 4, 2024, RU filed a letter seeking leave to file a motion to dismiss the SAC. On December 6, 2024, Ms. Clancy sought to withdraw as Plaintiff's counsel. (Dkt. 115.) On January 21, 2025, this Court granted Ms. Clancy's request to withdraw. (Dkt. 129.) On December 11, 2024, Plaintiff filed a letter *pro se* seeking leave to file a third amended complaint, among other things, to add Dr. Freiwald as a defendant and claims under the GMVL. (Dkt. 127.) RU opposed Plaintiff's request. (Dkt. 120.)

This Court held a conference on February 20, 2025, after which the Court directed Plaintiff to file a third amended complaint by February 28, 2025, and the defendants to file their motions to dismiss by April 1, 2025. The Court also directed Plaintiff to file a status report as to whether she intended to proceed *pro se* or with the assistance of counsel by April 1, 2025, which was later extended to May 20, 2025. (Dkts. 144, 145.)

On February 28, 2025, Plaintiff filed the TAC, in which she named Dr. Freiwald as a defendant for the first time in this action. The TAC essentially asserts the same claims as Plaintiff's amended complaint in *Marciniak II*, *see* Sections III-VII, *infra*, – *i.e.*, *quid pro quo* harassment (Count I), hostile work environment / discrimination (Count II), and retaliation (Count III) under Title VII, the NYSHRL, and the NYCHRL against both RU Defendants and a claim under the GMVL against Dr. Freiwald (Count IV). The TAC does not assert other claims that the Court dismissed in its September 30 Order.

### E.    Judge Cronan Dismisses *Marciniak II* With Prejudice

On September 29, 2024, Judge Cronan dismissed *Marciniak II* in its entirety as duplicative of *Marciniak I*, noting that both complaints recounted the same factual allegations, causes of action and named many of the same parties. (Bloom Decl., Ex. B.) Judge Cronan granted Plaintiff leave to amend "only to the extent that [she was] able to resolve the claim-splitting problems outlined in [his] Opinion and Order." (*Id*. at 27.)

In complete disregard of Judge Cronan's Order, Plaintiff, represented by Ms. Clancy, filed an amended complaint that was virtually identical to the original *Marciniak II* complaint. (Bloom Decl. Ex. C.) Plaintiff then requested that Judge Cronan consolidate her amended complaint in *Marciniak II* with this action. (Bloom Decl. Ex. D.) The RU Defendants sent Ms. Clancy a letter pursuant to Federal Rule of Civil Procedure 11, advising that the amended complaint violated Judge Cronan's Order and indicating they would seek sanctions if Plaintiff did not dismiss all claims against the RU Defendants with prejudice by December 3, 2024. (Bloom Decl. Ex. E.)

On December 4, 2024, Judge Cronan held a conference to address Plaintiff's amended complaint and her request to consolidate the two actions. (Bloom Decl. Ex. F.) Judge Cronan asked Ms. Clancy how it would be proper to consolidate the two cases when Judge Carter had already denied that request, and Ms. Clancy conceded that "it may not be." (*Id*. at 3:4-22.) The

8

RU Defendants requested that the amended complaint in *Marciniak II* be dismissed against both of them with prejudice, carving out the existing claims in *Marciniak I* from such dismissal against RU only (since Dr. Freiwald was not named in this action). (*Id*. at 5:1-11.) Ms. Clancy agreed to RU's proposal, which was to be memorialized in a stipulation. (*Id*. at 6:25-7:4.)

Two days later, however, Plaintiff notified the RU Defendants that she had relieved Ms. Clancy from representing her in *Marciniak II* (and *Marciniak I*, see Section D, *supra*) and that she refused to enter into the stipulation of dismissal as discussed at the December 4 conference before Judge Cronan. (Bloom Decl. Ex. G.)

On December 18, 2024, Judge Cronan held another conference to address Plaintiff's improperly duplicative second complaint in *Marciniak II* and her request to relieve Ms. Clancy. (Bloom Decl. Ex. H.) Judge Cronan again proposed that the parties stipulate to dismiss *Marciniak II* with prejudice, except that the dismissal would not affect any current or future claims in *Marciniak I*. (*Id.* at 26:16-24.) The RU Defendants agreed, reserving all rights to oppose further amendments or additional parties in *Marciniak I*. (Bloom Decl. Ex. I.) On December 30, 2024, Judge Cronan dismissed *Marciniak II* with prejudice "except to the extent that the dismissal [in *Marciniak II*] would not affect any current or future claims brought in [*Marciniak I*]." (Bloom Decl. Ex. J.) He indicated his order should not be construed as taking a position as to whether Plaintiff should be permitted to add any claims or defendants in *Marciniak I*. (*Id.*)

## ARGUMENT

## I.    The TAC Should be Dismissed in Its Entirety

### A.  The TAC Is Barred by The Law of the Case Doctrine.

This Court should dismiss the TAC in its entirety, with prejudice, because this Court's January 11, 2024 order ("January 2024 Order," Dkt. 93) denying her request to consolidate this

action with the now-dismissed *Marciniak II* is law of the case and permitting the TAC to proceed would effectively circumvent this order and prejudice the RU Defendants.

