Dr. Karolina Agra
500 E. 63rd Street, Apt. 13F
New York, New York 10065
(646) 770-2045
marciniak.kar@gmail.com

May 23, 2025

Via ECF
Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Courtroom 435
New York, New York 10007

      Re:    Marciniak-Domingues Goncalves Agra, et al. v. Massachusetts Institute of Technology, et al.
             Case No. 1:22-cv-10959-ALC

Dear Judge Carter:

I write to respectfully oppose Defendant Frederico Azevedo ("Defendant")'s request for a six-week extension to file his answer in the above-referenced matter (ECF No. 150). My opposition is based on the following grounds:

<u>1. Defendant's Failure to Disclose Legal Representation Warrants Denial</u>

Contrary to his implied *pro se* status in ECF No. 150, Defendant is represented by Bond, Schoeneck & King (BSK) attorneys Mallory Campbell and Louis DiLorenzo[1]. As evidenced by the attached correspondence **(Exhibit 1)**. Defendant already engaged with Plaintiff in direct communication through counsel on March 25, 2025, regarding waiver of service in this action, and confirmed awareness of the May 27 deadline during an April 4, 2025 Zoom meeting. Defendant cannot claim *pro se* hardship while represented by counsel. *See New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (precluding parties from asserting contradictory positions). Defendant has had ample time[2] and legal support to prepare his response. Defendant's failure to disclose his legal representation —while citing the No-Contact Directive (NCD) as a barrier to communication—undermines the credibility of his request and constitutes a material omission warranting denial under FRCP 6(b)(1)  Defendant's counsel has been actively involved in *Marciniak II* since early 2024, and in this action for months, and his claimed emergencies do not justify a six-week extension.

<u>2. Defendant's Misrepresentations about Family Emergencies</u>

---

1   The attorneys represented Defendant in prior litigation, Marciniak v. Rockefeller University et al., 1:20-cv-09832-AT (S.D.N.Y.), before Judge Cronan ("Marciniak II"), the case inappropriately filed as an individual action (rather than joining the claims against Defendant with this case) by my former attorney against my explicit instructions.
2   Normally, a defendant must file an answer within 21 days after being served with the summons and complaint. (FRCP 12(a)(1)(A)(i)). If the defendant signs and returns a waiver of service, they get 60 days after the waiver request was sent.

Defendant's assertion that his brother's recent passing and his father's dementia necessitate an extension is unsupported and misleading. The Court directed Defendant to file redacted Exhibits A–F (including his brother's death certificate and father's medical records) by May 22, 2025 (ECF No. 150 at 3). He ignored this deadline, undermining his credibility. Defendant provided no proof of travel to Brazil or primary caregiver status. Defendant's parents are divorced and he has had minimal involvement in his father's affairs. Moreover, his brother's chronic illness made his death foreseeable, making his passing an expected event rather than a sudden tragedy. Notably, Defendant's pattern of leveraging family tragedies for personal reasons is well-documented. During a similar family event in 2017, he used his grandmother's death as an excuse to take extended holiday from work for a trip to Brazil, during which witnesses reported he was pursuing personal relationships rather than attending to family matters.

### 3. Defendant's Bad Faith and Abuse of Process

Defendant has a history of exploiting procedural delays, and this is not Defendant's isolated request for extension of time to file responsive pleadings. In Marciniak II, Defendant, through his counsel, delayed filing the response twice (Case No. Case 1:23-cv-10305-JPC, ECF No. 37, 46). His current submission—filed ex parte with unredacted personal documents—further suggests an attempt to manipulate the Court's sympathy rather than address the merits of this case. Defendant falsely claimed that his *pro se* status and the No Contact Directive ("NCD") prevented him from contacting Plaintiff directly to request my permission for an extension. To justify *ex parte* contact, Defendant omitted to the Court the critical fact of having existing representation and that he petitioned for the NCD removal. The attached correspondance **(Exhibit 2)** confirms the NCD, which was issued solely by the Marine Biological Laboratory ("MBL") in Woods Hole, MA, **NOT** the Family Court of the State of New York as falsely asserted by Defendant, was lifted on May 22, 2025, at Defendant's request—the Court's deadline for Defendant to submit redacted exhibits. The NCD's removal eliminated any purported restriction on sending documents to me, yet Defendant still failed to serve the exhibits as ordered. This conduct demonstrates that his request is made in bad faith, further underscoring his disregard for procedural fairness, the Court's Individual Practices Rules, and reflects a broader strategy to manipulate proceedings. The Court should deny his extension and require him to file his answer by the original deadline of May 27, 2025.

### 4. Defendant's Reliance on MBL's Flawed Investigation is Irrelevant

Defendant's reference to the MBL investigation (ECF No. 150 at 3) is meritless. As pleaded in the Third Amended Complaint, that investigation was flawed, as the investigators did not follow their procedures, and, among other flaws, refused to interview three individuals who could corroborate Defendant's history of sexual misconduct (Third Amended Complaint, ECF 136, ¶ 79-81). Defendant employer, MIT[3]'s rubber-stamp approval, its failure to conduct its own investigation in light of new evidence, and subsequent disregard towards key witness statements corroborating Defendant's sexual misconduct without explanation, even though Azevedo was an MIT-affiliated researcher demonstrates that the process was tainted by bias, procedural irregularities, and a failure to consider critical evidence, constituting a due process violation (Third Amended Complaint, ECF 136, ¶ 88-99).

Conclusion

---

[3]  A former Defendant in this action

      Defendant's request is a transparent effort to delay proceedings without justification and his misrepresentations undermine the integrity of these proceedings. For these reasons, I respectfully urge the Court to deny the extension and require Defendant to file his answer by the original deadline of May 27, 2025. Should the Court grant any extension, I respectfully request that it be limited to a brief, defined period with strict conditions to prevent further delay.

      Given Defendant's history of harassment and this latest attempt to exploit judicial processes, I respectfully request that the Court grants me leave to file an emergency motion for a Court-Issued No-Contact Order to (i) prohibit all direct or indirect contact, and (ii) require all communication through counsel; (iii) prevent further intimidation during litigation.

      Thank you for your consideration.

      Respectfully submitted,

Dr. Karolina Agra
(Plaintiff pro se)

*Karolina Agra*
-------------------------------------
500 E 63rd St, Apt 13F
New York, NY 10065
(646) 770 2045
marciniak.kar@gmail.com

Exhibits:

Correspondence with BSK attorneys (Mar. 25–Apr. 4, 2025).

MBL email re: NCD termination (May 22, 2025).