Dr. Karolina Agra
500 E. 63rd Street, Apt. 13F
New York, New York 10065
(646) 770-2045
marciniak.kar@gmail.com

June 3, 2025

**Via ECF**
Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Courtroom 435
New York, New York 10007

Re:    **Marciniak-Domingues Goncalves Agra, et al. v. Massachusetts Institute of Technology, et al.**
**Case No. 1:22-cv-10959-ALC**

_**Urgent Request for Confirmation of Extended Deadline or Leave to File Opposition Nunc Pro Tunc**_

Dear Judge Carter,

I respectfully but urgently request that the Court either (1) confirm that my opposition to Defendants Rockefeller University's and Winrich Freiwald's ("the RU Defendants") Motion to Dismiss (ECF Nos. 148, 149, 151) is due on July 1, 2025[1], consistent with the Court's explicit prior assurances and Defendants' express consent, or (2) grant leave to file my opposition out of time under Fed. R. Civ. P. 6(b)(1) based on excusable neglect and the substantial interests of justice. Denial would result in manifest injustice and violate binding precedent protecting *pro se* litigants.

1. The Court's Unambiguous Assurances and Defendants' Consent Mandate this Extension

The record irrefutably demonstrates that the Court has consistently accommodated my *pro se* status to ensure fairness. During a conference on February 20, 2025, the Court expressly granted me leave to file the Third Amended Complaint *pro se* and assured additional time to oppose any dismissal motion if I remained unrepresented, recognizing the challenges of self-representation.

On March 24, 2025, the Court granted Defendants an extension to file their motion by May 20, 2025 (ECF Nos. 142, 143). The following day (March 25, 2025), the Court simultaneously aligned my status report deadline regarding retaining a counsel with their filing date (ECF Nos. 144, 145), signaling an intent to synchronize timelines for fairness, should I proceed *pro se*.

On May 20, 2025, Defendants filed their motion to dismiss the Third Amended Complaint (ECF No. 148,149,151). On May 20, 2025, and on May 21, 2025, I notified the Court I would proceed *pro se*

---

1    Or at such later date as the Court in its discretion deems appropriate to ensure fairness and substantial justice as necessary to safeguard my rights as a pro se litigant

and requested at least six weeks to oppose Defendants' 13-exhibit motion (ECF Nos. 152, 153). Defendants did not oppose the six-week extension, only disputing page limits (ECF No. 154).

The Court's clear pattern of accommodations, coupled with Defendants' acquiescence to the extended timeline, led me to reasonably believe my opposition was due by July 1, 2025. To retroactively enforce the original June 3 deadline would contradict the Court's prior rulings and unfairly penalize my reliance on judicial assurances.

### 2. Binding Precedent Compels Leniency for Pro Se Litigants

The Second Circuit and Supreme Court have unequivocally ruled that *pro se* litigants must be afforded special solicitude to prevent the forfeiture of rights. *Pro se* filings must be liberally construed. See *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Courts must grant procedural flexibility to *pro se* litigants See *Tracy v. Freshwater,* 623 F.3d 90, 101-02 (2d Cir. 2010). Courts must make "reasonable allowances" to protect *pro se* parties from inadvertent errors. See *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006)

This policy is driven by the understanding that " [i]mplicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." See *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983); see also *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (recognizing that pro se litigants must be accorded "special solicitude"), See generally *Jonathan D. Rosenbloom*, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 FORDHAM URB. L.J. 305, 380 (2002) ("In this time of ever increasing legal costs and complexity of litigation, the *pro se* litigant is at an insurmountable disadvantage.").

Denying this extension would defy these mandates and undermine the integrity of the judicial process for self-represented litigants.

### 3.Excusable Neglect and the Interests of Justice Require Nunc Pro Tunc Relief

If the Court requires formal relief under Rule 6(b)(1)(B), the standard is met. I submit this request in good faith and there is no prejudice. Defendants filed their motion just two weeks ago (May 20, 2025) and will suffer zero prejudice from a modest delay. I seek only four additional weeks (until July 1) to finalize a comprehensive opposition. This is my first request for such relief, and I have acted diligently (ECF Nos. 145, 152, 153). Courts routinely grant nunc pro tunc relief to pro se litigants to correct procedural inequities.

### 4. Substantial Justice Demands Adjudication on the Merits

My Third Amended Complaint alleges serious Title VII violations—claims that must be heard on the merits, not derailed by a technical deadline dispute. See *Houston v. Lack*, 487 U.S. 266 (1988)(a clear filing rule for pro se litigants is to mitigate disputes over delays beyond their control). Defendants' opposition to this extension is patently unreasonable given their own lengthy extensions and lack of prejudice.

### Conclusion

For the foregoing reasons, I emphatically urge the Court to: (i) confirm that my opposition is due by July 1, 2025 or at such later date as the Court in its discretion deems appropriate to ensure fairness and substantial justice as necessary to safeguard my rights as a pro se litigant; or (ii) grant leave to file nunc pro tunc by the same date.

The interests of justice, fairness, and binding precedent compel this result. I will strictly adhere to any revised deadline.

I appreciate the Court's understanding and consideration of this request.

Respectfully submitted,


Dr. Karolina Agra
(Plaintiff *pro se*)

*Karolina Agra*
-----------------------------------
500 E 63rd St, Apt 13F
New York, NY 10065
(646) 770 2045
marciniak.kar@gmail.com