Submitted via email to ALCarterNYSDChambers@nysd.uscourts.gov

Frederico Augusto Casarsa de Azevedo

10 Emerson Place, Apt. 21D

Boston, MA 02114

Tel: (857) 999-1396

Email: fazevevedo@mit.edu

July 3, 2025

Hon. Andrew L. Carter, Jr.

United States District Judge

Southern District of New York

40 Foley Square, Courtroom 444

New York, NY 10007

Re: Agra v. Rockefeller University, et al., Case No. 1:22-cv-10959 (ALC)(SN)

Request for Leave to File a Motion to Dismiss

Your Honor:

    I am the pro se defendant, Dr. Frederico Azevedo, in the above-referenced matter. Pursuant to Rule 2.A of Your Honor's Individual Practices, I respectfully request leave to move to dismiss Plaintiff's Third Amended Complaint ("TAC"). The TAC, filed on February 28, 2025 (with leave of Court), is Plaintiff's sixth attempt to litigate the same underlying allegations and now asserts a single claim against me under the New York City Gender-Motivated Violence Act ("GMVA").

    Plaintiff alleges that during my March 2018 visit to New York, I forcibly engaged in non-consensual intercourse with her—despite her verbal protests and physical

resistance—and that this conduct constituted third-degree rape and forcible touching under New York law (TAC ¶¶ 58–59). She further asserts, in conclusory fashion, that I committed this act "because she is a woman" and with gender-based animus.

First, the TAC is barred by claim-splitting and *res judicata* principles. After initially omitting me from this action, Plaintiff sued me separately in a parallel case (No. 23-cv-10305), which Judge Cronan dismissed with prejudice as duplicative of this case. Repackaging the same allegations against the same defendant in this case flouts fundamental principles of claim preclusion and judicial economy. Indeed, the Second Circuit has emphasized that a plaintiff "has no right to maintain two actions on the same subject in the same court, against the same defendant at the same time" (Curtis v. Citibank, N.A., 226 F.3d 133, 139 (2d Cir. 2000)). Judge Cronan's prior dismissal with prejudice (a final adjudication on the merits) thus bars Plaintiff from relitigating the very same claim here.

Second, the GMVA claim is untimely and was asserted without good cause, long after the Court's May 1, 2024 deadline for amended pleadings. Plaintiff waited until the last day of a special GMVA revival period—ten months after the scheduling cutoff—to add me and this claim, despite knowing all relevant facts from the outset. Such delay lacks diligence and fails Rule 16(b)'s "good-cause" standard. See *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). Revival statutes extend limitations; they do not override scheduling orders. See *Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.*, 304 F.R.D. 170, 177 (S.D.N.Y. 2014). Allowing this belated amendment would nullify Judge Cronan's final dismissal and reward lack of diligence.

Third, the TAC fails to state a claim under the GMVA. Even assuming the alleged third-degree rape and forcible touching qualify as a "crime of violence," the GMVA further requires that the act be committed "because of gender or on the basis of gender, and due, at

least in part, to animus" toward the victim's gender. See N.Y.C. Admin. Code § 10-1103. The Council modeled the GMVA on hate-crime law; animus is an element, not a presumption. Here, the TAC pleads no facts showing that my alleged conduct was motivated by Plaintiff's gender. It offers only the bare conclusion that I acted "because she is a woman" and harbored gender-based animus. The Supreme Court has made clear that a complaint offering mere "labels and conclusions" or "a formulaic recitation of the elements" of a claim, without further factual enhancement, does not satisfy federal pleading standards of plausibility. See *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Plaintiff may cite Breest v. Haggis, 180 A.D.3d 83 (1st Dep't 2019), where detailed allegations of a violent, degrading rape—reinforced by contemporaneous evidence and misogynistic statements—were held sufficient to plead gender animus. Breest underscores why the TAC fails: it offers none of Breest's specific facts, threats, injuries, or anti-female slurs. Bare recitals of "because she is a woman" do not satisfy Twombly/Iqbal or § 10-1103. After six pleadings across two dockets, Plaintiff still cannot allege a single non-conclusory, credible fact supporting gender animus; amendment would therefore be futile. See *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Because the TAC is both procedurally improper and substantively deficient, I intend to move to dismiss it in its entirety, with prejudice.

Thank you for the Court's consideration of this request.

Respectfully,

*/s/ Frederico A. C. de Azevedo*

Frederico Augusto Casarsa de Azevedo

*Pro Se* Defendant