Submitted via email to ALCarterNYSDChambers@nysd.uscourts.gov

Frederico Augusto Casarsa de Azevedo

10 Emerson Place, Apt. 21D

Boston, MA 02114

Tel: (857) 999-1396

Email: fazevedo@mit.edu

July 7, 2025

Hon. Andrew L. Carter, Jr.

United States District Judge

Southern District of New York

40 Foley Square, Courtroom 444

New York, NY 10007

Re: Agra v. Rockefeller University, et al., Case No. 1:22-cv-10959 (ALC)(SN)

Motion to Vacate Default

Your Honor:

    I, Dr. Frederico A. C. Azevedo, appearing pro se, have just completed my first consultation with Hofstra Law's Pro Se Legal Assistance Program, which advised me to promptly move to vacate the Clerk's default, explain in detail the inadvertent causes of my late filing, and seek leave to resubmit my pre-motion-to-dismiss letter.

    Until recently, Plaintiff Marciniak pursued two overlapping suits, yet I was named as a defendant only

in Marciniak II (23-cv-10305). In that action, the liability insurer of Children's Hospital Boston's (CHB) retained counsel for me because at least one alleged incident was deemed work-related. However, when Plaintiff amended Marciniak I in February 2025, she re-cast the pleadings so that only a single episode—characterized as a personal visit—remained in a cause of action. Because the insurer understood that this incident was out of the scope of my work, it withdrew coverage. After that, I met several times with my prior legal counsel at Bond, Schoeneck & King to explore private representation, but on 3 June 2025 they quoted a retainer that exceeded my annual salary, leaving me with no realistic option but to proceed *pro se*—a role entirely unfamiliar to me.

A few weeks before, on 11 May 2025 (Mother's Day) I received an unexpected, frantic call from my mother informing me that my older brother had suddenly passed away. Although he had the rare genetic disorder Williams-Beuren syndrome, this condition does not significantly shorten life expectancy, so his death at 44 was unforeseen. I flew to Brazil that same day for his funeral. Four days later, on 15 May 2025, my father was diagnosed with advanced dementia, requiring continuous care, and we simultaneously discovered that his finances were in serious disarray.

Faced with the procedural burdens of a "new" lawsuit, the loss of CHB-funded lawyers, my brother's death, my mother's need for support, my father's hospitalization, his long-term-care arrangements and his urgent financial matters (paying debts, clearing and renting his apartment, repairing and selling his car, etc.), and remote work, I lacked the time or mental capacity to learn the intricacies of pro-se defense and to prepare a motion to dismiss by 27 May 2025. I therefore asked the Court for a six-week extension to 8 July 2025 (ECF 150).

Because I was unfamiliar with PACER and CM/ECF at the time, I assumed that only attorneys could access case files. On 22 May 2025, my former attorneys emailed me confirming that the Court had granted my extension request (Exhibit A). Under considerable stress and unfamiliar with legal terminology, I relied on counsel's interpretation and assumed the extension had been granted. Accordingly, I devoted the first four weeks to my urgent family matters and reserved the remaining time to prepare my motion to dismiss and its

supporting papers.

Upon my return to the United States on 17 June 2025, I completed CM/ECF training and sought assistance from the SDNY Federal Pro Se Legal Assistance Project. Because that office is likely advising Plaintiff, it declined my request on conflict-of-interest grounds and referred me to Hofstra's Pro Se Legal Assistance Program (Exhibit B), which could offer a 30-minute consultation only on 7 July 2025. Over the following days I started drafting my motion to dismiss and, on 3 July 2025, I emailed my pre-motion letter to Chambers, the Pro Se Clerk, and all counsel (Exhibit C). When Plaintiff notified me that a default against me had been entered, I promptly sent a letter to all parties to clarify my intent (Exhibit D). I also asked the Hofstra's program to adjust our meeting agenda so that they could confirm me whether my extension had been granted, and discuss next steps. They advised that, regardless of the extension's status, the motion to default remains on the docket, so I must move to vacate it and request leave to re-file my pre-motion-to-dismiss letter. In addition to that, they informed me that the Pro Se Office failed to docket both my pre-motion letter (Exhibit C) and my clarification letter (Exhibit D). I am now working with the Pro Se Unit to correct this error.

In sum, I apologize for my filing errors, which were neither made in bad faith nor intended to delay these proceedings. Today's consultation was the first legal guidance I have received regarding my pro se defense, so the next steps will be properly handled. I therefore respectfully ask the Court to grant this Motion to Vacate the Clerk's Entry of Default, so that I can promptly re-file my pre-motion-to-dismiss letter.

