Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

July 9, 2025

Elise M. Bloom
Member of the Firm

d +1.212.969.3410
f 212.969.2900
ebloom@proskauer.com
www.proskauer.com

<u>**Via ECF**</u>

Hon. Andrew L. Carter Jr.
Thurgood Marshall
United States Courthouse
40 Foley Square, Courtroom 444
New York, NY 10007

      Re:    <u>*Marciniak-Domingues Goncalves Agra v. Rockefeller University et al.*, No. 22-cv-10959-ALC</u>

Dear Judge Carter:

We represent The Rockefeller University ("RU") and Dr. Winrich Freiwald ("Dr. Freiwald") (collectively, the "RU Defendants") in the above-captioned matter. We write in opposition to Plaintiff Dr. Karolina Marciniak-Domingues Goncalves Agra's ("Plaintiff") July 8, 2025 letter requesting "additional time" to submit an opposition to the RU Defendants' Motion to Dismiss, which was due to be filed by Plaintiff on July 1, 2025. (*See* Docket No. 173.) The Court set the July 1 deadline in an order dated June 4, 2025, which granted Plaintiff's prior request for a six-week extension to file her response.

Plaintiff's request is procedurally improper and substantively unjustified. The deadline for Plaintiff to file her opposition was July 1, 2025. (*See* Docket No. 162.) That deadline already afforded Plaintiff an additional six weeks for her response beyond the deadline set by the Federal Rules. Plaintiff did not seek advance relief from the July 1 deadline, as is required by Your Honor's Individual Practices. *See* Indiv. Practices of Hon. Carter, Rule I.D (setting out that applications for extensions of time must be made "at least two days before" the deadline and must recite the number and disposition of previous requests and whether the adversary consents, and that "**[f]ailure to comply with these requirements will result in a denial of the request, absent good cause shown**.") (emphasis in original).

Now, more than a week after her deadline elapsed, Plaintiff requests an undefined amount of "additional time," wrongly implying that the deadline remains open. Her proffered reason for the extension, that "I am God's wife," is not an excuse—let alone the requisite good cause—for disregarding Your Honor's order.

Moreover, absent a showing of good cause, Plaintiff's *pro se* status does not excuse her from missing a filing deadline. *See Skates v. Vanbockstaele*, No. 11 CIV. 4414 LAP MHD, 2013 WL 658253, at *3 (S.D.N.Y. Feb. 25, 2013) (treating Defendants' motion to dismiss as unopposed where *pro se* Plaintiff "has offered neither an explanation for his failure to comply with the Court's specified deadline nor any substantive argument in opposition to the Defendants' motion…"); *Willingham v. Sw. Airlines*, No. 1:15-CV-1511, 2016 WL 3747931, at n.5 (N.D.N.Y. July 11, 2016) (refusing to consider *pro se* Plaintiff's untimely opposition to Defendant's motion to dismiss

**Proskauer**

July 9, 2025
Page 2

where *pro se* Plaintiff was aware of the filing deadline and had not shown good cause for the delay); *see also Shaw v. United States Postal Serv.*, No. 09 CIV 6617 DAB, 2010 WL 3767115, at *2 (S.D.N.Y. Sept. 27, 2010) (holding "[p]laintiff's pro se status, standing alone, does not provide good cause" for filing an additional pleading after the deadline to do so had expired).

In addition, it is notable that Plaintiff has made other recent written submissions in this matter, including filing two letters seeking to hold Defendant Azevedo in default for failing to timely file a pre-motion letter to move to dismiss her complaint as applies to him. (Docket Nos. 169, 170.) Ironically, in one of these letters Plaintiff argues that "Defendant [Azevedo]'s belated request for relief is untimely and unjustified." (Docket No. 169.) Plaintiff cannot now credibly seek the very same relief that she opposed. Her inconsistent positions underscore the lack of merit in her current request and further support denial.

Lastly, Plaintiff's conduct here is part of a pattern of disregarding Court rules and orders in this and the now-dismissed duplicative litigation that she improperly filed before Judge Cronan. Her conduct has caused unnecessary delay and prejudice to the RU Defendants and should no longer be tolerated, especially where the RU Defendants have complied with deadlines set by the Court on their motion to dismiss and incurred costs in responding to her seriatim letters.

The RU Defendants respectfully request that Plaintiff's failure to timely oppose the Motion to Dismiss should be deemed a waiver of opposition, that her request for "additional time" be denied, and that the Court proceed to consider the RU Defendants' Motion to Dismiss as unopposed.

We thank the Court for its consideration of this matter.

Sincerely,

*/s/ Elise M. Bloom*

Elise M. Bloom