UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
**KAROLINA MARIA, MARCINIAK-DOMINGUES AGRA,** and **PEDRO MARCINIAK-DOMINGUES GONCALVES AGRA,**

                          *Plaintiff*,

      -against-

**MASSACHUSETTS INSTITUTE OF TECHNOLOGY, PRESIDENT AND FELLOWS OF HARVARD COLLEGE, BOSTON CHILDREN'S HOSPITAL, MARINE BIOLOGICAL LABORATORY, UNIVERSITY OF CHICAGO, ROCKEFELLER UNIVERSITY,** and **NATIONAL SCIENCE FOUNDATION (NSF)— CENTERS FOR BRAINS, MINDS & MACHINES COOPERATIVE AGREEMENT,**

                          *Defendants*.
------------------------------------------------------------------- x

1:22-cv-10959 (ALC) (SN)

<u>**ORDER TO SHOW CAUSE**</u>

**ANDREW L. CARTER, JR., District Judge:**

       The Court is in receipt of various email communications from Defendant Azevedo and Plaintiff Karolina Agra, dated July 3, 2025, July 4, 2025, and July 7, 2025 as well as several letters to the Court (Dkt. Nos. 169–171). All Parties are again (*see* Dkt. No. 150 at 3) reminded that ***all correspondence with the Court must be filed on the Docket***.[1]

       This Order clarifies the Court's May 20, 2025 Order (Dkt. No. 150) and further directs Plaintiffs to show cause as to why the Clerk's Certificate of Default (Dkt. No. 160) should not be vacated or otherwise set aside pursuant to Federal Rule of Civil Procedure 55(c) and Defendant Azevedo's July 7, 2025 Motion to Vacate the Default against him.

---

[1] The Court is aware that Defendant Azevedo is awaiting the activation of his filing credentials. However, any inquiries, requests, or responses made to Defendant Azevedo by any other party in this suit should be filed on the docket, as all other parties have filing credentials.

1

On May 19, 2025, the Court received an *ex parte* email communication and letter dated May 19, 2025 with Exhibits A–F from Defendant Azevedo, who, at that time had not yet appeared in this matter. Dkt. No. 150. In his May 19th letter, Defendant Azevedo requested, among other things, a six-week extension to answer or otherwise respond to the Complaint. Dkt. No. 150 at 2. Defendant Azevedo's requested extension would change the deadline for his response from May 27, 2025 to July 8, 2025. Defendant Azevedo's request was made prior to the original response deadline and was thus timely.

On May 20, 2025, the Court docketed Defendant Azevedo's May 19th Letter, and issued an Order (Dkt. No. 155) at the bottom of the letter. The Court's May 20th Order informed Defendant Azevedo that Exhibits A–F contained personally identifiable information that he could choose to redact.[2] The Court's omission of Exhibits A–F from the docket was a courtesy in recognition of the fact that Defendant Azevedo had not publicly filed the letter since he had not yet appeared in this matter, and Federal Rule of Civil Procedure 5.2 allows for the redaction of certain sensitive information without leave of the Court. However, the Cout's Order required Defendant Azevedo to file Exhibits A–F in this matter, regardless of whether he chose to redact the personal identifiable information in those documents. *See supra* n.2. Exhibits A–F were submitted to the Court along with Defendant Azevedo's May 19th Letter in his email communication, they are thus a part of that filing and must be included on the docket. Nothing in the Court's May 20th Order indicates otherwise. Defendant Azevedo must file his May 19th letter with Exhibits A–F by **Friday, July 11, 2025.**

---

[2] Specifically, the Court's May 20th Order stated that "Exhibits A-F have been removed from this filing because they contain personally identifiable information which Defendant Azevedo may wish to redact. ***Defendant Azevedo is thus ORDERED to file any redacted versions of Exhibits A-F by Thursday, May 22, 2025***." (emphasis added).

2

On May 23, 2025, Plaintiff Karolina Agra opposed Defendant Azevedo's extension request. Dkt. No. 155. In her opposition, Plaintiff claimed, among other things, that Defendant Azevedo was represented by Bond, Schoeneck & King ("BSK"). *Id* at 1. However, as of May 23, 2025, BSK had not appeared on behalf of Defendant Azevedo in this matter; therefore, on May 30, 2025 the Court, Ordered Attorneys Mallory Campell and Luis DiLorenzo of BSK to submit a letter to the Court indicating whether they represented Defendant Azevedo. Dkt. No. 156. Counsel submitted said letter on June 2, 2025 and stated that BSK did not represent Defendant Azevedo. Dkt. No. 158. That same day, and before the Court could rule on Defendant Azevedo's extension request, Plaintiff Karolina Agra moved for the entry of a Certificate of Default against Defendant Azevedo. Dkt. Nos. 157, 159. The Certificate of Default was entered that same day. Dkt. No. 160.

Defendant Azevedo appeared in this matter on June 27, 2025; therefore, the Court will now rule on his motion for an extension of time. Upon consideration of the Parties' briefs and exhibits attached thereto, the Court finds that good cause exists to extend the deadline for Defendant Azevedo to answer or otherwise respond to the Third Amended Complaint (Dkt. No. 136). Defendant Azevedo's Request for an extension until July 8, 2025 is thus GRANTED. In light of the Court's grant of the extension request, and upon Defendant Azevedo's Motion to Vacate the Certificate of Default (which was sent to the Court via email on July 7, 2025), Plaintiffs are hereby ORDERED to SHOW CAUSE in writing as to why the default against Defendant Azevedo should not be vacated. The Court hereby sets the following briefing schedule:

- **July 16, 2025:** Deadline for Plaintiffs to file their response to Defendant Azevedo's Motion to Vacate the Default against him

- **July 21, 2025**: Deadline for Defendant Azevedo to file a reply to Plaintiffs' brief

Separately, the Court is in receipt of Plaintiff Karolina Agra's July 8, 2025 letter (Dkt. No. 173) requesting an extension to respond to Defendants Rockefeller University and Winrich Freiwald's Motion to Dismiss (Dkt. No. 148), and Defendant Azevedo's July 7, 2025 Letter seeking leave to file a motion to dismiss (Dkt. No. 172). Plaintiff's letter is unclear as to the amount of time sought for the extension and the basis for the extension. To the extent Plaintiffs wish to seek an extension, they should file another letter with the Court clarifying both of the above by **July 18, 2025**. Any response from Defendants Azevedo, Rockefeller University, and Winrich Freiwald will be due by **July 23, 2025**.

**SO ORDERED.**

**Dated:**  **July 10, 2025**
         **New York, New York**               **ANDREW L. CARTER, JR.**
                                              **United States District Judge**