Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

July 23, 2025

Elise M. Bloom
Member of the Firm

d +1.212.969.3410
f 212.969.2900
ebloom@proskauer.com
www.proskauer.com

**Via ECF**

Hon. Andrew L. Carter Jr.
Thurgood Marshall
United States Courthouse
40 Foley Square, Courtroom 444
New York, NY 10007

      Re:    *Marciniak-Domingues Goncalves Agra v. Rockefeller University et al.*, No. 22-cv-10959-ALC

Dear Judge Carter:

We represent The Rockefeller University ("RU") and Dr. Winrich Freiwald ("Dr. Freiwald") (collectively, the "RU Defendants") in the above-captioned matter. We write in opposition to Plaintiff Dr. Karolina Marciniak-Domingues Goncalves Agra's ("Plaintiff") July 16, 2025, request for a 60-day extension to submit an opposition to the RU Defendants' Motion to Dismiss, which was due on July 1, 2025. (*See* ECF No. 179.) Plaintiff's request should be denied for several reasons.

First, the Court has already afforded Plaintiff an additional six weeks for her filing, having granted her request for the July 1, 2025 deadline. Despite this, Plaintiff failed to seek further relief in advance of that deadline, as required by Your Honor's Individual Practices. Instead, she waited until July 8 – one week *after* her requested deadline – to request "additional time," without specifying how much time she sought or acknowledging that the deadline had already passed. Her July 8 submission offered no legitimate basis for an extension, stating that she "is God's wife." (ECF No. 173.)

The Court then afforded Plaintiff a second opportunity to demonstrate the requisite good cause for an extension, but Plaintiff's latest explanation – that an unspecified medical condition prevented her from timely filing her opposition – fails to establish good cause. Indeed, Plaintiff's own conduct undermines her claim that her asserted medical condition prevented her from timely filing her opposition. On July 4, just days after her opposition was due, Plaintiff filed multiple submissions seeking to hold Defendant Azevedo in default and opposing his request for relief. Plaintiff's ability to prepare and file those submissions – while asserting that she was unable to meet her own deadline due to a medical issue – calls into question the credibility of her claimed medical issue and precludes a finding of good cause. *Ahmad v. E. Ramapo Cent. Sch. Dist.*, No. 09-CV-1440 (CS), 2018 WL 3222543, at *2 (S.D.N.Y. July 2, 2018) (rejecting *pro se* plaintiff's claim that illness prevented timely filing where plaintiff was able to make other submissions during the relevant period).

Moreover, absent a showing of good cause, Plaintiff's *pro se* status does not excuse her from missing a filing deadline. *See Skates v. Vanbockstaele*, No. 11 CIV. 4414 LAP MHD, 2013 WL

**Proskauer**

July 23, 2025
Page 2

658253, at *3 (S.D.N.Y. Feb. 25, 2013) (treating Defendants' motion to dismiss as unopposed where *pro se* Plaintiff "has offered neither an explanation for his failure to comply with the Court's specified deadline nor any substantive argument in opposition to the Defendants' motion…"); *Willingham v. Sw. Airlines*, No. 1:15-CV-1511, 2016 WL 3747931, at n.5 (N.D.N.Y. July 11, 2016) (refusing to consider *pro se* plaintiff's untimely opposition to Defendant's motion to dismiss where plaintiff was aware of the filing deadline and had not shown good cause for the delay); *see also Shaw v. United States Postal Serv.*, No. 09 CIV 6617 DAB, 2010 WL 3767115, at *2 (S.D.N.Y. Sept. 27, 2010) (holding "[p]laintiff's *pro se* status, standing alone, does not provide good cause" for filing an additional pleading after the deadline to do so had expired).

Plaintiff's repeated failure to comply with Court orders and procedural rules reflects a broader pattern of disregard for the judicial process. This includes her conduct in the now-dismissed duplicative action before Judge Cronan. Her serial filings and disregard for deadlines have caused unnecessary delay and prejudice to the RU Defendants, who have complied with all Court-imposed deadlines and incurred costs responding to her piecemeal submissions.

While the RU Defendants recognize that Plaintiff is proceeding *pro se* and claims to be experiencing health issues, those circumstances do not excuse her failure to follow the Court's orders, especially where she has not detailed a consistent and credible basis for her requested relief.[1] The RU Defendants therefore respectfully request that Plaintiff's failure to timely oppose the Motion to Dismiss should be deemed a waiver of opposition, that her request for an extension be denied, and that the Court proceed to consider the RU Defendants' Motion to Dismiss as unopposed.

We thank the Court for its consideration of this matter.

Sincerely,

*/s/ Elise M. Bloom*

Elise M. Bloom

---

[1] It is worth noting that Plaintiff was previously represented by counsel but affirmatively chose to terminate that representation and insisted on proceeding *pro se*. Having made that deliberate choice, she should not now be afforded special leniency for failing to comply with Court deadlines.