Karolina Agra

500 E 63rd St, Apt 13F

New York, NY 10065

(Plaintiff *pro se*)

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

```
                                                    :
---------------------------------------------------X  :
  KAROLINA MARCINIAK-DOMINGUES                      :
  GONCALVES AGRA,                                   :
                              Plaintiff,            :     Civil Action No: 1:22-cv-10959-ALC
          v.                                        :
  THE ROCKEFELLER UNIVERSITY,                       :
  FREDERICO AZEVEDO, WINRICH                        :
  FREIWALD                                          :
                              Defendants.           :
                                                    :
---------------------------------------------------X
```

**DECLARATION OF KAROLINA AGRA IN SUPPORT OF THE OPPOSITION TO**

**DEFENDANT THE ROCKEFELLER UNIVERSITY AND WINRICH FREIWALD'S**

**MOTION TO DISMISS THIRD AMENDED COMPLAINT ("TAC")**

I, Karolina Marciniak-Domingues Goncalves Agra, declare under penalty of perjury pursuant to 28

U.S.C. § 1746:

1.  As a *pro se* litigant filing the initial Complaint (Dec. 29, 2022) and First Amended Complaint

("FAC," Apr. 11, 2023), I misunderstood the bifurcation between institutional and individual liability. I

erroneously believed Title VII precluded claims against individuals like Dr. Freiwald.

2.  NYLAG's limited guidance (pursuant to this Court's Mar. 6, 2023 referral) focused on

exhaustion issues but did not address adding individual defendants (Exhibit E, p. 16).

3.  In the FAC ¶ 30 (ECF 65), I expressly reserved the right to join individual perpetrators "if

discovery or court directives warrant it." This preserved claims against Dr. Freiwald.

4.    I sought legal representation on the contingency-based fee, and attorney Olivia Clancy (retained Aug. 2023) was contractually obligated to *amend Marciniak I* to add claims against Freiwald/Azevedo under the Adult Survivors Act (ASA) and NYC Gender-Motivated Violence Act (GMVA).

5.    On Nov. 17, 2023, I directed Ms. Clancy to amend Marciniak I before the ASA deadline (Exhibit E, p. 14). She instead filed Marciniak II on Nov. 22, 2023, without my authorization—violating N.Y. R. Prof. Conduct 1.2(a) on strategic decisions. EXHIBIT E, see p.15

6.    .Ms. Clancy:

- Failed to consolidate cases despite Court orders (ECF 93, 107).
- Withheld critical documents (e.g., Rule 11 sanctions threat).
- Filed amended pleadings without my review or approval.

10. I terminated her representation on Dec. 4, 2024, due to irreparable breakdown of trust (Exhibit E, p. 15).

11.    Key reasons for Ms. Clancy's termination, including unauthorized filing of Marciniak II lawsuit, failure to mitigate claim-splitting issues, lack of communication and misrepresentations, negligence in amending complaints, stategic incompetence, and breach of professional conduct in negligence and good will, were reported to the Court before Judge Cronan on December 18, 20124[CONFERENCE TRANSCRIPT, ECF 151-8}. Judge Cronan relieved Clancy as counsel but reserved jurisdiction over potential Rule 11 sanctions against her (Page 5).

12. I declare that NYSDHR Charge (2021) explicitly named Freiwald as the sexual harassment perpetrator and discriminator in retaliating against me after I opposed his sexual advances. Probable cause was found against both Rockefeller and Freiwald on Jan. 18, 2022.

13. While filing the EEOC Charge (June 7, 2022), form 5's structural limitations restricted naming only institutional respondents (Rockefeller).

14. After I reported harassment (May 29, 2020), Freiwald retaliated by demoting me on July 30, 2020, stripping me of electrophysiology work critical to my NSF-funded project (Exhibits A-B, C-D).

15. This caused promising research destruction and scientific harm, as well as total destruction of my professional scientific career.

16. I have been suffering from PTSD, depression, and anxiety, documented extensively by available medical records.

17. Under *Nemeth v. K-Tooling*, 40 N.Y.3d 405 (2023), my addition of Freiwald in the TAC relates back to the FAC. He had notice via NYSDHR complaint (2021), FAC ¶ 30 (reserving joinder rights), and NYSDHR probable cause determination.

18. Defendants' accusations of "strategic delay" ignore my *pro se* legal errors during initial filings, former counsel's malpractice causing duplicative litigation, and this Court's Feb. 20, 2025 order (Dkts. 144, 145) granting leave to file the TAC.

19. I diligently rectified errors beyond my control. Defendants' motion disregards binding precedent (Nemeth) and equitable principles.

20. I declare under penalty of perjury that the foregoing is true and correct.


Dated: August 18, 2025

New York, New York

Respectfully submitted,

_____

Karolina Agra

500 E 63rd St, Apt 13F

New York, NY 10065

(Plaintiff *pro se*)