**Submitted via email to ALCarterNYSDChambers@nysd.uscourts.gov**

Frederico Augusto Casarsa de Azevedo
10 Emerson Place, Apt. 21D
Boston, MA 02114
Tel: (857) 999-1396
Email: fazevedo@mit.edu

August 19, 2025

Hon. Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
40 Foley Square, Courtroom 444
New York, NY 10007

Re: Agra v. Rockefeller University, et al., No. 1:22-cv-10959 (ALC) — Letter in Support of Leave to Move to Dismiss (ECF 172)

Dear Judge Carter:

I, Defendant Frederico Azevedo, respectfully submit this reply in further support of my request for leave to file a Rule 12(b)(6) motion to dismiss the Third Amended Complaint ("TAC"). Consistent with Rule 2(A) of Your Honor's Individual Practices, the pre-motion letter was necessarily abbreviated and confined to three pages; if the Court grants leave for full briefing, I will present my arguments in full and address each of Plaintiff's opposition points in detail. In the meantime, I briefly address these points below: Plaintiff's opposition (ECF 184) fails because it (i) mischaracterizes the procedural history of the related action; (ii) misapplies the mandatory "good cause" standard under Rule 16(b); and (iii) cannot cure the TAC's fundamental failure to plausibly plead gender animus under the New York City Victims of Gender-Motivated Violence Protection Law (Admin. Code tit. 10, ch. 11).

### I. Curtis bars Plaintiff's duplicative litigation notwithstanding her "ministerial nullity" theory

Plaintiff's threshold position conflates claim-splitting with res judicata. Claim-splitting is a distinct docket-management doctrine: a district court may stay or dismiss a suit that is duplicative of another federal suit, and "plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time" (Curtis

v. Citibank, 226 F.3d 133, 138–39 (2d Cir. 2000)). Plaintiff herself frames the issue as claim-splitting (ECF 184 at 1). The subsequent dismissal of Marciniak II does not sanitize the duplication; Curtis explains that when a second overlapping case is filed, the proper remedies are consolidation, stay, injunction, or dismissal of the second suit to avoid the prejudice and inefficiency of parallel proceedings (id.). The Marciniak II order states: "This action is dismissed, with prejudice, except this dismissal does not affect any current or future claims brought in Marciniak v. MIT, 22-cv-0959 (ALC) (Marciniak I). Nothing in this order should be construed as this court taking a position whether the plaintiff should be permitted to add claims or defendants in Marciniak I." That carve-out preserved this Court's discretion in Marciniak I; it did not retroactively bless the duplicative filing or waive Rule 16(b). Nor does the sentence in Curtis noting that "events arising after the filing of the complaint … may be brought in a later suit" license parallel litigation; Curtis immediately reaffirms that courts must select a remedy against duplication and that plaintiffs have no right to run two actions at once (226 F.3d at 139). The GMVA lookback is a change in law, not a new transaction; the alleged 2017–2018 assaults are the same nucleus of operative fact, and the proper vehicle was a motion to amend or supplement in the original action (id.). Burgos, which speaks to res judicata's merits-judgment requirement, does not restrict the court's independent authority to prevent duplicative suits (Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994)).

## II. The GMVA lookback does not excuse Rule 16(b) non-diligence and is not a jurisdictional override

Plaintiff argues that filing on the last day of the revival window renders the TAC "timely as a matter of law" and that the NYC statute supplies an "independent jurisdictional basis" "untethered to Rule 16(b)" (ECF 184 at 2). The lookback provision revives limitations for a defined window; it does not suspend Rule 16(b) or this Court's scheduling orders (Admin. Code tit. 10, ch. 11; § 10-1105(a)). After a scheduling cutoff, Rule 16(b) governs and "good cause" turns on diligence; lack of diligence ends the inquiry (Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000)). Courts routinely deny leave where parties bypass amendment deadlines; a revival statute or new legal label does not nullify a scheduling order (Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc., 304 F.R.D. 170, 175–77 (S.D.N.Y. 2014)). As my pre-motion letter explained, revival affects limitations, not case-management deadlines; Plaintiff waited until the final day of the window—long after the amendment cutoff—to add a new claim and party, which is the opposite of diligence under Parker (ECF 172 at 1–2; Parker, 204 F.3d at 340). The "independent jurisdictional basis" assertion is also incorrect: the municipal lookback neither creates federal jurisdiction nor overrides the Federal Rules, and the federal GMVA civil remedy Plaintiff invokes was invalidated by the Supreme Court (Admin. Code tit. 10, ch. 11; Fed. R. Civ. P. 16(b); United States v. Morrison, 529 U.S. 598 (2000); 42 U.S.C. § 13981(b)). Plaintiff's citation to Doe v. Hartford Roman

Catholic Diocesan Corp. addresses state constitutional constraints on revival statutes and does not supply Rule 16(b) "good cause" (119 A.3d 462, 510 (Conn. 2015)).

