**PROPOSED ORDER TO SHOW CAUSE FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X

KAROLINA MARCINIAK-DOMINGUES GONCALVES AGRA,

                      Plaintiff,

    v.                                                  Civil Action No: 1:22-cv-10959-ALC

THE ROCKEFELLER UNIVERSITY,
FREDERICO AZEVEDO, WINRICH FREIWALD

                      Defendants.

**[PROPOSED]**
**ORDER TO SHOW CAUSE FOR**
**PRELIMINARY INJUNCTION AND**
**GRANTING TEMPORARY**
**RESTRAINING ORDER**

-----------------------------------------------------------X

**UPON** the ex parte Motion of Plaintiff Karolina Marciniak-Domingues Goncalves Agra ("Plaintiff"), pro se, for an Order to Show Cause why a preliminary injunction should not issue and for a Temporary Restraining Order ("TRO"); and

**UPON** the Notice of Motion dated September 15, 2025; the Verified Declaration of Karolina Agra, sworn to on September 12, 2025, together with the exhibits annexed thereto; Plaintiff's Memorandum of Law; the entire record in this action, including the Third Amended Complaint (ECF 136); and the default of Defendant Frederico Azevedo (ECF 160); and

**UPON** the findings of this Court that:

**(a)** Plaintiff has made a clear showing of immediate, certain, and irreparable harm in the absence of a TRO, including:

    (i) A severe, objectively documented medical and psychological crisis triggered by the revocation of the last institutional protection;

1

(ii) An imminent threat of physical and psychological harm from Defendant Azevedo, a known serial sexual predator with a history of violence, retaliation, and recent physical presence in New York;

(iii) Defendant Azevedo's active weaponization of this Court's ECF system to engage in a campaign of harassment and intimidation;

(iv) Defendant Rockefeller University's service of a retaliatory 90-day eviction notice, which actively manufactures homelessness and catastrophic vulnerability;

(v) A profound chilling effect corrupting these judicial proceedings, as witnesses refuse to participate for fear of retaliation.

**(b)** Plaintiff has demonstrated a likelihood of success on the merits of her Gender-Motivated Violence Act claims against Defendant Azevedo, a finding supported by overwhelming, corroborated evidence and bolstered by his default.

**(c)** The balance of hardships tips decidedly in Plaintiff's favor, as the TRO merely requires Defendants to cease unlawful activity and fulfill existing duties, while denial would subject Plaintiff to imminent danger and homelessness.

**(d)** The public interest is unequivocally served by preventing sexual violence, protecting victims, ensuring the integrity of judicial proceedings, and holding institutions accountable.

**(e)** As to Defendant Azevedo, ex parte relief without prior notice is justified pursuant to Fed. R. Civ. P. 65(b)(1) because specific facts in the Plaintiff's Declaration clearly show that immediate and irreparable injury would result before Azevedo could be heard in opposition, as advance notice would likely trigger further retaliation, harassment, and evidence spoliation.

IT IS HEREBY:

**ORDERED**, that Plaintiff's application for an Order to Show Cause is **GRANTED**; and it is

**FURTHER ORDERED**, that Defendants are hereby directed to appear before this Court for a hearing to be held on _____ at _____ in Courtroom _____, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York, 10007, then and there to show cause why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure preliminarily enjoining and restraining Defendants during the pendency of this action from engaging in the conduct prohibited herein; and it is

**FURTHER ORDERED**, that pending the hearing and determination of the Order to Show Cause, and upon Plaintiff's posting of security as set forth below, Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them are hereby **RESTRAINED AND ENJOINED** as follows:

**I. TEMPORARY RESTRAINING ORDER AGAINST DEFENDANT FREDERICO AZEVEDO**

Defendant Frederico Azevedo is immediately restrained and enjoined from:

1. Contacting, harassing, intimidating, threatening, surveilling, or interfering with Plaintiff Karolina Agra, directly or indirectly, through any means including but not limited to in-person contact, telephone, electronic mail, social media, or through third parties.

2. Coming within 500 feet of:

    a. Plaintiff's residence at 500 E 63rd Street, Apt 13F, New York, NY;

    b. Plaintiff's person;

    c. Any vehicle owned or operated by Plaintiff;

    d. Plaintiff's workplace or any medical facility she is attending.

3. Attending any academic, scientific, or professional conference, symposium, or event (whether in-person or virtual) where Plaintiff is registered, presenting, or in attendance.

4. Tampering with, intimidating, or otherwise interfering with any potential witness in this litigation.

5. Destroying, altering, concealing, or otherwise disposing of any evidence relevant to this litigation, including but not limited to digital communications (e.g., WhatsApp logs, emails, social media messages) and any records from the Center for Brains, Minds & Machines (CBMM) or The Rockefeller University.

6. Carbon-copying (Cc'ing) Plaintiff's personal email address (marciniak.kar@gmail.com) on any communication or filing with this Court. All communications shall be made solely through the Court's official ECF system.

7. For any mandatory in-person court proceeding, Defendant Azevedo shall be required to provide the Court and Plaintiff's notice email (karolina.marciniak.agra@gmail.com) with at least 72 hours' advance written notice of his intent to be physically present, to allow the Court to make appropriate security arrangements.

## II. TEMPORARY RESTRAINING ORDER AGAINST DEFENDANT THE ROCKEFELLER UNIVERSITY

Defendant The Rockefeller University is immediately restrained and enjoined from:

1. Proceeding with, enforcing, or taking any steps to effectuate the 90-Day Notice of Termination served on Plaintiff on or about September 10, 2025. The notice is hereby stayed pending the hearing on this Order to Show Cause.

2. Failing to implement, within 48 hours of service of this Order, a written safety plan to protect Plaintiff on its property, which shall include at a minimum:
   a. Distributing Defendant Azevedo's photograph and description to all campus security

personnel with a directive to deny him entry to any and all Rockefeller University property and to detain him for trespassing if he attempts to enter.

b. Designating a single point of contact within Rockefeller University Security for Plaintiff to report any security concerns related to this Order and the threat posed by Defendant Azevedo.

## III. SERVICE AND SECURITY

1. **Service:** The Plaintiff and the Court are directed to serve a copy of this Order to Show Cause, the supporting Declaration, Memorandum of Law, and all exhibits upon Defendant Azevedo immediately via the Court's ECF system and via email to his last known address. Service upon The Rockefeller University shall be effected via its counsel of record through the ECF system.

2. **Security:** Pursuant to Fed. R. Civ. P. 65(c), Plaintiff shall post nominal security with the Clerk of Court in the amount of **$1.00** for the payment of such costs and damages as may be incurred or suffered by any party found to have been wrongfully restrained. This security must be posted by **September 30, 2025, at 12:00 p.m. EDT**.

## IV. EXPIRATION

This Temporary Restraining Order shall expire 14 days from its issuance unless, within that time, the Court for good cause extends it or unless Defendant Azevedo and/or Defendant Rockefeller University consent to a longer extension.

## V. HEARING

A hearing on the Order to Show Cause for a Preliminary Injunction is scheduled for

_____ at _____.

SO ORDERED.

DATED: New York, New York

September \_\_\_, 2025

BY THE COURT:

_____

HON. ANDREW L. CARTER, JR.

UNITED STATES DISTRICT JUDGE