**PROSKAUER ROSE LLP**
Elise M. Bloom
Patrick J. Lamparello
Noa M. Baddish
Eleven Times Square
New York, New York 10036-8299
Tel. 212.969.3000
Fax 212.969.2900
ebloom@proskauer.com
plamparello@proskauer.com
nbaddish@proskauer.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DR KAROLINA MARIA MARCINIAK-DOMINGUES GONCALVES AGRA,<br><br>                               Plaintiff,<br><br>           -against-<br><br>ROCKEFELLER UNIVERSITY; FREDERICO AZEVEDO and WINRICH FREIWALD,<br><br>                               Defendants. | No. 22-cv-10959 (ALC)<br><br>**DECLARATION OF ALEXANDER KOGAN** |

       I, Alexander Kogan, declare, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

       1.     I am the Associate Vice President, Plant Operations and Housing, for Defendant The Rockefeller University ("RU" or "University").

       2.     I make this declaration based on my personal knowledge and my review of RU's regularly kept business records. I submit this declaration in opposition to Plaintiff Karolina Maria Marciniak-Domingues Goncalves Agra's ("Marciniak" or "Plaintiff") Motion *and Ex Parte* Application for Order To Show Cause for a Temporary Restraining Order and Preliminary Injunction, dated September 15, 2025 ("TRO/PI").

3. In my capacity as Associate Vice President, Plant Operations and Housing, my responsibilities include the oversight and administration of RU's residential housing program as well as oversight and/or maintenance of records concerning the terms and duration of occupancy of individuals residing in RU-owned housing.

4. RU maintains a stock of apartments as a critical recruitment and retention tool for its scientific community. The University's housing policy provides that only affiliates with full-time academic appointments, senior administrators, and RU students, are eligible to lease apartments in RU housing.

5. Plaintiff moved into RU housing in or about August 2016. She was eligible to lease an RU apartment because she was employed as a full-time postdoctoral researcher at RU. RU policy also permitted Plaintiff's immediate family to reside with her in the apartment. I understand that in or about September 2018, Pedro Henrique Domingues Goncalves Agra, who is not an RU employee or affiliate, came to reside with Plaintiff in her RU apartment.

6. Plaintiff's most recent lease ("Lease") with RU was executed as of July 1, 2021, and effective as of that date. A true and correct copy of the Lease is attached as **Exhibit A**.

7. The Lease conditioned Plaintiff's occupancy of RU housing on, among other things, (a) payment of monthly rent and certain utilities to RU and (b) her continued employment with RU.

8. As of March 3, 2021, Plaintiff owed more than $24,000.00 in past due rent and utilities on her RU apartment.

9. On March 10, 2021, Plaintiff made a $4,000.00 payment to RU Housing toward her arrears. Plaintiff has made no further rent payments to RU since that date.

10. Plaintiff's employment with RU was terminated on November 30, 2021. On December 8, 2021, the RU Housing Department sent Plaintiff a letter stating that she was "no longer eligible for housing at The Rockefeller University" due to her termination and, therefore, under the terms of the Lease that she "must surrender [the] apartment immediately." A true and correct copy of the December 8, 2021 letter is attached as **Exhibit B**.

11. Plaintiff and Mr. Agra have not surrendered their RU apartment and, upon information and belief, continue to reside there.

12. The only credit RU has received against Plaintiff's housing account since March 10, 2021 consists of a January 5, 2023 payment from the New York State Emergency Rental Assistance Program ("ERAP"), a State-administered COVID-19-related emergency housing fund, which paid a 14-month portion of Plaintiff's arrears. Plaintiff applied for these ERAP funds and requested that the University accept payment as her landlord. RU agreed to accept the ERAP funds and filed the required landlord certification with the New York State Office of Temporary and Disability Assistance to accept the payment. In accepting the payment, RU agreed, among other things, that it would not seek repayment of rent for the period covered by ERAP and not evict Plaintiff for reason of an expired lease or holdover tenancy for 12 months after the ERAP rental assistance payment was received, i.e., until approximately February 2024.

13. RU served Plaintiff and Mr. Agra with a 90-day Notice of Termination of Tenancy on September 10, 2025, advising that RU is terminating her tenancy effective January 6, 2026.

14. A true and correct copy of the 90-day Termination Notice served on Plaintiff is attached hereto as **Exhibit C**.

15. RU served Plaintiff and Mr. Agra with a copy of the 90-day Termination Notice together with a Good Cause Eviction Law Notice on or about September 18, 2025, informing Plaintiff that her apartment is exempt from that law because it is "a dormitory owned and operated by an institution of higher education or a school."

16. A true and correct copy of the Good Cause Eviction Notice served on Plaintiff is attached hereto as **Exhibit D**.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 24, 2025  /s/ Alexander Kogan
New York, New York  Alexander Kogan