Karolina Agra
500 E 63rd St, Apt 13F
New York, 10065 NY
marciniak.kar@gmail.com
(646) 770 2045
PLAINTIFF PRO SE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

KAROLINA MARCINIAK-DOMINGUES
GONCALVES AGRA,

               Plaintiff,

  v.                                   Civil Action No: 1:22-cv-10959-ALC

THE ROCKEFELLER UNIVERSITY,
FREDERICO AZEVEDO, WINRICH        **OBJECTION TO EVIDENCE**
FREIWALD

              Defendants.

-------------------------------------------------------------X

**PLAINTIFF'S OBJECTION TO DEFENDANT AZEVEDO'S ECF 198-1 (WHATSAPP MESSAGES) FOR LACK OF AUTHENTICATION**

0

Plaintiff Karolina Marciniak-Domingues Goncalves Agra, *pro se*, hereby objects to the admission of Exhibit 198-1, a collection of purported WhatsApp messages, submitted by Defendant Frederico Azevedo in support of his Opposition to Plaintiff's Motion for a Restraining Order and Injunctive Relief (ECF 198-1). The exhibit is inadmissible on multiple, independent grounds and should be excluded from the Court's consideration.

## I.  THE EXHIBIT IS INADMISSIBLE FOR LACK OF PROPER AUTHENTICATION AND IS DEMONSTRABLY INCOMPLETE

For evidence to be admissible, it must be authenticated. Fed. R. Evid. 901(a) requires the proponent to "produce evidence sufficient to support a finding that the item is what the proponent claims it is." The burden for authentication, while not "particularly high," is a necessary threshold. *United States v. Gagliardi*, 506 F.3d 140, 151 (2d Cir. 2007).

Defendant Azevedo has failed to meet this burden. Exhibit 198-1 consists of unverified, partial screenshots, offered without supporting affidavit, forensic report, or testimony. He has provided no foundational evidence to establish that these digital communications are authentic, complete, or unaltered. As this Court has recognized, authenticating electronic communications like text messages "requires a specific attestation, by a person with personal knowledge of the communications, that they are authentic (i.e., that they were actually sent to or received from the indicated person(s)) and that any printout or other version submitted to the court is a true copy of the original electronic messages." *Deptula v. Rosen*, 2020 WL 6135793, at *1 n.1 (S.D.N.Y. Oct. 16, 2020) (emphasis added).

Defendant has provided no such attestation. There is no certification from a qualified person, no forensic report, and no testimony establishing a chain of custody for the data. Critically, the exhibit is

not a complete record and is materially misleading in its omissions. Plaintiff specifically contests its authenticity and completeness, as it fails to include:

- Messages immediately preceding the first sexual assault on the day it occurred, in which Defendant persistently nagged Plaintiff to take a nap in the room he provided, messages which are well-remembered by Plaintiff and which establish the context of his manipulation and the setting for the assault.

- Messages and a graphic representation sent immediately before the second rape, in which Plaintiff signals she would talk with him about having contracted HPV from him, and Defendant responded with a graphic image depicting himself escaping the consequences, further demonstrating his predatory and dismissive behavior.

The possibility of manipulation is not merely speculative; it is consistent with Defendant's documented pattern of tampering with digital evidence. As confirmed by witness Jane Doe 3, Defendant deliberately deleted incriminating WhatsApp messages after his inappropriate and persistent advances were rebuffed—a tactic he has openly bragged about using to manipulate situations and avoid accountability (ECF 196-5). WhatsApp messages can be selectively screenshot, edited, or deleted. Without any evidence of the methodology used to extract these messages or verification that they constitute the complete and unaltered record of the communication, they lack the requisite foundation for admission.

Furthermore, the Defendant's attempt to use these selective, unauthenticated messages is particularly prejudicial given the historical context of the evidence. As documented during the initial reporting process in 2019, the Plaintiff informed MIT's Title IX Coordinator, Sarah Rankin, that she had deleted the Defendant from her social media and did not have access to the message history. (See ECF 207-1: Exhibit A, Transcript of March 28, 2019 call, lines [KM: "from my side there is nothing

2

6that currently exists physically because I deleted him from all my social media accounts... so from my side there would be nothing that would be available unless it exists on his phone..."]). The promised assistance in retrieving those messages from Rockefeller University's referrals withdrew in the course of the Marine Biological Laboratory's investigation, compromising evidence inclusion (See ECF 207 at 8,22; 207-6, Pg. 6.) Upon information and belief, the Defendant, through the institutional process, was made aware that the Plaintiff could not produce a complete record. He now seeks to capitalize on this known evidentiary gap by presenting a self-serving, curated fragment as a complete accounting, a tactic that underscores the profound unreliability and unfairness of admitting this exhibit.

