

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

October 23, 2025

**VIA ECF**

Hon. Andrew L. Carter, Jr.
Southern District of New York
40 Foley Square, Room 435
New York, New York 10007

Elise M. Bloom
Member of the Firm
d +1.212.969.3410
f 212.969.2900
ebloom@proskauer.com
www.proskauer.com

Re:   *Marciniak v. Massachusetts Institute of Technology, et al.*, No. 22 Civ. 10959 (ALC)

Dear Judge Carter:

We represent Defendants The Rockefeller University ("RU") and Dr. Winrich Freiwald ("Dr. Freiwald") (collectively, the "RU Defendants") in the above-captioned *pro se* matter. We write in response to Plaintiff Karolina Maria Marciniak-Domingues Goncalves Agra's ("Plaintiff") letter dated October 14, 2025, seeking leave to file a Fourth Amended Complaint or in the alternative, to file a sur-reply to the RU Defendants' motion to dismiss. Both requests should be denied.

Plaintiff's latest request comes nearly three years since she commenced this litigation and after she has filed *six* prior complaints across this and the now-dismissed *Marciniak II* (Case No. 23-cv-10305 (S.D.N.Y.). Her proposed Fourth Amended Complaint ("PFAC")—her *seventh* proposed pleading—attempts to graft a landlord-tenant dispute – arising from RU's September 10, 2025 notice that it is terminating Plaintiff's tenancy in RU housing effective January 6, 2026 (the "Termination Notice") – onto this federal court employment case. Plaintiff's new theory is legally futile, outside the case's scope, and would further compound the operative Third Amended Complaint's ("TAC") Rule 8 problems. Furthermore, Plaintiff blatantly misrepresents that her proposed amendment is limited to new issues that arose since her operative pleading when, in fact, the PFAC adds expansive allegations that she could have raised years ago and have nothing to do with her lease termination-as-retaliation theory. Plaintiff's additional representation that allowing her to file the PFAC "causes no prejudice" is flatly incorrect as the PFAC would be the *seventh* complaint to which the RU Defendants have had to respond by filing seriatim pre-motion letters and motions to dismiss over the past three years, all while they await a judgment confirming that Plaintiff's claims are legally meritless.

Separately, Plaintiff identifies no new argument or evidence in the RU Defendants' reply in support of their motion to dismiss that would justify a sur-reply. Her request is simply an effort to reargue points already briefed and will result in further delays.

  I.   **Leave to Amend Should Be Denied.**

Under Fed. R. Civ. P. 15(a)(2), courts "should freely give leave when justice so requires," but denial is warranted for futility, undue delay, bad faith, repeated failure to cure deficiencies, or undue

**Proskauer»**

prejudice. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200-01 (2d Cir. 2007).[1] Each of those factors supports denial here.

### A. Plaintiff's Proposed "Lease Termination-Retaliation" Theory Is Outside the Case and Legally Futile.

This is an employment discrimination case. Plaintiff's own pleading confirms that her employment relationship with RU ended on November 30, 2021. She now seeks to inject a landlord-tenant dispute based on RU's service of the Termination Notice requiring her to vacate an RU apartment she has improperly occupied for years while paying no rent. (PFAC ¶¶ 11, 210.) Plaintiff's theory that the lease termination is retaliatory is unrelated to her claims against RU as her former employer; it instead concerns RU's role as a landlord nearly four years after the employment relationship ended.[2] It does not belong in this case.

The new allegations also fail as a matter of law. Post-termination retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York State Human Rights Law ("NYSHRL") or the New York City Human Rights Law ("NYCHRL") addresses actions taken by an employer that impair a former employee's future employment prospects (e.g., blacklisting or negative references), not property-management steps concerning post-employment housing. *See Wanamaker v. Columbian Rope Co.*, 108 F.3d 462, 466 (2d Cir. 1997) (post-employment acts are actionable only if they have a materially adverse impact on future employment opportunities); *See Mira v. Kingston*, 218 F. Supp. 3d 229, 235-36 (S.D.N.Y. 2016), *aff'd*, 715 F. App'x 28 (2d Cir. 2017) (finding plaintiff's post-employment allegations were not actionable retaliation because "[t]he acts of harassment of which she complains . . . do not relate to her new job or any inability to procure employment . . ."). The Termination Notice related to Plaintiff's housing is not one that could affect how future employers treat her. It therefore does not state actionable retaliation under Title VII, NYSHRL or the NYCHRL.

Causation is also missing. Plaintiff has been litigating this case since December 2022 – nearly three years before the housing notice she now labels retaliatory – foreclosing any inference based on temporal proximity. And her assertion that the Termination Notice was proximate because it came "days after" she filed a "comprehensive declaration," citing Dkt. 196 (PFAC ¶ 181), is factually incorrect; Plaintiff's declaration was filed on September 15, 2025, five days ***after*** service of the September 10 Termination Notice. Even taking her premise at face value, as discussed above, the alleged retaliation is not an employment action and thus not actionable.[3]

---

[1] Courts routinely deny *pro se* plaintiffs' requests for leave to amend where such amendments would be futile. *See, e.g.*, *Berlin v. Jetblue Airways Corp.*, 436 F. Supp. 3d 550, 559–60 (E.D.N.Y. 2020); *Jordan v. Chase Manhattan Bank*, 91 F. Supp. 3d 491, 510 (S.D.N.Y. 2015).

