Dr. Karolina Agra
500 E. 63rd Street, Apt. 13F
New York, New York 10065
(646) 770-2045
marciniak.kar@gmail.com

December 23, 2025

**Via ECF**
Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Courtroom 435
New York, New York 10007

    Re:    **URGENT SUPPLEMENTAL LETTER REGARDING IMMINENT IRREPARABLE HARM FROM AZEVEDO AND RU'S RETALIATORY EVICTION NOTICE AND REQUEST FOR EXPEDITED RULING**
            **Marciniak-Domingues Goncalves Agra, et al. v. The Rockefeller University, et al.**
            **Case No. 1:22-cv-10959-ALC**

Your Honor,

I, Plaintiff Karolina Agra proceeding *pro se*, respectfully submit this urgent supplemental letter regarding my pending Motion for a Temporary Restraining Order and Preliminary Injunction (Dkt. 195, 196, 197). This letter is necessitated by a catastrophic and time-sensitive escalation of the irreparable harm the Motion seeks to prevent, involving both Defendant Azevedo's witness intimidation and Defendant Rockefeller University's ("RU") retaliatory eviction.

**1. The Present Crisis: Imminent Harm from Dismantled Protections**

Since Defendant Azevedo proactively petitioned for and secured the lifting of the Marine Biological Laboratory's (MBL) no-contact order in May 2025—the "last institutional barrier"—my psychological and physical state has deteriorated into a documented medical emergency (ECF No. 196, Exhibit G). My current reality is one of hypervigilance to the point of paralysis, panic attacks, and haunting nightmares. This is not speculative fear but an actual injury. *Zherka v. Amicone*, 634 F.3d 642, 645–46 (2d Cir. 2011) ("fear is an actual injury as it is more than 'hurt feelings or a bruised ego'"). The harm is direct result of: (a) the removal of the MBL order; (b) Azevedo's weaponization of court procedures to harass me; and (c) the agonizing wait for a ruling, which leaves me in a state of suspended terror that actively destroys my health and capacity to function. As held in *Charles v. Orange County*, irreparable harm exists where an injury "may produce death, degeneration, or extreme pain," 925 F.3d 73, 86 (2d Cir. 2019). The Court in *People v. Smith* recognized that protective orders are "issued by courts as much to prevent assaults on the psyche of a vulnerable victim as to prevent assaults on her person." 29 Misc. 3d 1058, 1060 (Sup. Ct. Kings Cty. 2010). The assault on my psyche is ongoing and severe.

**2. Defendant Azevedo's Witness Tampering and Intimidation**

As held in *People v. Turnquest*, 35 Misc. 3d 329 (N.Y. Sup. Ct. 2012), witness tampering is not limited to explicit threats. It includes a defendant's use of a "controlling" or "coercive" relationship over a witness, the use of third parties to apply pressure, and conduct that creates a climate of fear. Id, see also *People v Melchor*, 362 Ill App 3d 335, 346, 841 NE2d 420, 429 [2005]) ("persuasion and control by a defendant", *United States v Scott*, 284 F3d 758, 764 [2002] ("coercion, undue influence, or pressure"); *Steele v Taylor*, 684 F2d 1193 [1982]). Violation of protective directives itself sends an "implicit threat," and circumstantial evidence suffices given the "inherently surreptitious nature" of such misconduct. *Turnquest* at 343; *accord People v Bernazard* 2020 NY Slip Op 07083 at *5). Azevedo's documented history of retaliation against women who reject or report him (Jane Does 2 and 3) creates a climate of fear that discourages witness cooperation (ECF No. 196, Exhibit A-E, J). Besides, my confidential outreach to former colleague Michael Ortiz for potential testimony was met with direct interference. Instead of responding to me, Mr. Ortiz communicated with Defendant Azevedo about my inquiry, demonstrating Azevedo's monitoring of my witness outreach—a classic hallmark of tampering (ECF No. 198-7, 202-4). His successful petition to lift the MBL order, followed by his material misrepresentation of that order to this Court (ECF 178), shows a strategic effort to dismantle protections. Under *Turnquest*, such defiance is an implicit threat. Multiple material witnesses (Jane Does 1-4) who initially provided corroborating statements now refuse further cooperation, explicitly citing fear of retaliation (ECF No. 196). A witness who refuses to testify due to intimidation is deemed "unavailable" as a direct result of the defendant's misconduct. *Id.* Azevedo's own 2019 written statement to MBL investigators—"This can cause serious consequences to my career and I won't take it lightly"—is an express warning of retaliation intended to deter me and other witnesses (ECF No. 196-2). In the course of this action, Azevedo materially misrepresented the nature of the no-contact order, falsely claiming it was issued by the New York Family Court when it was in fact issued by MBL (ECF No. 196, ¶20). He also provided shifting and uncorroborated stories about a family emergency to justify delays (*Id*, ¶19). Such dishonesty demonstrates a willingness to manipulate judicial proceedings to his advantage and undermines the integrity of the fact-finding process. This pattern of intimidation prejudices the truth-seeking function of this Court and obstructs justice. Without an immediate protective order, this intimidation will continue, rendering a fair trial impossible and causing further irreparable harm.

