

Karolina Marciniak <marciniak.kar@gmail.com>

# Formal Notice and Attachments Re: Pending Federal Motion and Eviction - Agra v. The Rockefeller University

1 message

**Karolina Marciniak** <marciniak.kar@gmail.com>  Tue, Dec 23, 2025 at 8:38 PM
To: kmcandrew@cuddyfeder.com
Cc: Noa Baddish <nbaddish@proskauer.com>, "Bloom, Elise M." <ebloom@proskauer.com>

Mr. McAndrew,

Please find attached a formal letter, dated December 23, 2025, regarding the above-referenced matter. The letter provides notice of the pending emergency motion in *Agra v. The Rockefeller University, et al.*, and formally requests that The Rockefeller University stay all eviction efforts pending the federal court's resolution of the motion.

The following documents are attached for your immediate review:

    1. Formal Letter (December 23, 2025)

    2. Plaintiff's Memorandum of Law (Dkt. 195-1)

    3. Plaintiff's Declaration (Dkt. 196)

    4. Plaintiff's Reply Memorandum of Law (Dkt. 203)

    5. Plaintiff's Reply Affidavit (Dkt. 204)

As outlined in the letter, I respectfully request written confirmation by December 30, 2025, that The Rockefeller University will voluntarily stay all eviction-related actions until the federal court rules on the pending motion.

Thank you for your prompt attention to this matter.

Respectfully,
Karolina Marciniak-Domingues Goncalves Agra
500 E. 63rd Street, Apt. 13F
New York, NY 10065
(646) 770-2045
marciniak.kar@gmail.com

---

**6 attachments**

- 📄 **Exhibit 2 Plaintiff's Memorandum of Law (Dkt. 195-1).pdf**
  213K

- 📄 **Exhibit 1 Plaintiff's Notice of Motion.pdf**
  71K

- 📄 **Exhibit 4 Plaintiff's Reply Memorandum of Law (Dkt. 203).pdf**
  163K

- 📄 **Karolina Agra Letter in Re Eviction Notice December 23 2025.pdf**
  145K

- 📄 **Exhibit 5 Plaintiff's Reply Affidavit (Dkt. 204).pdf**
  3376K

- 📄 **Exhibit 3 Plaintiff's Declaration (Dkt. 196).pdf**
  13171K

Dr. Karolina Agra
500 E. 63rd Street, Apt. 13F
New York, New York 10065
(646) 770-2045
marciniak.kar@gmail.com

December 23, 2025

**Via Email**
Kempshall C. McAndrew, Esq.
Cuddy & Feder LLP
445 Hamilton Avenue, 14th Floor
White Plains, NY 10601
Email: kmcandrew@cuddyfeder.com

    Re:    **FORMAL NOTICE OF PENDING FEDERAL MOTION FOR INJUNCTIVE RELIEF AND REQUEST TO STAY EVICTION EFFORTS**
           **Your File: 90-Day Termination Notice Dated September 10, 2025**
           **Premises: 500 East 63rd Street, Apt. 13F, New York, NY**
           **Tenant: Karolina Marciniak-Domingues Goncalves Agra**

Mr. McAndrew:

I write in response to the 90-Day Notice of Termination served on behalf of The Rockefeller University ("RU") on September 10, 2025.

This letter constitutes formal notice that the propriety and motivation for this eviction are central, contested issues in the ongoing federal litigation Agra v. The Rockefeller University, et al., Case No. 1:22-cv-10959-ALC (S.D.N.Y.) (the "Federal Action"). My Third Amended Complaint alleges that RU's conduct, including its actions as my landlord, constitutes unlawful retaliation and deliberate indifference.

The legality of this eviction notice is the subject of a pending emergency motion before the United States District Court for the Southern District of New York (Hon. Andrew L. Carter, Jr.). On September 15, 2025, I filed an Emergency Motion for a Temporary Restraining Order and Preliminary Injunction (the "Motion"). The Motion, supported by a Memorandum of Law (Dkt. 195-1), Declaration (Dkt. 196), Reply Memorandum of Law (Dkt. 203) and Reply Affidavit (Dkt. 204), specifically requests that the Court compel RU to withdraw the 90-Day Notice and enjoin RU from any efforts to evict me during the pendency of this action. Copies of the Motion and key filings are attached for your immediate review.

**1. The Eviction is a Retaliatory Act Under Title VII**
The Motion presents a compelling case that the 90-Day Notice is not a routine landlord-tenant action,

but a materially adverse retaliatory act under Title VII of the Civil Rights Act of 1964, designed to punish me for prosecuting this lawsuit.

- **Adverse Action:** Retaliation is not limited to the period of employment. *Robinson v. Shell Oil Co.*, 519 U.S. 337, 346 (1997). An action is adverse if it "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & S.F.R. Co. v. White*, 548 U.S. 53, 68 (2006). Threatening a former employee with homelessness for pursuing a discrimination lawsuit is a textbook example of such an adverse action.

