

Proskauer Rose LLP    Eleven Times Square    New York, NY 10036-8299

December 30, 2025

**VIA ECF**

Hon. Andrew L. Carter, Jr.
Southern District of New York
40 Foley Square, Room 435
New York, New York 10007

Elise M. Bloom
Member of the Firm
d +1.212.969.3410
f 212.969.2900
ebloom@proskauer.com
www.proskauer.com

Re:   *Marciniak v. Massachusetts Institute of Technology, et al.*, No. 22 Civ. 10959 (ALC)

Dear Judge Carter:

We represent Defendants The Rockefeller University ("RU") and Dr. Winrich Freiwald ("Dr. Freiwald") (collectively, the "RU Defendants") in the above-captioned matter. We write in response to *pro se* Plaintiff Karolina Maria Marciniak-Domingues Goncalves Agra's ("Plaintiff") "Urgent Supplemental Letter" dated December 23, 2025. (ECF No. 218). As to the RU Defendants, Plaintiff asks the Court to: (i) grant her emergency relief preventing RU from initiating any eviction proceedings while her motion for a preliminary injunction (ECF Nos. 195-196) ("PI Motion") is pending; and (ii) expedite a decision on the PI Motion.[1]

Plaintiff's request for emergency interim relief should be denied. Plaintiff sought materially the same relief on September 15, 2025 in an *ex parte* application for a temporary restraining order ("TRO"), and the Court denied TRO relief that same day. (ECF No. 197.) Plaintiff identifies no basis to revisit that ruling, and her request for relief remains unsupported for the reasons set forth in the RU Defendants' prior opposition (ECF No. 199), which is incorporated by reference.

### I.   Relevant Background

The relevant facts and procedural history are set forth in the RU Defendants' opposition to the PI Motion (ECF No. 199) and response to Plaintiff's request for leave to file a proposed Fourth Amended Complaint (ECF No. 216), both incorporated by reference. In brief, Plaintiff's employment with RU ended on November 30, 2021, and her RU housing lease was contingent on continued employment.[2] (ECF No. 199 at 8-9.) Plaintiff did not vacate RU housing when her employment ended and has not paid rent since March 2021 (aside from a partial ERAP payment made directly to RU in January 2023).[3] (*Id.*) On September 10, 2025, RU served Plaintiff with a 90-day Notice of Termination of Tenancy ("Notice"), terminating any month-to-month occupancy as of January 6, 2026. On September 15, 2025, Plaintiff filed an *ex parte* emergency motion seeking (i) a TRO; and (ii) an order to show cause why a preliminary injunction should not issue. As relevant here, Plaintiff sought to

---

[1] Plaintiff's letter also requests relief as to Defendant Azevedo who is proceeding *pro se*.

[2] RU housing is a benefit provided to RU full-time faculty, students, and members of the scientific community.

[3] Plaintiff's employment ended during the COVID-19 pandemic, and there were legal restrictions in place that prevented RU from proceeding with eviction proceedings during the pandemic.

**Proskauer»**

Hon. Andrew L. Carter, Jr.
December 30, 2025
Page 2

restrain RU from taking steps that could lead to a Housing Court proceeding based on the Notice. She also sought additional, bespoke injunctive relief against RU in the form of a "written safety plan." The Court denied Plaintiff's request for a TRO on September 15, 2025 and set a briefing schedule on the PI Motion. Briefing was completed on October 2, and the Court held a hearing on October 7, 2025. The PI Motion remains pending. RU has not commenced any summary Housing Court proceeding to date.

### II. Plaintiff's Request for Emergency Interim Relief Should Be Denied.

#### A. Plaintiff Seeks Effectively The Same Relief the Court Denied on September 15, 2025 and Identifies No Changed Circumstances.

The relief Plaintiff seeks is functionally the same emergency relief she sought on September 15, 2025 in her *ex parte* TRO request aimed at preventing RU from taking steps based on the Notice – and the Court denied that TRO relief that same day. Nothing in Plaintiff's December 23 letter identifies any intervening action by RU or new facts warranting a different outcome now.

Plaintiff's conclusory assertion now that RU has engaged in a "catastrophic and time-sensitive escalation" is incorrect and does not provide a basis for the Court to change its prior ruling. Indeed, Plaintiff identifies no new conduct by RU at all. The only action she cites is the Notice, which had been previously sent before the Court it denied TRO relief on September 15. The mere passage of time – i.e., the fact that January 6, 2026 is now closer than it was in September – does not provide a basis to revisit the Court's prior denial. (*See* Section II.C, *infra*.)

