Dr. Karolina Marciniak-Domingues Agra
500 E. 63rd Street, Apt. 13F
New York, New York 10065
(646) 770-2045
marciniak.kar@gmail.com



```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED:  1/6/2026
```

January 5, 2026

**Via ECF**
Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Courtroom 435
New York, New York 10007

Re:   **REPLY TO DEFENDANT ROCKEFELLE UNIVERSITY"S OPPOSITION TO PLAINTIFF'S URGENT SUPPLEMENTAL LETTER REGARDING IMMINENT IRREPARABLE HARM FROM AZEVEDO AND RU'S RETALIATORY EVICTION NOTICE AND REQUEST FOR EXPEDITED RULING**
Marciniak-Domingues Goncalves Agra, et al. v. The Rockefeller University, et al.
Case No. 1:22-cv-10959-ALC

Your Honor,

I, Plaintiff Karolina Agra proceeding *pro se*, respectfully submit this reply to Defendant Rockefeller University's opposition (Dkt. 219). Defendants' conduct has transformed a theoretical threat into an immediate jurisdictional crisis necessitating an interim administrative stay.

My December 23 letter sought a simple assurance that Defendants would not initiate state eviction proceedings while this Motion was under advisement. They refused. Instead, they filed an opposition arguing their right to proceed, confirming their intent to execute the alleged retaliatory harm and destroy this Court's jurisdiction.

**1. The Imminence of Irreparable Harm is Confirmed and Escalated.**
The Court's September 15 Order (Dkt. 208) set a process to adjudicate the preliminary injunction when the January 6, 2026 eviction date was months away. The changed circumstance is that eviction is now one day away, and Defendants have affirmatively chosen to oppose relief rather than await the Court's ruling. This decision signals their intent to deploy the 90-Day Notice as an active litigation weapon immediately. As the court held in *Sinisgallo v. Islip Housing Auth.*, the "threat of eviction and the realistic prospect of homelessness constitute a threat of irreparable harm," and a fixed eviction date satisfies this prong. 2012 WL 1888140, at *16, *28-29 (E.D.N.Y. 2012). This imminent threat is compounded by the severe, documented deterioration of my mental and physical health in response to the deadline, constituting a material change in the factual landscape recognized as harm under *Charles v. Orange County*, 925 F.3d 73, 86 (2d Cir. 2019).

**2. The "Necessary in Aid of Jurisdiction" Exception to the Anti-Injunction Act Applies.**

The "Necessary in Aid of Jurisdiction" exception to the Anti-Injunction Act applies to enjoin the threatened state eviction proceeding. Defendants understate the profound interference such a proceeding would cause. If the defendant initiates a summary proceeding in New York Housing Court, that court would necessarily adjudicate the propriety of the notice to terminate tenancy. This would create a grave risk of conflicting rulings on the central issue of retaliatory intent, which is precisely the subject of the pending Order to Show Cause before this Court. Moreover, if the Plaintiff were evicted and rendered homeless before this Court could rule on the preliminary injunction, any subsequent victory on her retaliation claim would be rendered meaningless, as the irreparable harm would have already occurred. This is precisely the scenario the "necessary in aid of jurisdiction" exception is designed to prevent. *Ret. Sys. of Ala. v. J.P. Morgan Chase & Co.*, 386 F.3d 419, 425 (2d Cir. 2004); *Winkler v. Interim Servs. Inc.*, 101 F.3d 1202 (7th Cir. 1996).

