
Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

February 18, 2026

**Via ECF**

Hon. Andrew L. Carter Jr.
Thurgood Marshall
United States Courthouse
40 Foley Square, Courtroom 444
New York, NY 10007

Elise M. Bloom
Member of the Firm
d +1.212.969.3410
f 212.969.2900
ebloom@proskauer.com
www.proskauer.com

Re:   *Marciniak-Domingues Goncalves Agra v. Rockefeller University et al.*, No. 22-cv-10959-ALC

Dear Judge Carter:

We represent The Rockefeller University ("RU") and Dr. Winrich Freiwald ("Dr. Freiwald") (collectively, the "RU Defendants") in the above-captioned matter. We write on behalf of RU in response to Plaintiff Dr. Karolina Marciniak-Domingues Goncalves Agra's ("Plaintiff") Renewed Motion for a Temporary Restraining Order and Preliminary Injunction ("Renewed Motion") enjoining RU from proceeding with its pending eviction proceeding in the Civil Court of the City of New York. (Dkts. 231-234.) RU respectfully requests that the Court summarily deny the Renewed Motion as violative of the Court's January 16, 2026 ruling, in which it held the Court lacked jurisdiction over Plaintiff's requested relief pertaining to her housing. Alternatively, if the Court does not summarily deny the Renewed Motion, RU respectfully requests that (i) its opposition to the Renewed Motion be due on March 12, 2026, and (ii) the RU Defendants' motion to dismiss the Fourth Amended Complaint be due on March 31, 2026.

Plaintiff's employment with RU ended on November 30, 2021, and her RU housing lease was contingent on continued employment. Plaintiff did not vacate RU housing when her employment ended and has not paid rent since March 2021 (aside from a partial ERAP payment made directly by New York State to RU in January 2023). On September 10, 2025, RU served Plaintiff with a 90-day Notice of Termination of Tenancy (the "Notice"), terminating any month-to-month occupancy on January 6, 2026. Plaintiff did not vacate RU housing as required by the Notice.

Plaintiff previously sought substantially similar injunctive relief to what she seeks now. On September 15, 2025, Plaintiff filed an *ex parte* emergency motion seeking (i) a TRO; and (ii) an order to show cause why a preliminary injunction should not issue, including to restrain RU from taking steps that could lead to a Housing Court proceeding based on the Notice. The Court denied Plaintiff's TRO request on September 15, 2025, and after full briefing and a hearing, denied Plaintiff's request for a preliminary injunction on January 16, 2026.

As an initial matter, the Renewed Motion should be denied because it seeks to have this Court enjoin and/or oversee maters that sound in landlord-tenant law and may only be adjudicated in



February 18, 2026
Page 2

Housing Court.[1]  In its January 16, 2026 ruling, the Court found that it lacked jurisdiction to preside over landlord-tenant matters.  (Jan. 16 Tr. at 23:25-24:3 ("As a threshold matter, the Court lacks jurisdiction to grant plaintiff the relief requested with respect to Rockefeller University. Plaintiffs' tenancy issue is really a landlord-tenant dispute that should be brought in state court."))  The relief Plaintiff seeks here – aimed at restraining RU from prosecuting a Housing Court holdover proceeding – runs headlong into that ruling and should be denied on that basis alone.

In any event, there is no exigency warranting a TRO or an accelerated briefing schedule.  Following the Court's January 16 ruling, RU commenced a Housing Court holdover proceeding on January 29, 2026, as it had signaled it would by virtue of serving the 90-day Notice on Plaintiff that was the subject of her September 2025 TRO/PI application.  The initial appearance in the landlord-tenant matter is scheduled for February 24, 2026.

Nor is there any imminent harm.  Plaintiff will not be evicted at the initial hearing on February 24, 2026, nor is there any other irreparable harm to her from attending the initial Housing Court appearance.

Accordingly, RU respectfully requests that the Court summarily deny the Renewed Motion.  Alternatively, RU respectfully requests until March 12, 2026 to respond to Plaintiff's Renewed Motion and that the RU Defendants' deadline for their motion to dismiss the Fourth Amended Complaint be set for March 31, 2026.[2]

We thank the Court for its consideration of this matter.

Sincerely,

*/s/ Elise M. Bloom*

Elise M. Bloom

(cc: Dr. Marciniak-Domingues Goncalves Agra (via ECF); Mr. Frederico Azevedo (via ECF))

---

[1] Within the City of New York, exclusive original jurisdiction over summary proceedings including holdovers under RPAPL Article 7, is exclusively vested in the New York City Housing Courts.  *See* N.Y.C. Civ. Ct. Act § 110(a)(5).

[2] The RU Defendants previously requested a March 12, 2026 deadline for their motion to dismiss, and that request remains pending.  The RU Defendants are concurrently preparing their motion to dismiss the Fourth Amended Complaint, which is lengthy and difficult to parse and therefore requires substantial time.  Requiring RU to prepare that motion to dismiss while also responding to the Renewed Motion on an expedited schedule would impose an unnecessary and unwarranted burden given the absence of any exigency or imminent harm.  A response to the Renewed Motion due March 12, 2026 and motion to dismiss due March 31, 2026 will not prejudice Plaintiff.