Dr. Karolina  Marciniak-Domingues Goncalves Agra
500 E. 63rd Street, Apt. 13F
New York, New York 10065
(646) 770-2045
marciniak.kar@gmail.com

February 18, 2026

**Via ECF**
Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Courtroom 435
New York, New York 10007

    Re:    **Response to Defendants' Letter (ECF 235) regarding Renewed Motion for TRO/PI**
             **Marciniak-Domingues Goncalves Agra, et al. v. The Rockefeller University, et al.**
             **Case No. 1:22-cv-10959-ALC**

Dear Judge Carter,

    I, Plaintiff Karolina Agra, proceeding pro se, submit this letter in response to Defendant Rockefeller University's ("RU") opposition (ECF 235) to my emergency motion (ECF 231-234).

    RU argues that my motion should be summarily denied because the Court previously stated it lacked jurisdiction over "landlord-tenant matters." With respect, this misstates the current procedural posture. The Court's January 16, 2026 ruling addressed a prior motion based on Title VII. However, on January 30, 2026, I filed a Fourth Amended Complaint (ECF 227) adding a direct claim for relief under the **Fair Housing Act (FHA), 42 U.S.C. § 3617**. This is no longer a simple tenancy dispute; it is a federal civil rights action where the eviction itself is the alleged act of unlawful retaliation.

    RU's filing of a holdover petition (seeking only possession, not rent) on January 29, 2026, is the exact adverse action prohibited by the FHA. As held in *Sinisgallo v. Town of Islip Hous. Auth.*, this Court has jurisdiction to enjoin a state eviction proceeding where, as here, the state forum cannot adjudicate the tenant's federal civil rights defenses. The Civil Court lacks jurisdiction to grant an injunction under the FHA or to hear the full scope of Plaintiff's retaliation claim.

    RU's claim that there is "no exigency" because the February 24 hearing is merely an "initial appearance" ignores the documented irreparable harm already suffered. As detailed in my Declaration (ECF 233), the mere service of the eviction notice has caused severe psychological deterioration requiring new medication, precipitated acute physical crises requiring surgery, and cost me a professional opportunity (Exhibits C, D). The pendency of a court date designed to remove me from my home constitutes imminent harm.

I respectfully request that the Court deny RU's request for summary denial and adopt the expedited briefing schedule I proposed to ensure the Court may rule before the February 24, 2025, state court proceeding.

        Respectfully submitted,

                Dr. Karolina Marciniak-Domingues Goncalves Agra
                *Pro Se Plaintiff*

                _____
                500 E 63rd St, Apt 13F
                New York, NY 10065
                (646) 770-2045
                marciniak.kar@gmail.com