Pro se Defendant
Frederico Augusto Casarsa de Azevedo
10 Emerson Place, Apt. 21D
Boston, Massachusetts 02114
Tel. 857.999.1396
fazevedo@mit.edu

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KAROLINA MARIA MARCINIAK-DOMINGUES GONCALVES AGRA,<br><br>                Plaintiff,<br><br>     -against-<br><br>ROCKEFELLER UNIVERSITY; FREDERICO AZEVEDO and WINRICH FREIWALD,<br><br>                Defendants. | No. 22-cv-10959 (ALC)(SN) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT FREDERICO**
**AZEVEDO'S MOTION TO DISMISS COUNT IV AS ASSERTED AGAINST HIM**
**PURSUANT TO FED. R. CIV. P. 12(b)(2) AND 12(b)(6)**

# TABLE OF CONTENTS

**Page(s)**

PRELIMINARY STATEMENT ...................................................................................................... 1

BACKGROUND ............................................................................................................................. 2

      A.     Relevant Procedural History ..................................................................................... 2

      B.     Allegations Relevant to the Claims Against Dr. Azevedo ........................................ 3

LEGAL STANDARD ...................................................................................................................... 4

ARGUMENT ................................................................................................................................... 4

      I.     Count IV Is Materially Defective as Pleaded Because the 4AC Fails to Establish Personal Jurisdiction Over the Woods Hole Allegations ................................................... 4

      A.     Judge Carter's September 30, 2024 Order Rejects Plaintiff's Continuing-Effects Theory Under CPLR § 302(a)(3) ................................................................ 5

      B.     The 4AC's Later New York Injury Allegations Do Not Establish Personal Jurisdiction ............................................................................................................... 5

      C.     The 4AC's CPLR § 302(a)(1) Allegations Do Not Establish Personal Jurisdiction .... 6

      D.     Conclusion ................................................................................................................ 6

      II.    Absent the Woods Hole Allegations, Count IV Does Not Plead a Stand-Alone New York City GMVA Claim Against Dr. Azevedo ........................................................... 7

      A.     The 4AC Pleads an Integrated Woods Hole plus New York Theory ........................... 7

      B.     *Breest* and Plaintiff's "Totality of Circumstances" Theory Do Not Cure the Defect ... 8

      C.     Conclusion ................................................................................................................ 9

      III.    Count IV Should Be Dismissed With Prejudice ................................................................. 9

CONCLUSION ............................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................4

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779 (2d Cir. 1999) .....5, 6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................4

*Breest v. Haggis*, 180 A.D.3d 83 (1st Dep't 2019) ...............................................8

*Cuoco v. Moritsugu*, 222 F.3d 99 (2d Cir. 2000) .................................................9

*Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81 (2d Cir. 2013) ..............4

*Edwardo v. Roman Catholic Bishop of Providence*, 66 F.4th 69 (2d Cir. 2023) ......6

*Foman v. Davis*, 371 U.S. 178 (1962) .................................................................9

*Johnson v. Ward*, 4 N.Y.3d 516 (2005) .............................................................6

*Licci v. Lebanese Canadian Bank*, SAL, 20 N.Y.3d 327 (2012) ...........................6

*Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560 (2d Cir. 1996) ....4

*Paterno v. Laser Spine Inst.*, 24 N.Y.3d 370 (2014) ...........................................6

*Pincione v. D'Alfonso*, 506 F. App'x 22 (2d Cir. 2012) .......................................5, 6

*Ruotolo v. City of New York*, 514 F.3d 184 (2d Cir. 2008) ..................................9

**Statutes and Rules**

Fed. R. Civ. P. 12(b)(2) .......................................................................................1, 4

Fed. R. Civ. P. 12(b)(6) .......................................................................................1, 4

Fed. R. Civ. P. 15(a)(2) .......................................................................................9

New York City Victims of Gender-Motivated Violence Protection Law ................1

N.Y. C.P.L.R. § 302 ..............................................................................................4

N.Y. C.P.L.R. § 302(a)(1) .....................................................................................6

N.Y. C.P.L.R. § 302(a)(3) .....................................................................................1, 3, 5, 6

**PRELIMINARY STATEMENT**

Pro se Defendant Frederico Augusto Casarsa de Azevedo ("Dr. Azevedo") respectfully submits this memorandum of law in support of his motion to dismiss Count IV of Plaintiff Karolina Maria Marciniak-Domingues Goncalves Agra's Fourth Amended Complaint, dated January 30, 2026 (ECF No. 227) (the "4AC"), insofar as Count IV is asserted against him, pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).

