Dr. Karolina Marciniak-Domingues Agra
500 E. 63rd Street, Apt. 13F
New York, New York 10065
(646) 770-2045
marciniak.kar@gmail.com

April 16, 2026

**Via ECF**
Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Courtroom 435
New York, New York 10007

**Re:    Marciniak-Domingues Goncalves Agra, et al. v. Rockefeller University, et al.**
**Case No. 1:22-cv-10959-ALC**

Dear Judge Carter,

I write respectfully to seek two procedural clarifications and requests regarding Defendant Frederico Azevedo's Motion to Dismiss the Fourth Amended Complaint, filed on April 2, 2026 (ECF No. 246).

1. Request for Clarification of Opposition Deadline

On March 31, 2026, the Court granted Defendant The Rockefeller University's request for an enlargement of pages and extension of time, ordering that any opposition by Plaintiff to the RU Defendants' motion shall be filed by May 1, 2026 (ECF No. 245). However, that order did not address Defendant Azevedo's separately filed Motion to Dismiss (ECF No. 246), which was filed on April 2, 2026.

Under the Federal Rules of Civil Procedure and this Court's Individual Practices, a party generally has 14 days to oppose a motion to dismiss. See Fed. R. Civ. P. 6(c), 12(b). However, given that the Court has already set a May 1, 2026 deadline for the RU Defendants' responsive pleading, I respectfully request clarification as to whether my opposition to Defendant Azevedo's Motion to Dismiss is also due on May 1, 2026, or on a different date.

Alternatively, to avoid confusion and conserve judicial resources, I respectfully request an extension of time to file my opposition to Defendant Azevedo's motion until May 1, 2026, the same date already set for the RU Defendants. A single deadline would promote efficiency and allow the Court to consider all pending matters in a coordinated fashion.

2. Request for Leave to File Opposition and Supporting Declaration Under Seal

I have contemporaneously prepared my Memorandum of Law in Opposition to Defendant Azevedo's Motion to Dismiss, along with a supporting declaration and exhibits. These materials contain extensive references to my private medical records, including: (i) medical test results and dates of diagnosis (September 2017 through 2021); (ii) descriptions of medical procedures; (iii) references to sexually transmitted infection status; (iv) Personal identifying information including my home address, email, and telephone number.

Under this Court's Individual Practices, Section 6(D) requires parties to obtain leave of the Court before filing any document under seal. See also Individual Practice 1.G (courtesy copies). Additionally, Section 7 of the Court's ECF Rules & Instructions (Privacy Policy) permits redaction of "sensitive information" including medical records, treatment, and diagnosis without prior application, but full sealing requires court approval.

In determining whether certain materials should be allowed to be filed under seal, courts recognize "[c]ountervailing considerations" to the presumption of judicial access, including "'the privacy interests of those resisting disclosure.'" *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020) (citing *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). The Second Circuit has "held that the privacy interests of innocent third parties should weigh heavily in a court's balancing equation." *Amodeo*, 71 F.3d at 1051 (internal citation and alteration omitted).

Here, my opposition and declaration include intimate medical details that are not publicly filed in any other court proceeding. Public disclosure of my medical diagnosis, treatment timeline, and medical history would cause unnecessary embarrassment and potential retaliation. The harm extends beyond ordinary privacy concerns. I am an early-career research scientist. Public disclosure of such medical details creates a significant risk of professional reputational harm without advancing the public's interest in judicial access. In the competitive academic and scientific research community, hiring committees, grant reviewers, and potential collaborators may draw improper and prejudicial inferences from medical records that have no bearing on professional competence. Unlike established senior researchers with secure positions, a junior scientist is uniquely vulnerable to such collateral reputational damage.

The substance of my legal arguments can be understood without access to the specific medical records, which are offered solely to establish a prima facie showing of personal jurisdiction under Rule 12(b)(2).

Accordingly, I respectfully request that the Court grant leave to file my Memorandum of Law in Opposition, along with my supporting declaration and all exhibits, under seal in their entirety; or, in the alternative, grant leave to file a redacted public version with the unredacted version filed under seal, consistent with Individual Practice 6.C.ii, and set a deadline for submission of the sealed materials to Chambers.

Thank you for Your Honor's consideration.

Respectfully submitted,



/s/ Karolina Marciniak-Domingues Goncalves Agra
Karolina Marciniak-Domingues Goncalves Agra
500 E 63rd St, Apt 13F
New York, NY 10065
(646) 770-2045
marciniak.kar@gmail.com
Plaintiff Pro Se