*Pro se* Defendant
Frederico Augusto Casarsa de Azevedo
10 Emerson Place, Apt. 21D
Boston, Massachusetts 02114
Tel. 857.999.1396
fazevedo@mit.edu

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KAROLINA MARIA MARCINIAK-DOMINGUES GONCALVES AGRA, <br><br> Plaintiff, <br><br> -against- <br><br> ROCKEFELLER UNIVERSITY; FREDERICO AZEVEDO and WINRICH FREIWALD, <br><br> Defendants. | No. 22-cv-10959 (ALC)(SN) |

**DEFENDANT FREDERICO AZEVEDO'S REPLY MEMORANDUM OF LAW IN
FURTHER SUPPORT OF HIS MOTION TO DISMISS COUNT IV AS ASSERTED
AGAINST HIM**

# TABLE OF CONTENTS

**Page(s)**

PRELIMINARY STATEMENT .................................................................................................... 1

ARGUMENT .............................................................................................................................. 2

    I.      Plaintiff's Waiver Argument Fails .................................................................................. 2

    II.     Plaintiff's Reliance on *Sutton* Does Not Establish Personal Jurisdiction ........................... 3

    III.    *American Buddha* Does Not Apply to This Physical-Assault Allegation ......................... 3

    IV.    Plaintiff's CPLR § 302(a)(1) and § 302(a)(2) Arguments Do Not Save the Woods Hole Allegations ................................................................................................................... 4

    V.    Plaintiff's Opposition Confirms That Count IV Is Pleaded as an Integrated Woods-Hole-plus-New-York Theory ............................................................................................... 5

    VI.    Dismissal With Prejudice Is Warranted ......................................................................... 6

CONCLUSION ........................................................................................................................... 7

## TABLE OF AUTHORITIES

**Page(s)**

### Cases

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779 ...................1, 4, 5, 6

*Bensusan Rest. Corp. v. King*, 126 F.3d 25 ...............................................................6

*Breest v. Haggis*, 180 A.D.3d 83 ...............................................................................7

*Cuoco v. Moritsugu*, 222 F.3d 99 .............................................................................8

*Curtis v. Citibank, N.A.*, 226 F.3d 133......................................................................3

*Datskow v. Teledyne, Inc.*, 899 F.2d 1298 ...............................................................2

*Foman v. Davis*, 371 U.S. 178 ...................................................................................8

*Hamilton v. Atlas Turner, Inc.*, 197 F.3d 58 ............................................................2

*Johnson v. Ward*, 4 N.Y.3d 516.................................................................................5

*Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460......................................................6

*Liverpool v. Con-Way, Inc.*, 2009 WL 1362965.......................................................6

*M.H. v. S.A., 2025 NY Slip Op 51713(U)*, 87 Misc. 3d 1228(A) ..............................7

*Penguin Group (USA) Inc. v. American Buddha*, 16 N.Y.3d 295 ..........................1, 4

*Pincione v. D'Alfonso*, 506 F. App'x 22.................................................................1, 4, 5

*Ruotolo v. City of New York*, 514 F.3d 184 ...............................................................8

*Sutton v. Tapscott*, 120 F.4th 1115 ......................................................................1, 3, 4

### Statutes and Rules

Fed. R. Civ. P. 12(b)(2)............................................................................................1, 2

Fed. R. Civ. P. 12(b)(6)............................................................................................1, 6

Fed. R. Civ. P. 12(h)(1).........................................................................................1, 2, 3

Fed. R. Civ. P. 15(a)(2)..............................................................................................8

N.Y. C.P.L.R. § 302.................................................................................................3, 7

N.Y. C.P.L.R. § 302(a)(1)......................................................................................1, 5, 6

N.Y. C.P.L.R. § 302(a)(2)......................................................................................1, 5, 6

N.Y. C.P.L.R. § 302(a)(3)......................................................................................1, 3, 4

**PRELIMINARY STATEMENT**

Pro se Defendant Frederico Augusto Casarsa de Azevedo ("Dr. Azevedo") respectfully submits this reply memorandum in further support of his motion to dismiss Count IV of the Fourth Amended Complaint ("4AC"), insofar as Count IV is asserted against him, pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).

