Dr. Karolina Agra
500 E. 63rd Street, Apt. 13F
New York, New York 10065
(646) 770-2045
marciniak.kar@gmail.com

June 7, 2026

**Via ECF**
Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Courtroom 435
New York, New York 10007

> **Re:**   **Marciniak-Domingues Goncalves Agra, et al. v. Massachusetts Institute of Technology, et al.; Case No. 1:22-cv-10959-ALC**
>
> **PLAINTIFF'S SUPPLEMENTAL STATUS LETTER**
>
> **IN FURTHER OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Dear Judge Carter:

I write to respectfully supplement my opposition to Defendants' motion to dismiss (Dkt. 248) with two critical developments that occurred after my May 1, 2026 opposition and to correct a material misrepresentation that RU has made to this Court and to the state housing court. These developments undermine Defendants' arguments and support denial of their motion, as well as my pending request for a preliminary injunction (Dkt. 232). The points below further demonstrate that RU's eviction effort is retaliatory and that my Fourth Amended Complaint should not be dismissed.

**1. RU Falsely Claimed Exemption from New York's Good Cause Eviction Law**

In its eviction petition and related notices, RU asserted that my apartment is exempt from the New York State Good Cause Eviction Law because it is "a dormitory owned and operated by an institution of higher education or a school." (See Kogan Decl. Ex. D, ECF 200-4; Eviction Petition, ECF 240-1 at 4–5, 11–12.) That claim is false.

- I am not and have never been a student at Rockefeller University. I was a postdoctoral researcher – an employee. (4AC ¶ 29.)

- My lease is a standard residential lease for a one-bedroom apartment I share with my husband. It provides for security deposits, late fees, and repairs – none of which are consistent with a dormitory. (Lease, ECF 200-1 at 5–11.)

- The building at 500 East 63rd Street does not have a certificate of occupancy designating it as a dormitory, nor is there any recorded restrictive declaration as required by New York City rules (1 RCNY §51-01). (See Agra Supp. Decl. ¶¶ 29–31, ECF 258 at 7; Exhibit J to that declaration, ECF 258-?; also filed as part of the record.)

Why this matters: RU's false dormitory claim is not a harmless mistake. It was made to strip me of the statutory protections of the Good Cause Eviction Law – protections that would require RU to prove a legitimate reason for eviction. By falsely invoking the exemption, RU has demonstrated bad faith and a willingness to mislead both the housing court and this Court. That bad faith strongly supports an inference of retaliatory motive. *See Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 147 (2000) (factfinder may infer discriminatory intent from false or shifting explanations).

## 2. Voluntary Payment of Use & Occupancy – Under Protest

On June 4, 2026, I voluntarily paid the monthly use and occupancy amount that the housing court had previously suggested as a condition for a stay. I paid under protest, with all rights expressly reserved, and attach proof as **Exhibit A.**

Why this matters:

- Defendants have repeatedly argued that the eviction is a routine landlord-tenant dispute based on non-payment. That argument is now moot – I have paid.

- RU cannot show any financial prejudice from a short stay. Any delay in the eviction proceeding would cost RU nothing.

- My payment does not concede RU's right to evict me. It merely demonstrates good faith and removes the only conceivable hardship RU could claim.

- The real dispute remains retaliation. By paying under protest, I have isolated the case to its core: RU is trying to evict me because I reported sexual harassment and filed this federal action, not because I owe money.

## 3. The May 20, 2026 Housing Court Ruling – Properly Understood

On May 20, 2026, the Honorable Eleanora Ofshein denied my motion for a stay of the holdover proceeding and scheduled a pre-trial conference for July 6, 2026. (See ECF 263-1, Exhibit A to Defendants' Reply Declaration.) Defendants have highlighted this ruling as if it defeats my retaliation defense. It does not.

- The housing court did not rule that I should be evicted or that my retaliation defense lacks merit. It simply refused to wait indefinitely for the federal court to decide my case.

- The housing court's April 20, 2026 order (already before this Court) explicitly tied the stay to "the determination of the Federal Lawsuit." The May 20 denial did not erase that connection; it merely reflected that after several adjournments, the state court chose to move forward while leaving the federal case unresolved.

- I have complied with every condition – I paid the $2,334.00 under duress before May 4, 2026, and I voluntarily paid the use and occupancy also on June 4, 2026.

The May 20 ruling does not help Defendants. It shows only that the state court is unwilling to pause indefinitely. It is this Court – not the housing court – that must decide whether RU's eviction effort violates federal law.

**4. Why These Developments Require Denial of Defendants' Motion to Dismiss**

Defendants ask this Court to dismiss my Fourth Amended Complaint, including my FHA retaliation claim, on the ground that the eviction is not causally linked to protected activity. The events of the past month – and RU's false dormitory exemption – prove otherwise:

- Temporal proximity remains strong. The eviction notice (Sept. 10, 2025) came just two weeks after my major evidentiary filing. The holdover proceeding was filed Jan. 29, 2026 – immediately after this Court granted me leave to add FHA claims.

- RU's false dormitory claim is direct evidence of bad faith. If RU truly had a legitimate, non-retaliatory reason to evict, it would not need to misrepresent the nature of my apartment to avoid tenant protections.

- My voluntary June payment eliminates any pretext of non-payment. RU can no longer hide behind a "legitimate landlord concern." The only remaining justification for eviction is the termination of my employment – which I allege was illegal retaliation for rejecting sexual advances.

Under *Francis v. Kings Park Manor,* 992 F.3d 67 (2d Cir. 2021), a plaintiff need only show that protected activity was a "motivating factor" for an adverse housing action. The sequence of events here – protected activity, then eviction notice, then conditional payment order, then continued prosecution of the holdover – more than satisfies that standard at the pleading stage. RU's false dormitory exemption adds further weight.

**5. Request for Relief**

For these reasons, I respectfully request that this Court:

(a) Deny Defendants' motion to dismiss the Fourth Amended Complaint in its entirety;

(b) Rule promptly on my pending motion for a preliminary injunction (Dkt. 232) to enjoin RU from taking any eviction step until this Court decides the merits of my retaliation claims; or, in the alternative,

(c) Issue a stay of the housing court holdover proceeding pending resolution of this federal action, given that I am paying use and occupancy and RU suffers no prejudice from a short delay.

I have done everything possible to show good faith – I have paid under protest, I have complied with state court orders, and I have kept this Court informed. RU, by contrast, has misrepresented the nature of my housing to evade tenant protections and has used the state court process to extract money from an unemployed, disabled litigant solely because she dared to complain about sexual harassment.

       Respectfully submitted,

           Dr. Karolina Marciniak-Domingues Goncalves Agra
           (Plaintiff *pro se*)

           *Karolina Agra*

500 E 63rd St, Apt 13F
New York, NY 10065
(646) 770 2045
*marciniak.kar@gmail.com*

**cc:** All Counsel of Record (via ECF)