Dr. Karolina Agra
500 E. 63rd Street, Apt. 13F
New York, New York 10065
(646) 770-2045
marciniak.kar@gmail.com

June 29, 2026

**Via ECF**
Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Courtroom 435
New York, New York 10007

Re:    **Marciniak-Domingues Goncalves Agra, et al. v. Massachusetts Institute of Technology, et al.; Case No. 1:22-cv-10959-ALC**

Dear Judge Carter:

Plaintiff Dr. Karolina Marciniak-Domingues Goncalves Agra, proceeding *pro se*, respectfully submits this response to Defendants The Rockefeller University and Winrich Freiwald's June 29, 2026 Notice of Supplemental Authority citing *Taslakian v. Taslakian*, 2026 WL 1791424 (1st Dep't June 23, 2026).

Defendants' supplemental authority does not compel dismissal of Plaintiff's GMVA claim. To the contrary, *Taslakian* is factually inapposite, and this Court's own binding precedent in *Baldwin v. TMPL Lexington LLC*—along with the First Department's decision in *Breest v. Haggis*—squarely supports Plaintiff's claim. Defendants' letter should be disregarded, and their motion to dismiss the GMVA claim should be denied.

1.    <u>*Taslakian* Is Factually Distinguishable and Does Not Support Dismissal</u>

In *Taslakian*, the First Department dismissed the plaintiff's GMVA claim because the complaint relied on "conclusory assertions" and alleged only "possessive, jealous, and abusive conduct" that did not "demonstrate hostility toward women as a class." *Taslakian*, 2026 WL 1791424, at *2.

Here, Plaintiff has pleaded specific, concrete facts of non-consensual sexual touching of intimate body parts:

- May 14, 2019: Freiwald slapped Plaintiff's buttocks on a New York City subway platform after staring at her legs and buttocks. (4AC ¶ 94.)

- February 14, 2020: Freiwald displayed a visible erection, stated that the future of Plaintiff's project depended on her "desired course of action," and then squeezed and slapped her buttocks as she tried to leave his office. (4AC ¶¶ 97–98.)

- February 27, 2020: Freiwald made an overtly sexual gesture mimicking masturbation during a work meeting. (4AC ¶ 99.)

Moreover, unlike *Taslakian,* the 4AC alleges a systemic pattern of gender-based hostility directed at women as a class. Freiwald required female subordinates to serve as "arm candy" at social events (4AC ¶ 52), retaliated against a female PhD student for raising concerns (4AC ¶ 114), presided over a lab culture where the majority of members—particularly women—felt unable to speak to him (4AC ¶ 107), and ceased hiring women altogether after Plaintiff resisted his advances. This pattern starkly distinguishes Plaintiff's claims from the purely individual "possessive, jealous" conduct in *Taslakian.*

**2.      Under *Breest v. Haggis*, Gender Animus Is Inferred from Non-Consensual Sexual Touching**

The First Department squarely held in *Breest v. Haggis,* 180 A.D.3d 83, 94 (1st Dep't 2019), that "animus inheres where consent is absent" in cases of non-consensual sexual touching. The court explained:

> "We write to clarify that these additional allegations are not necessary to prove animus in alleged rape and sexual assault cases such as the one at bar."

The court further held that when a defendant commits a sexual act without the plaintiff's consent, "the nature of the crime itself demonstrates that it was committed because of gender." *Id.* (quoting *Schwenk v. Hartford*, 204 F.3d 1187, 1202 (9th Cir. 2000)).

Plaintiff's allegations—forcible touching of her buttocks on two separate occasions—are precisely the type of non-consensual sexual touching from which animus is inferred under *Breest*.

Defendants' reliance on *Taslakian* to argue that Plaintiff must plead "concrete facts or statements" of animus misstates the law. *Breest* explicitly rejects the need for a separate "smoking gun" statement; the act itself suffices.

**3.      *Baldwin v. TMPL Lexington*—Decided by This District—Controls and Rejects Defendants' "Serious Risk of Physical Injury" Argument**

In *Baldwin v. TMPL Lexington LLC*, 2024 WL 3862150 (S.D.N.Y. Aug. 19, 2024), the Southern District held that the "serious risk of physical injury" requirement in the GMVA applies only to claims predicated on crimes against property, not crimes against the person. The Court explained:

> "Construing the text of the definition of a 'crime of violence,' the 'serious risk of physical injury' requirement applies only when a GMVPA claim is premised on a 'misdemeanor or felony against property' not against 'the person.'"

Plaintiff's GMVA claim is predicated on forcible touching—a class A misdemeanor against the person under N.Y. Penal Law § 130.52. Under *Baldwin*, the "serious risk of physical injury" requirement does not apply. Defendants' argument to the contrary is foreclosed by this District's own precedent.

**4.      The Pattern of Gender-Based Conduct Supports an Inference of Animus**

Unlike *Taslakian*, where the conduct was limited to 'possessive, jealous' behavior toward a single individual, Plaintiff's 4AC alleges a systemic pattern of gender-based hostility directed at women as a class. Freiwald required female subordinates to serve as 'arm candy' (4AC ¶ 52), retaliated against a female PhD student for raising concerns (¶ 114), presided over a lab culture where women felt unable to speak to him (¶ 107), and ceased hiring women altogether after Plaintiff resisted his advances (¶ 155(e)). This pattern—combined with the forcible touching of Plaintiff's intimate body parts—constitutes precisely the type of class-based animus that *Taslakian* found lacking.

As the Second Circuit held in *Redd v. N.Y. Division of Parole*, 678 F.3d 166, 176 (2d Cir. 2012), gender animus is inferred where a plaintiff demonstrates a pattern of sexualized abuse and gender-based stereotyping. Plaintiff has done exactly that here: Freiwald's demands for "arm candy," his quid pro quo demands, his punishment of women who resist, and his forcible touching of Plaintiff's intimate body parts together establish a coherent pattern of hostility toward women in his workplace. *See also Raniola v. Bratton*, 243 F.3d 610, 621 (2d Cir. 2001) (holding that a pattern of overt sex-based comments and conduct permits an inference that other adverse treatment suffered by the plaintiff was also on account of sex).

**5.      Freiwald Has Been on Notice of These Allegations Since at Least 2023**

Freiwald has been on actual notice of specific allegations of non-consensual sexual touching—including the May 14, 2019 buttock slap—since at least November 2023, when Plaintiff's *Marciniak II* complaint was filed naming him. That complaint explicitly alleged that Freiwald "slapped her buttocks" and "touched her lower back inappropriately." The 4AC's GMVA claim arises from the same nucleus of operative facts and relates back under Rule 15(c). No prejudice exists.

**CONCLUSION**

Defendants' reliance on *Taslakian* is misplaced. Plaintiff has pleaded specific, non-conclusory facts of forcible sexual touching of intimate body parts—conduct from which gender animus is inferred under *Breest*. Under *Baldwin*, the "serious risk of physical injury" requirement does not apply to crimes against the person. Plaintiff has pleaded cognizable injury and timely filed her claim.

The GMVA claim should proceed to discovery.

Respectfully submitted,

Dr. Karolina Marciniak-Domingues Goncalves Agra
(Plaintiff *pro se*)

Karolina Agra
------------------------------------
500 E 63rd St, Apt 13F

New York, NY 10065
(646) 770 2045
*marciniak.kar@gmail.com*

cc: All Counsel of Record (via ECF)