Dr. Karolina Agra
500 E. 63rd Street, Apt. 13F
New York, New York 10065
(646) 770-2045
marciniak.kar@gmail.com

July 6, 2026

**Via ECF**
Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Courtroom 435
New York, New York 10007

> Re:    **Marciniak-Domingues Goncalves Agra, et al. v. Massachusetts Institute of Technology, et al.; Case No. 1:22-cv-10959-ALC**
>
> **PLAINTIFF'S STATUS REPORT AND SUPPLEMENTAL MEMORANDUM IN FURTHER SUPPORT OF HER PENDING MOTION FOR A PRELIMINARY INJUNCTION**

Dear Judge Carter:

I submit this status report to supplement my pending motion for a preliminary injunction (Dkt. 232). The events of the last month have confirmed my irreparable harm and solidified my position that I am likely to succeed on the merits. I renew my request for an emergency injunction from this Court.

**I. UPDATE ON STATE COURT PROCEEDINGS**

On July 6, 2026, I appeared for a pre-trial conference in the housing court holdover proceeding (Index No. LT-301654-26/NY). The court set another pre-trial conference for August 12, 2026, and a trial date for September 23, 2026. The court has not yet ruled on the threshold jurisdictional issues—including RU's failure to plead compliance with the Good Cause Eviction Law (GCEL) and the lack of a conditional limitation in the lease. These issues remain unresolved, and RU is proceeding toward trial on a legally defective petition. The housing court's jurisdictional defect is not a mere technicality. It is the foundation of RU's entire legal position. By pursuing an unlawful holdover proceeding, RU has further demonstrated its bad faith. The state court is proceeding with a trial that it may lack jurisdiction to hold. This underscores the need for this Court's intervention to protect my federal rights.

I am actively seeking to retain counsel for both the housing court proceeding and the federal action, and I intend to engage in discovery once the case proceeds to that stage.

**II. PLAINTIFF HAS COMPLIED WITH THE HOUSING COURT'S CONDITIONAL PAYMENT ORDER UNDER PROTEST**

I have complied with the housing court's conditional payment requirements—not as an admission of liability, but to avoid immediate eviction while my federal rights are adjudicated. On April 20, 2026, the housing court conditioned the stay of my eviction on payment of $2,334.00, explicitly tying the stay to "the determination of the Federal Lawsuit." [ECF 258-4] I paid that amount under duress on April

30, 2026—because failure to pay would have lifted the stay and rendered me homeless while my federal case remained pending. [ECF 258, Agra Decl. ¶ 12] On June 4, 2026, I voluntarily paid the monthly use and occupancy amount suggested by the housing court, under protest, with all rights expressly reserved, and filed proof of that payment with this Court. [ECF 265-1] On July 3, 2026, I again paid under protest, with all rights reserved. **[Exhibit A]** These payments demonstrate good faith and remove any claim by RU that I am a "deadbeat" tenant. RU cannot claim financial prejudice from a short delay when I am paying for my continued occupancy.

## II. ARGUMENT: I AM LIKELY TO SUCCEED ON THE MERITS

### A. The Housing Court Petition Is Fatally Defective Under the Good Cause Eviction Law

The Good Cause Eviction Law (GCEL), codified at Real Property Law Article 6-A, requires landlords to properly plead the regulatory status of the subject premises in any summary eviction petition. RPAPL § 741(5-a) requires the landlord to append the notice required pursuant to Real Property Law § 231-c. RPAPL § 741(5-b) requires the petition to append the information required pursuant to Real Property Law § 214(1). See *Sin Hang Lau v. Yun He Zheng*, 86 Misc. 3d 859 (Civ. Ct. Kings County 2025). These pleading requirements are mandatory. As held in *1303 Needham Realty LLC v. Brown* (2025 NY Slip Op 25028), failure to comply requires dismissal. *84-16 BEACH CHANNEL LLC v. Job* (Civ. Ct. Queens County Jan. 8, 2026) held that this defect cannot be cured by amendment. In *Munjal v. Ziebke*, 2025 NY Slip Op 25144 (Civ. Ct. N.Y. County June 18, 2025), the court dismissed a holdover petition where the landlord claimed an exemption but failed to provide the specific information required. RU's petition, filed January 29, 2026, contains no proper pleading of the GCEL status of my apartment. This is a fatal jurisdictional defect requiring dismissal.

### B. RU Falsely Claimed a "Dormitory" Exemption—Demonstrating Bad Faith

In its eviction petition, RU checked the box claiming my apartment is exempt from the GCEL as "a dormitory owned and operated by an institution of higher education or a school." [ECF 233-2 at 13] This claim is false. I am not and have never been a student at RU. [4AC ¶ 29; ECF 227 at 4-5] My lease is a standard residential lease with security deposit, late fees, and repairs. [Lease, ECF 200-1 at 5-11] The building has no certificate of occupancy designating it as a dormitory, and there is no recorded restrictive declaration as required by New York City rules (1 RCNY §51-01). [ECF 258, Agra Supp. Decl. ¶¶ 29-31]. RU's false claim was made to strip me of statutory protections. This demonstrates bad faith and supports an inference of retaliatory motive. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147 (2000).

