Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

July 7, 2026

**<u>Via ECF and Email</u>**

Elise M. Bloom
Member of the Firm

d +1.212.969.3410
f 212.969.2900
ebloom@proskauer.com
www.proskauer.com

The Honorable Andrew L. Carter Jr.
United States District Court
Southern District of New York
40 Foley Square, Courtroom 444
New York, NY 10007
Email: ALCarterNYSDChambers@nysd.uscourts.gov

> Re:   ***Marciniak-Domingues Goncalves Agra v. Rockefeller University, et al.*, No. 22-cv-10959-ALC**

Dear Judge Carter:

We write on behalf of The Rockefeller University and Dr. Winrich Freiwald (together, the "RU Defendants") in response to Plaintiff's July 6, 2026 letter (Dkt. 269) regarding her pending motion for a preliminary injunction.

Plaintiff's letter raises no new basis for federal intervention. The arguments Plaintiff now advances are the same arguments she has already placed before the housing court in the pending holdover proceeding—including arguments regarding the Good Cause Eviction Law, the alleged absence of a conditional limitation in the lease, and the housing court's jurisdiction. Indeed, at the July 6, 2026 pretrial conference that Plaintiff references in her letter, the housing court denied Plaintiff's motion to dismiss the holdover proceeding on these grounds on the record and scheduled the matter to proceed to trial on September 23, 2026.

These issues are therefore not only squarely before the housing court; they have already begun to be adjudicated there. That is precisely where they belong. This Court has previously held that issues relating to Plaintiff's tenancy should be determined by the housing court, not by this Court. (Dkt. 241-1 at 23:25-24:3 (stating that Plaintiff's "tenancy issue is really a landlord-tenant dispute that should be brought in state court").) Plaintiff's disagreement with the housing court's ruling does not provide a basis to relitigate those issues here or to enter relief that would interfere with the ongoing state court proceeding. As this Court previously held, those housing-related issues should be resolved by the housing court—not this Court. *See Noe v. Ray Realty*, No. 19-cv-1455, 2019 WL 8111914, at \*2 (S.D.N.Y. July 2, 2019) (declining to enjoin housing court proceeding brought by *pro se* litigant), *adopted by*, 2020 WL 506459 (S.D.N.Y. Jan. 31, 2020); *Greer v. Mehiel*, No. 15-cv-6119, 2016 WL 828128, at \*4 (S.D.N.Y. Feb. 24, 2016) (holding that the Anti-Injunction Act barred injunction of state court proceeding).

Plaintiff's request for expedited federal relief should also be viewed against the backdrop of her repeated efforts to halt or delay the housing court proceeding. In September 2025, Plaintiff first moved this Court for a temporary restraining order and preliminary injunction; this Court promptly denied the TRO request and later denied the preliminary injunction motion in January 2026. Plaintiff then filed her current second preliminary injunction motion in February 2026, again

accompanied by a request for a TRO.  This Court denied the TRO request directed to that second motion, leaving only the preliminary injunction motion pending.  Since April 2026, Plaintiff has repeatedly urged the housing court to stay the holdover proceeding pending this Court's decision on that second preliminary injunction motion, and two different housing court judges have declined to do so.  Plaintiff's letter is thus the latest effort to obtain, at a different procedural moment, relief that would halt or interfere with the same ongoing housing court proceeding.  The Court should decline that invitation.

Accordingly, for the reasons previously set forth in the RU Defendants' opposition papers (Dkts. 238-241), and because Plaintiff's letter raises no new basis for federal intervention but instead seeks to relitigate tenancy issues already before the housing court the RU Defendants respectfully request that the Court deny Plaintiff's motion for a preliminary injunction.  (*See* Dkt. 232.)

We appreciate the Court's attention to this matter.


Respectfully Submitted,

*/s/ Elise M. Bloom*

Elise M. Bloom

cc:    All Counsel of Record (via ECF); Dr. Karolina Marciniak-Domingues Goncalves Agra
       (via ECF and email); Mr. Frederico Azevedo (via ECF and email)

2