Dr. Karolina Agra
500 E. 63rd Street, Apt. 13F
New York, New York 10065
(646) 770-2045
marciniak.kar@gmail.com

July 7, 2026

<u>Via ECF</u>
Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Courtroom 435
New York, New York 10007

   **Re:** **Marciniak-Domingues Goncalves Agra, et al. v. Massachusetts Institute of Technology, et al.; Case No. 1:22-cv-10959-ALC**

     **PLAINTIFF'S REPLY TO DEFENDANTS' JULY 7, 2026 LETTER**

Dear Judge Carter:

I write in response to Defendants' July 7, 2026 letter (ECF 270). RU's letter mischaracterizes the procedural posture of this case and fails to address the merits of my arguments. I respectfully request that the Court deny RU's request and rule promptly on my pending motion for a preliminary injunction (Dkt. 232).

**I. RU Mischaracterizes the Housing Court's Ruling**

RU claims that the housing court "denied Plaintiff's motion to dismiss" and therefore the issues have been "adjudicated." ECF 270 at 1. This is misleading. At the July 6, 2026 pre-trial settlement conference, I made an oral motion to dismiss based on: (1) the lack of a conditional limitation in the lease; and (2) RU's false claim that my apartment is exempt from the Good Cause Eviction Law (GCEL). The court denied the motion without prejudice, explicitly stating that these arguments should be presented at trial. This means the housing court has not ruled on the merits of my defenses. The denial was procedural—not a rejection of my arguments. The issues remain unresolved and fully preserved for trial. RU's claim that these issues have been "adjudicated" is inaccurate.

RU also notes that two housing court judges have declined to stay the proceeding. But those denials were procedural—not merits-based. The housing court's April 20 order explicitly tied the stay to "the determination of the Federal Lawsuit." [ECF 258-4] Each judge refused to wait indefinitely for this Court to rule—not because my defenses lack merit. These procedural denials do not establish law of the case, nor do they relieve this Court of its independent obligation to adjudicate my federal claims. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981) (preliminary rulings do not bind later proceedings). If anything, the fact that the housing court itself recognized the importance of my federal case underscores the urgent need for this Court to rule.

RU's characterization of my efforts as "delay" is also misleading. I have consistently sought to have the threshold jurisdictional issues—the lack of a conditional limitation and the false dormitory exemption

—resolved before proceeding to trial. These are not delay tactics; they are meritorious defenses that go to the housing court's authority to hear the case. I have also paid use and occupancy under protest, demonstrating good faith rather than an intent to delay.

## II. RU's Reliance on the Anti-Injunction Act Is Misplaced

RU cites *Noe v. Ray Realty* and *Greer v. Mehiel* to argue that the Anti-Injunction Act bars federal intervention. ECF 270 at 1. Those cases are distinguishable. In *Noe* and *Greer*, the plaintiffs sought to enjoin evictions based on defensive FHA claims—claims they could raise as defenses in housing court.

Here, I seek affirmative relief—damages for retaliation under the FHA and Title VII—that the Housing Court cannot award. My Fourth Amended Complaint explicitly asserts affirmative FHA retaliation, discrimination, and failure-to-accommodate claims. [FAC Fifth Cause of Action, ECF 227 at 31-33] The Housing Court's jurisdiction is limited to possessory issues; it cannot adjudicate federal damages claims. *Tellock v. Davis*, 2002 WL 31433589 (E.D.N.Y. Oct. 31, 2002); *Sinisgallo v. Town of Islip Hous. Auth.*, 865 F. Supp. 2d 307 (E.D.N.Y. 2012). RU's cases are inapposite. As *Tellock* and *Sinisgallo* hold, the AIA does not bar federal intervention where the state court cannot provide full relief on federal claims. Because RU's eviction proceeding is the very act of retaliation that I challenge under the FHA, and because the Housing Court cannot adjudicate my federal claims, federal intervention is warranted.

## III. The Housing Court Petition Is Jurisdictionally Defective—A Fatal Flaw

As set forth in my July 6, 2026 letter (ECF 269 at 2-3), the housing court petition fails to comply with RPAPL §§ 741(5-a) and (5-b), which require proper pleading of the Good Cause Eviction Law (GCEL) status of the premises. See *1303 Needham Realty LLC v. Brown*, 2025 NY Slip Op 25028 (Civ. Ct. Bronx County Jan. 23, 2025) (failure to comply requires dismissal); *84-16 BEACH CHANNEL LLC v. Job*, No. 308899-24/QU (Civ. Ct. Queens County Jan. 8, 2026) (this defect cannot be cured by amendment); *Munjal v. Ziebke,* 2025 NY Slip Op 25144 (Civ. Ct. N.Y. County June 18, 2025) (dismissal where landlord claimed an exemption but failed to provide required information).

