# EXHIBIT A

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK: HOUSING PART
====================================X
THE ROCKEFELLER UNIVERSITY,

Petitioner-Landlord,

-against-

KAROLINA MARIA MARCINIAK-DOMINGUES GONCALVES AGRA and PEDRO HENRIQUE MARCINIAK-DOMINGUES GONCALVES AGRA,

Respondents-Tenants,

"JOHN DOE(S)" and/or "JANE DOE(S)",

Respondents-Undertenants.

====================================X

Index No.:
LT-301654-26/NY

**VERIFIED ANSWER WITH AFFIRMATIVE DEFENSES**

Respondent KAROLINA MARIA MARCINIAK-DOMINGUES GONCALVES AGRA, by her attorney, BIKRAM SINGH, ESQ. of SINGH & RANI, LLP, answers the Petition and interposes the following affirmative defenses:

1. Respondent lacks knowledge or information sufficient to form a belief as to Petitioner's present ownership, title, or entitlement to maintain this proceeding and otherwise denies the allegations in paragraph "1" of the Petition.

2. Respondent admits that she and Pedro Henrique Marciniak-Domingues Goncalves Agra presently reside at and remain in possession of the Premises, as alleged in paragraph "2" of the Petition. Respondent lacks knowledge or information sufficient to form a belief as to the identities or legal capacities of the fictitiously named John Doe and Jane Doe respondents and therefore denies the remaining allegations in paragraph "2" of the Petition.

3. Respondent denies the allegations in paragraph "3" of the Petition.

4. Respondent denies the allegations in paragraph "4" of the Petition.

5. Respondent denies the allegations in paragraph "5" of the Petition.

6. Respondent denies the allegations in paragraph "6" of the Petition.

7. Respondent denies the allegations in paragraph "7" of the Petition.

8. Respondent denies the allegations in paragraph "8" of the Petition.

9. Respondent denies the allegations in paragraph "9" of the Petition.

10. Respondent denies the allegations in paragraph "10" of the Petition.

11. Respondent denies the allegations in paragraph "11" of the Petition.

12. Respondent denies the allegations that Petitioner is entitled to a judgment against her for court costs.

13. Respondent otherwise generally denies each allegation of the Petition not expressly admitted, without waiving any jurisdictional defense.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

14. Respondent repeats and realleges each allegation above as if fully set forth herein.

15. The Court lacks personal jurisdiction over Respondent pursuant to CPLR 3211(a)(8).

16. RPAPL § 733(1) requires the notice of petition and petition in a holdover proceeding to be served at least ten and not more than seventeen days before the time at which the petition is noticed to be heard. Under RPAPL § 735(2)(b), substituted service is complete only upon filing proof of service, which must be filed within three days after mailing.

17. Petitioner's affidavit alleges substituted delivery and mailing on February 11, 2026 and identifies February 24, 2026 as the court date, but proof of service was not filed until April 15, 2026, after the return date. Service therefore was not completed within the statutory period.

18. Strict compliance with RPAPL §§ 733 and 735 is required to obtain jurisdiction. See *Riverside Syndicate, Inc. v Saltzman*, 49 AD3d 402, 402 (1st Dept 2008); *208 W.*

*20th St. LLC v Blanchard*, 76 Misc 3d 505, 509-510 (Civ Ct, NY County 2022). The Petition must be dismissed.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

19. Respondent repeats and realleges each allegation above as if fully set forth herein.

20. Petitioner alleges that rent was payable on the first day of each month, that the prior rental agreement ended, and that a month-to-month tenancy thereafter existed. Petitioner's written leases likewise operated on calendar-month rental periods.

21. Accepting Petitioner's month-to-month theory solely for purposes of this defense, each monthly term ran from the first through the final day of the calendar month.

22. The 90-Day Termination Notice nevertheless purported to terminate the alleged month-to-month tenancy on January 6, 2026 at 5:00 p.m., in the middle of the January rental period, rather than upon expiration of that period on January 31, 2026.

23. A notice terminating a month-to-month tenancy must terminate the tenancy upon expiration of the applicable rental month. See *Avalonbay Communities, Inc. v Betts*, 4 Misc 3d 133(A), 2004 NY Slip Op 50750(U), *1 (App Term, 2d Dept, 9th & 10th Jud Dists 2004); *Alleyne v Mear*, Civ Ct, Queens County, Index No. LT-309735-23/QU (2024).

24. Because the predicate notice did not terminate the alleged tenancy upon expiration of its rental period, the notice is ineffective and the Petition must be dismissed.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

25. Respondent repeats and realleges each allegation above as if fully set forth herein.

26. In the alternative, if Petitioner did not accept rent for any period after expiration of the last written tenancy, no month-to-month tenancy arose. RPL § 232-c provides that continued occupancy alone does not create a new term and that a month-to-month tenancy arises from the landlord's acceptance of rent for a post-expiration period.

