# EXHIBIT B

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK: HOUSING PART N

Index No. LT-301654-26/NY

THE ROCKEFELLER UNIVERSITY,
Petitioner-Landlord,

-against-

KAROLINA MARIA MARCINIAK-DOMINGUES GONCALVES AGRA,
PEDRO HENRIQUE MARCINIAK-DOMINGUES GONCALVES AGRA,
JOHN DOE(S) and/or JANE DOE(S),
Respondents-Tenants.

**NOTICE OF MOTION**

**PLEASE TAKE NOTICE**, that upon the annexed Affirmation of Bikram Singh, Esq., dated August 2, 2026, the exhibits annexed thereto, Respondent's Verified Answer, and all prior pleadings and proceedings, Respondent KAROLINA MARIA MARCINIAK-DOMINGUES GONCALVES AGRA ("Respondent") will move this Court in Housing Part N, at 111 Centre Street, New York, New York 10013, on August 12, 2026, at 9:30 a.m., or as soon thereafter as counsel may be heard, for an Order:

a) Pursuant to CPLR 3212 and CPLR 409(b), granting Respondent summary judgment on her First, Second, Third, and Fourth Affirmative Defenses;
b) Dismissing the Petition and this proceeding without prejudice because Petitioner failed to obtain personal jurisdiction under RPAPL 733(1) and 735(2)(b), and because the predicate notice did not validly terminate the tenancy alleged by Petitioner; and
c) Granting such other and further relief as the Court deems just and proper.

**Dated:** New York, New York
August 2, 2026

Bikram Singh

Bikram Singh, Esq.
**SINGH & RANI, LLP**
Attorneys for Respondent-Tenant
KAROLINA MARIA MARCINIAK-DOMINGUES GONCALVES AGRA
5 Penn Plaza, 19th Floor
New York, New York 10001
Tel.: (212) 729-6920
Email: bsingh@singhranilaw.com

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK: HOUSING PART N

Index No. LT-301654-26/NY

THE ROCKEFELLER UNIVERSITY,
Petitioner-Landlord,

-against-

KAROLINA MARIA MARCINIAK-DOMINGUES GONCALVES AGRA, PEDRO HENRIQUE MARCINIAK-DOMINGUES GONCALVES AGRA, JOHN DOE(S) and/or JANE DOE(S),
Respondents-Tenants.

**AFFIRMATION IN SUPPORT**

**BIKRAM SINGH, ESQ.**, an attorney duly admitted to practice before the courts of the State of New York, affirms the following under penalty of perjury pursuant to CPLR 2106:

1. I am a partner of Singh & Rani, LLP, attorneys for Respondent KAROLINA MARIA MARCINIAK-DOMINGUES GONCALVES AGRA ("Respondent"). I am fully familiar with the facts and procedural history from the case file maintained by this office, the papers filed in this proceeding, and Respondent's Verified Answer.

2. This affirmation is submitted in support of Respondent's motion pursuant to CPLR 3212 and CPLR 409(b) for summary judgment on her First through Fourth Affirmative Defenses and dismissal of the Petition without prejudice.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

3. Petitioner THE ROCKEFELLER UNIVERSITY ("Petitioner") commenced this residential holdover proceeding on January 29, 2026, seeking possession of Apartment 13F at 500 East 63rd Street, New York, New York 10065 (the "Premises"). The Petition alleges monthly rent of $2,334.00 due on the first day of each month and relies upon a 90-Day Termination Notice. A copy of the Petition and predicate papers is annexed as **Exhibit A**.

4. The 90-Day Termination Notice repeatedly identifies the tenancy as a "month-to-month tenancy" and elects to terminate it on January 6, 2026, at 5:00 p.m. It does not state that it is terminating a tenancy at will or by sufferance under Real Property Law section 228. See **Exhibit A**.

5. Petitioner's written lease dated July 1, 2021 ran from July 1, 2021 through June 30, 2022. It required monthly rent to be paid on the first day of each month. The preceding written lease likewise ran from July 1, 2020 through June 30, 2021 and required rent on the first day of each month. Copies of the leases, filed by Petitioner as NYSCEF Document No. 21, are annexed as **Exhibit D**.

6. Petitioner's affidavit of service alleges delivery to a person of suitable age and discretion and mailing on February 11, 2026, and identifies February 24, 2026 as the court date. The affidavit was not filed until April 15, 2026, after that return date. The Notice of Petition and affidavit of service, NYSCEF Document Nos. 3 and 4, are annexed as **Exhibit B**.

