# EXHIBIT C

SINGH & RANI LLP
ATTORNEYS AT LAW

August 5, 2026

**VIA NYSCEF**

Hon. Evon M. Asforis
Part N
New York City Housing Court, New York County
111 Centre Street
New York, New York 10013

Re: *The Rockefeller University v. Karolina Maria Marciniak-Domingues Goncalves Agra, et al.* - Index No. LT-301654-26/NY

Dear Judge Asforis:

This firm represents Respondent Karolina Maria Marciniak-Domingues Goncalves Agra ("Karolina"). We respond to Petitioner's August 4, 2026 letter seeking to reject Karolina's Verified Answer (NYSCEF Doc. No. 42) as an unauthorized amended pleading and to deny her pending summary-judgment motion (NYSCEF Doc. Nos. 43-48). Petitioner's request rests on an incorrect premise: Karolina had not previously answered, and the Court never entered an order answering for her or deeming the Petition generally denied on her behalf.

**KAROLINA'S VERIFIED ANSWER IS HER FIRST ANSWER**

NYSCEF Doc. No. 8 is Pedro Henrique Marciniak-Domingues Goncalves Agra's individual answer. It expressly states, "I, Pedro Henrique Marciniak-Domingues Goncalves Agra, am the Respondent in this proceeding," and it is signed and verified only by Pedro. Karolina did not sign, verify, serve, or file that pleading, and Pedro did not purport to answer for her. Accordingly, Karolina's NYSCEF Doc. No. 42 is not an "Amended Answer." It is her first answer.

Neither the May 20, 2026 preliminary-conference order nor the transfer order fixed a separate deadline for Karolina to answer, deemed an answer interposed on her behalf, or converted Pedro's personal answer into a general denial for Karolina. The notation that no motion practice was then anticipated did not adjudicate her pleading status or waive defenses she had not yet been required to plead.

RPAPL 743 specifically permits a holdover respondent to answer orally or in writing when the petition is heard. See *Matter of Metro Plaza Apts., Inc. v Buchanan*, 204 AD3d 45, 48 (3d Dept 2022). When the proceeding is adjourned, the answer time is likewise adjourned absent a contrary order or agreement. See *Eugene Smilovic Hous. Dev. Fund Corp. v Lee*, 61 Misc 3d 1216(A), 2018 NY Slip Op 51534(U), *2-3 (Civ Ct, Bronx County 2018); *Mohan v Balgobin*, 78 Misc 3d 728, 731-732 (Civ Ct, Bronx County 2023). No contrary answer deadline was imposed here, and trial has not begun. CPLR 3025 therefore has no application because Karolina did not amend an earlier pleading.

SINGH & RANI LLP
ATTORNEYS AT LAW

**THE JULY 6 ORAL APPLICATION DID NOT DETERMINE THE PRESENT DEFENSES**

The July 6 transcript does not show a prior adjudication of the defenses raised in the motion. Appearing without counsel, Karolina sought dismissal on only two grounds: the asserted absence of a conditional limitation and the Good Cause Eviction Law. The Court denied that oral application because motion practice had been deemed complete after transfer, while expressly advising that Karolina could present her defenses at trial. The present motion instead concerns Petitioner's failure to timely complete service, the mid-month termination date in the predicate notice, and Petitioner's own no-rent records negating the month-to-month tenancy alleged in that notice. None of those issues was presented or decided on July 6.

**THE PERSONAL-JURISDICTION DEFENSE WAS NOT WAIVED**

Because NYSCEF Doc. No. 42 is Karolina's first answer, its First Affirmative Defense timely preserved the objection under CPLR 3211(a)(8). She had served neither a prior responsive pleading nor a formal pre-answer motion omitting that defense. The July 6 transcript instead shows that the Court declined motion practice and permitted Karolina only to place two unrelated grounds on the record. Petitioner's waiver argument therefore does not fit the actual procedural history.

In any event, the Appellate Term's controlling decision in *527 W. 48th St LLC v Strotz*, 86 Misc 3d 131(A), 2025 NY Slip Op 51003(U), *1 (App Term, 1st Dept 2025), reached this same RPAPL 733(1) and 735(2)(b) defect for the first time on appeal and dismissed because the deficiency was clear on the face of the record and could not have been avoided if raised earlier. Here, Petitioner's own affidavit shows an even more pronounced defect: substituted service for a February 24, 2026 return date was not completed by filing proof of service until April 15, 2026. Under *Riverside Syndicate, Inc. v Saltzman*, 49 AD3d 402, 402 (1st Dept 2008), strict compliance is required and dismissal follows.

**THE COURT SHOULD REACH THE MOTION IN THE INTEREST OF JUDICIAL ECONOMY**

The Court retains discretion to reach dispositive legal questions shown by Petitioner's own filed documents. CPLR 409(b) directs summary determination of a special proceeding to the extent no triable factual issue exists. The service-completion date, the January 6 termination date, the calendar-month leases, and Petitioner's no-rent correspondence are documentary facts. A trial cannot cure the service defect or rewrite the expired predicate notice.

The First Department has instructed that, "If a dispositive point can be reached, it should be." *Varsity Transit, Inc. v Board of Educ. of City of N.Y.*, 300 AD2d 38, 39 (1st Dept 2002). Requiring the parties and the Court to conduct a trial before addressing facial defects that independently require dismissal would expend precisely the resources summary determination is intended to conserve. Any scheduling concern can be addressed through a reasonable opposition schedule, including the extension requested in Petitioner's letter, without refusing to consider the motion altogether.

SINGH & ATTORNEYS AT LAW RANI LLP

Accordingly, Karolina respectfully requests that the Court accept NYSCEF Doc. No. 42 as her first Verified Answer, decline Petitioner's request to summarily deny the motion, and permit the motion to be determined on its merits after a reasonable opposition schedule.

Very truly yours,

**SINGH & RANI LLP**

By: ______________________
Bikram Singh, Esq.

Rrani@singhranilaw.com

Bsingh@singhranilaw.com www.singhranilaw.com Tel: (212) 729-6920 Fax: (212) 729-6920 5 Penn Plaza, 19th Floor New York, NY 10001