Proskauer
Proskauer Rose LLP Eleven Times Square New York, NY 10036-8299

October 29, 2026

Elise M. Bloom
Member of the Firm
d +1.212.969.3410
f 212.969.2900
ebloom@proskauer.com
www.proskauer.com

**Via ECF and Email**

The Honorable Andrew L. Carter Jr.
United States District Court
Southern District of New York
40 Foley Square, Courtroom 444
New York, NY 10007
Email: ALCarterNYSDChambers@nysd.uscourts.gov

Re: ***Marciniak-Domingues Goncalves Agra v. Rockefeller University, et al.*, No. 22-cv-10959-ALC**

Dear Judge Carter:

We represent The Rockefeller University ("RU") in the above-captioned action.[1] We write in opposition to Plaintiff's letter motion (ECF No. 273) seeking leave to file a Supplemental Brief (ECF No. 273-1) and a 17-page Supplemental Declaration with nine additional exhibits (ECF Nos. 273-2 to 273-11) in further support of her Renewed Motion for a Preliminary Injunction ("PI Motion") (ECF No. 232) and in opposition to the RU Defendants' Motion to Dismiss the Fourth Amended Complaint ("4AC") (ECF Nos. 247-248). The request should be denied in its entirety. Plaintiff's own submission establishes that the Housing Court proceeding she asked this Court to enjoin no longer exists; her "new" arguments do nothing to supply the requisite protected activity under the Fair Housing Act ("FHA") to sustain her retaliation claim; and the request should be denied as yet another duplicative submission in a fully briefed record on a motion that has been fully briefed since May 29, 2026.[2]

## I. The PI Motion Should Be Denied as Moot.

Plaintiff's PI Motion asked the Court to enjoin RU from prosecuting the holdover proceeding pending in the Civil Court of the City of New York, Index No. LT-301654. (ECF No. 232.) Plaintiff now concedes that proceeding is over. On September 30, 2026, the Civil Court so-ordered a Stipulation of Discontinuance, and the proceeding was "discontinued without

[1] We also represent Defendant Dr. Winrich Freiwald, who moved jointly with RU to dismiss the Fourth Amended Complaint. Plaintiff's supplemental papers concern her FHA claim and the Housing Court proceedings, both of which involve RU alone. This opposition is therefore submitted solely on RU's behalf.

[2] Since briefing closed, Plaintiff has filed additional arguments and Housing Court materials at ECF Nos. 265, 269, and 271-272. The Court has already denied TRO relief three times and denied her first PI motion. (ECF Nos. 197, 222-223, 237.)

prejudice." (ECF No. 273 at 1; ECF No. 273-3 at 2.) There is nothing left to enjoin. The PI Motion is moot and should be denied on that basis alone.

Recognizing that there is no pending proceeding to enjoin, Plaintiff now seeks to bar any future proceeding based on the replacement 90-day notice of intent not to renew tenancy and notice of termination "or any other notice." (ECF No. 273 at 3.) But a notice does not authorize eviction. RU would first have to commence a new proceeding and obtain a judgment of possession and warrant; Plaintiff could raise her defenses there. As RU explained in its opposition to Plaintiff's first PI motion, that sequence does not establish imminent eviction. ECF No. 199 at 10-11 (citing *Allen v. New York City Hous. Auth.*, 2010 WL 1644956, at *4 (S.D.N.Y. Apr. 20, 2010)). This Court previously denied prospective relief when no proceeding was pending and explained that the tenancy dispute belonged in state court. (Jan. 16, 2026 Tr. at 11, 23-24; ECF No. 223.) Plaintiff identifies no basis for this Court to reach a different result now.

## II. <u>The PI Motion Should Be Denied Because Plaintiff Cannot Establish a Likelihood of Success on the Merits of Her FHA Claim.</u>

Even apart from mootness, Plaintiff's proposed papers provide no basis for a PI. She argues that the new Housing Court developments establish a likelihood of success on her FHA retaliation claim. (ECF No. 273-1 at 2.) As explained in Section III below, retaliation is the only FHA theory she continues to pursue. She must therefore identify protected activity under the FHA and facts showing that it motivated RU's challenged housing actions. Her proposed papers establish neither.

- ***Gilead Cmty. Servs., Inc. v. Town of Cromwell*, 112 F.4th 93 (2d Cir. 2024) (Point I).** The "motivating factor" standard addresses causation. Plaintiff must still identify FHA-protected activity and facts showing that it motivated RU's challenged action. Plaintiff does not do so.

- **The replacement notice (Point I.A).** RU withdrew the petition after Plaintiff's counsel raised procedural objections and RU served a replacement notice to address those objections. RU was not required to litigate a potentially defective petition to a merits determination at trial, leaving open the possibility that the Housing Court could still dismiss the proceeding based upon the alleged procedural infirmities even after the trial took place. Going to trial on a potentially defective petition would have wasted judicial resources, and caused both Plaintiff and RU to incur additional legal fees. Furthermore, Plaintiff's challenges to notice procedures, the Good Cause Eviction exemptions, and the termination of her employment do not constitute opposition to any purported housing discrimination. Nor does RU's decision to correct the notice show retaliation for any purported exercise of FHA rights. (ECF No. 273-1 at 3.)

- **Her alleged offer to transfer and arrears theories (Points I.B-I.C).** Plaintiff does not explain how her requests for moving expenses, rent subsidies, or rental assistance paperwork constituted protected activity under the FHA. She also identifies no facts connecting RU's responses to any purported activity protected by the FHA. She has been in rent arrears since September 2020—more than a year before her termination and her ERAP application, and RU accepted ERAP funds and deferred eviction. (ECF No. 240 ¶ 10.) Those facts do not support her assertion that RU manufactured arrears to retaliate against her. (ECF No. 273-1 at 3-4.)

