# EXHIBIT D

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ________
DATE FILED: 9/25/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RINAT HAFIZOV,

Plaintiff,

- against -

BDO USA, LLP, et al,

Defendants.

22-CV-8853 (JPC) (RWL)

**ORDER**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This order addresses Defendant BDO's September 19, 2023 letter at Dkt. 117 accusing Plaintiff's counsel of sanctionable conduct for having included a description of settlement negotiations in a publicly filed letter to the Court. Plaintiff's letter, at Dkt. 113-1, recounted certain settlement communications, including a monetary offer to compromise, in an effort to rebut BDO's contention that Plaintiff's claims are frivolous and warrant Rule 11 sanctions. The basis for BDO's letter, which seeks both sealing of the letter and imposition of Rule 11 sanctions for filing of the letter, is Federal Rule of Evidence 408(a).

BDO's motion is misguided. Rule 408 bars admissibility into evidence – to prove liability or damages – of statements made during settlement discussions; it does not prohibit use of such material for other purposes. *See Robinson v. De Niro*, No. 19-CV-9156, 2023 WL 3728350, at *2 (S.D.N.Y. May 26, 2023) ("Rule 408 only precludes the admission of settlement discussions 'to prove or disprove the validity or amount of disputed claim' or for impeachment purposes. … It does not, however, preclude the use of such communications for 'another purpose.'") (quoting Rule 408(a) & (b)); *Lumen View Technology LLC v. Findthebest.com, Inc.*, No. 13-CV-3599, 2013 WL 6003734, at *1

(S.D.N.Y. Nov. 12, 2013) ("Rule 408 is a rule of evidence. It is inapposite where, as here, the question is not whether material will be admitted into evidence in court but whether a party may discuss certain matters in public."). Rule 408 is not a rule governing confidentiality. Parties who wish to maintain confidentiality of settlement discussions readily can do so by agreeing that such communications will remain confidential. BDO has not suggested the parties had any such agreement here.

All that said, Plaintiff counsel's conduct is not so pristine as they contend. Using the settlement discussions in an effort to demonstrate that Plaintiff's claims have merit and value is precisely the purpose against which Rule 408 protects. But in the instant context, the Court is not confronted with the question of admissibility. The only issue is public disclosure. That is a matter against which Rule 408 does not protect.

Accordingly, BDO's motion to seal Dkt. 113-1 and for Rule 11 sanctions based on counsel's not having filed under seal is DENIED. The Clerk of Court is directed to terminate the motion at Dkt. 117.

SO ORDERED.

______________________________
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: September 25, 2023
New York, New York

Copies transmitted this date to all counsel of record.