"The law-of-the-case doctrine commands that when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case unless cogent and compelling reasons militate otherwise." *Kumaran v. Nat'l Futures Ass'n*, 604 F. Supp. 3d 82, 88 (S.D.N.Y. 2022).

The January 2024 Order denied consolidation of *Marciniak I* with *Marciniak II* because "Plaintiffs have not shown good cause for filing a new action (*Marciniak II*) involving common questions of law and fact and substantially the same parties and witnesses and requesting to move to consolidate the cases, rather than moving to amend their First Amended Complaint in *Marciniak I*." (January 2024 Order at 2.) The Court further held it was not "persuaded that consolidating *Marciniak I* and *Marciniak II* would promote judicial economy or prejudice the parties." *Id.*

Permitting the TAC to proceed would contravene the intent of the January 2024 Order and prejudice RU. The TAC asserts essentially the same claims against the same parties as in *Marciniak II*; in denying consolidation the Court essentially held that Plaintiff's claim-splitting was improper, inefficient, and should not be rewarded. Plaintiff should not be permitted to do an end run around this Court's ruling. RU has already been prejudiced by having to defend against Plaintiff's duplicative lawsuits simultaneously. And now, instead of being able to proceed against the *Marciniak I* theory of Plaintiff's case, RU is being prejudiced further by having to expend additional resources to file yet another motion to dismiss to address the *Marciniak II* complaint allegations. Furthermore, Dr. Freiwald is prejudiced if Plaintiff is permitted to proceed with the TAC when, given Plaintiff's strategic decision to file three prior complaints in this case without naming him, he had no expectation that he would be named here. *See* Section VII(B), *infra*.

The impropriety of Plaintiff's circumvention of this Court's ruling is underscored by the court's decision in *Kumaran*, 604 F. Supp. 3d at 89.  In *Kumaran*, the Court held that a *pro se* plaintiff could not represent her single-member LLC without an attorney.  When the plaintiff dissolved the LLC and sought to represent its interests *pro se* in her role as sole proprietor, the court barred her from doing so because her motion was "a clear attempt to circumvent the Court's prior rulings that [the LLC] must be represented by counsel," which were law of the case.  *Id.* at 89.

Similarly, here, allowing the TAC to proceed would effectively nullify this Court's prior ruling denying her request to consolidate *Marciniak II* with the instant action and should not be rewarded.  *See* Sections B-E, *supra*.  The Court should fully dismiss the TAC or, at a minimum, dismiss the claims against Dr. Freiwald, which were not previously asserted in this action.

## B.  The TAC Does Not Satisfy Rule 8(a).

Although this is Plaintiff's *sixth* attempt at a pleading (including three when represented by counsel) arising out of the same alleged events, the TAC fails to provide a "short and plain statement of the claim showing that [she] is entitled to relief," as required by Fed. R. Civ. P. 8(a) and therefore should be dismissed.

Courts in this District consistently have dismissed complaints filed by *pro se* litigants, "'which ramble, [] needlessly speculate, accuse, and condemn, and which contain circuitous diatribes far removed from the heart of the claim.'"  *Benzo v. New York State Div. of Hum. Rts.*, 1997 WL 37961, at *3 (S.D.N.Y. Jan. 31, 1997), *aff'd*, 141 F.3d 1151 (2d Cir. 1998) (quotation omitted), *aff'd sub nom.*, *Levine v. Dep't of Social Servs.*, 22 F.3d 1090 (2d Cir. 1994)); *accord Barsella v. U.S.*, 135 F.R.D. 64, 65–66 (S.D.N.Y.1991); *Chodos v. F.B.I.*, 559 F. Supp. 69, 71–72 (S.D.N.Y. 1982), *aff'd*, 697 F.2d 289 (2d Cir. 1982), *cert. denied*, 459 U.S. 1111 (1983)).

The TAC fails to comply with Rule 8(a).  Although shorter than previous versions at 38 pages and 193 paragraphs, the TAC remains replete with irrelevant allegations, including events having nothing to do with the RU Defendants, so that it is difficult to ascertain the factual basis of Plaintiff's claims against the RU Defendants and the timeline of these events.  Some examples (of many) include: inflammatory and speculative allegations that impugn Dr. Freiwald's reputation (TAC ¶¶ 13-14); rambling descriptions of the hiring process in 2014 and Plaintiff's subsequent visits to discuss her research proposal before she began work at RU (*id.* ¶¶ 15-30); complications with Plaintiff's visa (*id.* ¶¶ 26-28); and an allegation about an unspecified RU professor who "stared at [Plaintiff]" (*id.* ¶ 91).  These kinds of allegations collectively impose an unjustified burden on the Court and the RU Defendants to sift through excessive verbiage to identify relevant material.  *Benzo*, 1997 WL 37961, at *3 (S.D.N.Y. Jan. 31, 1997), *aff'd*, 141 F.3d 1151 (2d Cir. 1998) (citation omitted).  *See also Morgens Waterfall Holdings, L.L.C. v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 198 F.R.D. 608, 610 (S.D.N.Y. 2001).