Respectfully,

/s/ Frederico A. C. de Azevedo

Frederico Augusto Casarsa de Azevedo

Pro Se Defendant

Enclosures:

Exhibit A: Email from my previous lawyers confirming that my extension had been granted

Exhibit B: Conflict of interest with SDNY Federal Pro Se Legal Assistance Project

Exhibit C: Email regarding the pre-motion-to-dismiss letter

Exhibit D: Email regarding the clarification-of-intent letter

Outlook

## Marciniak v. Azevedo

| | |
|---|---|
| **From** | Campbell, Mallory <mcampbell@bsk.com> |
| **Date** | Thu 5/22/2025 12:03 PM |
| **To** | Frederico Azevedo <fazevedo@mit.edu> |
| **Cc** | DiLorenzo, Louis <dilorel@bsk.com> |

📎 4 attachments (870 KB)
Court Order 05-22-25.pdf; Notice of Prose Appearance.pdf; Plaintiff's Letter to Court 05-22-25.pdf; Motion to Dismiss.pdf;

Hi Frederico,

I'm attaching a few documents recently filed:
- Court Order granting your request for an extension of time (see bottom of page 3)
- Plaintiff's letter informing Court she will be proceeding pro se
- Motion to dismiss by the other defendants for Plaintiff's claims against them
- Notice of pro se appearance – I believe you need to fill this out and submit to pro se department to receive filings.

Lou and I are still working on a proposed budget.

**Mallory A. Campbell**
Associate
Labor and Employment
646.253.2339 Direct
646.253.2301 Fax
MCampbell@bsk.com



600 Third Avenue 22nd floor, New York, NY 10016-1915

This email is ONLY for the person(s) named in the message header. Unless otherwise indicated, it contains information that is confidential, privileged or exempt from disclosure under applicable law. If you have received it in error, please notify the sender of the error and delete the message.

 Outlook

**Pro se legal clinic**

| | |
|---|---|
| From | Frederico Azevedo <fazevedo@mit.edu> |
| Date | Mon 6/30/2025 3:12 PM |
| To | PSLAP@Hofstra.edu <PSLAP@Hofstra.edu> |

Hi,

I submitted a request for legal assistance to FedProSDNY@nycbar.org but they recommended me to write to you, the Pro Se Legal Assistance Program at Hofstra Law School (see email below). Would it possible for me to get advice from you? My case number is No. 22-cv-10959 (ALC)(SN).

Best.

**From:** FedPro SDNY <FedProSDNY@nycbar.org>
**Sent:** Monday, June 30, 2025 2:49:33 PM
**To:** Frederico Azevedo <fazevedo@mit.edu>
**Cc:** 25-0194318@cbjc.legalserver.org <25-0194318@cbjc.legalserver.org>; Ksenija Scahill <KScahill@nycbar.org>
**Subject:** CBJC Status Update

Hi Mr. Acevedo,

We received your request for assistance with your case. Unfortunately, we will not be able to help you because of a conflict of interest.

Instead, you may contact Pro Se Legal Assistance Program at Hofstra Law School.  If you explain that our Project could not assist you due to a conflict of interest, they may be able to provide you with limited assistance.

Sincere apologies for any frustration this may cause you. We wish you the best of luck.

**Federal Pro Se Legal Assistance Project (SDNY)**
City Bar Justice Center | 42 W 44th Street, New York, NY 10036
P: 212.382.4794 | F: 212.382.4794 | E: fedprosdny@nycbar.org
**Follow Us:**  Facebook   |  LinkedIn   |  Instagram   |  Threads

**Learn about the Justice Center's impact and what your support makes possible!**

*All contributions to the City Bar Justice Center of the City Bar Fund are tax-deductible to the full extent of the law. A copy of our most recently filed financial report and information on other charitable organizations is available from the NY Attorney General's Charities Registry (www.charitiesnys.com) or (212) 416-8686. The report is also available upon request by contacting the Fund at 42 West 44th Street, New*

York, NY 10036. Your donation is a reportable contribution under New York State's biennial pro bono reporting requirement for attorneys. For more information on what contributions qualify consult the Office of Court Administration website: *https://bit.ly/30jMqNR*