### III. Plaintiff does not plausibly plead "because-of-gender" animus; per-se and penal-code theories do not cure the defect

Plaintiff's animus theory turns on a non-binding Ninth Circuit decision interpreting a now-invalid federal remedy and on criminal-law labels that do not substitute for motive under the NYC statute (Schwenk v. Hartford, 204 F.3d 1187, 1202–03 (9th Cir. 2000); Morrison, 529 U.S. 598; N.Y. Penal Law §§ 120.25, 120.10(3), 485.05(1)(a)). New York's leading case requires facts supporting a plausible inference that the violence was "because of gender," not merely sexual in nature (Breest v. Haggis, 180 A.D.3d 83, 89–93 (1st Dep't 2019); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–57 (2007)). The statements Plaintiff quotes—"How does it feel to cheat on your boyfriend?," "Welcome to the population of people with STDs," and "All Polish women I met in Germany were cleaning ladies"—concern relationship status, disease status, and national origin, not motive "because she is a woman" (TAC ¶¶ 42, 58, 63) (Breest, 180 A.D.3d at 89–93; Iqbal, 556 U.S. at 678). The "biological weaponization/HPV" framing alleges effects, not purpose; penal-code enhancements cannot convert effect into motive for a municipal tort that requires gender to be a motivating reason (Admin. Code § 10-1103; Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555–57). Plaintiff also cites "Doe v. Smith, 2023 WL 4565442 (S.D.N.Y. 2023)" for a "motivating factor" standard; that decision appears to be miscited, and in any event an unpublished federal case cannot rewrite the NYC statute's "because of gender" requirement (Admin. Code § 10-1103; Iqbal, 556 U.S. at 678). Finally, the "totality" decisions she invokes address different causes of action and do not permit severity or lack of provocation to substitute for pleading gender-based motive; generalized references to alleged misconduct toward "other women" remain conclusory under Twombly/Iqbal (Fierro v. Taylor, 2012 WL 6965719, at *1 (S.D.N.Y. Oct. 22, 2012); Jugmohan v. Zola, 2000 WL 222186, at *3–4 (S.D.N.Y. Feb. 24, 2000); TAC ¶¶ 37–38, 50, 62, 65–66, 80, 88, 98; Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555–57). Sutton, which concerns CVA revival, did not decide CPLR § 302(a)(3) or GMVA animus and cannot cure these pleading defects (Sutton v. Tapscott, No. 22-2327 (2d Cir. 2024)).

**Alternative (Woods Hole, MA).** If Plaintiff wants the Court to consider the 2017 Woods Hole episode raised in her opposition, she should be required to seek leave to amend—consistent with Rule 16(b) and Rule 15—so any such claim is actually pled with (i) a discrete cause of action tied to that out-of-state event, (ii) a specific long-arm theory (if CPLR § 302(a)(3) is pursued), and (iii) an attached proposed pleading in accordance with Your Honor's pre-motion practice (pre-motion request required; request stays the deadline to move or answer)

(ALC Individual Practices § 2(A)). Defendant does not waive any defenses (including diligence, jurisdiction, venue, and futility).

## IV. "Public policy" cannot replace statutory elements, jurisdiction, or Rule 16(b) compliance

Plaintiff's policy rhetoric—VAWA findings, Title IX goals, and HPV concerns—cannot amend the statute or the Federal Rules. Courts apply enacted text, not generalized purposes; the NYC cause of action still requires plausible facts showing violence "because of gender," evaluated under Twombly/Iqbal (Admin. Code § 10-1103; Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555–57; Lamie v. U.S. Tr., 540 U.S. 526, 534 (2004); Henson v. Santander Consumer USA Inc., 582 U.S. 79, 89 (2017)). The federal civil remedy in 42 U.S.C. § 13981(b) was invalidated and cannot supply elements for this municipal tort (Morrison, 529 U.S. 598; S. Rep. No. 103-138, at 54 (1993)). Title IX addresses institutional liability in federally funded programs and does not alter elements of a NYC GMVA claim against an individual (20 U.S.C. § 1681; Gebser v. Lago Vista Indep. Sch. Dist., 524 U.S. 274, 285 (1998); Davis v. Monroe Cnty. Bd. of Educ., 526 U.S. 629, 640–43 (1999); Yusuf v. Vassar Coll., 35 F.3d 709, 714 (2d Cir. 1994)). And alleged gender-skewed health effects do not plead gender-based purpose (Admin. Code § 10-1103; Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555–57). Sutton's revival discussion does not authorize policy overrides or bypass Rule 16(b) (Sutton, No. 22-2327; Fed. R. Civ. P. 16(b); Parker, 204 F.3d at 340).

As a procedural matter, Plaintiff's reliance on "WhatsApp logs" and other extra-pleading materials cannot salvage a Rule 12(b)(6) defect absent incorporation by reference (see, e.g., Goel v. Bunge, Ltd., 820 F.3d 554, 559 (2d Cir. 2016)).

For these reasons, I respectfully request leave for full motion practice under Rules 12(b)(6) and 16(b). A short schedule would efficiently frame the issues: motion due in 21 days; opposition in 21 days; reply in 14 days (if the Court is amenable).

Respectfully submitted,

*/s/ Frederico Azevedo*