Focused on the merits of the underlying motion, Plaintiff's Reply Brief (ECF 201, 202) did not substantively address the admissibility of these unauthenticated screenshots. This procedural posture should not be construed as a concession to their admissibility. The burden of authentication rests squarely and at all times on the proponent of the evidence—here, Defendant Azevedo. *See Gagliardi,* 506 F.3d at 151. His failure to meet this foundational requirement is an independent and fatal defect that the Court must address *sua sponte* to ensure the integrity of the record. The Defendant's attempt to capitalize on this evidentiary gap, created by his own failure to authenticate and the Plaintiff's previously documented inability to access the complete message history, only heightens the unfair prejudice and unreliability of the exhibit.

Without verification that these screenshots constitute the complete and unaltered record, they lack the requisite foundation for admission. The Court should not take judicial notice of the screenshots absent proper authentication. *Novak v. Tucows, Inc.*, 2007 WL 922306, at *5 (E.D.N.Y. Mar. 26, 2007); see also *My Health, Inc. v. General Electric Company*, 2015 WL 9474293, at 4 (W.D. Wisc. Dec. 28, 2015).

This Court and others have consistently excluded such evidence under these circumstances. See, e.g.: *Cristo v. Cayabyab*, 2020 WL 1531349, at *3-4 (N.D. Cal. 2020) (granting objection to unauthenticated screenshots on summary judgment); *Lipoplus, Inc. v. Kohan*, 2019 WL 8231041, at *4 (C.D. Cal. Dec. 19, 2019) (screenshots inadmissible "[w]ithout a sworn affidavit... or use of some other authentication method"); *Shelby v. TufAmerica, Inc.*, 2016 WL 7647679, at *2 (C.D. Cal. Sept. 14, 2016) (screenshots inadmissible due to lack of evidence identifying the exhibits or explaining their origin). As the Second Circuit has held, "Even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document." *Faulkner v. Beer,* 463 F.3d 130, 134 (2d Cir. 2006). Here, a clear and material dispute exists. The exhibit is therefore inadmissible under Federal Rule of Evidence 901.

## II.     THE EXHIBIT CONSTITUTES INADMISSIBLE HEARSAY

To the extent Defendant offers the content of these messages for the truth of the matters asserted therein—specifically, to prove the nature of the relationship or Plaintiff's state of mind—the messages constitute classic hearsay. Fed. R. Evid. 801(c), 802. They are a collection of out-of-court statements offered by a party-opponent seeking to use them as substantive evidence of the underlying facts. This is the core prohibition of the hearsay rule, which exists to ensure reliability through cross-examination. See, e.g., *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 324 (2009) (emphasizing the constitutional importance of cross-examination for testimonial statements). Here, the declarants are not available for cross-examination regarding the context, completeness, or veracity of these digital snippets. The Court cannot determine if these messages are genuine, presented in their entirety, or stripped of the context that would explain their meaning. Therefore, they are unreliable and inadmissible.

Defendant may argue that Plaintiff's own messages within the exhibit are admissible as statements of a party-opponent under Fed. R. Evid. 801(d)(2). However, this argument is flawed for

4

two key reasons: (i) as established in Section I, the proponent must first authenticate the evidence. See *United States v. Gagliardi*, 506 F.3d 140, 151 (2d Cir. 2007). Defendant has provided no foundation that these screenshots are a complete and unaltered record. A document that is demonstrably incomplete and potentially manipulated cannot be reliably attributed to any party. The failure to authenticate is fatal to any hearsay exception; (ii) crucially, the exhibit is replete with Defendant Azevedo's own self-serving, out-of-court statements, which he is offering for their truth. While Rule 801(d)(2) allows for the admission of an opposing party's statements, it does not permit a party to introduce his own self-serving, out-of-court declarations as substantive evidence. Allowing a litigant to do so would eviscerate the hearsay rule, enabling them to create their own evidence without ever taking the stand or facing cross-examination. Cf. *United States v. Awadallah*, 401 F. Supp. 2d 308, 314-15 (S.D.N.Y. 2005) (noting the unreliability of state-of-mind speculation based solely on a party's own statements).