[2] By omitting any request for reinstatement, Plaintiff effectively acknowledges that the PFAC's lease-termination retaliation theory is untethered to the employment claims in this action.

[3] Although the Second Circuit in *Massaro v. Bd. of Educ. of City Sch. Dist, of City of N.Y.*, 774 F. App'x 18 (2d Cir. 2019) recognized that mid-litigation steps (like a deposition notice) can qualify as protected activity for purposes of measuring

**Proskauer»**

Hon. Andrew L. Carter, Jr.
October 23, 2025
Page 3

Finally, Plaintiff's own PFAC underscores why the amendment is improper: she asks the Court to "[i]ssue a preliminary and permanent injunction enjoining [RU] from terminating [her] tenancy and evicting her" while this employment case is pending. (PFAC Whereas Clause at ¶ (e).) Filing a discrimination lawsuit does not entitle a former employee to rent-free housing, and Plaintiff cannot convert a landlord-tenant dispute into a retaliation claim to obtain that relief. RU has already opposed Plaintiff's TRO seeking this same housing injunction; she should not be permitted to relitigate the issue through an amendment that is legally futile and factually untethered to her employment claims. (*See* Dkt. 199.)

### B. Plaintiff's Proposed Amendment Is Not "Discrete," Would Be Unduly Prejudicial and Would Exacerbate Plaintiff's Rule 8 Problem.

Plaintiff characterizes her amendment as "discrete." It is not. The redlined PFAC expands the pleading far beyond the alleged housing issue, adding new alleged episodes that have nothing to do with the proposed amendment's stated purpose. Plaintiff has been on notice of the deficiencies the RU Defendants have identified in multiple pre-motion letters and briefs across two actions, as well as this Court's prior decision dismissing her first amended complaint. Having foregone repeated opportunities to fix her complaint, she should not be permitted to retrofit her pleading now.

Also, permitting Plaintiff's seventh complaint across two matters would be unduly prejudicial. Before she was permitted to file the most recent TAC, the RU Defendants raised the concern that they would be forced to expend significant resources responding to a complaint that Plaintiff did not treat as final. (Dkt. 120.) Granting leave to file the PFAC would create exactly this situation, forcing the RU Defendants and the Court to waste resources on yet another round of motion practice, just after the RU Defendants' pending motion to dismiss the TAC was fully briefed. Indeed, despite Plaintiff commencing her first action nearly three years ago, this case has not proceeded past the pleading stage due to Plaintiff's successive pleadings across two actions and abuse of the litigation process.

Furthermore, allowing Plaintiff yet another omnibus rewrite would compound the Rule 8 problems already presented by the TAC (prolix, argumentative, and sprawling) rather than curing them. (*See* Dkt. 149 at 11-12; Dkt. 208 at 5-6.)

### II. Plaintiff's Request to File a Sur-Reply Should Be Denied

Plaintiff's request to file a sur-reply to the RU Defendants' motion to dismiss the TAC should similarly be denied. Sur-replies are permitted only where a reply brief raises genuinely new facts or legal issues. Plaintiff identifies none. The RU Defendants' reply responded to Plaintiff's 45-page opposition and raised no new facts or legal theories. Plaintiff's own letter confirms she seeks a sur-reply merely to discuss issues previously briefed or to advance her PFAC theory – which, as shown

---

proximity, such allegations still require a plausible nexus to employment-related retaliation. In *Massaro*, the alleged retaliation took place at work during the plaintiff's employment. Here, the alleged retaliation is non-employment housing enforcement years after separation. Additionally, *Massaro* did not address whether merely filing a declaration in opposition to a pending motion could qualify as protected activity.

**Proskauer»**

Hon. Andrew L. Carter, Jr.
October 23, 2025
Page 4

above, is improper and futile. The request should be denied. *See Sorrentino v. Fay Servicing, LLC*, No. 25-CV-00098 (SVN), 2025 WL 2675531, at *1 (D. Conn. Sept. 18, 2025) (denying *pro se* plaintiff's request for leave to submit a sur-reply, finding that the sur-reply arguments were repetitive of her assertions in her opposition and did not identify any new issues material to the court's disposition of the defendant's motion to dismiss).

***

For the foregoing reasons, the Court should deny Plaintiff's motion for leave to file the PFAC and deny her alternative request for a sur-reply.

We thank the Court for its consideration of this matter.

Respectfully submitted,

*/s/ Elise M. Bloom*

Elise M. Bloom
cc:     All Counsel of Record via ECF