**3. Defendant RU's Retaliatory Eviction Constitutes Separate, Imminent Harm**

Concurrently, RU served me with a 90-Day Notice of Termination on September 10, 2025, demanding I vacate my apartment—my home of nine years—by **January 6, 2026**. This is a materially adverse retaliatory act under Title VII, designed to punish me for prosecuting this lawsuit. *Burlington N. & S.F.R. Co. v. White,* 548 U.S. 53, 68 (2006) (an action is adverse if it "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination"). Threatening a former employee with homelessness for pursuing a discrimination lawsuit is a textbook example of such an adverse action. The timing—days after I filed a comprehensive declaration detailing RU's bad faith (Dkt. 182, 183)—provides strong circumstantial evidence of retaliation. *Summa v. Hofstra Univ.,* 708 F.3d 115, 128 (2d Cir. 2013). After nearly four years of post-termination inaction regarding tenancy, RU's decision to act at this precise litigation juncture reveals its retaliatory motive. The eviction threat

imposes imminent, irreparable harm. The 90-Day Notice authorizes RU to commence summary proceedings on January 6, 2026. The harm is therefore fixed, imminent, and irreparable. *Sinisgallo v. Islip Housing Auth.*, 2012 WL 1888140, at *16 (E.D.N.Y. 2012); *Miles v. Gilroy*, 2012 WL 2572769, at *3 (W.D.N.Y. June 29, 2012)*. I lack the means to secure alternative housing in New York City; eviction equals homelessness, an injury "no damages award can compensate for." *In re Mongiello*, 2024 WL 729865, at 2 (S.D.N.Y. Feb. 6, 2024), *McNeill v. N.Y.C. Housing Auth.*, 719 F. Supp. 233, 238 (S.D.N.Y. 1989). This threat, combined with the psychological harm from Azevedo's conduct, exacerbated a severe physiological collapse documented in my medical records (ECF No. 196, Exhibit G). The pending Motion specifically requests an order compelling RU to withdraw this notice and enjoining any eviction efforts pending this action (Dkt. 195-1, 196, 203, 204).

### 4. Federal Jurisdictional Authority to Enjoin State Proceedings

The federal court possesses authority to enjoin parallel state proceedings that threaten to interfere with its jurisdiction and ability to adjudicate federal claims and grant effective relief. While the Anti-Injunction Act, 28 U.S.C. § 2283, generally bars federal courts from staying state court proceedings, it contains an exception where such an injunction is "necessary in aid of [the court's] jurisdiction." This applies where a state action would interfere with the federal court's path to judgment. *Ret. Sys. of Ala. v. J.P. Morgan Chase & Co.*, 386 F.3d 419, 425 (2d Cir. 2004).

Any attempt by RU to initiate a summary proceeding in New York State Housing Court would:

1. Directly interfere with federal jurisdiction as it would force the adjudication of the retaliatory intent of the eviction—the very issue sub judice before Your Honor—creating a grave risk of conflicting rulings.

2. Render federal relief ineffectual, because success in a state eviction proceeding would cause the irreparable harm (homelessness) the federal Motion seeks to prevent, thereby "making a nullity" of the Court's ability to provide meaningful relief. *Winkler v. Interim Servs. Inc.*, 101 F.3d 1202, 1202 (7th Cir. 1996) (cited favorably in this Circuit), *see also Balwin*, 770 F.2d at 337 (applying the "necessary in aid of jurisdiction" exception because the federal action had not yet gone to final judgment).

### 5. Urgent Request for Relief

Therefore, I respectfully and urgently request that the Court:

1. Expedite its consideration of my pending Emergency Motion (Dkt. 195, 196, 197) and Reply (Dkt. 203, 204); and

2. Issue an interim administrative order:

    - As to Defendant Azevedo: Enjoining him from any direct or indirect contact with me or any actual or potential witness in this case, and specifically prohibiting the use of third parties, including professional or academic contacts, to gather information about my communications or to intimidate witnesses.

- As to Defendant RU: Restraining it from initiating any summary proceeding in state court to evict me from 500 E 63rd Street, Apt. 13F, New York, NY, while the Motion is under advisement.

- Orders any such attempted contact to be immediately reported to the Court.

I am concurrently providing formal notice of this request to RU's counsel. The *Turnquest* decision empowers this Court to prevent a litigant from "mocking the very system of justice" through coercive tactics. Given the clear patterns of intimidation and retaliation presented here, immediate intervention is both justified and necessary to prevent imminent, irreparable harm.

Respectfully submitted,

                                            Karolina Marciniak-Domingues Goncalves Agra
                                            *Pro Se Plaintiff*

                                            */s/ Karolina Agra*
                                            500 E 63rd St, Apt 13F
                                            New York, NY 10065
                                            (646) 770-2045
                                            marciniak.kar@gmail.com

Attachments: Exhibit A: Copy of letter to Kempshall C. McAndrew, Esq.