- **Causal Nexus & Timing:** The notice was served on **September 10, 2025**, just days after I filed a comprehensive declaration (Dkt. 196) on September 5, 2025, detailing RU's institutional bad faith. This direct temporal proximity is "strong circumstantial evidence of retaliation." *Summa v. Hofstra Univ.*, 708 F.3d 115, 128 (2d Cir. 2013). After nearly four years of post-termination inaction regarding tenancy, RU's decision to act at this precise litigation juncture reveals its retaliatory motive.

- **Integrated Housing & Employment:** RU's attempt to separate its role as landlord from its conduct as an employer is a litigation fiction. My housing was a benefit of my employment. Safety within university housing has historically been managed by RU's Human Resources department, including complaints related to the hostile environment at issue in this case. The eviction is an alleged instrument of retaliation integral to the federal claims.

## 2. The Eviction Threatens Imminent, Irreparable Harm

Courts recognize that the threat of eviction and resulting homelessness constitutes irreparable harm warranting injunctive relief.

- The 90-Day Notice authorizes RU to commence summary proceedings on **January 6, 2026**. The harm is therefore fixed, imminent, and irreparable. *Sinisgallo v. Islip Housing Auth.*, 2012 WL 1888140, at *16 (E.D.N.Y. 2012); *Miles v. Gilroy*, 2012 WL 2572769, at *3 (W.D.N.Y. June 29, 2012)*.

- As detailed in my submissions, I lack the financial means, family support, or safety net to secure alternative housing in New York City. Eviction would lead directly to homelessness, an injury "no damages award can compensate for." *In re Mongiello*, 2024 WL 729865, at *2 (S.D.N.Y. Feb. 6, 2024); *McNeill v. N.Y.C. Housing Auth.*, 719 F. Supp. 233, 238 (S.D.N.Y. 1989).

## 3. Federal Jurisdictional Authority to Enjoin State Proceedings

The federal court possesses authority to enjoin parallel state proceedings that threaten to interfere with its jurisdiction and ability to adjudicate federal claims and grant effective relief.

While the Anti-Injunction Act, 28 U.S.C. § 2283, generally bars federal courts from staying state court proceedings, it contains an exception where such an injunction is "necessary in aid of [the court's] jurisdiction." This applies where a state action would interfere with the federal court's path to judgment. *Ret. Sys. of Ala. v. J.P. Morgan Chase & Co.*, 386 F.3d 419, 425 (2d Cir. 2004) (quoting 28 U.S.C. § 2283).

**Any attempt by RU to initiate a summary proceeding in New York State Housing Court would:**

1. **Directly Interfere with Federal Jurisdiction:** It would force the adjudication of the retaliatory intent of the eviction—the very issue sub judice before Judge Carter—creating a grave risk of conflicting rulings.

2. **Render Federal Relief Ineffectual:** Success in a state eviction proceeding would cause the irreparable harm (homelessness) the federal Motion seeks to prevent, thereby "making a nullity" of the Court's ability to provide meaningful relief. *Winkler v. Interim Servs. Inc.*, 101 F.3d 1202, 1202 (7th Cir. 1996) (cited favorably in this Circuit), *see also Balwin*, 770 F.2d at 337 (applying the "necessary in aid of jurisdiction" exception because the federal action had not yet gone to final judgment)

Therefore, I formally request that RU, through your office, refrain from taking any further steps toward eviction, including the filing of any summary proceeding in state court, until the conclusion of the Federal Action, or, at least, until Honorable Judge Andrew L. Carter, Jr. has ruled on the pending Motion. Given the Court's imminent consideration of this matter, I urge RU to voluntarily stay all eviction efforts to avoid the need for the Court to issue an emergency administrative order.

Please provide written confirmation by **December 30, 2025**, that RU will stay all eviction efforts pending the federal court's resolution of the Motion. This voluntary forbearance is the most efficient means of preserving judicial resources and avoiding unnecessary legal conflict. Should RU refuse and proceed in state court, I will be compelled to seek an immediate injunction from the District Court under the authorities cited above.

Respectfully,

> Karolina Marciniak-Domingues Goncalves Agra
> *Pro Se Plaintiff*
>
> */s/ Karolina Agra*
> 500 E 63rd St, Apt 13F
> New York, NY 10065
> (646) 770-2045
> marciniak.kar@gmail.com

**Attachments:** Plaintiff's Memorandum of Law (Dkt. 195-1); Plaintiff's Declaration (Dkt. 196), Plaintiff's Reply Memorandum of Law (Dkt. 203) and Plaintiff's Reply Affidavit (Dkt. 204)