#### B. This Court is Not the Proper Forum for Plaintiff's Requested Relief.

Plaintiff's requested injunction would require this Court to intervene in a landlord-tenant dispute concerning possession of RU-owned housing. As RU explained in opposing the PI Motion, "[t]he gravamen of Plaintiff's request . . . is a landlord-tenant dispute," and such disputes "belong, if anywhere, in New York Civil Court, not here." (ECF No. 199 at 10.) Federal courts in this Circuit routinely decline to adjudicate landlord-tenant disputes, even when plaintiffs attempt to reframe them as federal claims. (*Id.*)

Plaintiff's reliance on the "necessary in aid of jurisdiction" exception to the Anti-Injunction Act[4] underscores the fundamental defect in her request – the claims in this action concern Plaintiff's role while she was an employee and RU's role as an employer, whereas the interim relief Plaintiff seeks concerns Plaintiff's role as a tenant and RU's role as a landlord. Enjoining a prospective landlord-tenant proceeding is not "necessary" to preserve the Court's jurisdiction to adjudicate the employment

---

[4] Although Plaintiff invokes this exception to the Anti-Injunction Act in support of her request, the RU Defendants did not contend in opposing the PI Motion that the Act independently barred the relief she sought.

**Proskauer»**

Hon. Andrew L. Carter, Jr.
December 30, 2025
Page 3

claims at issue in this case. Rather, doing so would inject a collateral housing dispute into an employment case.

### C. Plaintiff Does Not Satisfy Rule 65's Requirements for Emergency Interim Relief.

Even if the Court were to reach the Rule 65 analysis, Plaintiff has not made the showing required for emergency injunctive relief.

First, Plaintiff cannot demonstrate irreparable harm that is actual and imminent. As RU previously explained, no Housing Court proceeding is currently pending, and even if RU elected to pursue possession of its property, RU would have to commence a proceeding and obtain further process before any removal could occur. (ECF No. 199 at 14.) Plaintiff's asserted harm remains speculative and does not justify emergency interim relief.

Second, Plaintiff cannot show a likelihood of success on the merits. The emergency relief Plaintiff seeks concerns RU's conduct as a landlord – i.e., a prospective landlord-tenant proceeding based on the Notice – not an employment-related action cognizable as retaliation under the statutes at issue here. As the RU Defendants explained in responding to Plaintiff's request for leave to amend to add a retaliation claim premised on the Notice, post-employment retaliation claims under the applicable statutes are intended to address employer conduct that affects a former employee's employment prospects (e.g., blacklisting or job references), not non-employment housing matters. (ECF No. 216 at 2.)

In addition, the specific injunction Plaintiff requests is not tethered to the relief sought in this case. As RU has explained, Plaintiff does not seek any relief in this employment action that pertains to her housing; nor does she seek reinstatement such that prevailing on her claims here might potentially restore her housing eligibility. (ECF No. 199 at 13.) And in her proposed Fourth Amended Complaint, Plaintiff asks the Court to enjoin RU from terminating her tenancy while this employment case is pending, but she still does not seek reinstatement (or other relief restoring employment-based eligibility for RU housing). The RU Defendants oppose leave to amend for the reasons set forth in ECF No. 216. In any event, Plaintiff still would not be entitled to the emergency housing injunction she requests now.

Finally, the balance of equities and the public interest do not support the extraordinary relief Plaintiff seeks. Plaintiff's employment ended on November 30, 2021. Her lease was contingent on employment and terminated upon the end of her employment. Plaintiff has not paid rent since March 2021, aside from a partial ERAP payment made directly to RU in January 2023. (ECF No. 199 at 8-9.) Plaintiff is not entitled to remain indefinitely in RU housing rent-free simply because she filed an employment discrimination lawsuit. Preventing RU from initiating a lawful state-law process to address possession of its property would impose an extraordinary restraint untethered to the claims in this case. (*See* ECF No. 199 at 5-6, 10.)

For the foregoing reasons as well as those set forth in the RU Defendants' opposition to the PI Motion (ECF No. 199) and Plaintiff's request for leave to amend (ECF No. 216), the Court should deny

**Proskauer»**

Hon. Andrew L. Carter, Jr.
December 30, 2025
Page 4

Plaintiff's request for interim relief pending a decision on her PI Motion and should deny that Motion in its entirety.

We thank the Court for its consideration of this matter.

Respectfully submitted,

*/s/ Elise M. Bloom*

Elise M. Bloom

cc:   Plaintiff Karolina Marciniak via ECF
      All Counsel of Record via ECF