The controlling authority of *Sinisgallo v. Town of Islip Hous. Auth.*, 2012 WL 1888140 (E.D.N.Y. May 24, 2012), is directly on point. The *Sinisgallo* court held the exception applies "when a plaintiff cannot present his or her federal claims in the state court eviction proceeding," and found it applicable because an eviction prior to a federal ruling would render the court "unable to accord meaningful relief to the parties," making any federal victory a nullity. *Id.* at *10 (citing *McNeill v. New York City Housing Authority*, 719 F. Supp. 233, 256 (S.D.N.Y. 1989)). That court expressly rejected the argument that a plaintiff must exhaust claims in a parallel Article 78 proceeding, holding the "relevant focus" is on ongoing state proceedings that threaten to interfere with federal jurisdiction. *Id.* at *14-15. Like here, *Sinisgallo* involved a threatened summary eviction proceeding that would render federal claims—there, under the FHA/ADA; here, under Title VII—meaningless by causing the very irreparable harm the federal action sought to prevent. The court held the exception applies when a plaintiff cannot fully litigate the federal claim in the state proceeding, as a state housing court's inquiry is limited to possessory rights and cannot adjudicate the federal statutory claim or the retaliatory motive at its core. *Id.* at *10. Defendants' attempts to distinguish *Sinisgallo* fail; the analysis is identical as the exception hinges on whether the federal claim can be fully litigated in the state proceeding, not on the type of claim. The reasoning is identical: allowing the state action to proceed first would strip this Court of its ability to grant meaningful relief.

**3. The Eviction is the Retaliatory Weapon Itself, Not a Separate Landlord-Tenant Dispute.** Defendants' artificial separation of RU's role as landlord from its role as employer is a litigation fiction demolished by their own prior conduct and the integrated nature of campus life. The record establishes that housing was provided as a condition and benefit of Plaintiff's employment at RU. Furthermore, RU itself treated housing safety as an institutional and employment matter, as demonstrated by its own Human Resources department—not its housing office—handling complaints of sexual assault and safety threats within university housing, including involvement with campus security. (See Pl. Reply Decl., ECF 204, ¶¶ 11-19). The retaliatory nexus is clear: the 90-Day Notice was issued on September 10, 2025, mere days after Plaintiff filed a major evidentiary declaration detailing RU's years of institutional bad faith and deliberate indifference (Dkt. 182, 183). After nearly four years of post-employment tenancy, this timing is prima facie evidence of retaliation. *Summa v. Hofstra Univ.*, 708 F.3d 115, 128 (2d Cir. 2013). Threatening a former employee with homelessness for filing suit is the paradigm of an adverse action designed to "dissuade a reasonable worker from making a charge." *Burlington N. & S.F.R. Co. v. White*, 548 U.S. 53, 68 (2006). Adjudicating the retaliatory intent behind

the eviction notice is *precisely* within this Court's jurisdiction over the Title VII claims. Defendants' attempt to frame this as a simple housing matter ignores that "the issue in any summary proceeding for possession is whether landlord is entitled to such possession," and any defense showing the landlord is not entitled—such as a federal retaliatory motive—must be considered. *Sinisgallo*, 2012 WL 1888140, at 18 (quoting *Cobert Constr. Corp. v. Bassett*, 109 Misc. 2d 119, 121 (N.Y. App. Term. 1981)). Here, the defense is that RU is not entitled to possession because its notice is an unlawful retaliatory act under federal law. That defense is at the heart of this case.

**4. Plaintiff Satisfies the Rule 65 Standard for Interim Relief.**

Plaintiff faces immediate and irreparable harm. As established in *Sinisgallo* and *McNeill*, the threat of eviction and homelessness constitutes irreparable harm. The 90-Day Notice sets a fixed date (January 6, 2026) upon which RU is authorized to commence proceedings. Defendants' decision to oppose this Motion rather than provide the requested assurance confirms the immediacy of this threat, which now predates the Court's ability to rule on the injunction. Plaintiff has demonstrated she lacks the resources to secure alternative housing; eviction equals homelessness, an injury "no damages award can compensate for." *In re Mongiello*, 2024 WL 729865, at 2 (S.D.N.Y. Feb. 6, 2024). This is compounded by the severe, documented deterioration of her mental and physical health, constituting independent irreparable harm. *Charles v. Orange County*, 925 F.3d 73, 86 (2d Cir. 2019).