The 4AC asserts against Dr. Azevedo a claim under the New York City Victims of Gender-Motivated Violence Protection Law ("GMVA"), but that claim now rests on a single cross-border theory rather than on a stand-alone New York City GMVA claim against him. The 4AC does not merely allege a March 15, 2018 incident in New York City, but also attempts to fold in an alleged August 2017 incident in Woods Hole, Massachusetts, to plead a single "continuous" GMVA cause of action spanning two states. In doing so, it invokes CPLR § 302(a)(3) to establish personal jurisdiction over the Massachusetts allegations based on later alleged consequences in New York and further alleges that the Woods Hole incident is "an integral component of a single, continuous GMVA cause of action" (4AC ¶¶ 171, 174).

That pleading theory is dispositive. Judge Carter already rejected Plaintiff's attempt to treat later New York effects of an alleged out-of-state assault as the in-state injury required by CPLR § 302(a)(3). That defect is not cured by the 4AC's added allegations of later injury in New York, including HPV-related treatment and psychological trauma. Those alleged downstream consequences do not transform the situs of the alleged injury-producing event from Massachusetts to New York.

Absent the Woods Hole allegations, Count IV does not state a viable claim against Dr. Azevedo. The 4AC does not present the alleged March 15, 2018 New York City incident as a stand-alone GMVA claim against him. Rather, it relies on the Woods Hole allegations to supply the broader pattern, method, continuity, and injury narrative on which Count IV depends. Whatever claim Plaintiff might attempt to

1

formulate around the March 15, 2018 allegation in isolation, that is not the claim the 4AC pleads, and the Court should evaluate Count IV as pleaded, not as it might have been pleaded.

Count IV should therefore be dismissed with prejudice insofar as it is asserted against Dr. Azevedo. Across this action and Marciniak II (No. 1:23-cv-10305-JPC), Plaintiff filed seven complaint versions, including five amended pleadings. In Marciniak II, which arose from the same basic factual allegations as this action and was later dismissed with prejudice, Plaintiff again pursued substantially the same core narrative. Despite those repeated opportunities to replead—and despite reformulating the theory asserted against Dr. Azevedo across successive pleadings—the 4AC still does not state a viable claim against him. Under these circumstances, further amendment would be futile.

## **BACKGROUND**

### A.  Relevant Procedural History

On September 30, 2024, the Court granted motions to dismiss Plaintiff's earlier First Amended Complaint and, in doing so, addressed personal-jurisdiction principles relevant to Plaintiff's allegations concerning the August 2017 Woods Hole incident (ECF No. 107).

Meanwhile, in *Marciniak II*, No. 1:23-cv-10305-JPC, Plaintiff filed a separate action on November 22, 2023 arising from the same basic factual allegations, and that action was later dismissed with prejudice except to the extent the dismissal would not affect any current or future claims in this action.

On February 28, 2025, Plaintiff filed the Third Amended Complaint ("TAC"). The TAC's count-specific GMVA allegations framed the claim against Dr. Azevedo as resting on an alleged March 2018 New York City assault and alleged that the relevant acts occurred "within the five boroughs of New York City" (TAC ¶¶ 189–191).

2

On July 3, 2025, Dr. Azevedo sought leave to move to dismiss the TAC (ECF No. 172). Plaintiff opposed that request and argued, among other things, that gender animus could be inferred from the totality of surrounding circumstances, including Woods Hole, HPV-related allegations, and other conduct (ECF No. 184 at 3–4).

On January 30, 2026, Plaintiff filed the 4AC. The 4AC materially reframes Count IV as to Dr. Azevedo. It now pleads the alleged Woods Hole incident and the alleged March 15, 2018 New York City incident as two qualifying acts connected by surrounding allegations, expressly invokes CPLR § 302(a)(3) as a basis for jurisdiction over the Woods Hole allegation, and treats them as part of an integrated GMVA claim (4AC ¶¶ 171, 174).

### B. Allegations Relevant to the Claims Against Dr. Azevedo

The 4AC alleges that, "[i]n Woods Hole, Massachusetts, on or about August 30, 2017," Dr. Azevedo committed an assault that allegedly resulted in Plaintiff's contracting HPV, later "diagnosed and treated in New York" (4AC ¶ 171(a)). The 4AC further alleges that in New York City, on or about March 15, 2018, Dr. Azevedo again engaged in non-consensual intercourse, mocked the HPV infection he had previously inflicted, and intensified Plaintiff's psychological trauma, directly contributing to her severe Post-Traumatic Stress Disorder ("PTSD") (4AC ¶¶ 58, 171(b)).