Plaintiff's opposition does not cure the defects identified in Defendant's opening memorandum. First, Plaintiff still does not establish personal jurisdiction over the alleged August 2017 Woods Hole assault. Her threshold waiver argument fails because Rule 12(h)(1) governs waiver in the action in which the defense is available and must be asserted, and Plaintiff identifies no authority holding that omission of a personal-jurisdiction defense in a separate action results in permanent waiver in this one. Her reliance on *Sutton v. Tapscott* is likewise misplaced because *Sutton* did not hold that CPLR § 302(a)(3) was satisfied; it held only that a district court erred by *sua sponte* dismissing claims against a non-appearing defendant without notice and an opportunity to be heard. See *Sutton v. Tapscott*, 120 F.4th 1115 (2d Cir. 2024). Nor does *Penguin Group (USA) Inc. v. American Buddha* control here, because this case concerns an alleged physical assault in Massachusetts, not diffuse online injury.

Second, Plaintiff's opposition confirms that Count IV is pleaded as a single, integrated claim in which the Woods Hole assault is an "integral component" of the theory asserted. Count IV therefore must be analyzed as pleaded, not rewritten through opposition briefing. Judge Carter already held that, under *Bank Brussels* and *Pincione*, the situs of injury for the out-of-state assault is Massachusetts, not New York. Plaintiff's reliance on later New York treatment, continuing harm, and CPLR § 302(a)(1) and § 302(a)(2) does not alter that conclusion or supply jurisdiction over a Massachusetts assault.

Because Plaintiff has filed multiple pleadings across related actions, notwithstanding prior rulings addressing duplicative and claim-splitting problems, and still pleads Count IV as dependent on Woods Hole allegations over which this Court lacks personal jurisdiction, dismissal with prejudice is

warranted.

## ARGUMENT

### I.    Plaintiff's Waiver Argument Fails

Plaintiff argues that Defendant waived any objection to personal jurisdiction by not raising that defense in Marciniak II, No. 1:23-cv-10305-JPC. That is incorrect. Rule 12(h)(1) governs waiver in the action in which the defense is available and must be asserted. It does not provide that omission of a Rule 12(b)(2) defense in one action waives it in a separate action involving a different pleading and docket. See Fed. R. Civ. P. 12(h)(1).

Plaintiff's cited authorities do not support a contrary rule. *Hamilton* and *Datskow* address forfeiture through delay and active participation in the same action after the defense was available. See *Hamilton v. Atlas Turner, Inc.*, 197 F.3d 58, 60–61 (2d Cir. 1999); *Datskow v. Teledyne, Inc.*, 899 F.2d 1298, 1302–03 (2d Cir. 1990). *Curtis* concerns duplicative litigation and claim-splitting, not cross-action waiver of a Rule 12(b)(2) defense. See *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138–40 (2d Cir. 2000). Marciniak II therefore does not provide the basis for the cross-action waiver rule Plaintiff proposes.

This motion addresses Count IV of the 4AC in this action, not any pleading in Marciniak II. See ECF No. 227. The 4AC materially reframed the claim by expressly alleging that the Woods Hole incident is "not a separate claim but an integral component of a single, continuous GMVA cause of action." 4AC ¶ 174. It also expressly invokes CPLR § 302, including § 302(a)(3), to keep the Woods Hole allegations within Count IV. See 4AC ¶ 7. Defendant raised his personal-jurisdiction objection in response to that pleading in this action. See ECF No. 251. Plaintiff therefore cannot convert Defendant's omission of a Rule 12(b)(2) defense in Marciniak II into waiver in this case. The waiver argument should be rejected.