Because RU cannot prove the exemption, my apartment is covered by the GCEL. Under Real Property Law § 215, no landlord shall remove any tenant except for good cause as defined in section 216. RU has not alleged any statutory ground—no nonpayment, no nuisance, no violation of a substantial obligation. Its holdover is based solely on the termination of my employment, which I allege was illegal retaliation.

### C. The Lease Lacks a Conditional Limitation

Separately, the lease lacks a conditional limitation to support a holdover proceeding. Under *Fourth Housing Co., Inc. v. Bowers*, 2016 NY Slip Op 26217, 53 Misc. 3d 43 (App. Term 2016), a holdover

proceeding may only be maintained where there is a conditional limitation in the lease providing for its early termination. *Id*, see also *Perrotta v. Western Regional Off-Track Betting Corp*., 98 A.D.2d 1 (4th Dept. 1983). Section 22 of the lease states the lease ends "upon termination" of employment [ECF 200-1 at 5]—a discretionary act by RU, not an automatic expiration upon a fixed lapse of time. This is a condition subsequent, not a conditional limitation. *Karlsen v. Hasson-McKenzie*, 2026 NY Slip Op 50124(U); *Lam Bros. Realty LLC v. Torres*, 2024 NY Slip Op 50525(U). Furthermore, even if Section 22 could be read as creating a conditional limitation, RU has not complied with it. The 90-Day Termination Notice does not rely on Section 22—it terminates the "month-to-month tenancy." [ECF 200-3; ECF 239-3; ECF 240-1 at 10-11] A simple notice to terminate a month-to-month tenancy is not a conditional limitation. RU's proper remedy, if any, would be an ejectment action, not a summary holdover.

## D. The Direct Causal Connection between Protected Activity, Eviction Notice and Holdover Petition

RU's response to my protected activity has been swift and punitive. Just two weeks after my August 2025 filings, RU served me with a 90-Day Notice of Termination. [4AC ¶ 138] For over four years prior—from the end of my employment in November 2021 until August 2025—RU took no formal eviction action despite knowing I remained in the apartment. The only thing that changed was my protected activity exposing RU's institutional misconduct. Then, immediately after this Court granted me leave to add FHA claims on January 23, 2026, RU filed a formal holdover petition on January 29, 2026. [ECF 227; ECF 233-2] This timing—protected activity followed by swift, punitive eviction actions—is textbook evidence of retaliation. *Cifra v. General Electric Co*., 252 F.3d 205, 217 (2d Cir. 2001) (temporal proximity supports inference of retaliation). RU's false dormitory exemption claim is additional evidence that the eviction is retaliatory—a pretext designed to strip me of statutory protections and expedite my removal.

## III. IRREPARABLE HARM: HOMELESSNESS IS IMMINENT

I face imminent and irreparable harm if this Court does not intervene. The housing court trial is scheduled for September 23, 2026—less than three months away. If RU prevails, I will lose my home of nine years.

The threat of eviction and the realistic prospect of homelessness constitute irreparable harm. *Tellock v. Davis*, 2002 WL 31433589, at *7 fn. 2 (E.D.N.Y. Oct. 31, 2002); *Sinisgallo v. Town of Islip Hous. Auth*., 865 F. Supp. 2d 307, 332 (E.D.N.Y. 2012). Homelessness is not a harm that money can remedy. I have no savings, no family support in the United States, and my earning capacity has been systematically damaged by RU's retaliation. [ECF 233 ¶ 25] If evicted, I will have nowhere to go.

Furthermore, the Housing Court cannot adjudicate my affirmative FHA retaliation claim or Title VII claims. As *Sinisgallo* and *Tellock* establish, a federal court may enjoin a state eviction proceeding where the state court cannot provide full relief on federal claims. If RU evicts me before my federal claims are decided, this Court's jurisdiction would be rendered meaningless.

## IV. REQUEST FOR RELIEF

For these reasons, I respectfully request that this Court:

(a) Rule promptly on my pending motion for a preliminary injunction (Dkt. 232) to enjoin RU from taking any eviction step until this Court decides the merits of my retaliation claims; or, in the alternative,

(b) Issue a stay of the housing court holdover proceeding pending resolution of this federal action.

I have done everything possible to show good faith—I have paid use and occupancy under protest, complied with state court orders, and am actively seeking counsel. RU, by contrast, is prosecuting an unlawful eviction based on a false claim of exemption, solely because I complained about sexual harassment.

Respectfully submitted,

Dr. Karolina Marciniak-Domingues Goncalves Agra
(Plaintiff *pro se*)

500 E 63rd St, Apt 13F
New York, NY 10065
(646) 770 2045
*marciniak.kar@gmail.com*

cc: All Counsel of Record (via ECF)