RU does not address this jurisdictional defect in its July 7 letter. Its silence is telling. This is not a 'tenancy issue'—it is a fundamental pleading failure that goes to the court's authority to hear the case. RU cannot cure this defect, and the housing court cannot proceed with a trial it lacks jurisdiction to hold.

## IV. RU's False "Dormitory" Exemption Remains Unanswered

RU does not respond to my evidence that it falsely claimed my apartment is exempt from the GCEL as 'a dormitory owned and operated by an institution of higher education or a school.' [ECF 233-2 at 13]

This claim is false: (i) I am not and have never been a student at RU [4AC ¶ 29; ECF 227 at 4-5]; (ii) my lease is a standard residential lease with security deposit, late fees, and repairs [Lease, ECF 200-1 at 5-11]; (iii) the building has no certificate of occupancy designating it as a dormitory, and there is no restrictive declaration as required by New York City rules (1 RCNY §51-01) [ECF 258 ¶¶ 29-31].

RU's silence on this issue is telling. The false claim was made to strip me of statutory protections. This demonstrates bad faith and supports an inference of retaliatory motive. *Reeves v. Sanderson Plumbing*

*Prods., Inc.*, 530 U.S. 133, 147 (2000) (a factfinder may infer discriminatory or retaliatory intent from false or shifting explanations).

RU cannot defend the false claim—so it ignores it entirely. This Court should not overlook RU's failure to address this dispositive evidence.

## V. The Lease Lacks a Conditional Limitation

Separately, the lease lacks a conditional limitation to support a holdover proceeding. Under *Fourth Housing Co., Inc. v. Bowers*, 53 Misc. 3d 43 (App. Term 2016), a holdover proceeding "may only be maintained where there is a conditional limitation in the lease providing for its early termination." *Perrotta v. Western Regional Off-Track Betting Corp.*, 98 A.D.2d 1 (4th Dept. 1983). Section 22 of the lease states the lease ends "upon termination" of employment [ECF 200-1 at 5]—a discretionary act by RU, not an automatic expiration upon a fixed lapse of time. This is a condition subsequent, not a conditional limitation. *Karlsen v. Hasson-McKenzie*, 2026 NY Slip Op 50124(U); *Lam Bros. Realty LLC v. Torres*, 2024 NY Slip Op 50525(U).

Furthermore, even if Section 22 could be read as creating a conditional limitation, RU has not complied with it. The 90-Day Termination Notice does not rely on Section 22—it terminates the "month-to-month tenancy." [ECF 200-3; ECF 239-3; ECF 240-1 at 10-11] A simple notice to terminate a month-to-month tenancy is not a conditional limitation. RU's proper remedy, if any, would be an ejectment action, not a summary holdover.

## VI. Irreparable Harm: Homelessness Is Imminent

The housing court trial is scheduled for September 23, 2026—less than three months away. If RU prevails, I will lose my home of nine years. The threat of eviction and the realistic prospect of homelessness constitute irreparable harm. *Tellock v. Davis*, 2002 WL 31433589, at 7 fn. 2 (E.D.N.Y. Oct. 31, 2002); *Sinisgallo v. Town of Islip Hous. Auth.*, 865 F. Supp. 2d 307, 332 (E.D.N.Y. 2012). Homelessness is not a harm that money can remedy. I have no savings, no family support in the United States, and my earning capacity has been systematically damaged by RU's retaliation. [ECF 233 ¶ 25]

Each effort to stay the housing court proceeding was based on meritorious arguments—the lack of a conditional limitation, the false dormitory exemption, and the GCEL jurisdictional defect. These are not delay tactics; they are threshold issues that go to the housing court's authority to hear the case.

Furthermore, the Housing Court cannot adjudicate my affirmative FHA retaliation claim or Title VII claims. As *Sinisgallo* and *Tellock* establish, a federal court may enjoin a state eviction proceeding where the state court cannot provide full relief on federal claims. If RU evicts me before my federal claims are decided, this Court's jurisdiction would be rendered meaningless.

## VII. Request for Relief

For these reasons, I respectfully request that this Court:

(a) Deny RU's request to dismiss my motion for a preliminary injunction;

(b) Rule promptly on my pending motion for a preliminary injunction (Dkt. 232) to enjoin RU from taking any eviction step until this Court decides the merits of my retaliation claims; or, in the alternative,

(c) Issue a stay of the housing court holdover proceeding pending resolution of this federal action.

I have done everything possible to show good faith—I have paid use and occupancy under protest, complied with state court orders, and am actively seeking counsel. RU, by contrast, is prosecuting an unlawful eviction based on a false claim of exemption, solely because I complained about sexual harassment.

Respectfully submitted,

Dr. Karolina Marciniak-Domingues Goncalves Agra
(Plaintiff *pro se*)

Karolina Agra
500 E 63rd St, Apt 13F
New York, NY 10065
(646) 770 2045
*marciniak.kar@gmail.com*

cc: All Counsel of Record (via ECF)