27. Petitioner has represented that Respondent had not paid rent for years. Upon information and belief, Petitioner did not accept rent for a post-expiration period sufficient to create the month-to-month tenancy alleged in the predicate notice.

28. If no post-expiration rent was accepted, Respondent's continued occupancy following the asserted expiration, coupled with Petitioner's extended delay in seeking possession, constituted at most a tenancy at sufferance governed by RPL § 228, not a month-to-month tenancy governed by RPL § 232-a.

29. The predicate notice expressly and repeatedly purports to terminate a 'month-to-month tenancy.' It does not identify or terminate a tenancy at sufferance pursuant to RPL § 228.

30. Accordingly, the Petition must be dismissed.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

31. Respondent repeats and realleges each allegation above as if fully set forth herein.

32. If Respondent's post-lease occupancy constituted a tenancy at sufferance, this Court lacks subject matter jurisdiction over the proceeding. See *Gomez v Gomez*, 2026 NY Slip Op 26006, *14-15 (Civ Ct, Kings County Jan. 9, 2026).

33. Therein the court held that RPAPL article 7 does not authorize a Housing Court summary proceeding to oust a residential tenant at sufferance and that the owner must seek possession in a plenary proceeding. Subject matter jurisdiction cannot be created by consent and may be challenged at any time.

34. The Petition should therefore be dismissed without prejudice to any procedurally proper plenary action Petitioner may be entitled to commence.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

35. Respondent repeats and realleges each allegation above as if fully set forth herein.

36. RPL § 231-c required Petitioner to serve an accurate, completed notice stating whether the housing accommodation is subject to the Good Cause Eviction Law and, if exempt, the applicable statutory basis for exemption.

37. Petitioner selected the exemption for a 'dormitory owned and operated by an institution of higher education or a school' under RPL § 214(13). Upon information and belief, Apartment 13F is a residential apartment in a multi-unit apartment building and does not qualify as a dormitory within that exemption.

38. Petitioner did not select the separate exemption under RPL § 214(4) for housing whose possession, use, or occupancy is solely incident to employment that has been lawfully terminated. Petitioner cannot cure an inaccurate statutory predicate notice by asserting a different exemption after commencement, particularly where Respondent disputes that her employment was lawfully terminated.

39. Petitioner's failure to serve an accurate Good Cause Eviction Law notice violated a statutory condition precedent and requires dismissal.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

40. Respondent repeats and realleges each allegation above as if fully set forth herein.

41. Respondent engaged in protected activity by opposing and reporting sexual harassment, gender discrimination, and retaliation, including complaints to the New York State Division of Human Rights, the Equal Employment Opportunity Commission, and federal authorities, and by commencing and prosecuting federal litigation against Petitioner.

42. Respondent alleges in the pending federal action, *Marciniak v Rockefeller University*, S.D.N.Y. Case No. 1:22-cv-10959, that Petitioner unlawfully retaliated against her

by, among other things, terminating her employment, interfering with her immigration and professional interests, and obstructing rental assistance connected to the subject apartment.

43. Upon information and belief, the termination and prosecution of this possessory proceeding form part of the continuing retaliatory and discriminatory course alleged by Respondent and constitute further materially adverse action because of her protected activity, in violation of Title VII of the Civil Rights Act of 1964, 42 USC § 2000e et seq., the New York State Human Rights Law, and the New York City Human Rights Law.

44. RPAPL § 743 permits Respondent to interpose any legal or equitable defense. Petitioner may not obtain possessory relief founded upon unlawful retaliation or discrimination and is further barred by unclean hands and equitable estoppel. Respondent reserves all claims and remedies pending in the federal action, none of which is waived by this Answer.

WHEREFORE, Respondent respectfully requests that the Court dismiss the Petition; award Respondent costs and attorneys' fees to the extent permitted by law; and grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
August 2, 2026

**SINGH & RANI, LLP**

____________________________

BIKRAM SINGH, ESQ.
Attorney for Respondent Karolina Maria Marciniak-Domingues Goncalves Agra
5 Penn Plaza, 19th Floor
New York, New York 10001
(212) 729-6920
bsingh@singhranilaw.com

**VERIFICATION**

STATE OF NEW YORK )
) ss.:
COUNTY OF NEW YORK )

KAROLINA MARIA MARCINIAK-DOMINGUES GONCALVES AGRA, being duly sworn, deposes and says:

I am the Respondent in this proceeding. I have read the foregoing Verified Answer with Affirmative Defenses and know its contents. The same is true to my knowledge, except as to matters stated upon information and belief, and as to those matters I believe them to be true.

Karolina Marciniak-Agra

KAROLINA MARIA MARCINIAK-DOMINGUES GONCALVES AGRA

Sworn to before me this
3rd day of August 2026

Notary Public

Roseann LoCascio
Notary Public, State Of New York
No. 01LO0008947
Qualified in King County
Commission Expires 06/02/2027