7. Respondent filed her Verified Answer. See attached **Exhibit C**.

## LEGAL ARGUMENT

## POINT I

## THE DISPOSITIVE ISSUES ARE QUESTIONS OF LAW AND SHOULD BE RESOLVED WITHOUT A TRIAL

8. Summary judgment is warranted when the movant establishes entitlement to judgment as a matter of law through admissible evidence and no material factual issue requires a trial. See *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]. CPLR 409(b) likewise directs summary determination of a special proceeding where no triable issue of fact is raised.

9. The Court of Appeals has explained that summary judgment is designed to remove from the trial calendar claims that can be resolved as a matter of law, and that where no genuine issue exists, the case should be summarily decided. *Andre v Pomeroy*, 35 NY2d 361, 364 [1974].

10. The First Department has put the point succinctly: "If a dispositive point can be reached, it should be." *Varsity Transit, Inc. v Board of Educ. of City of N.Y.*, 300 AD2d 38, 39 [1st Dept 2002]. Here, Petitioner's own filed documents establish each operative fact. No credibility determination or trial proof can cure the untimely completion of service or rewrite the expired predicate notice.

**POINT II**

**PETITIONER'S FAILURE TO COMPLETE SERVICE AT LEAST TEN DAYS BEFORE THE RETURN DATE DEPRIVED THE COURT OF PERSONAL JURISDICTION**

11. RPAPL 733(1) requires the notice of petition and petition in a holdover proceeding to be served at least ten and not more than seventeen days before the time at which the petition is noticed to be heard. Under RPAPL 735(2)(b), where service is made by substituted or conspicuous-place service, service is complete only upon the filing of proof of service.

12. The Appellate Term, First Department recently applied those provisions and dismissed a holdover where the affidavit of service was filed eight days before the return date rather than the required ten. *527 W. 48th St LLC v Strotz*, 86 Misc 3d 131(A), 2025 NY Slip Op 51003(U), *1 [App Term, 1st Dept 2025]. The court reached the defect because it was apparent on the face of the record.

13. That result follows the binding First Department rule in *Riverside Syndicate, Inc. v Saltzman*, 49 AD3d 402, 402 [1st Dept 2008], which reversed the Appellate Term and ordered dismissal because the landlord failed to complete service by filing proof within the minimum statutory period. Summary proceedings are governed entirely by statute, and strict compliance is required to confer jurisdiction.

14. The Appellate Term has also held that a landlord's failure to timely file proof of service deprived the court of jurisdiction and could not be repaired nunc pro tunc. *125 E. 50th St. v Credo Intl. Inc.*, 75 Misc 3d 134(A), 2022 NY Slip Op 50504(U), *1 [App Term, 1st Dept 2022]. And in *208 W. 20th St. LLC v Blanchard*, 76 Misc 3d 505, 509-510 [Civ Ct, NY County 2022], the court applied the

post-HSTPA ten-day period and dismissed where filing occurred nine days before the return date, holding that prejudice was irrelevant under controlling First Department law.

15. Here, Petitioner's affidavit alleges substituted service and mailing on February 11, 2026 and lists February 24, 2026 as the court date. But Petitioner did not file that affidavit until April 15, 2026. Under RPAPL 735(2)(b), service therefore was not complete until April 15 - fifty days after the noticed return date, not at least ten days before it.

16. The defect is conclusively established by Petitioner's own filed affidavit and the NYSCEF filing date. Under *Strotz* and *Riverside*, the Court lacks personal jurisdiction and must dismiss the Petition.

## POINT III

## THE JANUARY 6 NOTICE DID NOT TERMINATE THE ALLEGED CALENDAR-MONTH TENANCY AT THE EXPIRATION OF A RENTAL PERIOD

17. Petitioner's month-to-month theory necessarily carries forward the calendar-month rental period established by its own leases. The operative written lease ran from July 1, 2021 through June 30, 2022 and required rent on the first day of each month. The Petition likewise alleges that rent was due on the first day of each month.

18. If a month-to-month tenancy arose after June 30, 2022, each term ran from the first through the last day of a calendar month.

19. A termination notice must end a month-to-month tenancy at the expiration of the applicable rental month. *Avalonbay Communities, Inc. v Betts*, 4 Misc 3d 133(A), 2004 NY Slip Op 50750(U), *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2004], dismissed a holdover because the notice did not terminate the tenancy on the expiration date of the tenancy month.

20. Likewise, *Anthi New Neocronon Corp. v Coalition of Landlords, Homeowners & Merchants, Inc.*, 73 Misc 3d 136(A), 2021 NY Slip Op 51067(U), *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021], held a notice defective where a tenancy beginning on the first of the month was

terminated before the final day of the month. See also _Sills v Dellavalle_, 9 AD3d 561, 562 [3d Dept 2004] [surrender date must coincide with expiration of the rental period]; _Alleyne v Mear_, Civ Ct, Queens County, Index No. LT-309735-23/QU (2024).