- **Settlement negotiations (Points I.B, I.D).** Plaintiff improperly relies on the parties' settlement discussions in the Housing Court proceedings to prove liability on her existing FHA claim, a use of compromise negotiations prohibited by Rule 408(a). (ECF No. 273-1 at 3-5; ECF No. 273-2 ¶¶ 49-54.) Her *pro se* status does not excuse that improper use of settlement evidence. *See Jones v. Yazzo*, 481 F. Supp. 3d 109, 114 n.14 (E.D.N.Y. 2020) ("A *pro se* litigant is bound by the rules of evidence just like anyone else."). The Court should disregard the communications for that purpose and admonish Plaintiff against further improper use. *See Yates v. NaphCare*, 2013 WL 4519349 (D. Nev. Aug. 23, 2013) (striking an irrelevant settlement filing by a *pro se* plaintiff and warning that further inappropriate filings could result in sanctions).[3] Even if considered, the settlement discussions do not themselves establish an adverse action or retaliatory motive sufficient to support her FHA claim; and, indeed, Plaintiff completely mischaracterizes both the settlement discussions and the proposed release.

## III. Further Briefing on the Motion to Dismiss Is Unwarranted, and Plaintiff's FHA Claim Should Be Dismissed on the Existing Record.

Plaintiff's proposed papers also provide no reason to reopen briefing on the motion to dismiss. As RU explained in its reply in support of that motion, Plaintiff abandoned her FHA discrimination and failure to accommodate theories by failing to defend them in her opposition. (ECF No. 263 at 7.) Her proposed brief again addresses only retaliation. (ECF No. 273-1 at 2-5.) That claim should be dismissed for the reasons discussed above and in RU's existing briefs: the 4AC identifies no FHA-protected activity preceding the September 2025 notice and alleges no facts plausibly connecting that notice to protected housing activity. (ECF No. 248 at 25-27; ECF No. 263 at 7-8.)

The motion to dismiss has been fully briefed since May 29, 2026. Plaintiff already submitted an opposition memorandum, a declaration, exhibits, and additional arguments by letter. (ECF Nos. 258-259, 263-265.) She identifies no intervening authority. The only case she cites for the motivating factor standard – *Gilead Cmty. Servs., Inc. v. Town of Cromwell*, 112 F.4th 93 (2d Cir. 2024) – was issued well before the existing briefing and, as explained in Section II, *supra*, does not provide a basis to allow her FHA claim to proceed.

The Court expressly told Plaintiff that the 4AC would be her final amendment absent good cause. (Jan. 16, 2026 Tr. at 5.) Plaintiff has not shown good cause. Instead, she seeks to bypass that requirement by introducing new allegations and a demand for Housing Court legal fees through supplemental briefing. Those allegations would not state a viable FHA claim even if added to the complaint. They identify neither protected housing activity that prompted RU's pursuit of possession nor facts showing a retaliatory motive. Plaintiff now seeks $9,776.67 in

[3] An admonition is particularly warranted given Plaintiff's conduct in this action and pattern of disregarding judicial orders and making factual misrepresentations in another action pending in this District. Just three days before this application, Judge Willis found that Plaintiff had made unauthorized filings in an action in which she is not a party, despite an express directive against doing so. *Agra v. Dolci*, No. 23-cv-10255, ECF No. 150 at 1-4 (Oct. 19, 2026). Judge Willis found that Plaintiff further misrepresented that she made the most recent of those filings on behalf of her husband and with his consent, when she admitted elsewhere that she was not in contact with him at the relevant time. *Id.* at 2. The court deemed that most recent submission "wholly inappropriate", stated that Plaintiff's "antics will not be tolerated by the Court," and warned her "for the last time" against further unauthorized filings. *Id.* at 3-4.

legal fees and faults RU for her need to work to pay counsel and use and occupancy. (ECF No. 273-2 ¶¶ 56, 61-68.) Yet she has continued to occupy RU housing after years of unpaid charges, with an outstanding balance of $144,329.61 through September 30, 2026, even after crediting the ERAP payment. (ECF No. 273-4 at 3.) Her recent use and occupancy payments do not erase those arrears. Having to earn income to pay for the apartment she occupies and the counsel she retained does not turn RU's pursuit of possession into FHA retaliation. These expenses do not supply a basis for liability or good cause for another amendment. Further briefing would require RU to incur additional expense addressing the same defects. The Court should therefore deny Plaintiff's request for further briefing and grant RU's motion to dismiss. (ECF Nos. 248, 263.)

***

For these reasons, RU respectfully requests that the Court deny Plaintiff's letter motion for leave to file a supplemental brief and supplemental declaration (ECF No. 273) in its entirety, deny the Renewed PI Motion (ECF No. 232) as moot, grant RU's motion to dismiss Plaintiff's FHA claim, and decline to consider the proposed submissions (ECF Nos. 273-1 to 273-11), including the settlement communications described therein, in connection with either pending motion. Should the Court be inclined to consider any portion of Plaintiff's submission, RU respectfully requests the opportunity to respond in full.

We appreciate the Court's attention to this matter.

Respectfully Submitted,

*/s/ Elise M. Bloom*

Elise M. Bloom

cc: All Counsel of Record (via ECF); Dr. Karolina Marciniak-Domingues Goncalves Agra (via ECF and email); Mr. Frederico Azevedo (via ECF and email)