Plaintiff has been advised that her prior complaints did not satisfy Rule 8(a) and has been given several opportunities to correct these defects. (Dkts. 15, 22, 24, 57; Bloom Decl. Ex. K at 13.)  With these continuing deficiencies, the Court should dismiss the TAC in its entirety with prejudice.  *See Jones v. Nat'l Commc'ns & Surveillance Networks*, 266 F. App'x 31, 33 (2d Cir. 2008) (affirming dismissal and denial of leave to amend of *pro se* complaint).  Alternatively, if the Court does not dismiss the TAC in its entirety, the plainly irrelevant and prejudicial allegations discussed above should be stricken.

## II.    Plaintiff's Untimely Claims Should Be Dismissed.

As this Court previously held, Plaintiff's Title VII claims arising prior to July 22, 2020 – 300 days before she filed her charge with the EEOC on May 18, 2021 – should be dismissed as untimely.  (Dkt. 107 at 31-32, 34.)

Similarly, Plaintiff's NYSHRL and NYCHRL claims arising prior to December 28, 2019 – three years before Plaintiff commenced this action – should be dismissed as untimely. C.P.L.R. § 214(2);[3] N.Y.C. Admin. Code § 8-502(d).

**III.    Plaintiff Fails to State a Claim Against RU For *Quid Pro Quo* Harassment.**

Plaintiff fails to state a claim for *quid pro quo* harassment (Count I) under Title VII the NYSHRL, or the NYCHRL and those claims should be dismissed.

**A.    Plaintiff Does Not State a Claim for *Quid Pro Quo* Harassment Under Title VII.**

The Court previously held that Plaintiff failed to state a Title VII *quid pro quo* harassment claim against RU in the FAC because any Title VII claims arising before July 22, 2020 – 300 days before she filed her charge with the EEOC on May 18, 2021 – are untimely. (Dkt. 107 at 31-32, 34.)  Plaintiff's allegations in the TAC like those in the FAC and, consistent with the September 30 Order, should also be dismissed. *Compare* FAC ¶¶ 58-62 *with* TAC ¶¶67-68, 74-75, 108-109, 111.

To state a Title VII *quid pro quo* claim, a plaintiff must allege that: (1) she was subject to unwelcome sexual conduct or an unwelcome sexual advance; and (2) her reaction to that conduct was used as the basis for an adverse employment action.  *Frank v. Plaza Constr. Corp.*, 186 F. Supp. 2d 420, 426 (S.D.N.Y. 2002).  More specifically, the relevant inquiry is "whether the supervisor has linked tangible job benefits to the acceptance or rejection of sexual advances*.*" *Karibian v. Columbia Univ.*, 14 F.3d 773, 778 (2d Cir. 1994).

The TAC relies on facts to support a *quid pro quo* claim under Title VII that the Court has already held insufficient.  Plaintiff fails to sufficiently allege that any tangible job benefit was

---

[3] As this Court already found, because Plaintiff requested that the NYSDHR dismiss her complaint due to administrative convenience (TAC ¶ 6), the statute of limitations for her NYSHRL claims was not tolled during the pendency of her complaint, and her claims are subject to a three-year statute of limitations.  *See* N.Y. Executive Law § 279(9); *DeJohn v. Wal-Mart Stores E., LLP*, 2013 WL 1180863 (N.D.N.Y. Mar. 20, 2013).

linked to her acceptance or rejection of sexual advances by Dr. Freiwald.  Instead, Plaintiff admits that even after attempting to set boundaries with Dr. Freiwald, he "positively assess[ed] [Plaintiff's results and their] potential for scientific publication" (TAC ¶ 127; *see also* FAC ¶ 181), sponsored with RU an H-1B visa petition for Plaintiff and her husband (TAC ¶ 128; *see also* FAC ¶ 181), and allowed Plaintiff to continue her research (TAC ¶ 128; *see also* FAC ¶¶ 181, 183).  To the extent any purported adverse actions occurred within the statute of limitations, the TAC—like the FAC—fails to allege that Plaintiff explicitly rejected any alleged sexual advances by Dr. Freiwald or that any purported adverse actions were the result of such rejection.  This is fatal to her ability to state a claim for *quid pro quo* harassment.  *See Hernandez v. Premium Merch. Funding One, LLC*, 2020 WL 3962108, at *13 (S.D.N.Y. July 13, 2020) (dismissing *quid pro quo* claim that failed to link the rejection of sexual favors to the loss of a tangible job benefit); *Haight v. NYU Langone Med. Ctr., Inc.*, 2014 WL 2933190, at *13 (S.D.N.Y. June 27, 2014) (same).

Further, this Court has already held that because the allegations predate July 22, 2020, Plaintiff's claims of *quid pro quo* sexual harassment are time barred, and Plaintiff acknowledges that the decision to terminate her or shorten her appointment was made in June 2020.  (TAC ¶ 116) (Dkt. 107 at 31-32.)  Accordingly, Plaintiff's Title VII claim against RU for *quid pro quo* harassment fails as a matter of law and should be dismissed with prejudice.