 Outlook

## Agra v. Rockefeller University et al., No. 22-cv-10959 (ALC)(SN) — Request for Leave to Move to Dismiss

| | |
|---|---|
| From | Frederico Azevedo <fazevedo@mit.edu> |
| Date | Thu 7/3/2025 11:15 AM |
| To | AL Carter NYSD Chambers <alcarternysdchambers@nysd.uscourts.gov> |
| Cc | prose@nysd.uscourts.gov <prose@nysd.uscourts.gov>; marciniak.kar@gmail.com <marciniak.kar@gmail.com>; aschilling@schillinglaw.com <aschilling@schillinglaw.com>; dkesselman@seyfarth.com <dkesselman@seyfarth.com>; nycdocket@seyfarth.com <nycdocket@seyfarth.com>; ebloom@proskauer.com <ebloom@proskauer.com>; plamparello@proskauer.com <plamparello@proskauer.com>; nbaddish@proskauer.com <nbaddish@proskauer.com>; lsosdny@proskauer.com <lsosdny@proskauer.com>; jason.husgen@huschblackwell.com <jason.husgen@huschblackwell.com>; scott.warner@huschblackwell.com <scott.warner@huschblackwell.com>; kwinnick@seyfarth.com <kwinnick@seyfarth.com>; rebecca.salk@usdoj.gov <rebecca.salk@usdoj.gov>; danielle.marryshow@usdoj.gov <danielle.marryshow@usdoj.gov>; gmanousos@morganbrown.com <gmanousos@morganbrown.com>; cfuller@morganbrown.com <cfuller@morganbrown.com>; eunger@goodwinprocter.com <eunger@goodwinprocter.com>; jchunias@goodwinlaw.com <jchunias@goodwinlaw.com> |

📎 1 attachment (87 KB)
Azevedo_Pre_Motion_Letter_Case_1_22_cv_10959_ALC.pdf;

Dear Judge Carter:

I am the *pro se* defendant, Frederico Augusto Casarsa de Azevedo, in the civil case *Agra v. Rockefeller University et al.*, No. 1:22-cv-10959-ALC-SN.

Attached is my **Request for Leave to Move to Dismiss the Third Amended Complaint**. Because my CM/ECF credentials have not yet been activated, I am submitting the letter by e-mail pursuant to Rule 1(A) of Your Honor's Individual Practices and copying the Pro Se Intake Unit (prose@nysd.uscourts.gov) along with opposing counsel.

Respectfully,
Frederico Augusto Casarsa de Azevedo
10 Emerson Place, Apt. 21D
Boston, MA 02114
(857) 999-1396

---
Frederico A. C. Azevedo, PhD
Research Scientist @ MIT
http://cbmm.mit.edu/about/people/azevedo

Outlook

**Agra v. Rockefeller University et al., No. 22-cv-10959 (ALC)(SN) — Clarification Regarding Response Deadline and Redactions (Letter)**

| | |
|---|---|
| From | Frederico Azevedo <fazevedo@mit.edu> |
| Date | Thu 7/3/2025 9:58 PM |
| To | AL Carter NYSD Chambers <alcarternysdchambers@nysd.uscourts.gov> |
| Cc | prose@nysd.uscourts.gov <prose@nysd.uscourts.gov>; marciniak.kar@gmail.com <marciniak.kar@gmail.com>; aschilling@schillinglaw.com <aschilling@schillinglaw.com>; dkesselman@seyfarth.com <dkesselman@seyfarth.com>; nycdocket@seyfarth.com <nycdocket@seyfarth.com>; ebloom@proskauer.com <ebloom@proskauer.com>; plamparello@proskauer.com <plamparello@proskauer.com>; nbaddish@proskauer.com <nbaddish@proskauer.com>; lsosdny@proskauer.com <lsosdny@proskauer.com>; jason.husgen@huschblackwell.com <jason.husgen@huschblackwell.com>; scott.warner@huschblackwell.com <scott.warner@huschblackwell.com>; kwinnick@seyfarth.com <kwinnick@seyfarth.com>; rebecca.salk@usdoj.gov <rebecca.salk@usdoj.gov>; danielle.marryshow@usdoj.gov <danielle.marryshow@usdoj.gov>; gmanousos@morganbrown.com <gmanousos@morganbrown.com>; cfuller@morganbrown.com <cfuller@morganbrown.com>; eunger@goodwinprocter.com <eunger@goodwinprocter.com>; jchunias@goodwinlaw.com <jchunias@goodwinlaw.com> |

📎 1 attachment (76 KB)
Azevedo_Letter_Clarifying_Extension_Deadline_Case_1_22_cv_10959_ALC.pdf;

Dear Judge Carter,

I am the pro se defendant, Frederico A. C. Azevedo, in the above-captioned matter. In light of recent confusion, I attach a brief letter clarifying the status of my extended response deadline. In summary, the letter:

1. **Reminds all parties of the deadline extension** — The Court's May 20 2025 Order set July 8 2025 as the date to respond to the Third Amended Complaint (ECF No. 150)

2. **Addresses the optional redaction of Exhibits A–F** — The May 20 Order made the redacted re-filing of those exhibits optional; because they contain sensitive material and are not needed for the contemplated motion, I respectfully chose not to refile them

3. **Notes the Clerk's certificate** — A Certificate of Default appears to have been docketed before my response time expired

I am submitting this correspondence by e-mail pursuant to Rule 1.A of Your Honor's Practices (my CM/ECF credentials are still pending activation) and have copied the Pro Se Intake Unit and all counsel.

Respectfully,
Frederico Augusto Casarsa de Azevedo
10 Emerson Place, Apt. 21D
Boston, MA 02114
(857) 999-1396