Even if a hearsay exception were theoretically available, the exhibit must be excluded because "the source of the information or other circumstances indicate a lack of trustworthiness." Fed. R. Evid. 803(6)(E), 803(8)(B); *see also Bridgeway Corp. v. Citibank*, 201 F.3d 134, 143 (2d Cir. 2000). The factors compelling exclusion here are overwhelming:

- Demonstrable Incompleteness: The exhibit is a misleading partial record, deliberately omitting critical pre-assault messages that show Defendant's predatory grooming and manipulation. A selectively edited document is inherently untrustworthy. *See Beech Aircraft Corp. v. Rainey,* 488 U.S. 153, 167 (1988) (noting the court's "obligation" to exclude untrustworthy reports or portions thereof).

- Motivation to Fabricate and Tamper: Defendant has a clear motivation to present a skewed version of events. This is not a neutral record; it is a curated selection offered for litigation. *See*

5

*Lewis v. Velez*, 149 F.R.D. 474, 488 (S.D.N.Y. 1993) (noting that exclusion is warranted for reports "compiled in anticipation of litigation" due to "motivation problems").

- Pattern of Evidence Manipulation: The untrustworthiness is not speculative. As confirmed by a third-party witness, Defendant has a documented practice of deleting incriminating WhatsApp messages to avoid accountability. This pattern of evidence spoliation fundamentally undermines any claim that the remaining, self-selected fragments are reliable. *Cf. Giles v. Rhodes*, 2000 WL 1425046, at *8 (S.D.N.Y. 2000)* (deeming reports inadmissible due to the "self-serving nature" and the "writer's inherent motivation to be less than accurate").

Presenting this cherry-picked and unauthenticated digital fragment to the Court would violate the core purpose of the hearsay rule. It invites a decision based on unreliable, out-of-court statements that cannot be tested through cross-examination. The exhibit, in its entirety, is an unreliable and inadmissible hearsay document that must be excluded.

## III.    THE EXHIBIT IS BARRED BY FEDERAL RULE OF EVIDENCE 412, THE RAPE SHIELD LAW

Federal Rule of Evidence 412 explicitly prohibits, in a civil case involving alleged sexual misconduct, evidence offered to prove a victim's sexual behavior or sexual predisposition. Fed. R. Evid. 412(a). The rule's purpose is to "safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details." *Wolak v. Spucci*, 217 F.3d 157, 160 (2d Cir. 2000) (applying Rule 412 to civil cases).

Defendant's use of Exhibit ECF 198-1 is a textbook violation of Rule 412. He seeks to introduce selective, post-assault communications to improperly imply consent or to attack Plaintiff's credibility

based on her perceived sexual behavior or predisposition. This is precisely the type of prejudicial, stereotype-driven inference that Rule 412 was designed to prevent.

The balancing test for civil cases under Rule 412(b)(2) is stringent, requiring that the probative value of this evidence "substantially outweighs the danger of harm to any victim and of unfair prejudice to any party." This "reverse 403" standard is a high bar. The danger here is profound: it invites the Court to engage in the discredited "perfect victim" fallacy, penalizing Plaintiff for her documented trauma responses, such as trauma bonding, which are common in sexual assault survivors. Moreover, Defendant's manipulation of the message record—both by deleting incriminating content and by selectively omitting crucial, pre-assault messages that demonstrate his predatory grooming—further undermines any claim of probative value, as the exhibit cannot be considered a complete or accurate representation of the parties' communications.

The minimal, if any, probative value of these unauthenticated snippets is vastly outweighed by the extreme prejudice and harm their consideration would cause.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court sustain this objection and exclude Defendant Azevedo's Exhibit 198-1 from consideration in connection with the motion for the Restraining Order and Injunctive relief.

Respectfully submitted,

Dated: October 10, 2025

                                              Karolina Marciniak-Domingues Goncalves Agra

*/s/ Karolina Agra*

>500 E 63rd St, Apt 13F
>New York, 10065 NY
>marciniak.kar@gmail.com
>(646) 770 2045
>(PLAINTIFF *PRO SE*)