Secondly, Plaintiff has demonstrated a likelihood of success on the merits of her retaliation claim. She has presented a compelling prima facie case: the adverse action is clear, the protected activity is this lawsuit, and the temporal proximity is stark. Defendants' argument that post-employment retaliation must relate only to employment prospects is unduly narrow and ignores the integrated nature of employment-provided housing used here as the instrument of retaliation.

Finally, the balance of equities and the public interest weigh decisively in favor of Plaintiff. The injury to her and her husband—homelessness and severe health crisis—is catastrophic and irreparable. The injury to RU---a brief delay in pursuing a state proceeding concerning housing pending this Court's ruling on the injunction---is minimal. RU suffers no concrete injury from a short delay. The public interest strongly favors preventing retaliation against individuals who seek judicial redress for civil rights violations and ensuring that federal courts can effectively adjudicate and remedy such violations. As the *Sinisgallo* court recognized, both governmental and individual interests are served by ensuring due process and preventing unlawful deprivations before they occur. *Sinisgallo*, 2012 WL 1888140, at 55 (citing *Caulder v. Durham Hous. Auth.*, 433 F.2d 998, 1003 (4th Cir. 1970)).

Therefore, all elements required for interim relief under Rule 65 are decisively satisfied.

**Conclusion**

Plaintiff's request for an interim administrative order is not a rehash of a denied emergency TRO but a plea to preserve the status quo so that the Court's own Order to Show Cause process can proceed to a meaningful resolution. The Defendants' failure to assure the Court they would not act, and their active opposition filed on December 30, 2025, confirms that the threat of state proceedings is real and impending, and would execute the harm before the Court can rule. The eviction is the retaliatory weapon at the heart of the federal case. As the court held in *Sinisgallo*, enjoining a state proceeding is necessary to preserve this Court's jurisdiction and the viability of its ultimate judgment when that

proceeding threatens to cause the very irreparable harm the federal action seeks to prevent. For these reasons and those set forth in Plaintiff's original submissions (Dkt. 195, 196, 203, 204, 218), and supported by the controlling reasoning in *Sinisgallo v. Islip Housing Authority*, the Court should grant the requested interim relief and expedite its ruling on the pending Motion.

Respectfully submitted,

Karolina Marciniak-Domingues Goncalves Agra
*Pro Se Plaintiff*

*/s/ Karolina Agra*
_____
500 E 63rd St, Apt 13F
New York, NY 10065
(646) 770-2045
marciniak.kar@gmail.com

On September 15, 2025, Plaintiff moved this Court, *ex parte*, for a Temporary Restraining Order ("TRO") and Preliminary Injunction ("PI"). Dkt. Nos. 195-196. The Court denied Plaintiff's request that same day and Ordered Defendants to show cause as to why a preliminary injunction should not issue. Dkt. No. 197. On December 23, 2025, Plaintiff filed a letter requesting that the Court (a) grant her emergency relief in the form of preventing the RU Defendants from initiating any eviction proceedings while her motion for a preliminary injunction (Dkt. Nos. 195-196) is pending; (b) expedite a decision on the PI Motion; and (c) issue an order enjoining Defendant Azevedo from contacting her or any actual or potential witnesses in this case either directly or indirectly. Dkt. No. 218 at 3-4. With respect to requests (a) through (c), the Court construes Plaintiff's letter (Dkt. No. 218) as a second motion for a TRO, which is again **DENIED**. The Parties are hereby **ORDERED** to appear for a telephonic conference regarding the pending motion for a preliminary injunction on **January 16, 2026 at 3:30 PM ET**. All Parties shall appear and should contact the Court at at 1-855-244-8681 (access code: 2305 370 0226#).

SO ORDERED: */s/ Andrew L. Carter, Jr.*
HON. ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE

January 6, 2026