The 4AC further alleges that these acts were committed because Plaintiff is a woman and due, at least in part, to gender animus. Most significantly, paragraph 174 alleges that the Woods Hole incident "is not a separate claim but an integral component of a single, continuous GMVA cause of action," that it "established the pattern of predation, animus, and method that culminated in the New York assault," and that the alleged HPV injury "directly link[ed] the two incidents into a unified course of conduct" (4AC ¶ 174).

3

## LEGAL STANDARD

On a motion to dismiss under Rule 12(b)(2), Plaintiff bears the burden of making a prima facie showing that the Court has personal jurisdiction over Defendant. Where, as here, no evidentiary hearing has been held, that burden is satisfied only if the pleadings and supporting materials, construed in the light most favorable to Plaintiff, are sufficient to establish jurisdiction under New York's long-arm statute and consistent with due process. *Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566–67 (2d Cir. 1996); *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84–86 (2d Cir. 2013).

On a motion to dismiss under Rule 12(b)(6), the Court accepts well-pleaded factual allegations as true, but it does not accept legal conclusions couched as factual allegations. To survive dismissal, the complaint must plead enough facts to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## ARGUMENT

### I. Count IV Is Materially Defective as Pleaded Because the 4AC Fails to Establish Personal Jurisdiction Over the Woods Hole Allegations

The 4AC expressly seeks to bring the alleged August 2017 Woods Hole, Massachusetts incident within Count IV. It invokes CPLR § 302 as the basis for personal jurisdiction and asserts that the alleged Woods Hole assault resulted in HPV-related injury later "diagnosed, monitored, and treated in New York" (4AC ¶ 7; 4AC ¶ 171(a) n.1). The 4AC further alleges that the Woods Hole incident is "not a separate claim but an integral component of a single, continuous GMVA cause of action" (4AC ¶ 174). Those allegations do not establish personal jurisdiction over the Woods Hole allegations, and because the 4AC makes Woods Hole integral to Count IV, the defect is material to the claim asserted against Dr. Azevedo.

**A. Judge Carter's September 30, 2024 Order Rejects Plaintiff's Continuing-Effects Theory Under CPLR § 302(a)(3)**

In the September 30, 2024 order dismissing claims against MIT and Harvard, Judge Carter addressed the same August 2017 Woods Hole allegation and rejected the same effort to anchor jurisdiction in New York based on Plaintiff's residence and later in-state consequences (ECF No. 107). The Court held that, in applying CPLR § 302(a)(3), courts use the "situs-of-injury test," which looks to "the original event which caused the injury, not the location where the resultant damages were subsequently felt by the plaintiff" (ECF No. 107 at 11–12, quoting *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 791 (2d Cir. 1999)); see also *Pincione v. D'Alfonso*, 506 F. App'x 22, 26 (2d Cir. 2012). The Court further held that Plaintiff's New York residence does not constitute in-state injury where the original injury occurred elsewhere, and concluded that the relevant situs was Massachusetts, where the alleged underlying events occurred, not New York, where Plaintiff later allegedly experienced resulting effects (ECF No. 107 at 12–13).

**B. The 4AC's Later New York Injury Allegations Do Not Establish Personal Jurisdiction**

The 4AC does not materially alter that analysis. It still alleges that the asserted injury-producing event occurred "in Woods Hole, Massachusetts, on or about August 30, 2017", and now adds that Plaintiff's alleged HPV-related injury was later "diagnosed, monitored, and treated in New York" (4AC ¶ 171(a) n.1). But under Judge Carter's prior ruling, those later New York allegations, including allegations of HPV-related treatment and later psychological injury, do not change the situs of injury for purposes of CPLR § 302(a)(3). Nor do they supply a distinct jurisdictional theory. They continue to rest on the same premise Judge Carter already rejected: that an alleged out-of-state assault may be treated as a New York injury because Plaintiff later experienced alleged consequences in New York. Under CPLR § 302(a)(3), that is insufficient. See *Bank Brussels Lambert v. Fiddler Gonzalez &*

*Rodriguez*, 171 F.3d 779, 791 (2d Cir. 1999); *Pincione v. D'Alfonso*, 506 F. App'x 22, 26 (2d Cir. 2012); ECF No. 107 at 11–13.

### C.  The 4AC's CPLR § 302(a)(1) Allegations Do Not Establish Personal Jurisdiction

The 4AC also invokes CPLR § 302(a)(1), alleging that Dr. Azevedo "transacted business in New York" through his role in the CBMM program and related contacts (4AC ¶ 7). That still does not establish personal jurisdiction over the alleged Woods Hole assault.