## II.    Plaintiff's Reliance on *Sutton* Does Not Establish Personal Jurisdiction

Plaintiff's opposition misreads *Sutton v. Tapscott*. Plaintiff says *Sutton* "controls" and "confirms" that enduring harm from an out-of-state assault constitutes injury within New York for purposes of CPLR § 302(a)(3). But *Sutton* did not decide the personal-jurisdiction merits in that way. The Second Circuit held only that the district court erred by *sua sponte* dismissing the claims against one defendant for lack of personal jurisdiction without giving the plaintiff notice and an opportunity to be heard, and it vacated and remanded on that basis. That procedural ruling is materially different from a holding that later in-state medical or psychological consequences of an out-of-state alleged assault satisfy CPLR § 302(a)(3) on the merits. *Sutton v. Tapscott, 120 F.4th 1115, [pin cite] (2d Cir. 2024)*.

Plaintiff's invocation of *Sutton* therefore does not displace Judge Carter's earlier analysis. Judge Carter already held, in addressing the same Woods Hole allegation, that the relevant situs for CPLR § 302(a)(3) purposes was Massachusetts, where the alleged injury-producing events occurred, not New York, where Plaintiff later experienced alleged resulting effects. *See* ECF No. 107 at 11–13; *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 791 (2d Cir. 1999); *Pincione v. D'Alfonso*, 506 F. App'x 22, 26 (2d Cir. 2012). There is no holding in *Sutton* that overrules or undermines that analysis. Plaintiff instead attempts to convert a notice-and-opportunity ruling into a substantive jurisdictional holding. The Court should decline to do so.

## III.    *American Buddha* Does Not Apply to This Physical-Assault Allegation

Plaintiff next relies on *Penguin Group (USA) Inc. v. American Buddha*, but that reliance is misplaced. *American Buddha* addressed copyright infringement in the digital environment, where the New York Court of Appeals recognized the unusual difficulty of locating injury from the online dissemination of intangible intellectual property. *See Penguin Group (USA) Inc. v. American Buddha*, 16 N.Y.3d 295, 301–06 (2011). That reasoning does not govern here because this case concerns an alleged physical assault

3

in Massachusetts, not the diffuse online dissemination of intangible property. In this setting, the ordinary situs-of-injury rule applies. Under that rule, courts look to the original event that caused the injury, not the location where damages or later consequences were felt. *See* ECF No. 107 at 11–13; *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 791 (2d Cir. 1999); *Pincione v. D'Alfonso*, 506 F. App'x 22, 26 (2d Cir. 2012). Plaintiff's allegations that HPV was later diagnosed, monitored, and treated in New York, as well as later alleged psychological effects in New York, do not change the location of the alleged injury-producing event. Those are alleged downstream consequences of conduct Plaintiff alleges occurred in Woods Hole. The Court should therefore reject Plaintiff's reliance on *American Buddha*.

### IV.    Plaintiff's CPLR § 302(a)(1) and § 302(a)(2) Arguments Do Not Save the Woods Hole Allegations

Plaintiff also invokes CPLR § 302(a)(1) and § 302(a)(2) as alternative bases for personal jurisdiction over the Woods Hole allegations, but neither theory cures the defect.

Under CPLR § 302(a)(1), Plaintiff must show both purposeful transaction of business in New York and an articulable nexus or substantial relationship between that New York transaction and the specific claim asserted. See *Johnson v. Ward*, 4 N.Y.3d 516, 519–20 (2005). Defendant does not dispute that he was in New York in March 2018 around the time of the alleged New York assault. The point is narrower: Plaintiff uses the alleged March 2018 New York events and generalized CBMM-related New York contacts to try to establish jurisdiction over a distinct August 2017 assault in Woods Hole, Massachusetts. But the Woods Hole allegations do not arise from business transacted in New York; they arise, as pleaded, from alleged conduct in Massachusetts during the CBMM Summer School.