21. The notice here did not terminate the alleged tenancy on January 31, 2026. It purported to terminate it on January 6, 2026 at 5:00 p.m., in the middle of the January rental term. The defect is apparent from the four corners of the notice and the leases and presents no factual issue for trial.

22. Because the notice did not validly terminate the tenancy alleged in the Petition, a statutory condition precedent failed and the Petition must be dismissed without prejudice.

## POINT IV

## PETITIONER'S OWN NO-RENT RECORDS NEGATE THE MONTH-TO-MONTH TENANCY IDENTIFIED IN THE PREDICATE NOTICE

23. Real Property Law section 232-c provides that when a tenant remains after a lease expires, the landlord's acceptance of rent for a post-expiration period creates a month-to-month tenancy beginning on the first day after expiration. Continued occupancy, standing alone, does not establish the new monthly contract on which Petitioner's notice depends.

24. New York County authority applying First Department law explains that a month-to-month tenancy is renewed each month by tender and acceptance of rent, and that when no rent is paid there is no new monthly contract. _Mendez v Hidalgo_, 82 Misc 3d 391, 400-401 [Civ Ct, NY County 2023].

25. Petitioner's own records state that Respondent had not paid rent since September 2020 and, in March 2023, remained in arrears for more than two years including the current month. Petitioner's operative lease expired June 30, 2022. On Petitioner's own proof, no post-expiration rent was paid and accepted to create the month-to-month tenancy alleged in the notice.

26. The First Department has recognized that, absent a special circumstance creating a new tenancy, an unregulated occupant who remains after the lease expires retains only the protections of a common-law tenant at sufferance. *MH Residential 1, LLC v Barrett*, 78 AD3d 99, 104 [1st Dept 2010].

27. That distinction is legally material. A tenancy at will or by sufferance is governed by Real Property Law section 228 and requires a notice directed to that status. *2601-2609 Bainbridge Ave. LLC v Algernon*, 82 Misc 3d 1208(A), 2024 NY Slip Op 50253(U), *3 [Civ Ct, Bronx County 2024], explains that the occupant's classification is critical because the petition must state the respondent's interest and relationship and because a tenant at sufferance receives the distinct statutory notice.

28. Petitioner did not serve an RPL 228 notice or plead a tenancy at sufferance. It served a notice that unequivocally elected to terminate a "month-to-month tenancy." A landlord cannot avoid dismissal by replacing the tenancy theory stated in its expired predicate notice with a new theory in litigation. *Jacob Marion, LLC v Doe*, 61 Misc 3d 1226(A), 2018 NY Slip Op 50191(U), *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018] [landlord's new theory that no tenancy existed contradicted the notice and petition and could not amend the predicate notice].

29. Recent persuasive authority further holds that Housing Court lacks subject-matter jurisdiction over a residential tenancy-at-sufferance claim not authorized by RPAPL article 7 and that the owner must proceed by plenary ejectment. *Gomez v Gomez*, 2026 NY Slip Op 26006, *14-15 [Civ Ct, Kings County Jan. 9, 2026]. Even if the Court does not reach that alternative jurisdictional question, the mismatch between Petitioner's no-rent proof and its month-to-month predicate notice independently requires dismissal.

30. Accordingly, Petitioner's own documentary record defeats the only tenancy identified in its notice. Summary judgment should be granted on Respondent's Third and Fourth Affirmative Defenses, and the Petition should be dismissed without prejudice.

**CONCLUSION**

For the foregoing reasons, Respondent respectfully requests that the Court grant summary judgment on her First through Fourth Affirmative Defenses, dismiss the Petition and proceeding without prejudice, and grant such other and further relief as the Court deems just and proper.

**Dated:** New York, New York
August 2, 2026

Bikram Singh

Bikram Singh, Esq.
**SINGH & RANI, LLP**
Attorneys for Respondent-Tenant
KAROLINA MARIA MARCINIAK-DOMINGUES GONCALVES AGRA
5 Penn Plaza, 19th Floor
New York, New York 10001
Tel.: (212) 729-6920
Email: bsingh@singhranilaw.com

**<u>22 NYCRR § 130-1.1-a CERTIFICATION</u>**

I, Bikram Singh, Esq., certify that, to the best of my knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the presentation of this motion and the contentions contained herein are not frivolous as defined in 22 NYCRR § 130-1.1(c).

**Dated:** New York, New York
August 2, 2026

*Bikram Singh*

______________________

Bikram Singh, Esq.
**SINGH & RANI, LLP**
Attorneys for Respondent-Tenant
KAROLINA MARIA MARCINIAK-
DOMINGUES GONCALVES AGRA
5 Penn Plaza, 19th Floor
New York, New York 10001
Tel.: (212) 729-6920
Email: bsingh@singhranilaw.com