### B.    Plaintiff Does Not State A *Quid Pro Quo* Claim Under the NYSHRL.

Plaintiff's NYSHRL *quid pro quo* claim fails because, as this Court has previously held the allegations that form the basis for this claim arose prior to December 28, 2019—three years before she commenced this action—and are thus untimely.[4] (Dkt. 107 at 37.)  The remaining allegations

---

[4] Some of Plaintiff's allegations are undated and to the extent those allegations occurred prior to December 28, 2019, they are untimely.  Furthermore, all of Plaintiff's NYSHRL and NYCHRL claims against Dr. Freiwald are time-barred for the reasons set forth in Section II, *supra*.

are similar to those the Court held to be insufficient.[5]  (*See* TAC ¶¶ 13-93, 176-178; Dkt. 107 at 37.)  Accordingly, Plaintiff's NYSHRL *quid pro quo* claim against RU should be dismissed with prejudice.

### C.  Plaintiff Does Not State a *Quid Pro Quo* Claim under the NYCHRL

As stated above, Plaintiff's NYCHRL claims are time-barred to the extent that they occurred prior to December 28, 2019.  As this Court previously found, Plaintiff's timely allegations of a sexual nature – i.e., that Dr. Freiwald had a visible erection on one occasion and made suggestive gestures to her on another (TAC ¶¶ 111, 108) – are insufficient as a matter of law to state a NYCHRL *quid pro quo* claim.  (Dkt. 107 at 35-37.)

## IV.  Plaintiff Fails to State A Claim Against RU For Hostile Work Environment Under Title VII.

This Court has previously held—and the TAC does nothing to cure—that Plaintiff's Title VII hostile work environment claim against RU fails because (i) to the extent it relies on events prior to July 22, 2020 it is untimely and (ii) her only timely allegations are petty slights or minor annoyances that are insufficient to state a claim as a matter of law.  (Dkt. 107 at 32-33.)

To state a claim for hostile work environment, a plaintiff must allege that "the complained of conduct: (1) is objectively severe or pervasive—that is, … creates an environment that a reasonable person would find hostile or abusive; (2) creates an environment that the plaintiff subjectively perceives as hostile or abusive; and (3) creates such an environment because of the

---

[5] For instance, the TAC's allegation that that in an alleged meeting on February 14, 2020, "Freiwald . . . suggest[ed] that the future of [Plaintiff's] project depended on her willingness to engage in sexual relations with him," (TAC ¶ 159), is similar to one she made in support of her *quid pro claim* in the FAC, which claim the Court dismissed (*see* FAC ¶ 61 ("Because the meeting was about project progress, his saliently smirking face and sexually charged body language insinuated to Marciniak his request for sexual favors")).  Both allegations fail to link the alleged sexual favors and employment action.  *See, e.g.*, *Chamberlain v. Splashlight, LLC*, 2024 WL 5170266, at *9 (S.D.N.Y. Oct. 10, 2024), *report and recommendation adopted*, 2024 WL 5169255 (S.D.N.Y. Dec. 19, 2024) (dismissing *quid pro quo* claim where complaint failed to allege specific facts linking unwelcome sexual advances to the separation from employment); *Kahn v. Objective Sols., Int'l*, 86 F. Supp. 2d 377, 381 (S.D.N.Y. 2000) (same).

plaintiff's sex." *Osborne v. Moody's Invs. Serv., Inc.*, 2018 WL 1441392, at *5 (S.D.N.Y. Mar. 22, 2018) (Carter, J.).

None of Plaintiff's potentially timely allegations state a hostile work environment claim.[6]

As this Court previously held, such allegations do not allege that Plaintiff experienced a "severe or pervasive hostile work environment because of her sex . . ." (Dkt. 107 at 33.)  *See, e.g.*, *Myers v. Doherty*, 2022 WL 4477050 (2d Cir. 2022) (affirming dismissal of hostile work environment claim where defendant's conduct was unpleasant); *Harvin v. Manhattan & Bronx Surface Transit Operating Auth.*, 2016 WL 11318241, at *10-11 (E.D.N.Y. Mar. 3, 2016), *report and recommendation adopted*, 2018 WL 1603872 (E.D.N.Y. Mar. 30, 2018), *aff'd*, 767 F. App'x 123 (2d Cir. 2019) (finding plaintiff's allegation that she was "assigned a heavy workload; denied proper trainings, resources, and assistance to perform her work; and was treated unfairly…f[e]ll short of proving an objectively hostile environment existed"); *see also Alfano v. Costello*, 294 F.3d 365, 374 (2d Cir. 2002) (Defendant's actions "must be more than 'episodic'").

Accordingly, consistent with the Court's September 30 Order, Plaintiff's Title VII hostile work environment claim should be dismissed in its entirety, with prejudice.

**V.     Plaintiff Fails to State a Claim for Hostile Work Environment Against RU under the NSYRHL and the NYCHRL.**

As noted above, Plaintiff's claims under the NYSHRL and the NYCHRL prior to December 28, 2019 are time-barred.  Plaintiff's timely allegations of a sexual nature involve Dr.