Under CPLR § 302(a)(1), Plaintiff must plead both that Defendant transacted business in New York and that the claim asserted arises from that transaction. In other words, there must be an "articulable nexus" or a "substantial relationship" between the New York transaction and the claim asserted. *Johnson v. Ward*, 4 N.Y.3d 516, 519–20 (2005); *Licci v. Lebanese Canadian Bank, SAL*, 20 N.Y.3d 327, 339–40 (2012); *Paterno v. Laser Spine Inst.*, 24 N.Y.3d 370, 376–77 (2014).

As alleged, however, the Woods Hole allegations arise from an alleged sexual assault in Massachusetts during the CBMM Summer School, not from any business transacted in New York (4AC ¶ 171(a)). The 4AC's allegations of broader academic or professional contacts with New York do not supply the required nexus between those contacts and that distinct Massachusetts tort allegation. See *Edwardo v. Roman Catholic Bishop of Providence*, 66 F.4th 69, 80–81 (2d Cir. 2023); *Johnson*, 4 N.Y.3d at 519–20.

### D.  Conclusion

The 4AC does not establish personal jurisdiction over the Woods Hole allegations under either CPLR § 302(a)(3) or CPLR § 302(a)(1). Count IV is therefore materially defective in its present form because the 4AC expressly makes the Woods Hole allegations "an integral component" of that claim, and their exclusion leaves no self-contained New York City GMVA claim (4AC ¶ 174).

II.   **Absent the Woods Hole Allegations, Count IV Does Not Plead a Stand-Alone New York City GMVA Claim Against Dr. Azevedo**

Once the alleged Woods Hole incident is excluded, Count IV must stand on the alleged March 15, 2018 New York City incident alone. But the 4AC does not present that incident as a stand-alone GMVA claim against Dr. Azevedo. Rather, it pleads Count IV as a single integrated theory built on both the alleged August 2017 Woods Hole incident and the alleged March 2018 New York City incident, together with surrounding allegations expressly used to link the two into one "single, continuous" claim (4AC ¶¶ 171(a)–(b), 173–174).

Judge Carter has already rejected Plaintiff's attempt to premise New York jurisdiction over the Woods Hole allegations on later alleged consequences in New York (ECF No. 107 at 11–13). Plaintiff therefore cannot preserve Count IV by disregarding the 4AC's own theory and recasting the claim as a different, narrower New York City-only GMVA claim. Plaintiff is bound by the claim she chose to plead. The 4AC itself alleges that "[s]evering the Woods Hole assault would artificially fracture a claim that is inextricably tied by Dr. Azevedo's intentional, gender-motivated violence" (4AC ¶ 174). The Court should therefore evaluate Count IV as pleaded, not as it might have been pleaded.

A.   **The 4AC Pleads an Integrated Woods Hole plus New York Theory**

The 4AC does not plead the alleged March 2018 New York City incident as a self-contained GMVA claim against Dr. Azevedo. Rather, it pleads that incident as part of a broader theory built around two core incidents and supported by surrounding allegations, including an alleged HPV infection and later mockery of it, an alleged PTSD that Plaintiff says resulted from the assaults, alleged gender derogatory statements, alleged misogynistic "pickup artist" methods, and alleged misconduct toward other women (4AC ¶¶ 171(a)–(b), 173(a)–(e), 174). The 4AC expressly alleges that the Woods Hole incident is "not a separate claim" but "an integral component of a single, continuous GMVA cause of action" (4AC ¶¶ 171(a)–(b), 174). Paragraph 174 further alleges that Woods Hole established the

7

"pattern of predation, animus, and method" that culminated in the New York assault and created the continuing injury that purportedly links the two incidents into a unified course of conduct (4AC ¶ 174). The 4AC therefore pleads Count IV as an integrated Woods Hole plus New York theory, not as a stand-alone New York City GMVA claim against Dr. Azevedo.

That pleading choice is dispositive. As explained in Argument I, the 4AC fails to establish personal jurisdiction over the Woods Hole allegations. Once those allegations are excluded, the 4AC is left without the integrated theory on which Count IV is expressly built. The 4AC therefore does not plead a stand-alone New York City GMVA claim against Dr. Azevedo.