CPLR § 302(a)(2) fares no better. That subsection reaches tortious acts committed within New York and applies only where the defendant committed the tort while physically present in New York,

either personally or through an agent acting in New York. See *Bensusan Rest. Corp. v. King*, 126 F.3d 25, 28–29 (2d Cir. 1997); *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 789–90 (2d Cir. 1999). Plaintiff's attempt to recast Woods Hole as conduct of an "agent of a New York-based research enterprise" does not change that analysis or transform an alleged assault in Massachusetts into a tort committed in New York. Nor does *Kreutter* assist Plaintiff, because it addressed agency under CPLR § 302(a)(1), not relocation of an out-of-state physical assault into New York under § 302(a)(2). See *Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460, 467 (1988); *Liverpool v. Con-Way, Inc.*, No. 08-cv-4076, 2009 WL 1362965, at *5–6 (E.D.N.Y. May 14, 2009).

Plaintiff's reliance on CPLR § 302(a)(1) and § 302(a)(2) therefore does not establish personal jurisdiction over the Woods Hole component that the 4AC makes integral to Count IV. See 4AC ¶ 174.

## V.     Plaintiff's Opposition Confirms That Count IV Is Pleaded as an Integrated Woods-Hole-plus-New-York Theory

Plaintiff's opposition reinforces, rather than undermines, Defendant's Rule 12(b)(6) argument. Throughout her opposition, Plaintiff insists that Count IV must be pleaded as a "single, continuous GMVA claim," that the Woods Hole allegations are "integral" to that claim, and that severing them would improperly fracture the theory she chose to plead. Those assertions mirror the 4AC itself, which alleges that the Woods Hole incident is "not a separate claim but an integral component of a single, continuous GMVA cause of action." 4AC ¶ 174. Count IV is therefore not pleaded as a stand-alone New York City GMVA claim resting solely on the March 2018 New York allegations, but as an integrated Woods-Hole-plus-New-York theory[1].

---

[1] To the extent recent trial-level GMVA decisions have construed the statute's reference to a "series of acts" broadly, those decisions do not change the result here. See *M.H. v. S.A.*, 2025 NY Slip Op 51713(U), *2, 87 Misc. 3d 1228(A) (Sup. Ct. Kings Cnty. Oct. 27, 2025) (stating that the GMVA's "series of acts" language may subsume interrelated acts outside New York City so long as at least some acts occurred within New York City). But *M.H.* does not resolve the issue presented here. There, the court separately held that personal jurisdiction existed under CPLR 301. Here, by contrast, the question is whether Plaintiff

That pleading choice has consequences. Once the Woods Hole component is excluded for lack of personal jurisdiction, the Court is not required to rewrite Count IV into a narrower claim Plaintiff did not plead. The 4AC itself alleges that Woods Hole supplies the pattern, method, continuity, and injury narrative linking the Massachusetts and New York allegations into one unified GMVA theory. See 4AC ¶ 174. Plaintiff therefore cannot preserve Count IV by treating Woods Hole as indispensable when defending the complaint, yet dispensable once the jurisdictional defect is identified.

Plaintiff's reliance on *Breest* and on a generalized "totality of the circumstances" theory does not cure that problem. At most, those arguments go to whether a different or narrower set of allegations might support an inference of gender-based animus. They do not answer the defect presented here: whether Count IV, as actually pleaded, survives once the Massachusetts allegations are removed for lack of personal jurisdiction.

Because Plaintiff has failed to establish personal jurisdiction over the Woods Hole component that the 4AC makes integral to Count IV, the claim should be evaluated as pleaded and dismissed insofar as it is asserted against Defendant.