---

[6] Particularly, the only potentially timely allegations are similar to those dismissed in the FAC and concern (i) a lab survey conducted prior to August 2020 that purportedly "revealed that [the] majority of [survey] respondents reported experiencing or witnessing a hostile environment" and "did not feel supported by [Dr.] Freiwald and were uncomfortable bringing issues or concerns to his attention"; (ii) Dr. Freiwald assigning a guest lecture opportunity for a CBMM course to a male postdoc instead of Plaintiff; (iii) Dr. Freiwald "retract[ing] his earlier proposal for a collaboration between Plaintiff and a laboratory in Belgium"; (iv) Dr. Freiwald "divert[ing] electrophysiological resources" that had previously been "promised" to Plaintiff to a male postdoc instead; (v) Dr. Freiwald ending Plaintiff's collaboration with CBMM; and (vi) Plaintiff allegedly learning that Dr. Freiwald reported a black female PhD student to HR for having "threatened" him.  (TAC ¶¶ 121-126, 129.)

Freiwald allegedly being overly suggestive to her, that she allegedly saw him having an erection

through his pants during a meeting, and that he slapped her buttocks after that meeting.  (TAC ¶¶

110-111, 108.)    As this Court already found, such allegations are insufficient to state a claim for

hostile work environment under the NYSHRL and the NYCHRL.[7]  (Dkt. 107 at 35-37.)

## VI.    Plaintiff's Retaliation Claims Against RU Largely Fail As a Matter of Law.

Plaintiff alleges that RU retaliated against her.  These claims largely fail as a matter of law

under Title VII, NYCHRL, and NYSHRL because they (i) are untimely in part and (ii) allege

insufficient facts of actionable conduct either before or after her termination.[8]

### A.  Title VII Retaliation Claims Arising Prior to July 22, 2020 and NYCHRL and NYSHRL Claims Arising Prior to December 28, 2019 Are Time-Barred.

As noted above, this Court previously held, Plaintiff's allegations of retaliation under Title

VII are untimely to the extent they arise before July 22, 2020 and should be dismissed. (Dkt. 107

at 34.)  While the FAC did not assert retaliation claims under NYCHRL and NYSHRL, as noted

above, these retaliation claims are also untimely to the extent they arise prior to December 28,

2019.  (*See* Dkt. 107 at 36-37 (holding three-year limitations period applied to Plaintiff's

NYSHRL and NYCHRL claims)).  Consistent with this Court's prior order, Plaintiff's untimely

retaliation claims should therefore be dismissed.[9]

### B.  Plaintiff's Timely Allegations of Retaliation Under Title VII, NYSHRL and NYCHRL Largely Fail to State a Claim.

Among the factors necessary to set forth a *prima facie* case of retaliation under Title VII, a

plaintiff must demonstrate that "a causal connection existed between the protected activity and the

---

[7] As noted above, Plaintiff added the allegation that Dr. Freiwald slapped her only after the FAC was dismissed, but this allegation does not alter the hostile work environment analysis.

[8] As noted in Section VII(A), the retaliation claims against Dr. Freiwald also fail because Title VII does not recognize individual liability and her NYSHRL and NYCHRL claims are untimely.

[9] Plaintiff's undated allegations are also untimely to the extent they occurred prior to July 22, 2020.

adverse action." *McCormick v. Donovan*, 365 F. App'x 247, 249 (2d Cir. 2010) (citation omitted). In contrast to prove causation, the NYSHRL and NYCHRL "only require[ ] that the protected activity be a 'motivating factor' in the adverse action, and not its 'but-for' cause, as would be required under federal law." *Ronen v. RedRoute, Inc*., 2025 U.S. Dist. LEXIS 13082, at \*27-28 (E.D.N.Y. Jan. 24, 2025) (citations omitted); *Qorrolli v. Metro. Dental Assocs.,* 124 F.4th 115, 122 (2d Cir. 2024).

Title VII protects employees from "actions injurious to *current* employment or the ability to *secure future* employment." *Wanamaker v. Columbian Rope Co.*, 108 F.3d 462, 466 (2d Cir. 1997). Courts have required a showing of substantial injury to the ability to secure future employment. *Id.* (collecting cases).

Applying these standards, Plaintiff's retaliation allegations against RU largely fail as a matter of law. Her assertion that RU failed to assist with her ERAP application (TAC ¶ 178) is contradicted by her admission that RU in fact did so (TAC ¶ 140). That RU revoked her H-1B visa (TAC ¶ 178) does not support a retaliation claim because RU was ***legally obliged*** to do so once Plaintiff's employment ended. *See* 8 CFR § 214.2(h)(11)(i)(A); *see also Mandavia v. Columbia Univ.*, 912 F. Supp. 2d 119, 133 (S.D.N.Y. 2012), *aff'd*, 556 F. App'x 56 (2d Cir. 2014) (holding that employer's legally-required report to USCIS did not "give rise to a plausible inference that [Defendant's] motive in revoking sponsorship of his immigration petition was retaliatory.").