### B. *Breest* and Plaintiff's "Totality of Circumstances" Theory Do Not Cure the Defect

Plaintiff may argue, as she did in opposing dismissal of the TAC, that *Breest v. Haggis*, 180 A.D.3d 83 (1st Dep't 2019), permits an inference of gender animus from a properly pleaded rape or sexual-assault allegation (ECF No. 184 at 3–4). She may further argue that, under a broader "totality of circumstances" theory, Count IV would survive even if the Woods Hole allegations are excluded. Even assuming, without conceding, that *Breest* permits such an inference, neither that decision nor Plaintiff's broader "totality of circumstances" theory cures the defect here. The issue is not merely whether the March 15, 2018 allegation could, in the abstract, support an inference of animus. It is that the 4AC does not plead Count IV on that basis. Instead, it pleads Count IV as a single integrated theory in which Woods Hole is expressly alleged to be "an integral component" of the claim (4AC ¶ 174). *Breest* does not authorize Plaintiff to convert that pleaded theory into a different, narrower New York City GMVA claim once Woods Hole is excluded.[1]

---

[1] Although Plaintiff proceeds *pro se* and her pleading must therefore be construed liberally and interpreted to raise the strongest arguments it suggests, the 4AC still must be evaluated on the claim it actually alleges. That is especially so here, where the 4AC is the seventh complaint version Plaintiff has filed and deliberately pleads Count IV as an integrated Woods Hole plus New York theory.

### C.  Conclusion

Absent the Woods Hole allegations, Count IV does not plead a viable stand-alone New York City GMVA claim against Dr. Azevedo. Count IV is therefore materially defective in its present form because the 4AC expressly makes the Woods Hole allegations "an integral component" of that claim (4AC ¶ 174), and their exclusion leaves no self-contained New York City GMVA claim.

### III.    Count IV Should Be Dismissed With Prejudice

Count IV should be dismissed with prejudice insofar as it is asserted against Dr. Azevedo. The defects identified above are structural as well as substantive and do not arise from an omitted factual detail that could be cured by one more amendment. Under Rule 15(a)(2), further leave to amend may properly be denied where there has been repeated failure to cure deficiencies by prior amendment or where additional amendment would be futile (*Foman v. Davis*, 371 U.S. 178, 182; *Ruotolo v. City of New York*, 514 F.3d 184, 191; *Cuoco v. Moritsugu*, 222 F.3d 99, 112).

That is the case here. Plaintiff has already had repeated opportunities to plead her GMVA theory against Dr. Azevedo and has repeatedly reformulated that theory across successive pleadings. At the January 16, 2026 conference, the Court stated that this would be Plaintiff's final opportunity to amend absent good cause (Jan. 16, 2026 Conf. Tr. 5:5–11, ECF No. 249-3), yet the 4AC again failed to cure those defects. It pleads Count IV as an integrated Woods Hole-plus-New York theory, fails to establish personal jurisdiction over the Woods Hole allegations, and does not plead a viable stand-alone New York City GMVA claim once those allegations are excluded. The problem therefore lies in the theory Plaintiff has chosen to plead, not in the omission of some discrete factual allegation that could be cured by another amendment. Further amendment would therefore be futile under Rule 15(a)(2).

## **CONCLUSION**

For the foregoing reasons, Count IV of the Fourth Amended Complaint should be dismissed insofar as it is asserted against Defendant Frederico Augusto Casarsa de Azevedo. The 4AC fails to establish personal jurisdiction over the Woods Hole allegations, and absent those allegations, it does not plead a viable stand-alone New York City GMVA claim against Dr. Azevedo. Because Plaintiff has already had repeated opportunities to amend and the 4AC still does not cure those defects, further amendment would be futile. Dismissal should therefore be with prejudice.

Dated: April 2, 2026
Boston, Massachusetts

Respectfully submitted,

/s/ Frederico Augusto Casarsa de Azevedo

Frederico Augusto Casarsa de Azevedo

10 Emerson Place, Apt. 21D

Boston, Massachusetts 02114

Tel. 857.999.1396

fazevedo@mit.edu

*Pro se* Defendant

# LOCAL RULE 7.1(c) WORD COUNT CERTIFICATION

Pursuant to Local Civil Rule 7.1(c) of the Joint Local Rules for the Southern District of New York and Eastern District of New York ("Local Rule"), the undersigned hereby certifies that this Memorandum of Law was prepared with the assistance of a computer and contains 3,034 words, including footnotes, excluding the caption, table of contents, table of authorities, signature blocks, and this certification.

Dated: April 2, 2026
Boston, Massachusetts

Respectfully submitted,
/s/ Frederico Augusto Casarsa de Azevedo
Frederico Augusto Casarsa de Azevedo
10 Emerson Place, Apt. 21D
Boston, Massachusetts 02114
Tel. 857.999.1396
fazevedo@mit.edu
*Pro se* Defendant

11