## VI.   Dismissal With Prejudice Is Warranted

Dismissal with prejudice is warranted because further amendment would be futile. The defect is structural, not technical. The 4AC expressly pleads Count IV as a unified Woods-Hole-plus-New-York GMVA theory, and Plaintiff's opposition reaffirms that pleading choice. See 4AC ¶ 174; ECF No. 253 at 18–20. Defendant's opening memorandum identified that defect and explained why Count IV fails once the Woods Hole component is excluded for lack of personal jurisdiction. See ECF No. 251 at 10–12.

---

may use CPLR § 302 to keep the Woods Hole allegations within Count IV after Judge Carter already held that, for the alleged Woods Hole assault, the situs of injury was Massachusetts rather than New York.

Under Rule 15(a)(2), leave to amend may be denied where there has been repeated failure to cure deficiencies by prior amendment or where further amendment would be futile. See *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Those circumstances are present here. Across Marciniak I and Marciniak II, Plaintiff has filed seven complaint versions, yet Count IV in the 4AC still rests on the same defect: Plaintiff chose to plead it as a unified theory in which Woods Hole remains an integral component[2]. See ECF No. 251 at 11 n.1; 4AC ¶ 174; ECF No. 253 at 18–20.

Plaintiff's fallback position only confirms futility. She now suggests, notwithstanding the Court's January 16, 2026 warning regarding further amendment[3], that if the Woods Hole component cannot remain in Count IV, the Court should simply disregard it and evaluate some narrower New York-only version of the claim. See ECF No. 253 at 19–20. But that is not the claim she pleaded. Another amendment deleting the Massachusetts component and recasting Count IV into a different theory would amount to yet another reformulation after repeated prior opportunities to amend. Count IV should therefore be dismissed insofar as it is asserted against Defendant, with prejudice.

## **CONCLUSION**

For the foregoing reasons, and for the reasons set forth in Defendant's opening memorandum, Count IV of the Fourth Amended Complaint should be dismissed insofar as it is asserted against Defendant Dr. Azevedo. The 4AC fails to establish personal jurisdiction over the Woods Hole allegations, and because the 4AC expressly makes those allegations an integral component of Count IV, their exclusion leaves no viable Count IV as pleaded against Defendant. In light of Plaintiff's

---

[2] In Marciniak II, Judge Cronan dismissed the complaint as duplicative but granted leave to amend only to the extent Plaintiff could plead facts and claims that were not duplicative of Marciniak I. See Marciniak II, ECF No. 70 at 26–27. Plaintiff thereafter again pleaded Count IV in integrated form.

[3] At the January 16, 2026 conference, the Court expressly warned Plaintiff that the FAC would be her last opportunity to amend absent good cause, instructed her to ensure that everything she wanted included was included in the FAC, and stated that subsequent requests to amend would not be granted without good cause. See ECF No. 225; ECF No. 249-3 at 5:5–11.

repeated opportunities to amend and the structural nature of the defect, dismissal should be with prejudice.

Dated: April 22, 2026
Boston, Massachusetts

Respectfully submitted,

/s/ Frederico Augusto Casarsa de Azevedo

Frederico Augusto Casarsa de Azevedo

10 Emerson Place, Apt. 21D

Boston, Massachusetts 02114

Tel. 857.999.1396

fazevedo@mit.edu

*Pro se* Defendant

# LOCAL RULE 7.1(c) WORD COUNT CERTIFICATION

Pursuant to Local Civil Rule 7.1(c) of the Joint Local Rules for the Southern District of New York and Eastern District of New York ("Local Rule"), the undersigned hereby certifies that this Memorandum of Law was prepared with the assistance of a computer and contains 2,675 words, including footnotes, excluding the caption, table of contents, table of authorities, signature blocks, and this certification.

Dated: April 22, 2026
Boston, Massachusetts

Respectfully submitted,
/s/ Frederico Augusto Casarsa de Azevedo
Frederico Augusto Casarsa de Azevedo
10 Emerson Place, Apt. 21D
Boston, Massachusetts 02114
Tel. 857.999.1396
fazevedo@mit.edu
*Pro se* Defendant

9