Additionally, unlike the type of serious conduct such as blacklisting that courts have held to support a Title VII claim based on post-employment conduct (*see, e.g., Wanamaker*, 108 F.3d at 466), Plaintiff's post-employment allegations do not raise an inference of retaliatory motivation. Particularly, Plaintiff does not explain *how* these events, such as that RU deactivated her RUNet

account after her departure (after providing a short extension), denied her request to allow her husband to enter RU's campus, and did not cover the "open-access fee" for her published paper (TAC ¶¶ 141-143, 178), interfered with her ability to get a job.  *See Mira v. Kingston*, 218 F. Supp. 3d 229, 235 (S.D.N.Y. 2016), *aff'd*, 715 F. App'x 28 (2d Cir. 2017) (finding Plaintiff's post-employment allegations were not actionable as retaliation because "[t]he acts of harassment of which she complains…do not relate to her new job or to any inability to procure employment…"). Plaintiff's conclusory assertion that this conduct interfered with her job prospects (TAC ¶ 183) is insufficient.

**VII.**     **Plaintiff's Claims Against Dr. Freiwald Should Be Dismissed With Prejudice.**

The claims against newly-named defendant Dr. Freiwald should be dismissed with prejudice because they violate the law of the case (Section I(A)) and do not satisfy Rule 8(a) (Section I(B)).  The claims also are not cognizable against an individual (Title VII), are untimely and/or insufficient (Title VII, NYCHRL, and NYSHRL), and fail to allege required facts (GMVL).

   **A.**     **Plaintiff's Title VII Claims Against Dr. Freiwald Fail As A Matter of Law.**

Plaintiff's Title VII claims against Dr. Freiwald should be dismissed with prejudice because Title VII does not recognize individual liability.  *Figueroa v. RSquared NY, Inc.*, 89 F. Supp. 3d 484, 492-93 (E.D.N.Y. 2015).  Additionally, Plaintiff's Title VII claims against Dr. Freiwald are time-barred.[10]

   **B.**     **Plaintiff's NYSHRL and NYCHRL Claims Against Dr. Freiwald Are Time-Barred and Do Not Relate Back to The Original Complaint.**

---

[10] The EEOC issued Plaintiff a notice of right to sue regarding her Title VII claims on June 7, 2022.  Plaintiff therefore had 90 days (until September 5, 2022) to file a lawsuit against Dr. Freiwald under Title VII, which she did not do. *See e.g. Pianoforte v. Little Red Sch. House*, 2022 WL 2713659, at *5 (S.D.N.Y. July 13, 2022) ("The Second Circuit generally enforces the 90-day filing deadline specified in an EEOC Right-to-Sue letter even where a plaintiff is *pro se*.").  Plaintiff filed the TAC against Dr. Freiwald on February 28, 2025, more than 90 days after the right to sue letter and cannot relate back claims against Dr. Freiwald to any of her prior complaints for the reasons set forth in Section VII(B), *infra*.

As noted above, Plaintiff's NYSHRL and NYCHRL claims are subject to a three-year statute of limitations. C.P.L.R. § 214(2);[11] N.Y.C. Admin. Code § 8-502(d). Plaintiff's claims against Dr. Freiwald arise out of her employment with RU, which ended on November 30, 2021. Plaintiff did not add Dr. Freiwald as a defendant here until more than three years later, February 28, 2025.[12] Accordingly, all of Plaintiff's NYSHRL and NYCHRL claims against Dr. Freiwald are untimely.

Contrary to Plaintiff's assertion in her pre-motion letter, the relation back doctrine does not salvage her untimely NYSHRL and NYCHRL claims. A court may find that an untimely amendment relates back to the original complaint pursuant to Federal Rule of Civil Procedure 15(c) only if: (i) the claim against the newly-named defendant arose "out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading"; (ii) "within the period provided by Rule 4(m) for serving the summons and complaint," the newly named defendant "received such notice of the action that it will not be prejudiced in defending on the merits"; and (iii) "the party to be brought in by amendment ... knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c). The second and third prongs are not satisfied here.

The New York Court of Appeals has held that the third prong is satisfied only where the new party knew or should have known that but for the mistake they would have been named in the initial pleading. *Buran v. Coupal*, 87 N.Y.2d 173, 181 (1995). Notably, the Court of Appeals expressly held that the relation back doctrine does not apply when a plaintiff "***intentionally***

---

[11] As this Court already found, because Plaintiff requested that the NYSDHR dismiss her complaint due to administrative convenience (TAC ¶ 6), the statute of limitations for her NYSHRL claims was not tolled during the pendency of her complaint, and her claims are subject to a three-year statute of limitations. *See* fn. 4, *supra*.

[12] To the extent Plaintiff asserts post-termination retaliation claims against Dr. Freiwald (the TAC is not clear on this point), those claims fail for the reasons explained in Section VI, *supra*.

***decides not to assert a claim against a party known to be potentially liable***" or when the new party was omitted "***to obtain a tactical advantage in the litigation***." *Id.* at 181 (emphasis added); *see also In re Nemeth v. K-Tooling*, 40 N.Y.3d 405, 407 (2023) (explaining that the New York relation back doctrine would not apply where it would reward the amending party's strategic failure to name an opposing party).

Here, Plaintiff cannot satisfy this third prong. Plaintiff has conceded that she did not name Dr. Freiwald as a defendant in any of the three prior complaints in this matter in an attempt to gain a strategic litigation advantage by filing *Marciniak II* as a separate action. Her argument in *Marciniak II* that she should be permitted to proceed with two duplicative lawsuits ***because*** Dr. Freiwald was named as a defendant in that action and not in this one underscores that her decision about which complaint to name Dr. Freiwald was intentional. (Bloom Decl. Ex. L at 10.) Indeed, Plaintiff did not add Dr. Freiwald as a defendant in this action until after it became apparent that her strategy of pursuing two separate actions had failed.

Plaintiff's decisions here are similar to those of the plaintiff in *Esmilla v. Cosmopolitan Club*, 2011 WL 814007 (S.D.N.Y. Mar. 3, 2011), where the *Esmilla* plaintiff sued her former employer but did not name the supervisory employees involved in the alleged unlawful acts. *Id.*, at *4. Later, she sought to amend her complaint to add new claims and name the supervisors as defendants, even though the claims were untimely unless they related back to the original complaint. *Id.* The relation back doctrine did not apply because the plaintiff had strategically chosen not to name the supervisors initially, despite referencing them in her original complaint. *Id.*

That Plaintiff here strategically chose not to name Dr. Freiwald in this case is apparent from the fact that she filed two complaints in this action *pro se* and one by counsel, in which she

made numerous allegations about him, yet did not name him.  By contrast, in her administrative complaint filed with the NYSDHR, Plaintiff *did* name Dr. Freiwald.  And Plaintiff named Dr. Freiwald in *Marciniak II*.  Plaintiff thus was clearly aware that Dr. Freiwald was not a defendant in this action from the outset, yet she elected not to name him until it became clear that she would not be able to pursue *Marciniak II*.  The Court should not condone Plaintiff's "wait-and-see approach" and should bar Plaintiff from adding Dr. Freiwald as a defendant in this action.  *See Genao v. Rivera*, 2024 U.S. Dist. LEXIS 123254, at *16 (S.D.N.Y. July 12, 2024) (plaintiff's *pro se* status did not change the analysis under either the federal or state relation back doctrine).

Nor can Plaintiff blame her previous counsel for this decision.  This is because "a lawyer's purported shortcomings present no cognizable ground for relief in a civil matter," and any error or poor choice by counsel is not a basis for relief.  *Singh v. Home Depot U.S.A., Inc.*, 580 F. App'x 24, 25 (2d Cir. 2014); *see also Nemaizer v. Baker*, 793 F.2d 58, 62 (2d Cir. 1986) ("[A] person who selects counsel cannot thereafter avoid the consequences of the agent's acts or omissions.").

As to the second prong, Plaintiff's claims against Dr. Freiwald do not relate back because Dr. Freiwald was not on notice that he would be named as a defendant in this action.  Plaintiff filed three prior complaints in this action without naming him.  (By contrast, Plaintiff named Dr. Freiwald as a defendant in the two complaints filed in *Marciniak II* and in her NYSDHR charge.)  Plaintiff first expressed a desire to add Dr. Freiwald as a defendant in this action in her letter to the Court dated December 11, 2024 – after the statute of limitations for the claims against him had expired.  Accordingly, the relation back doctrine does not apply for this separate reason.  *See Turner v. Suffolk Cnty.*, 2022 WL 3357944, at *8 (E.D.N.Y. Aug. 15, 2022) (holding relation back doctrine inapplicable to *pro se* complaint where plaintiff gave no prior indication that he intended to bring claims against the additional parties despite their involvement in the underlying acts).

Thus, because Plaintiff's NYSHRL and NYCHRL claims against Dr. Freiwald are untimely and cannot be salvaged by the relation back doctrine, they should also be dismissed with prejudice.

### C.    Plaintiff Does Not State A GMVL Claim Against Dr. Freiwald.

Plaintiff's GMVL claim against Dr. Freiwald fails as a matter of law because she does not allege that Dr. Freiwald's conduct was motivated by her gender, because of animus against women, or that he engaged in conduct that presented a serious risk of physical injury.

To state a claim under the GMVL, Plaintiff must plead "(i) the alleged act constitutes a misdemeanor or felony against [her]; (ii) presenting a serious risk of physical injury; (iii) that was perpetrated because of [P]laintiff's gender; (iv) in part because of animus against [P]laintiff's gender; and (v) resulted in injury." *Hughes v. Twenty-First Century Fox, Inc.*, 304 F. Supp. 3d 429, 455 (S.D.N.Y. 2018). Plaintiff's GMVL claim fails the second, third, and fourth elements.

Plaintiff alleges that Dr. Freiwald on two occasions purportedly "slapped her buttocks." (TAC ¶¶ 75, 110.) Notably, Plaintiff did not assert any such allegation in her first two complaints in this matter and only added this allegation in her SAC after this Court dismissed her FAC. Additionally, in Plaintiff's SAC she only alleged that Dr. Freiwald made physical contact with her buttocks incidentally when he let her pass him first as they exited a train whereas now she has added that his decision to let her pass first was a "guise" to make physical contact with her. *Compare* TAC ¶ 75 *with* FAC ¶ 59 and SAC ¶ 132. The Court should thus look skeptically at these allegations, even in the context of a motion to dismiss.

Even taken as true, the TAC's allegations are insufficient to state a GMVL claim because Plaintiff fails to allege that the conduct was perpetrated in part *because of* animus against women, or *because of* Plaintiff's gender. Indeed, with respect to gender-based animus, courts have dismissed GMVL claims where the plaintiff failed to allege "any facts showing that defendant's

alleged acts demonstrated any hostility based on gender." *Hughes* 304 F. Supp. 3d at 455 (S.D.N.Y. 2018); *see also Rossbach v. Montefiore Med. Ctr.*, 2021 WL 930710, at *11 (S.D.N.Y. Mar. 11, 2021) (granting summary judgment on GMVL claim where plaintiff alleged that defendant rubbed her shoulders, attempted to force her to sit on his lap and groped her but failed to provide any evidence of defendant's "expressed hatred towards women, or specific statements made during the episodes of unwanted physical contact"). Likewise, courts have dismissed GMVL claims that failed to allege that the conduct against the plaintiff was because of plaintiff's gender. *See, e.g., Garcia v. Comprehensive Ctr., LLC*, 2018 WL 3918180 (S.D.N.Y. Aug. 16, 2018) (denying motion for default judgment where plaintiff alleged the defendant threatened her and blocked a door when she attempted to leave because plaintiff failed to allege that defendant's actions were motivated by her gender); *Adams v. Jenkins*, 2005 WL 6584554 (Sup. Ct. N.Y. Cnty. Apr. 22, 2005*)* (granting summary judgment denying GMVL claim where allegations "that defendant pushed and slapped her," threatened to kill her and called her a bitch were insufficient to show that the assault was motivated by gender).[13]

Plaintiff's GMVL claim also fails because she does not allege that Dr. Freiwald's conduct created a serious risk of injury to her. *See Rossbach*, 2021 WL 930710, at *11; *Bellino v. Tallarico*, 2024 WL 1344075, at *1 (S.D.N.Y. Feb. 21, 2024) (granting motion to dismiss GMVL claim where plaintiff alleged that defendant forcibly kissed her, and touched her breasts, buttocks and genitals, finding the complaint did not allege "conduct presenting a serious risk of physical injury.")

---

[13] While the Appellate Division, First Department has held that allegations of rape and sexual assault are, taken together, sufficient to establish animus, *Breest v. Haggis*, 180 A.D.3d 83, 92-93 (1st Dep't 2019), such allegations are absent here. *See Rossbach*, 2021 WL 930710, at *11 (noting Plaintiff "points to no authority indicating that the requisite animus element may be inferred in GMVPL cases not premised on rape.").

Accordingly, Plaintiff's GMVL claim against Dr. Freiwald fails as a matter of law and should be dismissed with prejudice.

**<u>CONCLUSION</u>**

For the foregoing reasons, the RU Defendants respectfully request that this Court enter an Order dismissing: (i) the TAC in its entirety, with prejudice; or alternatively, (ii) Plaintiff's Title VII *quid pro quo* claims against RU, with prejudice; (iii) Plaintiff's NYSHRL and NYCHRL *quid pro quo* claim against RU, with prejudice; (iv) Plaintiff's Title VII, NYSHRL and NYCHRL hostile work environment claims against RU, with prejudice; (v) Plaintiff's retaliation claims arising out of RU's alleged failure to complete her ERAP application, revocation of her H-1B Visa, and post-termination conduct under Title VII, NYSHRL, and NYCHRL, with prejudice; (vi) all claims against Dr. Freiwald, with prejudice; and (vii) granting such other and further relief as the Court deems just and proper.

Dated: May 20, 2025
      New York, New York

<div style="margin-left:40%">

Respectfully submitted,

*/s/ Elise M. Bloom*
Elise M. Bloom
Patrick J. Lamparello
Noa M. Baddish
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036-8299
Tel. 212.969.3000
Fax 212.969.2900
ebloom@proskauer.com
plamparello@proskauer.com
nbaddish@proskauer.com

*Attorneys for Defendants*
*The Rockefeller University and Dr. Winrich*
*Freiwald*

</div>

## <u>LOCAL RULE 7.1(c) WORD COUNT CERTIFICATION</u>

Pursuant to Rule 7.1(c) of the Joint Local Rules for the Southern District of New York and Eastern District of New York ("Local Rule"), the undersigned hereby certifies that this Memorandum of Law was prepared with a computer; contains 8,390 words (excluding the caption, table of contents, table of authorities, signature blocks, and this certification), including footnotes.

Dated: New York, New York
          May 20, 2025

<div align="right">

*/s/ Elise M. Bloom*
Elise M. Bloom

</div>